**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | CASE NO. 14-md-2541-CW<br>CASE NO. 14-cv-2758-CW<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS** |
| This Document Relates to:<br><br>ALL ACTIONS | |

1    In order to protect confidential information obtained from or disclosed by the respective

2  parties or nonparties in connection with this litigation and pursuant to the Court's authority under

3  Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as

4  follows:

5                          **PURPOSES AND LIMITATIONS**

6    1.    Disclosure and discovery activity in these actions are likely to involve production

7  of trade secrets, confidential, proprietary, or private information for which special protection from

8  public disclosure and from use for any purpose other than prosecuting this litigation would be

9  warranted.  The unrestricted disclosure of such information would cause undue damage to the

10  parties and their businesses or to third parties.  The disclosure of trade secrets, proprietary

11  information, and confidential business and financial information would harm the disclosing party

12  if it was made known to the disclosing party's competitors, and in some cases, could violate the

13  confidentiality agreements between the disclosing party and third parties or parties to those

14  agreements.  Disclosure of private information and educational information is also governed by

15  statute and other laws such that disclosure of that information may be inconsistent with those

16  statutes and other laws.  Accordingly, the parties in these actions hereby stipulate to and petition

17  the Court to enter the following Protective Order.  The parties acknowledge that this Order does

18  not confer blanket protections on all disclosures or responses to discovery, and that the protections

19  outlined herein extend only to the limited information or items that are entitled to treatment as

20  confidential under applicable legal principles.  This Protective Order is, therefore, entered into

21  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect information entitled to be

22  kept confidential.

23    2.    The parties further acknowledge, as set forth in Paragraph 17, below, that this

24  Protective Order creates no entitlement to file confidential information under seal; the relevant

25  court rules (e.g., Civil Local Rule 79-5) set forth the procedures that must be followed, and reflect

26  the standards that will be applied, when a party seeks permission from the Court to file material

27  under seal.

28    3.    Documents and other information produced by the parties or nonparties in

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

connection with these actions shall be used solely for purposes of prosecuting, defending or attempting to settle these actions, whether such information is designated "Confidential" or "Highly Confidential – Counsel Only" or not.

4.     The protections outlined in this Order apply only to information appropriately designated as "Confidential" or "Highly Confidential – Counsel Only" pursuant to the terms of this Order (collectively, the "Protected Information").

5.     The parties have reviewed the Case Management Order (Dkt. 132), which includes Judge Wilken's Civil Pretrial Order, and Magistrate Judge Nathanael M. Cousins' Civil Standing Order.  The parties represent that nothing contained in this Protective Order conflicts with any of the provisions in those orders.

### NONDISCLOSURE OF PROTECTED INFORMATION

6.     Except with the prior written consent of the party or non-party originally designating a document, discovery response, or deposition transcript (the "Disclosing Party"), Protected Information may not be disclosed to any person except as specifically authorized herein.

7.     Any Disclosing Party may designate as Confidential (by stamping the relevant page or portion "Confidential") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain information involving trade secrets, proprietary information, confidential business, educational or financial information, private information or other information subject to protection under California or federal law, or another applicable legal standard ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. Confidential Information may only be disclosed to those persons set forth in Paragraph 12 below.

8.     Any Disclosing Party may designate as Highly Confidential (by stamping the relevant page or portion "Highly Confidential – Counsel Only") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Highly

14-md-2541-CW
14-cv-2758-CW

1  Confidential – Counsel Only Information").  Where a document or response consists of more than

2  one page, the first page and each page on which Highly Confidential Information appears shall be

3  so designated.  Highly Confidential – Counsel Only Information may only be disclosed to those

4  persons set forth in Paragraph 13 below.

