[All counsel listed on sig. page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | No. 4:14-md-2541-CW<br>No. 4:14-cv-02758-CW<br><br>[~~PROPOSED~~]  STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| This Document Relates to:<br><br>ALL ACTIONS | |

**1. PURPOSE**

Unless otherwise agreed to by the parties, this Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.  Capitalized terms in this Order are defined in the attached Exhibit A.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  Given the nature and complexity of these coordinated actions, the parties agree to address methods to reduce the costs and burdens of preservation and to ensure proper ESI is preserved in response to particular discovery requests.

The following categories of ESI are not discoverable—and, to the extent that they exist, need not be retained, processed, reviewed, or produced—except upon a showing of good cause: (a) recorded voice messages, including voice-mail in the Avaya Voice Player (.lvp) or WAVE

1

(.wav) file formats; (b) instant messaging communications, including Skype communications; (c) temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system; (d) common system and program files; (e), slack, fragmented, unallocated data, or data that no longer has a file marker on hard drives; (f) Online Access Data; (g) electronic mail sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere; (h) other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere; (i) logs of calls made from mobile devices; (j) Network Access and Server Activity Logs; (k) data remaining from systems that are no longer in use, and that is unintelligible on systems in use; (l) on-line access data such as temporary internet files, history, cache, cookies, etc.; (m) data in metadata fields that are frequently updated automatically, such as last-opened dates.

The parties shall meet and confer regarding the discoverability and preservation of (a) text or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices) and (b) back-ups or other long-term storage media (Backup and Archival Files) that were created strictly for use as a data back-up or disaster recovery medium.

## 5.  SEARCH

The parties will cooperate in good faith regarding the disclosure and formulation of appropriate search terms and protocols used to search for ESI responsive to document requests served pursuant to Fed. R. Civ. P. 34.  The parties shall meet and confer as early as possible to discuss, *inter alia*:

- Disclosure of search terms used to search for documents responsive to document requests, including semantic synonyms.  Semantic synonyms shall mean without limitation code words, terms, phrases or illustrations, acronyms, abbreviations, or non-language alphanumeric associational references to relevant ESI, or information that may lead to the discovery of relevant ESI.

1    • Post-search error sampling and sampling/testing reports, if any.

2    • Potential use of computer-assisted review or predictive coding techniques.

3    The parties will meet and confer, prior to the application of search terms to find

4  documents responsive to party document requests, and will review any search terms proposed

5  and/or requested by the parties.  The parties will continue to meet and confer regarding any

6  search process issues as necessary and appropriate, including any supplemental requests to add

7  additional search terms based on supplemental document productions by either party.  This ESI

8  protocol does not address or resolve any other objection to the scope of the parties' respective

9  discovery requests.

10    **6.  PRODUCTION FORMATS**

11    The parties agree that documents produced in these proceedings, whether originally

12  stored in paper or electronic form, shall be produced in electronic form in the manner as

13  described below.  Notwithstanding the foregoing provisions of this paragraph, the Parties reserve

14  the right to request that an alternative format or method of production be used for certain

15  Documents.  In that event, the Receiving Party and the Producing Party will meet and confer to

16  discuss alternative production requirements, concerns, formats, or methods.

17    **a)**    **Document Format.**  Documents shall be produced according to the following

18    formats:

19        i)    Electronic Production of Paper Documents.  Documents that are maintained in

20      paper format shall be scanned per document and converted to a Static Image, and, except

21      as otherwise provided below, shall be produced as black and white 1-bit TIFF images at

22      300 x 300 d.p.i. or greater resolution, in Group 4 compression single-page TIFFs and

23      reflect the full and complete information contained in the original Document. Documents

24      shall also be produced with the associated OCR, and with a load file, in accordance with

25      paragraph 6(a)(iii), below.  No Producing Party shall be required to ensure that the OCR

26      is an exact duplicate of the contents of the TIFF image; and the Receiving Party shall

27

28

3

accept the OCR in its "as is" condition.  In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document.

ii) <u>Electronically Stored Information</u>.  Except as provided in paragraph 6(a)(iv) below, Document images shall be generated from electronic Documents in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original Document.  All black and white images must be in 1-bit TIFF image format and color documents, if applicable, must be in 8-bit JPG image format, together with a Load File or functional equivalent specified in Paragraph 6(a)(iii) that contains the metadata as set forth in Paragraph 6(h), below, and Extracted Text or associated OCR or a link thereto.  In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document.