5        9.    A Disclosing Party may designate information disclosed by it during a deposition

6  or in response to written discovery as "Confidential" or "Highly Confidential – Counsel Only" by

7  so indicating in said responses or on the record at the deposition.  Additionally a party may

8  designate in writing, within 21 days after receipt of said responses or of the deposition transcript

9  for which the designation is proposed, the specific pages of the transcript and/or specific responses

10 that are "Confidential" or "Highly Confidential – Counsel Only."  Any party may object to such

11 proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures

12 described in Paragraph 14 below.  Unless otherwise designated during the deposition, deposition

13 transcripts shall be treated in their entirety as "Highly Confidential – Counsel Only" Information

14 for 21 days after receipt.  All parties shall affix the relevant legend required by paragraphs 7

15 and/or 8 of this Order on each page of the deposition transcript designated "Confidential" or

16 "Highly Confidential – Counsel Only" at the deposition or by subsequent written notice.

17       10.    The inadvertent failure to designate Protected Information that has been disclosed

18 as Confidential or Highly Confidential – Counsel Only shall be without prejudice to any claim by

19 the Disclosing Party that it is Confidential or Highly Confidential – Counsel Only and shall not

20 waive the Disclosing Party's right to secure protection under this Order for such material.  In the

21 event a Disclosing Party designates material as Confidential or Highly Confidential – Counsel

22 Only after it has been inadvertently disclosed, the receiving party will treat such material pursuant

23 to the relevant designation pursuant to this Order and shall make arrangements with the Disclosing

24 Party to have the Protected Information, including copies, marked "Confidential" or "Highly

25 Confidential – Counsel Only."

26       11.    If it comes to a Disclosing Party's attention that information or items that it

27 designated for protection do not qualify for protection, the Disclosing Party must promptly notify

28 all other parties that it is withdrawing the designation.

14-md-2541-CW
14-cv-2758-CW

1

**PERMISSIBLE DISCLOSURES**

2      12.     Confidential Information that is designated as such in accordance with the terms of

3 this Protective Order shall not be disclosed to any person other than the following, and only to the

4 extent necessary to litigate these actions:

5             a.     counsel for the respective parties to this litigation, including in-house

6 counsel and co-counsel retained for these actions;

7             b.     employees of such counsel, including a party's in-house legal staff;

8             c.     plaintiffs, or any officer or employee of a party, to the extent deemed

9 necessary by counsel for the prosecution or defense of these actions;

10            d.     consultants or expert witnesses retained for the prosecution or defense of

11 these actions, provided that each such person shall execute a copy of the certification annexed to

12 this Protective Order as Exhibit A before being shown or given any Confidential Information;

13            e.     the original author, addressees, or recipients of the Confidential

14 Information;

15            f.     the Court, court personnel and court reporters; and

16            g.     witnesses (other than persons described in Paragraph 12(d)) who testify at

17 deposition or at trial, provided that such witnesses shall execute a copy of the certification annexed

18 to this Protective Order as Exhibit A before being shown or given any Confidential Information;

19 and

20            h.     persons or entities that provide litigation support services (e.g.,

21 photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

22 retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that

23 such persons or entities shall execute a copy of the certification annexed to this Protective Order as

24 Exhibit A before being shown or given any Confidential Information.

25      13.     Highly Confidential – Counsel Only Information that is designated as such in

26 accordance with the terms of this Protective Order shall not be disclosed to any person other than

27 the following, and only to the extent necessary to litigate these actions:

28            a.     counsel for the respective parties to this litigation, including in-house

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1    counsel and co-counsel retained for these actions;

2               b.      employees of such counsel, including a party's in-house legal staff;

3               c.      consultants or expert witnesses retained for the prosecution or defense of

4    these actions, provided that each such person shall execute a copy of the certification annexed to

5    this Protective Order as Exhibit A before being shown or given any Highly Confidential – Counsel

6    Only Information;

7               d.      the original author, addressees, or recipients of the Highly Confidential –

8    Counsel Only Information;

9               e.      the Court, court personnel and court reporters;

10              f.      persons or entities that provide litigation support services (e.g.,

11   photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

12   retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that

13   such persons or entities shall execute a copy of the certification annexed to this Protective Order as