iii) <u>File Structure</u>.  Each production shall include the following unless otherwise agreed between the parties:

    **a. Index File:**

- Each production has one index file, in .DAT file format
- The format of the DAT file should use Western European (Windows) encoding.
- Standard Concordance delimiters shall be used

        ○ Comma — ASCII character 20 (¶)

        ○ Quote — ASCII character 254 (þ)

        ○ Newline — ASCII character 174 (®)

- First line must contain the column/field names (set forth in paragraph 6(h) herein)
- The fields BEGINBATES, ENDBATES, TEXTPATH and NATIVELINK must be present

- Each subsequent row must contain the Metadata for one Document
- Every row must have the same number of columns/fields (empty values are acceptable)
- File should be placed in the root directory

**b. OCR and Extracted Text Files (.TXT Files):**

- A single text file for each Document containing all the Document's pages, in text.
- Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the Document, filenames should not contain spaces
- Text must be encoded in Western European (Windows) format
- The TEXTPATH of the OCR or Extracted Text files should be included as a field in the DAT file listed above
- Files should be placed in the *text/* subdirectory

**c. Image Files:[1]**

- A single image for each page in each Document
- A single image per file (no multi-page image files)
- The default format should be 1-bit black and white single-page TIFF images and 24-bit color JPG images, if applicable.
- Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the page, and <ext> is the appropriate extension for the image format (.jpg, .tif, .png, etc.), filenames should not contain spaces
- Files should be placed in the *images/* subdirectory

---

[1] Not required for documents produced in Native Format.

5

**d. Native Files:**

- Native files need only be produced for (a) Microsoft Excel files, (b) Microsoft PowerPoint files, and (c) other files that the parties may agree should be produced natively pursuant to paragraph 6(a)(iv), below.

- Where Documents are produced in Native Format (pursuant to paragraph 6(a)(iv) below) filenames must be unique in the production, unless the content is identical; preferably by naming files by the starting Bates number of the associated document

- The filename of a native file must retain the file extension corresponding to the original Native Format; for example, an Excel 2003 spreadsheet's extension must be .xls

- Each native file filename must correspond to the NATIVELINK metadata field in its corresponding document's row in the DAT file

- Where native files are produced pursuant to this subsection, it is unnecessary to produce Image files, such as TIFF images, other than the bates stamped native placeholder documents discussed below.

- Any native file text must be encoded in Western European (Windows) format

- Native files should be placed in the *natives* subdirectory

iv)  <u>Native Format Documents</u>.  The parties recognize that it may be appropriate for certain Documents to be produced in Native Format.  Therefore, the Producing Party shall produce all .XLS spreadsheets and .PPT presentations in Native Format unless there is an agreement to the contrary, with bates stamped native placeholder documents representing native documents for purposes of document identification and confidentiality designations.  The Receiving Party may also request that the Producing

Party produce additional file types of electronic Documents in Native Format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation, such as audio files.  The parties will meet and confer regarding such requests.

If a Document to be produced as a Native Format contains privileged information as well as non-privileged information, it shall be produced in TIFF format with redactions rather than Native Format.

To the extent the Producing Party wishes to establish additional procedures for the protection of confidential information as defined in any applicable Protective Order entered herein produced in Native Format, the Producing Party and the Receiving Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of the information in Native Format.

v) Color.  Documents shall be produced in black and white in the first instance.  If a produced Document contains color and that color is necessary to decipher the meaning, context, or content of the document, the Producing Party shall honor reasonable requests for either the production of the original Document for inspection and copying or production of a color image of the Document.

vi) Resolution of Production Issues.  If Documents cannot be read because of imaging or formatting problems, the Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to the extent the problem(s) are within the Parties' control.

vii) Support for Experts' Opinions.  Unless a Document should be produced in Native Format, Documents supporting the Producing Party's experts' opinions shall be produced as PDF files in color where the original Document contains color and color is necessary to decipher the meaning, context or content of the document.

7

**b) Production Media.** A Producing Party shall produce Documents on such readily accessible computer or electronic media as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media"). Information that shall be identified on the face of the Production Media shall include: (1) the production date, and (2) the confidentiality notation required by the Protective Order entered in this case, if the media contains Confidential Information, as defined in the Protective Order. The face of the Production Media shall also contain the Bates Number range(s) of the Documents on the Production Media, and where not practicable to do so, may be provided in an accompanying letter. If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production or in a separate letter or email an explanation of how to decrypt the files. The parties agree to the following production formats: SFTP site, CD, DVD or external USB hard drive, whichever results in the least number of items.