14   Exhibit A before being shown or given any Confidential Information; and

15              g.      witnesses (other than persons described in Paragraph 13(c)) who testify at

16   deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such

17   witness previously had access to or otherwise had obtained knowledge of the Highly Confidential

18   – Counsel Only Information; and (2) such witnesses shall execute a copy of the certification

19   annexed to this Protective Order as Exhibit A before being shown or given any Highly

20   Confidential – Counsel Only Information.

21                           **RESOLVING DISPUTED CLASSIFICATIONS**

22          14.     Should a party wish to object to a Confidential or Highly Confidential – Counsel

23   Only designation of any material, that party shall make a written Designation Objection to the

24   Disclosing Party, as set forth below:

25              a.      Designation Objection:  The objecting party shall identify with specificity

26   (i.e., by document control numbers, deposition transcript page and line reference, or other means

27   sufficient to locate such materials) each document bearing a disputed Confidential or Highly

28   Confidential – Counsel Only designation.  A Designation Objection will trigger an obligation on

1   the part of the Disclosing Party to make a good faith determination of whether the disputed

2   designation(s) is entitled to be treated as Confidential Information or Highly Confidential –

3   Counsel Only Information pursuant to the terms of this Protective Order.  Within ten (10) court

4   days the Disclosing Party shall respond in writing to the Designation Objection either agreeing to

5   remove the disputed designation(s) or stating the Disclosing Party's refusal to do so.  During that

6   period, the parties will meet and confer in good faith.

7           b.      Court Determination:  If the Disclosing Party refuses to agree to remove the

8   Confidential or Highly Confidential – Counsel Only designation pursuant to subsection (a) above,

9   the Objecting Party may make a written application to the Court to remove the protective

10  treatment in compliance with applicable court rules and orders.  The application will be made

11  within ten (10) court days of receiving the Disclosing Party's refusal to remove the disputed

12  designation(s).  In any judicial proceeding challenging a Confidential or Highly Confidential –

13  Counsel Only designation, the burden of persuasion with respect to the propriety of the

14  designation shall remain upon the Disclosing Party.  If the Objecting Party fails to make such

15  timely application, the Disclosing Party's designation will remain in effect.

16          c.      Pending a ruling, all parties shall continue to treat the information subject to

17  the Designation Objection pursuant to the disputed designation under the terms of this Protective

18  Order.

19                          **PROTECTED INFORMATION AT TRIAL**

20          15.     The terms of this Protective Order do not preclude, limit, restrict or otherwise apply

21  to the use of documents at trial.  Subject to the Federal Rules of Evidence, Protected Information

22  may be offered at any court hearing (including trial) provided that the offering party confers in

23  good faith with the Disclosing Party (and, if the Disclosing Party is not a party to these actions, a

24  representative of the offering party's opposing parties (hereinafter together the "Affected

25  Parties")) over the proposed use of that information five days prior to the anticipated use.  If it is

26  not practicable for the offering party to provide the Affected Parties with five days' notice, the

27  offering party must provide the Affected Parties with as much notice as practicable.  Regardless of

28  the notice provided, the offering party must take all reasonable steps to ensure that the Affected

Parties are provided a meaningful opportunity to be heard by the Court regarding the proposed use of Protected Information at any court hearing or trial, and may not offer such information until the Affected Parties have been given an opportunity to provide an objection on the record.

16.     Any party or interested non-party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  That court will then determine whether the proffered evidence should continue to be treated as either Confidential Information or Highly Confidential – Counsel Only Information and, if so, what protection, if any, may be afforded to such information at the trial.

### PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

17.     If at any time any Protected Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party as soon as reasonably practicable but in no event more than five (5) days after receipt of the subpoena.  After receipt of the notice specified under this paragraph, the Disclosing Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Protected Information that has been subpoenaed.  If the Disclosing Party does not move for or obtain a court order prohibiting such production or disclosure within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the Disclosing Party and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena is directed may commence production in response thereto.  The person to whom the subpoena is directed shall not produce any Protected Information while a motion for a protective order brought pursuant to this paragraph is pending or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

### FILING DOCUMENTS UNDER SEAL

18.     No Protected Information shall be filed in the public record without the written

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

permission of the Disclosing Party, or a court order.  The parties shall comply with the relevant court rules (e.g., N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal.  Copies of any pleading, brief, or other document containing Protected Information which is served on opposing counsel shall be stamped **"CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of this Protective Order.

**NON-TERMINATION**

19.    All provisions of this Protective Order restricting the communication or use of Protected Information shall continue to be binding after the conclusion of this action unless otherwise agreed or ordered.  In addition, the court retains jurisdiction to resolve any dispute concerning the disclosure of Protected Information in violation of the terms of this Order, unless otherwise agreed or ordered.

20.    Unless otherwise ordered or agreed to in writing by the Disclosing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Protected Information shall use reasonable efforts to either return such materials and copies thereof to the Disclosing Party or destroy such Protected Information and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order.  Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Information, provided that such counsel and employees of such counsel shall not disclose such Protected Information to any person, except pursuant to court order.

21.     Nothing in this Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

### MODIFICATION PERMITTED

22.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

### RESPONSIBILITY OF ATTORNEYS

23.     The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Protected Information.

24.     The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 12(d), 12(g), 12(h), 13(c), 13(f) and 13(g) above.

### NO WAIVER

25.     Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made promptly after the Disclosing Party learns of its inadvertent production.

26.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought.

IT IS SO STIPULATED.

14-md-2541-CW
14-cv-2758-CW

1  DATED: January 9, 2015          **HAGENS BERMAN SOBOL SHAPIRO LLP**

2

3                                  By:  _____ /s/ Steve W. Berman _____
                                                STEVE W. BERMAN
4

5                                  1918 Eighth Avenue, Suite 3300
                                   Seattle, WA 98101
6                                  Telephone: (206) 623-7292
                                   steve@hbsslaw.com
7

8                                  Jeff D. Friedman (173886)
                                   Jon T. King (205073)
9                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                   715 Hearst Avenue, Suite 202
10                                 Berkeley, CA 94710
                                   Telephone: (510) 725-3000
11                                 Facsimile: (510) 725-3001
                                   jefff@hbsslaw.com
12                                 jonk@hbsslaw.com

13                                 Robert Carey
14                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                   11 W Jefferson St,
15                                 Phoenix, AZ 85003
                                   Telephone: (602) 840-5900
16                                 Facsimile: (602) 840-3012
                                   rob@hbsslaw.com
17

18 DATED: January 9, 2015          **PEARSON, SIMON & WARSHAW, LLP**

19

20                                 By:  _____ /s/ Bruce Simon _____
                                                BRUCE L. SIMON
21

22                                 Aaron M. Sheanin (214472)
                                   Benjamin E. Shiftan (265767)
23                                 44 Montgomery Street, Suite 2450
                                   San Francisco, CA 94104
24                                 Telephone: (415) 433-9000
                                   Facsimile: (415) 433-9008
25                                 bsimon@pswlaw.com
                                   asheanin@pswlaw.com
26                                 bshiftan@pswlaw.com

27                                 *Plaintiffs' Interim Co-Lead Class Counsel*

28

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1   DATED: January 9, 2015          **WINSTON & STRAWN LLP**

2

3                                   By: _____ /s/ Jeffrey L. Kessler _____
                                                    JEFFREY L. KESSLER
4

5                                   Jeffrey L. Kessler (*pro hac vice*)
                                    David G. Feher (*pro hac vice*)
6                                   David L. Greenspan (*pro hac vice*)
                                    Winston & Strawn LLP
7                                   200 Park Avenue
                                    New York, NY 10166-4193
8                                   Telephone: (212) 294-6700
                                    Facsimile: (212) 294-4700
9                                   *jkessler@winston.com*
                                    *dfeher@winston.com*
10                                  *dgreenspan@winston.com*