**c) Production of Structured Data.** To the extent a response to discovery requires production of discoverable electronic information contained in a Database, in lieu of producing the Database, the parties shall meet and confer to, with an understanding of which fields are relevant, agree upon a set of queries to be made for discoverable information and generate a report in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for review by the Requesting Party or counsel. Upon review of the report(s), the Requesting Party may make reasonable requests for additional information to explain the Database scheme, codes, abbreviations, and different report formats or to request specific data from identified fields.

If a Producing Party asserts that certain ESI is inaccessible or otherwise unnecessary or inadvisable under the circumstances, or if the Requesting Party asserts that, following production, certain ESI is not reasonably usable, the parties shall meet and confer with their respective technology experts to discuss resolving such assertions. If the parties cannot

resolve any such disputes after such a meet and confer has taken place, the issue shall be presented to the Court for resolution.

**d)      Document Unitization.**  Paper documents scanned into Document Images shall be logically unitized in a manner so as to maintain the document(s) and any attachments, as they existed in their original state, if possible.  For electronic documents, the relationship of Documents in a Document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process from Native Format to TIFF, provided however that the Parties shall only be required to present one level of parent-child relationship.  Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail.  All hard copy Documents imaged and produced electronically shall include a unitization file ("load file") in accordance with paragraph 6(a)(iii)(a).

**e)      Duplicates.**  The Producing Party may remove duplicate Documents pursuant to the following limitations:  removal of duplicates shall only be done on exact duplicate Documents (based on MD5 or SHA-1 hash values at the Document level).  As a general rule, a Producing Party may de-duplicate its production within a source (custodian), or across the entire production (cross-custodian/globally).  With respect to hard copy documents for which metadata does not exist, however, a Producing Party may only de-duplicate within a source (e.g., custodian), provided however that if the Producing Party provides the custodian field for metadata as requested in Exhibit B it may de-duplicate across the entire production.  If a Producing Party de-duplicates across the entire production (globally), the Producing Party shall provide both of the following: (1) the name of each custodian possessing the de-duplicated copy; and (2) the metadata indicating any BCCs on any de-duplicated emails. Where any such Documents have attachments, hash values must be identical for both the

document-plus-attachment (including associated metadata) as well as for any attachment (including associated metadata) standing alone.  Nothing in this paragraph is intended to resolve a Producing Party's objections in written discovery requests on the ground that the request is duplicative because the requested Documents were produced or are being produced by other parties.

**f)**     **Paper Documents Containing Fixed Notes.**  Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the Document.  If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned separately.

**g)**     **Bates Numbering and Other Unique Identifiers.**  Each Producing Party shall Bates number its production(s) as follows:

i)     Document Images.  Each page of a produced Document—except Native Files— shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document.  The Bates Numbers shall be enumerated as defined above in Definitions.  The Producing Party will use a consistent prefix throughout the matter unless good reason exists for using a different prefix.  No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use.  The confidentiality legend shall be "burned" onto a Document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

ii)     Native Format Documents.  In the event Native Format Documents are produced, in order to preserve the integrity of those Native Format Documents, no Bates Number, confidentiality legend or internal tracking number should be added to the content of the Native Document unless otherwise agreed between the Producing Party and the

Receiving Party during any meet and confer related to confidentiality protections for Native Format Documents; however, the Producing Party will provide a MD5 Hash Value for each Native Format Document.

**h)**      **Metadata.**  The Producing Party shall produce the metadata information described in Exhibit B, if available, with each production and in the format described in Paragraph 6(a)(iii)(a) above.  The Producing Party has no obligation or duty to fill in any metadata fields or create any metadata that is not present with the original file.  For each Document, the Producing Party shall produce a line in the index file with the fields identified in Exhibit B, where available. The field naming conventions shall be as described in Exhibit B unless otherwise agreed and consistently applied across all productions.

**i)**      **Compressed Files.**  Compression file types (i.e., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

**7.  PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer regarding the phasing of the production of ESI, should such phasing be appropriate.

**8.  OBJECTIONS TO ESI PRODUCTION**

If either party objects to producing requested information in the formats described herein on the grounds that such information is not reasonably accessible because of undue burden or cost, before asserting such an objection, the responding party will inform the requesting party of any format in which it is willing to produce the requested data, the nature and location of the information claimed to not be reasonably accessible, the reason(s) why the requested form of production would impose an undue burden or is unreasonably costly, and afford the requesting party 10 business days from receipt of such notice to propose an alternative means of compliance

11

with the request.  Such proposal may include alternative cost estimates for ESI discovery

production, may offer a proposal for ESI discovery cost allocation, or both.