11                                  Derek J. Sarafa (*pro hac vice*)
                                    WINSTON & STRAWN LLP
12                                  35 W. Wacker Dr.
                                    Chicago, IL 60601
13                                  Telephone: (312) 558-5600
                                    Fax: (312) 558-5700
14                                  *dsarafa@winston.com*

15                                  Sean D. Meenan (SBN 260466)
                                    WINSTON & STRAWN LLP
16                                  101 California Street
                                    San Francisco, CA 94111
17                                  Telephone: (415) 591-1000
                                    Facsimile: (415) 591-1400
18                                  *smeenan@winston.com*

19                                  *Counsel for Jenkins Plaintiffs*
                                    *Interim Class Counsel*

20  DATED: January 9, 2015          **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

21

22                                  By: _____ /s/ Eric B. Fastiff _____
                                                    ERIC B. FASTIFF
23

24                                  Brendan P. Glackin (State Bar No. 199643)
                                    Lin Y. Chan (State Bar No. 255027)
25                                  Katherine C. Lubin (State Bar No. 259826)
                                    275 Battery Street, 29th Floor
26                                  San Francisco, CA 94111-3339
                                    Telephone: (415) 956-1000
27                                  Facsimile: (415) 956-10008
                                    efastiff@lchb.com
28

14-md-2541-CW
14-cv-2758-CW

bglackin@lchb.com
lchan@lchb.com
klubin@lchb.com

Wendy R. Fleishman
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
wfleishman@lchb.com

Brad R. Sohn
THE BRAD SOHN LAW FIRM, PLLC
2211 S.W. Secoffee Terrace
Miami, FL 33133
Telephone: (310) 866-0001
Facsimile: (305) 397-0650
brad@sohn.com

*Attorneys for Plaintiff Dax Dellenbach*

DATED: January 9, 2015     **PROSKAUER ROSE LLP**


By:  _____/s/ Scott P. Cooper_____
                SCOTT P. COOPER

Jennifer L. Jones (SBN 284624)
Sarah Kroll-Rosenbaum (SBN 272358)
Shawn S. Ledingham (SBN 275268)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
scooper@proskauer.com
jljones@proskauer.com
skroll-rosenbaum@proskauer.com
sledingham@proskauer.com

*Attorneys for Defendant Pac-12 Conference*

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1  DATED: January 9, 2015          **MAYER BROWN LLP**

2

3                                  By:          /s/ Andrew S. Rosenman
                                            ANDREW S. ROSENMAN
4

5                                  Andrew S. Rosenman (SBN 253764)
                                   Britt M. Miller (pro hac vice)
6                                  71 South Wacker Drive
                                   Chicago, IL 60606-4637
7                                  Telephone: (312) 782-0660
                                   Facsimile: (312) 701-7711
8                                  Email: arosenman@mayerbrown.com
                                   Email: bmiller@mayerbrown.com
9

10                                 Richard J. Favretto (*pro hac vice*)
                                   MAYER BROWN LLP
11                                 1999 K Street, N.W.
                                   Washington, D.C. 20006-1101
12                                 Telephone: (202) 263-3000
                                   Facsimile: (202) 263-3300
13                                 Email: rfavretto@mayerbrown.com

14                                 *Attorneys for Defendant The Big Ten Conference, Inc.*

15  DATED: January 9, 2015          **ROBINSON BRADSHAW & HINSON**

16

17

18                                 By:          /s/ Robert W. Fuller
                                            ROBERT W. FULLER

19                                 Nathan C. Chase, Jr. (SBN 247526)
                                   Robert W. Fuller, III (*pro hac vice*)
20                                 Mark W. Merritt (*pro hac vice*)
                                   Lawrence C. Moore, III (*pro hac vice*)
21                                 Amanda R. Pickens (*pro hac vice*)
                                   101 N. Tryon St., Suite 1900
22                                 Charlotte, NC 28246
                                   Telephone: (704) 377-2536
23                                 Facsimile: (704) 378-4000
                                   Email: nchase@rbh.com
24                                 Email: rfuller@rbh.com
                                   Email: mmerritt@rbh.com
25                                 Email: lmoore@rbh.com
                                   Email: apickens@rbh.com
26