The parties shall meet and confer in good faith to resolve any dispute regarding a

proposed deviation from the provisions of this stipulation.  To the extent the parties are unable to

resolve any such dispute, each party reserves the right to seek judicial intervention in compliance

with the relevant court rules and orders.  Nothing in this Order negates the parties' ongoing

obligations to report spoliation of evidence.

**9.  DOCUMENTS PROTECTED FROM DISCOVERY**

**a)**      For any document withheld in its entirety or produced but redacted on the basis of

privilege or work product protections, the party withholding the document(s) (the

"Withholding Party") will produce privilege/redaction logs consistent with the requirements

of the Federal Rules of Civil Procedure.

**b)**      The logs shall be in Excel format or any other format that permits electronic

sorting and searching, except that the parties shall have no obligation to log information

generated on or after March 5, 2014.  When there is a chain of privileged e-mails, the

Withholding Party need only include one entry for the top/most recent email on the

privilege/redaction log for the entire e-mail chain and need not log each e-mail contained in

the chain separately.  For each document withheld or redacted, the producing party's

privilege/redaction logs shall include the following information: (a) custodian or source; (b)

date; (c) author(s); (d) for documents produced but redacted on the ground of privilege, the

starting and ending Bates number; (e) recipient(s), CC(s) and BCC(s) (for e-mail and hard-

copy communication such as letters and internal memoranda); (f) specification of the

privilege claimed; and (g) a description of the document and the basis for the privilege or

redaction claim.  Privilege/redaction logs shall be produced within 45 days of the

production, or another time period mutually agreed to by the parties.

**c)**      Pursuant to Fed. R. Evid. 502(b), the disclosure of a communication or information covered by the attorney-client privilege of work-product doctrine does not operate as a waiver if (1) the disclosure is inadvertent; (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(b).

**d)**      All other issues of privilege, including the production of privileged or protected documents or information, shall be governed by the Protective Order entered by the Court in this litigation.

## 10. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

## 11. MISCELLANEOUS

This Stipulated Order is not intended to govern any protections or restrictions related to the production of privileged litigation material.  Any documents recalled due to a mutually-agreed upon clawback provision shall have a specific protocol followed to ensure all copies of each such document are appropriately removed from the review system of the opposite party.

**IT IS SO STIPULATED**, through Counsel of Record.

13

1   DATED: March 4, 2015                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

2                                           By _____/s/ Steve W. Berman_____
3                                                  STEVE W. BERMAN

4                                           1918 Eighth Avenue, Suite 3300
                                            Seattle, WA 98101
5                                           Telephone: (206) 623-7292
                                            steve@hbsslaw.com
6
7                                           Jeff D. Friedman (173886)
                                            Jon T. King (205073)
8                                           HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
9                                           Berkeley, CA 94710
                                            Telephone: (510) 725-3000
10                                          Facsimile: (510) 725-3001
                                            jefff@hbsslaw.com
11                                          jonk@hbsslaw.com
12
                                            Robert Carey
13                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                            11 W Jefferson St,
14                                          Phoenix, AZ 85003
                                            Telephone: (602) 840-5900
15                                          Facsimile: (602) 840-3012
                                            rob@hbsslaw.com
16

17  DATED: March 4, 2015                    **PEARSON, SIMON & WARSHAW, LLP**
18
                                            By _____/s/ Bruce L. Simon_____
19                                                  BRUCE L. SIMON
20
                                            Aaron M. Sheanin (214472)
21                                          Benjamin E. Shiftan (265767)
                                            44 Montgomery Street, Suite 2450
22                                          San Francisco, CA 94104
                                            Telephone: (415) 433-9000
23                                          Facsimile: (415) 433-9008
                                            bsimon@pswlaw.com
24                                          asheanin@pswlaw.com
                                            bshiftan@pswlaw.com
25
26                                          *Plaintiffs' Interim Co-Lead Class Counsel*
27
                                                            14
28

1  DATED: March 4, 2015                    **WINSTON & STRAWN LLP**

2                                          By _____/s/ Jeffrey L. Kessler_____

3                                                   JEFFREY L. KESSLER

4                                          David Feher
                                           David Greenspan
5                                          200 Park Avenue
                                           New York, NY 10166
6                                          Telephone: (212) 294-6700
                                           Facsimile: (212) 294-4700
7                                          jkessler@winston.com
                                           dgreenspan@winston.com
8                                          dfeher@winston.com