27

28                                 Mark J. Seifert (SBN 217054)

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1

Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

2

3

4

5

6

7

*Attorneys for Defendant Southeastern Conference*

8

DATED: January 9, 2015          **SMITH MOORE LEATHERWOOD LLP**

9

10

By:          /s/ D. Erik Albright
                    D. ERIK ALBRIGHT

11

12

D. Erik Albright (*pro hac vice*)
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

13

14

15

16

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

17

18

19

20

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

21

22

23

24

*Attorneys for Defendant Atlantic Coast Conference*

25

26

27

28

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1  DATED: January 9, 2015           **POLSINELLI PC**

2

3                                   By:        /s/ Leane K. Capps
                                            LEANE K. CAPPS

4

5                                   Leane K. Capps (*pro hac vice*)
                                    POLSINELLI PC

6                                   Saint Ann Court
                                    2501 N. Harwood Street, Suite 1900

7                                   Dallas, TX 75201
                                    Telephone: (214) 397-0030

8                                   Email: lcapps@polsinelli.com

9                                   Mit S. Winter (SBN 238515)

10                                  Amy D. Fitts (*pro hac vice*)
                                    POLSINELLI PC

11                                  900 W. 48th Place, Suite 900
                                    Kansas City, MO 64112

12                                  Telephone: (816) 753-1000
                                    Email: mwinter@polsinelli.com

13                                  Email: afitts@polsinelli.com

14
                                    Wesley D. Hurst (SBN 127564)
15                                  POLSINELLI LLP
                                    2049 Century Park East, Suite 2300
16                                  Los Angeles, CA 90067
                                    Telephone: (310) 556-1801
17                                  Email: whurst@polsinelli.com

18
                                    *Attorneys for Defendants The Big 12 Conference, Inc. and*
19                                  *Conference USA*

20  DATED: January 9, 2015           **SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

21

22                                  By:        /s/ Karen Hoffman Lent
                                            KAREN HOFFMAN LENT

23

24                                  Raoul D. Kennedy (SBN 40892)
                                    525 University Avenue, Suite 1100

25                                  Palo Alto, California 94301
                                    Telephone: (650) 470-4500

26                                  Facsimile: (650) 470-4570
                                    Email: raoul.kennedy@skadden.com

27

28                                  Jeffrey Mishkin (pro hac vice)

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1                          Anthony J. Dreyer (pro hac vice)
                           Karen Hoffman Lent (pro hac vice)

2                          Four Times Square
                         New York, NY 10036

3                          Telephone: (212) 735-3000

4                          Facsimile (212) 735-2000
                         Email: jeffrey.mishkin@skadden.com

5                          Email: anthony.dreyer@skadden.com
                         Email: karen.lent@skadden.com

6

7                          Robert J. Wierenga (SBN 183687)
                         Gregory L. Curtner (pro hac vice)

8                          Kimberly K. Kefalas (pro hac vice)
                         Jacob K. Danziger (SBN 278219)

9                          SCHIFF HARDIN LLP

10                        350 S. Main St., Suite 210
                         Ann Arbor, MI 48104

11                        Telephone: (734) 222-1500
                         Facsimile: (734) 222-1501

12                        Email: rwierenga@schiffhardin.com
                         Email: gcurtner@schiffhardin.com

13                        Email: kkefalas@schiffhardin.com
                         Email: jdanziger@schiffhardin.com

14

15                        *Attorneys for Defendant National Collegiate Athletic Association*