9
                                           *Attorneys for Plaintiffs Martin Jenkins, Johnathan*
10                                         *Moore, Kevin Perry, and William Tyndall*
                                           *Plaintiffs' Interim Co-Lead Class Counsel*
11

12 DATED: March 4, 2015                    **LIEFF CABRASER HEIMANN & BERNSTEIN,**
                                           **LLP**
13
                                           By _____/s/ Eric B. Fastiff_____
14                                                   ERIC B. FASTIFF

15
                                           Brendan P. Glackin (State Bar No. 199643)
16                                         Lin Y. Chan (State Bar No. 255027)
                                           Katherine C. Lubin (State Bar No. 259826)
17                                         275 Battery Street, 29th Floor
                                           San Francisco, CA 94111-3339
18                                         Telephone: (415) 956-1000
                                           Facsimile: (415) 956-10008
19                                         efastiff@lchb.com
                                           bglackin@lchb.com
20                                         lchan@lchb.com
                                           klubin@lchb.com
21

22                                         Wendy R. Fleishman
                                           LIEFF CABRASER HEIMANN & BERNSTEIN,
23                                         LLP
                                           250 Hudson Street, 8th Floor
24                                         New York, NY 10013-1413
                                           Telephone: (212) 355-9500
25                                         Facsimile: (212) 355-9592
                                           wfleishman@lchb.com
26

27                                                   15

28

1

2   Brad R. Sohn
    THE BRAD SOHN LAW FIRM, PLLC
3   2211 S.W. Secoffee Terrace
    Miami, FL 33133
4   Telephone: (310) 866-0001
    Facsimile: (305) 397-0650
5   brad@sohn.com

6   *Attorneys for Plaintiff Dax Dellenbach*

7   DATED: March 4, 2015          **PROSKAUER ROSE LLP**

8
                                  By _____/s/ Scott P. Cooper_____
9                                         SCOTT P. COOPER

10                                Jennifer L. Jones (SBN 284624)
                                  Sarah Kroll-Rosenbaum (SBN 272358)
11                                Shawn S. Ledingham (SBN 275268)
                                  2049 Century Park East, Suite 3200
12                                Los Angeles, CA 90067
                                  Telephone: (310) 557-2900
13                                Facsimile: (310) 557-2193
                                  scooper@proskauer.com
14                                jljones@proskauer.com
                                  skroll-rosenbaum@proskauer.com
15                                sledingham@proskauer.com
16

17                                *Attorneys for Defendant Pac-12 Conference*

18  DATED: March 4, 2015          **MAYER BROWN LLP**

19
                                  By _____/s/ Andrew S. Rosenman_____
20                                         ANDREW S. ROSENMAN

21                                Britt M. Miller (pro hac vice)
22                                71 South Wacker Drive
                                  Chicago, IL 60606-4637
23                                Telephone: (312) 782-0660
                                  Facsimile: (312) 701-7711
24                                Email: arosenman@mayerbrown.com
                                  Email: bmiller@mayerbrown.com
25

26                                Richard J. Favretto (*pro hac vice*)
                                  MAYER BROWN LLP
27
                                       16
28

1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

*Attorneys for Defendant The Big Ten Conference, Inc.*

DATED: March 4, 2015          **ROBINSON BRADSHAW & HINSON**

By _____/s/ Robert W. Fuller_____
                    ROBERT W. FULLER

Nathan C. Chase, Jr. (SBN 247526)
Mark W. Merritt (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Amanda R. Pickens (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
Email: nchase@rbh.com
Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: apickens@rbh.com

Mark J. Seifert (SBN 217054)
Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

*Attorneys for Defendant Southeastern Conference*

DATED: March 4, 2015          **SMITH MOORE LEATHERWOOD LLP**

By _____/s/ D. Erik Albright_____
                    D. ERIK ALBRIGHT

17

300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

*Attorneys for Defendant Atlantic Coast Conference*

DATED: March 4, 2015           **POLSINELLI PC**

By _____/s/ Leane K. Capps_____
                     LEANE K. CAPPS

Saint Ann Court
2501 N. Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 397-0030
Email: lcapps@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

Wesley D. Hurst (SBN 127564)

18

1    POLSINELLI LLP
     2049 Century Park East, Suite 2300
2    Los Angeles, CA 90067
     Telephone: (310) 556-1801
3    Email: whurst@polsinelli.com

4
     *Attorneys for Defendants The Big 12 Conference, Inc.*
5    *and Conference USA*

6    DATED: March 4, 2015          **SKADDEN ARPS SLATE MEAGHER & FLOM**
                                   **LLP**
7
8                                  By _____/s/ Karen Hoffman Lent_____
                                         KAREN HOFFMAN LENT
9
10                                 Raoul D. Kennedy (SBN 40892)
                                   525 University Avenue, Suite 1100
11                                 Palo Alto, California 94301
                                   Telephone: (650) 470-4500
12                                 Facsimile: (650) 470-4570
                                   Email: raoul.kennedy@skadden.com
13
14                                 Jeffrey Mishkin (pro hac vice)
                                   Anthony J. Dreyer (pro hac vice)
15                                 Karen Hoffman Lent (pro hac vice)
                                   Four Times Square
16                                 New York, NY 10036
                                   Telephone: (212) 735-3000
17                                 Facsimile (212) 735-2000
                                   Email: jeffrey.mishkin@skadden.com
18                                 Email: anthony.dreyer@skadden.com
                                   Email: karen.lent@skadden.com
19
20                                 Robert J. Wierenga (SBN 183687)
                                   Gregory L. Curtner (pro hac vice)
21                                 Kimberly K. Kefalas (pro hac vice)
                                   Jacob K. Danziger (SBN 278219)
22                                 SCHIFF HARDIN LLP
                                   350 S. Main St., Suite 210
23                                 Ann Arbor, MI 48104
                                   Telephone: (734) 222-1500
24                                 Facsimile: (734) 222-1501
                                   Email: rwierenga@schiffhardin.com
25                                 Email: gcurtner@schiffhardin.com
26                                 Email: kkefalas@schiffhardin.com

27
                                          19
28

1      Email: jdanziger@schiffhardin.com

2      *Attorneys for Defendant National Collegiate Athletic*
       *Association*
3

4   DATED: March 4, 2015          **COVINGTON & BURLING LLP**

5                                 By _____/s/ Benjamin C. Block_____
                                         BENJAMIN C. BLOCK
6

7                                 One City Center
                                  850 Tenth Street, NW
8                                 Washington, DC 20001
                                  Telephone: (202) 662-5205
9                                 Facsimile: (202) 778-5205
                                  Email: bblock@cov.com
10

11                                Matthew D. Kellogg (SBN 280541)
                                  One Front Street
12                                San Francisco, CA 94111-5356
                                  Telephone: (415) 591-6000
13                                Facsimile: (415) 591-6091
                                  Email: mkellogg@cov.com
14

15                                *Attorneys for American Athletic Conference*

16  DATED: March 4, 2015          **JONES WALKER LLP**

17                                By _____/s/ Mark A. Cunningham_____
                                         MARK A. CUNNINGHAM
18

19                                201 St. Charles Avenue
                                  New Orleans, LA 70170-5100
20                                Telephone: (504) 582-8536
                                  Facsimile: (504) 589-8536
21                                Email: mcunningham@joneswalker.com

22                                *Attorneys for Defendant Sun Belt Conference*

23
    DATED: March 4, 2015          **WALTER | HAVERFIELD LLP**
24

25                                By _____/s/ R. Todd Hunt_____
                                         R. TODD HUNT
26

27                                        20
28

The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
Email: rthunt@walterhav.com

*Attorneys for Defendant Mid-American Conference*

DATED: March 4, 2015                    **BRYAN CAVE LLP**

By _____/s/ Adam Brezine_____
ADAM BREZINE

560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 674-3400
Facsimile: (415) 675-3434
Email: adam.brezine@bryancave.com

Richard Young (*pro hac vice* application to be filed)
Brent Rychener (*pro hac vice* application to be filed)
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
Email: richard.young@bryancave.com
Email: brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West Conference*

DATED: March 4, 2015                    **BRADLEY DEVITT HAAS & WATKINS, P.C.**

By _____/s/ Jon T. Bradley_____
JON T. BRADLEY

Jon T. Bradley (*pro hac vice* application to be filed)
2201 Ford Street
Golden, CO 80401
Telephone: (303) 384-9228
Facsimile: (303) 384-9231
Email: jon@goldenlawyers.com

*Attorneys for Defendant Western Athletic Conference*

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from each of the other signatories above.


<u>/s/ Steve W. Berman</u>
STEVE W. BERMAN


**[PROPOSED] ORDER**


**PURSUANT TO STIPULATION,**
**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: March 6, 2015

THE HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

22