16 DATED: January 9, 2015        **COVINGTON & BURLING LLP**

17

18

19                        By:         /s/ Benjamin C. Block
                                BENJAMIN C. BLOCK

20

21                        Benjamin C. Block (*pro hac vice*)
                       850 Tenth Street, NW

22                        Washington, DC 20001-4956
                       Telephone: (202) 662-5205

23                        Facsimile: (202) 778-5205
                       Email: bblock@cov.com

24                        Matthew D. Kellogg (SBN 280541)

25                        One Front Street
                       San Francisco, CA 94111-5356

26                        Telephone: (415) 591-6000
                       Facsimile: (415) 591-6091

27                        Email: mkellogg@cov.com

28                        *Attorneys for American Athletic Conference*

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1    DATED: January 9, 2015          **JONES WALKER LLP**

2

3                                     By:        /s/ Mark A. Cunningham
                                      _____
4                                               MARK A. CUNNINGHAM

5                                     Mark A. Cunningham (pro hac vice)
                                      201 St. Charles Avenue
6                                     New Orleans, LA 70170-5100
                                      Telephone: (504) 582-8536
7                                     Facsimile: (504) 589-8536
                                      Email: mcunningham@joneswalker.com
8

9                                     *Attorneys for Defendant Sun Belt Conference*

10   DATED: January 9, 2015          **WALTER | HAVERFIELD LLP**

11

12                                    By:        /s/ R. Todd Hunt
                                      _____
                                                R. TODD HUNT
13

14                                    R. Todd Hunt (*pro hac vice*)
                                      The Tower at Erieview
15                                    1301 E. 9th Street, Suite 3500
                                      Cleveland, OH 44114-1821
16                                    Telephone: (216) 928-2935
                                      Facsimile: (216) 916-2372
17                                    Email: rthunt@walterhav.com

18                                    *Attorneys for Defendant Mid-American Conference*

19   DATED: January 9, 2015          **BRYAN CAVE LLP**

20

21                                    By:        /s/ Adam Brezine
                                      _____
22                                              ADAM BREZINE

23                                    Adam Brezine (SBN 220852)
                                      560 Mission Street, 25th Floor
24                                    San Francisco, CA 94105
                                      Telephone: (415) 674-3400
25                                    Facsimile: (415) 675-3434
                                      Email: adam.brezine@bryancave.com
26

27                                    Richard Young (*pro hac vice* application to be filed)
                                      Brent Rychener (*pro hac vice* application to be filed)
28                                    90 South Cascade Avenue, Suite 1300

                                      18

Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
Email: richard.young@bryancave.com
Email: brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West Conference*

DATED: January 9, 2015          **BRADLEY DEVITT HAAS & WATKINS, P.C.**


By:  _____ /s/ Jon T. Bradley _____
                     JON T. BRADLEY

Jon T. Bradley (*pro hac vice* application to be filed)
2201 Ford Street
Golden, CO 80401
Telephone: (303) 384-9228
Facsimile: (303) 384-9231
Email: jon@goldenlawyers.com

*Attorneys for Defendant Western Athletic Conference*


## FILER'S ATTESTATION

I, KAREN HOFFMAN LENT, am the ECF user whose identification and password are being used to file this **STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ Karen Hoffman Lent*

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1

2   **PURSUANT TO STIPULATION,**
    **IT IS SO ORDERED.**
3

4   DATED:  January __15__, 2015

5

6   _____
    THE HON. CLAUDIA WILKEN
7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

**EXHIBIT A**

I, _____, state:

1.  My address and telephone number are:_____

2.  My present employer and my employer's address are:_____

3.  I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW.

4.  I have carefully read the Protective Order and understand its provisions.

5.  I will comply with all the provisions of the Protective Order.

6.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any documents designated Confidential or Highly Confidential – Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information only for the allowed purposes stated in the Order.

7.  I will return all documents that are designated Confidential or Highly Confidential – Counsel Only to counsel for the party from whom I obtained such documents.

8.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, and understand that violation of the Protective Order can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED:  _____, 201__.


Signature: _____


Printed Name: _____

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY