1  Steve W. Berman (*pro hac vice*)
   Ashley Bede (*pro hac vice*)
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
3  Seattle, WA 98101
   Telephone: (206) 623-7292
4  Facsimile:  (206) 623-0594
   *steve@hbsslaw.com*
5  *ashleyb@hbsslaw.com*

6  Bruce L. Simon (96241)
   Aaron M. Sheanin (214472)
7  Benjamin E. Shiftan (265767)
   PEARSON, SIMON & WARSHAW, LLP
8  44 Montgomery Street, Suite 2450
   San Francisco, CA 94104
9  Telephone:  (415) 433-9000
   Facsimile:  (415) 433-9008
10 *bsimon@pswlaw.com*
   *asheanin@pswlaw.com*
11 *bshiftan@pswlaw.com*

12 *Class Counsel for Jenkins and Consolidated Action Plaintiffs*

   Jeffrey L. Kessler (*pro hac vice*)
   David G. Feher (*pro hac vice*)
   David L. Greenspan (*pro hac vice*)
   Joseph A. Litman (*pro hac vice*)
   WINSTON & STRAWN LLP
   200 Park Avenue
   New York, NY 10166-4193
   Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
   *jkessler@winston.com*
   *dfeher@winston.com*
   *dgreenspan@winston.com*
   *jlitman@winston.com*

   Sean D. Meenan (SBN 260466)
   Jeanifer E. Parsigian (SBN 289001)
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111
   Telephone: (415) 591-1000
   Facsimile: (415) 591-1400
   *smeenan@winston.com*
   *jparsigian@winston.com*

   *Class Counsel for Jenkins and Consolidated Action Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 4:14-md-02541-CW (NC)<br>Case No. 4:14-cv-02758-CW (NC)<br><br>**DECLARATION OF JEANIFER E. PARSIGIAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RE FINANCIAL DOCUMENTS, BROADCAST, MEDIA, AND SPONSORSHIP CONTRACTS, AND MARKETING DOCUMENTS**<br><br>Date:        August 11, 2016<br>Time:        2:00 p.m.<br>Courtroom:   Courtroom 7, 4th floor<br>Magistrate   Judge Nathanael M. Cousins |

I, Jeanifer E. Parsigian hereby declare:

1.     I am an associate at Winston & Strawn LLP, counsel for the *Jenkins* Plaintiffs in this matter and interim class counsel. I make this declaration based on my personal knowledge and in support of Plaintiffs' Motion to Compel in the above-captioned matter.

2.     Attached as **Exhibit 1** is a true and correct copy of the Atlantic Coast Conference's Amended and Supplemental Responses and Objections to Interrogatory No. 5 of Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories, dated May 13, 2016.

3.     Attached as **Exhibit 2** is a true and correct copy of the Big 12 Conference, Inc.'s Amended Objections and Responses to Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories, dated May 13, 2016.

4.     Attached as **Exhibit 3** is a true and correct copy of the Big Ten Conference, Inc.'s First Amended Responses & Objections to Consolidated & *Jenkins* Plaintiffs' Second Set of Interrogatories, dated May 13, 2016.

5.     Attached as **Exhibit 4** is a true and correct copy of the Pac-12 Conference's Amended and Supplemental Responses and Objections to Interrogatory No. 5 of Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories, dated May 13, 2016.

6.     Attached as **Exhibit 5** is a true and correct copy of *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated November 13, 2014.

7.     Attached as **Exhibit 6** is a true and correct copy of Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated August 14, 2015.

8.     Attached as **Exhibit 7** is a true and correct copy of the Atlantic Coast Conference's Responses to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated December 18, 2014.

9.     Attached as **Exhibit 8** is a true and correct copy of the Big-12 Conference, Inc.'s Responses and Objections to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated December 18, 2014.

10.     Attached as **Exhibit 9** is a true and correct copy of the Big Ten Conference, Inc.'s Responses and Objections to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated December 18, 2014.

11.     Attached as **Exhibit 10** is a true and correct copy of the Pac-12 Conference's Responses and Objections to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated December 18, 2014.

12.     Attached as **Exhibit 11** is a true and correct copy of the Southeastern Conference's Responses and Objections to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents, dated December 18, 2014.

13.     Attached as **Exhibit 12** is a true and correct copy of the Atlantic Coast Conference's Responses to Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated September 17, 2015.

14.     Attached as **Exhibit 13** is a true and correct copy of the Big-12 Conference, Inc.'s Responses to Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated September 17, 2015.

15.     Attached as **Exhibit 14** is a true and correct copy of the Big Ten Conference, Inc.'s Responses & Objections to Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated September 17, 2015.

16.     Attached as **Exhibit 15** is a true and correct copy of the Pac-12 Conference's Responses and Objections to Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated September 17, 2015.

17.     Attached as **Exhibit 16** is a true and correct copy of Southeastern Conference's Responses and Objections to Consolidated Plaintiffs' Third Set of Requests for Production of Documents, dated September 17, 2015.

18.     Attached as **Exhibit 17** is a true and correct copy of D. Feher, Counsel for *Jenkins* and Consolidated Plaintiffs' email to A. Rosenman, Counsel for the Big Ten Conference, dated June 1, 2016.

19. Attached as **Exhibit 18** is a true and correct copy of D. Feher, Counsel for *Jenkins* and Consolidated Plaintiffs' email to E. Albright, Counsel for the Atlantic Coast Conference, dated June 1, 2016.

20. Attached as **Exhibit 19** is a true and correct copy of D. Feher, Counsel for *Jenkins* and Consolidated Plaintiffs' email to S. Cooper, Counsel for the Pac-12, dated May 24, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration in San Francisco, California.

Executed on June 10, 2016.

By:    */s/ Jeanifer E. Parsigian*
Jeanifer E. Parsigian
WINSTON & STRAWN LLP
101 California Street
*San Francisco, CA 94114*
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*jparsigian@winston.com*

*Counsel for Jenkins Plaintiffs*
*Interim Class Counsel*

DECLARATION OF JEANIFER E. PARSIGIAN ISO PLAINTIFFS' MOTION TO COMPEL
CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

# EXHIBIT 1

D. ERIK ALBRIGHT (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27410
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6970
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br>Case No. 14-cv-02758-CW |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT ATLANTIC COAST CONFERENCE'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS** |

The Atlantic Coast Conference ("ACC"), by and through its undersigned counsel of record, and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby submits the following supplemental responses and objections to Interrogatory No. 5 of Consolidated & *Jenkins* Plaintiffs' Second Set of Interrogatories to All Defendants (the "Interrogatories").

## OBJECTIONS TO DEFINITIONS

1.     The ACC objects to each definition set forth in the section labeled "Definitions" to the extent it purports to require production of documents or information held or controlled by ACC member institutions, which are independent legal entities whose information and documents are not within the ACC's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

1.     The ACC objects to each paragraph of the section labeled "Instructions" to the extent that the instructions set forth therein would:  (a) create undue burden for the ACC when propounding its responses and objections to Interrogatories; and/or (b) impose obligations on the ACC that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure.  The ACC will respond to these Interrogatories consistent with its obligations under the Federal Rules of Civil Procedure.

2.     The ACC objects specifically to Instructions 8-12 as inconsistent with and in addition to the ACC's obligations under the Federal Rules of Civil Procedure and, therefore, unduly burdensome.  The ACC will respond to these Interrogatories in accordance with its obligations under the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and the orders of this Court.

## GENERAL OBJECTIONS

1.     The ACC objects to the Interrogatories as premature because discovery, including

DEF. ATLANTIC COAST CONFERENCE AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS - **No. 14-md-2541-CW / Case No. 14-cv-2758-CW**

document production, witness testimony, and expert discovery, has not yet been completed and because the ACC is continuing to develop evidence in response to Plaintiffs' allegations. The ACC has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information as is presently available and specifically known to the ACC. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are given without prejudice to the ACC's right to provide different or additional responses or produce evidence of subsequently discovered information, and the ACC reserves the right to supplement and/or change any and all responses and objections to the Interrogatories as it completes its investigation.

2.      The ACC objects to the Interrogatories to the extent they are overly broad, vague, ambiguous, duplicative, unduly burdensome, oppressive, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

3.      The ACC objects to the Interrogatories to the extent they seek information that is not within its possession, custody, or control, that is publicly available and/or a matter of public record, that is within the files and/or particular knowledge of Plaintiffs or their agents, or that is otherwise equally available to Plaintiffs.

4.      The ACC objects to the Interrogatories to the extent they seek information related to any entity other than the ACC.

5.      The ACC objects to the Interrogatories insofar as they require the ACC to extend its reasonable investigation to third persons or parties and otherwise do work for Plaintiffs and/or their

DEF. ATLANTIC COAST CONFERENCE AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS - No. 14-md-2541-CW / Case No. 14-cv-2758-CW

counsel.

6.  The ACC objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws.

7.  The ACC objects to the Interrogatories to the extent they would create an undue burden for the ACC in propounding its responses and objections to the Interrogatories or purport to impose obligations on the ACC beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and/or the Court's orders.

8.  The ACC objects to the Interrogatories to the extent they purport to impose obligations on the ACC beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order, entered by the Court on July 9, 2015, and the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on March 6, 2015.

9.  The ACC objects to each Interrogatory to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit on the ground that such Interrogatory is overbroad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10.  No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

DEF. ATLANTIC COAST CONFERENCE AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS - **No. 14-md-2541-CW  / Case No. 14-cv-2758-CW**

11.     The ACC objects to the Interrogatories to the extent they purport to seek information containing confidential business or other proprietary information, confidential information obtained by the ACC under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

12.     The ACC objects to the Interrogatories to the extent they seek information from ACC member schools and universities, which are independent legal entities whose information is not within the ACC's possession, custody, and control.

13.     The ACC objects to the Interrogatories to the extent they seek to elicit legal conclusions.

14.     By agreeing to provide information in response to any particular interrogatory, the ACC does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations or assumptions contained therein.

15.     The ACC objects to the Interrogatories to the extent they seek "all Documents" relating to a particular topic over multiple years. Such requests are unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

# INTERROGATORIES

## INTERROGATORY NO. 5:

Identify any other procompetitive justifications you will assert in this litigation and by Bates number identify all Documents that support each of these purported justifications.

**RESPONSE:** The ACC objects to this Interrogatory as a premature contention interrogatory, as the ACC has not completed its investigation and discovery into this matter. The ACC further objects to this Interrogatory to the extent that it seeks information that may be the subject of expert opinion testimony, which will be disclosed in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and any Court orders. The ACC further objects to this Interrogatory as premature to the extent that it purports to require the ACC to identify the evidence that the ACC intends to proffer at trial, which will be disclosed in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and any Court orders.

The ACC further objects to this Interrogatory on the grounds that the request to identify "any other procompetitive justifications" is vague and ambiguous. The ACC understands the term "any other procompetitive justifications" to refer to procompetitive justifications other than those that fall within the ambit of the procompetitive justifications identified in Interrogatory Nos. 3 and 4. Without agreeing that Interrogatory Nos. 3 and 4 accurately or fully describe the procompetitive justifications to which they refer, the ACC lists below only those procompetitive justifications that do not fall within the broad ambit of those topics.

The ACC further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it purports to require the ACC to identify "all Documents" that relate to a particular topic over multiple years.

The ACC further objects to this Interrogatory to the extent that it seeks information that is: (1) outside its possession, custody, or control; or (2) publicly available, already in the possession of Plaintiffs, or equally obtainable from third parties or from some source other than the ACC that is more convenient, less burdensome or less expensive.

The ACC further objects to this Interrogatory to the extent that it calls for legal arguments or conclusions. The ACC also objects to this Interrogatory to the extent it seeks identification of documents that contain or reveal information protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable legal protections.

Subject to and without waiver of the foregoing General and Specific Objections, the ACC states:

- The challenged rules serve the procompetitive goals of expanding output in the college education market and improving the quality of the collegiate experience for student-athletes, other students, and alumni by maintaining the unique heritage and traditions of college athletics and preserving amateurism as a foundational principle, thereby distinguishing amateur college athletics from professional sports, allowing the former to exist as a distinct form of athletic rivalry and as an essential component of a comprehensive college education;

- The challenged rules serve the procompetitive goal of widening opportunities for student-athletes to attend college through athletics scholarships in all sports in a manner compliant with Title IX and related regulatory requirements, thereby expanding output in the college education market;

- The challenged rules serve the procompetitive goal of promoting support for colleges and universities from alumni, government bodies, and other supporters;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by creating a more diverse student body;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by providing a broader scope of athletic program offerings in which student-athletes can participate, compete, and gain exposure as team members in intercollegiate competition and in which other students, alumni, and other supporters of college athletics can be involved and participate as fans;

- The challenged rules serve the procompetitive goal of promoting competitive balance between and among NCAA member institutions by encouraging intercollegiate athletic rivalries wherein amateur student-athletes are competing only against other amateur student-athletes, thereby fostering more uncertain outcomes in athletic contests and increasing the prospect that each institution will be competitive both within their conferences and in inter-conference competition;

- The challenged rules serve the procompetitive goals of promoting competitive fairness and improving the quality of college education by encouraging intercollegiate athletic rivalries wherein all institutions and student-athletes have a fair and equitable opportunity to compete against similarly situated institutions and amateur student-athletes, rather than against professional contestants, both within their conferences and in inter-conference competition.

The ACC reserves the right to supplement its response to this Interrogatory, including identification of material documents on which it intends to rely, as discovery in this matter progresses.

Date: May 13, 2016.

**SMITH MOORE LEATHERWOOD LLP**


By:     /s/ D. Erik Albright
D. ERIK ALBRIGHT (*pro hac vice*)
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

**HOLLAND & KNIGHT LLP**
CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

DEF. ATLANTIC COAST CONFERENCE AMENDED AND SUPPLEMENTAL RESPONSES AND
OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLS' SECOND
SET OF INTERROGATORIES TO ALL DEFENDANTS - **No. 14-md-2541-CW / Case No. 14-cv-2758-CW**

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I caused a true and correct copy of the foregoing

Defendant Atlantic Coast Conference's Amended and Supplemental Responses and Objections to

Interrogatory No. 5 of Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories to All

Defendants to be served by e-mail upon the following counsel of record for the parties as follows:

| Plaintiffs' Co-Lead Class Counsel – Winston & Strawn LLP | |
|---|---|
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Sean Meenan | smeenan@winston.com |
| Jeanifer Parsigian | jparsigian@winston.com |
| Plaintiffs' Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP | |
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| Ashley Bede | ashleyb@hbsslaw.com |
| Plaintiffs' Interim Co-Lead Class Counsel – Simon & Warshaw, LLP | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |

/s/   D. Erik Albright
D. Erik Albright (pro hac vice)

# EXHIBIT 2

Leane K. Capps (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)
POLSINELLI PC
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
Email: lcapps@polsinelli.com
Email: cmorgan@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI LLP
2049 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Fax: (310) 556-1802
Email: whurst@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48TH PLACE
KANSAS CITY, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

*Attorneys for Defendant*
*THE BIG 12 CONFERENCE, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br>Case No. 4:14-cv-02758-CW<br><br>**THE BIG 12 CONFERENCE, INC.'S AMENDED OBJECTIONS AND RESPONSES TO CONSOLIDATED AND JENKINS PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS** |
| This Document Relates to:<br><br>ALL ACTIONS | |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant The Big 12 Conference, Inc. ("Big 12") hereby provides the following first amended objections and responses to the Consolidated and *Jenkins* Plaintiffs' (together, "Plaintiffs") Second Set of Interrogatories to All Defendants ("Interrogatories").

## OBJECTIONS TO DEFINITIONS

1.      The Big 12 objects to each definition set forth in this section of the Interrogatories to the extent it purports to require production of documents or information held or controlled by Big 12 member schools and universities, which are independent legal entities whose information and documents are not within the Big 12's possession, custody, and control.

## OBJECTIONS TO INSTRUCTIONS

1.      The Big 12 objects to each paragraph of the section labeled "Instructions" to the extent the instructions set forth therein would (a) create undue burden for the Big 12 when propounding its responses and objections to the Interrogatories; and/or (b) impose obligations on the Big 12 that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure.  The Big 12 will respond to the Interrogatories consistent with its obligations under the Federal Rules.

2.      The Big 12 specifically objects to Instructions numbered 8-12 as unduly burdensome because they impose obligations on the Big 12 that are inconsistent with and in addition to the Big 12's obligations under the Federal Rules of Civil Procedure. The Big 12 will respond to these Interrogatories in accordance with its obligations under the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California ("Local Rules") and the orders of this Court.

## **GENERAL OBJECTIONS**

The Big 12 makes the following general objections to the Interrogatories. The Big 12 incorporates these general objections into each of the Big 12's responses as if fully stated therein.

1. The Big 12 objects to these Interrogatories as premature because discovery has not been completed, including document production, witness testimony and expert discovery, and because the Big 12 has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the Big 12. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth below. The following responses are given without prejudice to the Big 12's right to produce evidence of subsequently discovered information, and the Big 12 reserves the right to supplement and/or change any and all responses given below as additional information, analysis, and legal research is completed and contentions are made in accordance with its obligations under Federal Rules of Civil Procedure 26, 33, and 34.

2. The Big 12 objects to these Interrogatories to the extent they seek information and/or documents that are not within the Big 12's possession, custody, or control. The Big 12 further objects to the Interrogatories to the extent they seek information that is publicly available, is within the files and/or particular knowledge of Plaintiffs or their agents, or is otherwise equally available to them. The Big 12 will only provide information to the extent the information is in the Big 12's possession, custody, or control and not publicly available or otherwise already in the Plaintiffs' possession.

3. The Big 12 objects to the Interrogatories to the extent they seek the identification of

documents or information relating to third-parties or contemplate that the Big 12 will collect information from third parties, including, but not limited to, Big 12 member schools and universities, which are independent legal entities whose information and documents are not within the Big 12's possession, custody, and control. The Big 12 responds to these Interrogatories solely on its own behalf.

4.   The Big 12 objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws.  Nothing contained in the following responses is intended to be or shall be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or laws.

5.   The Big 12 objects to the Interrogatories to the extent they purport to seek information containing confidential business or other proprietary information, confidential information obtained by the Big 12 under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information.  Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be provided, as the provision of such information is unduly burdensome relative to the value of such information to the determination of the facts and legal questions at issue in this litigation.

6.   The Big 12 objects to the Interrogatories to the extent they seek information protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

7.   The Big 12 objects to the Interrogatories, including the Definitions and Instructions,  to the extent they purport to impose obligations on the Big 12 beyond those agreed to by the parties

in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015, the Stipulated Order Regarding Production of Documents from Certain Other Cases, entered by the Court on January 8, 2015, and the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on March 6, 2015.

8.  No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

9.  The Big 12 objects to the Interrogatories to the extent that they seek to elicit legal conclusions.

10. By agreeing to provide any information in response to any of the Interrogatories, the Big 12 does not accept or concede that any assertions, definitions, descriptions, express or implied characterizations, or assumptions contained therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 5:

Identify any other procompetitive justifications you will assert in this litigation and by Bates number all Documents that support each of those purported justifications.

### SUPPLEMENTAL RESPONSE:

In addition to its General Objections, which are incorporated herein, the Big 12 objects to this Interrogatory as a premature contention interrogatory. The Big 12 has not completed its investigation and discovery in this matter, including document discovery, witness testimony, expert discovery, research and analysis, all of which could impact any answers to contention interrogatories. The Big 12 further objects to this Interrogatory as premature because it is

reasonably construed as a request to identify the evidence that the Big 12 intends to offer at trial or in future motion practice and is therefore a premature request for the identification of documents to be used at trial. The Big 12 will identify the documents it intends to use at trial in accordance with Federal Rule of Civil Procedure 26(a)(3), the Local Rules, the relevant orders of this Court, and the case schedule.

The Big 12 further objects to this Interrogatory as overly broad and unduly burdensome in requesting that the Big 12 identify "all Documents" because it requires the Big 12 to conduct burdensome and unreasonable searches to identify documents over several years related to a broad topic. In addition, as discovery is ongoing, the Big 12 is currently in the process of reviewing documents and thus cannot identify "all Documents" in this category at this time.

The Big 12 objects to this Interrogatory as vague and ambiguous in that it requests the Big 12 to identify "any other procompetitive justifications" which is an overly broad term with multiple meanings.  Accordingly, the Interrogatory fails to provide the Big 12 with sufficient notice of the information sought, fails to describe that information with reasonable particularity, and is not reasonably calculated to lead to the discovery of admissible evidence.  The Big 12 understands the vague and ambiguous term "any other procompetitive justifications" to refer to procompetitive justifications other than those included within the expansive topics addressed in Interrogatories Nos. 3 and 4, namely that the challenged rules "promote consumer demand for those sports [FBS football and Division I men's and women's basketball]," "promote the integration of academics and athletics," and "integrate student-athletes into the academic or campus communities of their schools."  Based upon this understanding—and without agreeing in any way that Interrogatories Nos. 3 and 4 accurately or fully describe the procompetitive justifications to which they refer—the Big 12 lists below only additional procompetitive justifications that do not fall within the broad scope of those topics, as the Big 12 understands

them.

The Big 12 further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this Interrogatory to the extent it seeks information from the Big 12 that is outside its possession, custody and control or is publicly available, already in the possession of Plaintiffs, or equally obtainable from third parties or from some source other than the Big 12 that is more convenient, less burdensome or less expensive.

The Big 12 further objects to this Interrogatory to the extent it calls for legal arguments or conclusions.

Subject to and without waiver of the foregoing General and Specific Objections, the Big 12 states:

- The challenged rules serve the procompetitive goals of expanding output in the college education market and improving the quality of the collegiate experience for student-athletes, other students, and alumni by maintaining the unique heritage and traditions of college athletics and preserving amateurism as a foundational principle, thereby distinguishing amateur college athletics from professional sports, allowing the former to exist as a distinct form of athletic rivalry and as an essential component of a comprehensive college education;

- The challenged rules serve the procompetitive goal of widening opportunities for student-athletes to attend college through athletics scholarships in all sports in a manner compliant with Title IX and related regulatory requirements, thereby expanding output in the college education market;

- The challenged rules serve the procompetitive goal of promoting support for colleges and universities from alumni, government bodies, and other supporters;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by creating a more diverse student body;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by providing a broader scope of athletic program offerings in which student-athletes can participate, compete, and gain exposure as team members in intercollegiate competition and in which other students, alumni, and other supporters of college athletics can be involved and participate as fans;

- The challenged rules serve the procompetitive goal of promoting competitive balance between and among NCAA member institutions by encouraging intercollegiate athletic rivalries wherein amateur student-athletes are competing only against other amateur student-athletes, thereby fostering more uncertain outcomes in athletic contests and increasing the prospect that each institution will be competitive both within their conferences and in inter-conference competition;

- The challenged rules serve the procompetitive goals of promoting competitive fairness and improving the quality of college education by encouraging intercollegiate athletic rivalries wherein all institutions and student-athletes have a fair and equable opportunity to compete against similarly situated institutions and amateur student-athletes, rather than against professional contestants, both within their conferences and in inter-conference competition.

The Big 12 reserves the right to supplement its response to this interrogatory and will identify material documents on which it intends to rely as discovery in this matter progresses.

DATED: May 13, 2016

**POLSINELLI PC**

By:        /s/  Leane K. Capps
                    Leane K. Capps

Leane K. Capps (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)
POLSINELLI PC
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
Email: lcapps@polsinelli.com
Email: cmorgan@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Email: whurst@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

*Attorneys for Defendant The Big 12 Conference, Inc.*

## CERTIFICATE OF SERVICE

I, Leane K. Capps, an attorney, hereby certify that on May 13, 2016, I caused a true and correct copy of the foregoing **Defendant The Big 12 Conference, Inc.'s Objections and Responses to Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories to All Defendants** to be served by e-mail on all counsel identified in the attached Service List.

/s/ Leane K. Capps_____
Leane K. Capps
POLSINELLI, PC
Attorneys for Defendant
The Big 12 Conference, Inc.

**SERVICE LIST**

**Hagens Berman Sobol Shapiro LLP**

John T. King                     jonk@hbsslaw.com

Jeff D. Friedman                 jefff@hbsslaw.com

Steve W. Berman                  steve@hbsslaw.com

Ashley Bede                      ashleyb@hbsslaw.com

Robert B. Carey                  rob@hbsslaw.com

**Pearson Simon & Warshaw LLP**

Bruce Lee Simon                  bsimon@pswlaw.com

Ben Shiftan                      bshiftan@pswlaw.com

Aaron Sheanin                    asheanin@pswlaw.com

**Winston & Strawn LLP**

Jeffrey L. Kessler               jkessler@winston.com

David G. Feher                   dfeher@winston.com

David L. Greenspan               dgreenspan@winston.com

Timothy M. Nevius                tnevius@winston.com

Joseph A. Litman                 jlitman@winston.com

Derek J.Sarafa                   dsarafa@winston.com

Sean Meenan                      smeenan@winston.com

Jennifer Parsigian               jparsigian@winston.com

# EXHIBIT 3

MAYER BROWN LLP
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

MAYER BROWN LLP
Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br>Case No. 4:14-cv-2758-CW |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT THE BIG TEN CONFERENCE, INC.'S FIRST AMENDED RESPONSES & OBJECTIONS TO CONSOLIDATED & *JENKINS* PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS, INTERROGATORY NO. 5**<br><br>Date:<br>Time:<br>Courtroom: Courtroom 2, 4th Floor<br>Before: Hon. Claudia Wilken |

Defendant The Big Ten Conference, Inc. ("The Big Ten"), by and through its attorneys and pursuant to Fed. R. Civ. P. 26, 33, and 34, hereby submits its First Amended written responses and objections to the Consolidated and *Jenkins* Plaintiffs' Second Set of Interrogatories to All Defendants, Interrogatory No. 5, dated February 29, 2016 (the "Second Interrogatories").

## GENERAL OBJECTIONS

The Big Ten expressly incorporates by reference, as if fully set forth herein, all General Objections, Objections to Definitions, and Objections to Instructions to the Second Interrogatories set forth in its initial Responses and Objections to the Second Interrogatories, served April 4, 2016 (collectively, the "Objections").  *See* Defendant The Big Ten Conference Inc's Responses & Objections to Consolidated & *Jenkins* Plaintiffs' Second Set of Interrogatories to All Defendants, ¶¶1-16 (Apr. 4, 2016).  To the extent that any Objections, or anyone of them, are not restated herein shall not operate or be deemed a waiver of such Objection or Objections.

## FIRST AMENDED RESPONSE TO SECOND INTERROGATORY NO. 5

**SECOND INTERROGATORY NO. 5**:

Identify any other procompetitive justifications you will assert in this litigation and by Bates number all Documents that support each of those purported justifications.

**FIRST AMENDED RESPONSE TO SECOND INTERROGATORY NO. 5**:

In addition to its General Objections, The Big Ten objects to this Interrogatory as prematurely seeking discovery of The Big Ten's contentions in this litigation.  Significant discovery has yet to be completed, including document production, depositions of witnesses, and expert discovery, and The Big Ten's investigation into plaintiffs' allegations and its trial preparation continues.  In addition, The Big Ten construes this Interrogatory as an untimely and premature request to identify evidence to be used at trial, which will be disclosed in accordance

-1-

with Federal Rule 26(a)(3), applicable Local Rules of the Northern District of California, the Court's Case Management Order, and any other applicable Orders of the Court.

The Big Ten further objects to this Interrogatory on that the ground that its request to identify "any other procompetitive justifications" is vague, ambiguous, and undefined. For purposes of its First Amended response, The Big Ten understands this term to refer to procompetitive justifications other than those included within the expansive topics addressed in Second Interrogatories Nos. 3 and 4, namely that the challenged rules "promote consumer demand for those sports [FBS football and Division I men's and women's basketball]," "promote the integration of academics and athletics," and "integrate student-athletes into the academic or campus communities of their schools." Based upon this understanding—and without agreeing in any way that Second Interrogatories Nos. 3 and 4 accurately or fully describe the procompetitive justifications to which they refer—The Big Ten lists below only additional procompetitive justifications that do not fall within the broad scope of those topics, as The Big Ten understands them.

In addition, The Big Ten objects to this Interrogatory on the ground that its request for identification of "all Documents," by Bates number, is overly broad and unduly burdensome, requiring The Big Ten to conduct burdensome and unreasonable searches to identify all documents relating to a particular topic over multiple years. The Big Ten further objects to this Interrogatory to the extent that it seeks information outside The Big Ten's possession, custody, or control, or information that is already in the possession of plaintiffs or which is equally available to them from other sources.

The Big Ten also objects to this Interrogatory to the extent that it calls for legal arguments or conclusions, and seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable legal protections. Moreover, The Big Ten objects to this Interrogatory to the extent it seeks information that may be the subject of expert

-2-

opinion, which will be disclosed in expert reports at the appropriate time.

Subject to and without waiver of the foregoing general and specific objections, The Big Ten states to the best of its current knowledge:

- The challenged rules serve the procompetitive goals of expanding output in the college education market and improving the quality of the collegiate experience for student-athletes, other students, and alumni by maintaining the unique heritage and traditions of college athletics and preserving amateurism as a foundational principle, thereby distinguishing amateur college athletics from professional sports, allowing the former to exist as a distinct form of athletic rivalry and as an essential component of a comprehensive college education;

- The challenged rules serve the procompetitive goal of widening opportunities for student-athletes to attend college through athletics scholarships in all sports in a manner compliant with Title IX and related regulatory requirements, thereby expanding output in the college education market;

- The challenged rules serve the procompetitive goal of promoting support for colleges and universities from alumni, government bodies, and other supporters;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by creating a more diverse student body;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by providing a broader scope of athletic program offerings in which student-athletes can participate, compete, and gain exposure as team members in intercollegiate competition and in which other students, alumni, and other supporters of college athletics can be involved and participate as fans;

-3-

- The challenged rules serve the procompetitive goal of promoting competitive balance between and among NCAA member institutions by encouraging intercollegiate athletic rivalries wherein amateur student-athletes are competing only against other amateur student-athletes, thereby fostering more uncertain outcomes in athletic contests and increasing the prospect that each institution will be competitive both within their conferences and in inter-conference competition;

- The challenged rules serve the procompetitive goals of promoting competitive fairness and improving the quality of college education by encouraging intercollegiate athletic rivalries wherein institutions and student-athletes have a fair and equable opportunity to compete against similarly situated institutions and amateur student-athletes, rather than against professional contestants, both within their conferences and in inter-conference competition.

Investigation continues and The Big Ten reserves its right to amend, supplement, and/or modify its response to this Interrogatory, as appropriate.

Dated: May 13, 2016

Mayer Brown LLP

By:  _/s/ Britt M. Miller_____
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

-4-

# PROOF OF SERVICE

I, Britt M. Miller, declare:

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the above-captioned action. My business address is Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606-4637. On May 13, 2016, I caused a true and correct copy of the foregoing **DEFENDANT THE BIG TEN CONFERENCE INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO CONSOLIDATED & JENKINS PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS, INTERROGATORY NO. 5** on the interested parties in this action as identified on the attached Service List:

    ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 13, 2016, at Chicago, Illinois.

                                 _/s/ Britt M. Miller_____
                                   Britt M. Miller

## SERVICE LIST

| Plaintiffs' Interim Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP | |
|---|---|
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| **Plaintiffs' Interim Co-Lead Class Counsel – Winston & Strawn LLP** | |
| Jeffrey L. Kessler | jkessler&@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |
| **Plaintiffs' Interim Co-Lead Class Counsel – Pearson, Simon & Warshaw, LLP** | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| The Big Ten Conference – Mayer Brown LLP | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

| The Big Ten Conference – Barrett Law P.C. | |
|---|---|
| Jon Barrett | jab@barrettlawpc.com |

| Southeastern Conference – Robinson Bradshaw & Hinson | |
|---|---|
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

| Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

| Pac-12 Conference – Proskauer Rose LLP | |
|---|---|
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

| Atlantic Coast Conference – Smith Moore Leatherwood LLP | |
|---|---|
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

| Atlantic Coast Conference – Holland & Knight LLP | |
|---|---|
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

| Big 12 Conference & Conference USA – Polsinelli PC | |
|---|---|
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |

| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

# EXHIBIT 4

PROSKAUER ROSE LLP
SCOTT P. COOPER (SBN 96905)
  scooper@proskauer.com
JENNIFER L. JONES (SBN 284624)
  jljones@proskauer.com
SHAWN S. LEDINGHAM, JR. (SBN 275268)
  sledingham@proskauer.com
JACQUELYN N. FERRY (SBN 287798)
  jferry@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     310-557-2900
Facsimile:     310-557-2193

*Attorneys for Defendant Pac-12 Conference*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br>Case No. 14-cv-02758-CW<br><br>**DEFENDANT PAC-12 CONFERENCE'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND JENKINS PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS** |
| This Document Relates to:<br><br>ALL ACTIONS | |

PROPOUNDING PARTY:        CONSOLIDATED & *JENKINS* PLAINTIFFS

RESPONDING PARTY:          PAC-12 CONFERENCE

SET NUMBER:                      TWO

-1-

THE PAC-12'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS (MDL NO. 14-MD-02541-CW; CASE NO. 14-CV-02758-CW)

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Pac-12 Conference ("Pac-12"), by and through its counsel of record, hereby provides the following amended and supplemental responses and objections to Interrogatory No. 5 of Consolidated & *Jenkins* Plaintiffs' ("Plaintiffs") Second Set of Interrogatories to All Defendants served by Plaintiffs on February 29, 2016 (the "Interrogatories").

## OBJECTIONS TO DEFINITIONS

1. The Pac-12 objects to each definition set forth in the section labeled "Definitions" to the extent it purports to require production of documents or information held or controlled by Pac-12 member institutions, which are independent legal entities whose information and documents are not within the Pac-12's possession, custody and control.

## OBJECTIONS TO INSTRUCTIONS

1. The Pac-12 objects to each paragraph of the section labeled "Instructions" to the extent the instructions set for therein would (a) create undue burden for the Pac-12 when propounding its responses and objections to the Interrogatories; and/or (b) impose obligations on the Pac-12 that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure (the "Federal Rules").  The Pac-12 will respond to the Interrogatories consistent with its obligations under the Federal Rules.

2. The Pac-12 objects specifically to Instructions 8-12 as inconsistent with and in addition to the Pac-12's obligations under the Federal Rules, and thus unduly burdensome.  The Pac-12 will respond to the Interrogatories in accordance with its obligations under the Federal Rules, the Civil Local Rules for the Northern District of California (the "Local Rules") and the orders of this Court.

## GENERAL OBJECTIONS

1. The Pac-12 objects to the Interrogatories as premature because discovery, including document production, witness testimony and expert discovery, has not yet been completed and because the Pac-12 is continuing to develop evidence in response to Plaintiffs' allegations.  The Pac-12 has not completed its investigation and discovery in

-2-

this matter, nor has it completed its preparation for trial.  Accordingly, all responses herein are based only upon such information as is presently available and specifically known to the Pac-12.  Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below.  The following responses are given without prejudice to the Pac-12's right to provide different or additional responses or produce evidence of subsequently discovered information, and the Pac-12 reserves the right to supplement and/or change any and all responses and objections to the Interrogatories as it completes its investigation.

2.   The Pac-12 objects to the Interrogatories to the extent they are overly broad, vague, ambiguous, duplicative, unduly burdensome, oppressive, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

3.   The Pac-12 objects to the Interrogatories to the extent they seek information that is not within its possession, custody, or control, that is publically available and/or a matter of public record, that is within the files and/or particular knowledge of Plaintiffs or their agents, or that is otherwise equally available to Plaintiffs.

4.   The Pac-12 objects to the Interrogatories to the extent they seek information related to any entity other than the Pac-12 Conference.

5.   The Pac-12 objects to the Interrogatories insofar as they require the Pac-12 to extend its reasonable investigation to third persons or parties and otherwise do work for Plaintiffs and/or their counsel.

6.   The Pac-12 objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws.

7.   The Pac-12 objects to the Interrogatories to the extent they would create an undue burden for the Pac-12 in propounding its responses and objections to the Interrogatories or

-3-

purport to impose obligations on the Pac-12 beyond or inconsistent with those imposed by the Federal Rules, the Local Rules, and/or the Court's orders.

8. The Pac-12 objects to the Interrogatories to the extent they purport to impose obligations on the Pac-12 beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order, entered by the Court on July 9, 2015, and the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on March 6, 2015.

9. The Pac-12 objects to each interrogatory to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit on the ground that such interrogatory is overbroad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

11. The Pac-12 objects to the Interrogatories to the extent they purport to seek information containing confidential business or other proprietary information, confidential information obtained by the Pac-12 under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

12. The Pac-12 objects to the Interrogatories to the extent they seek information from Pac-12

-4-

member schools and universities, which are independent legal entities whose information is not within the Pac-12's possession, custody, and control.

13. The Pac-12 objects to the Interrogatories to the extent they seek to elicit legal conclusions.

14. By agreeing to provide information in response to any particular interrogatory, the Pac-12 does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations or assumptions contained therein.

15. The Pac-12 objects to the Interrogatories to the extent they seek "all Documents" relating to a particular topic over multiple years. Such requests are unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 5**:

Identify any other procompetitive justifications you will assert in this litigation and by Bates number all Documents that support each of those purported justifications.

**RESPONSE**: The Pac-12 objects to this interrogatory as a premature contention interrogatory; the Pac-12 has not completed its investigation and discovery in this matter, nor has it completed its expert discovery, research and analysis that could impact any potential answers to contention interrogatories. Moreover, the Pac-12 objects to this interrogatory to the extent it seeks information that may be the subject of expert opinion, which will be disclosed in expert reports at the appropriate time. Furthermore, the Pac-12 construes this as a request to identify the evidence that the Pac-12 intends to proffer at trial or in future motion practice, and therefore further objects to this interrogatory as a premature identification of documents to be used at trial, which will be disclosed in accordance with Federal Rule 26(a)(3), the Local Rules, the case schedule and any related Court orders.

The Pac-12 further objects to this interrogatory on that the grounds that the request to identify "any other procompetitive justifications" is vague and ambiguous. The Pac-12

-5-

understands the vague and ambiguous term "any other procompetitive justifications" to refer to procompetitive justifications other than those included within the expansive topics addressed in Interrogatories Nos. 3 and 4, namely that the challenged rules "promote consumer demand for those sports [FBS football and Division I men's and women's basketball]," "promote the integration of academics and athletics," and "integrate student-athletes into the academic or campus communities of their schools."  Based upon this understanding—and without agreeing in any way that Interrogatories Nos. 3 and 4 accurately or fully describe the procompetitive justifications to which they refer—the Pac-12 lists below only additional procompetitive justifications that do not fall within the broad scope of those topics, as the Pac-12 understands them.

The Pac-12 further objects that the request to identify "all Documents" is overly broad, and unduly burdensome, requiring the Pac-12 to conduct burdensome and unreasonable searches to identify all documents relating to a particular topic over multiple years, and pursuant to stipulation, originally collected and produced in multiple prior litigations spanning decades of historical and archival documents.

The Pac-12 also objects to this interrogatory to extent it seeks information that is:  (a) outside the Pac-12's possession, custody and control; or (b) publicly available, already in the possession of Plaintiffs, or equally obtainable from third parties or from some source other than the Pac-12 that is more convenient, less burdensome or less expensive.

The Pac-12 objects to the extent this interrogatory calls for legal arguments or conclusions.  The Pac-12 also objects to this interrogatory to the extent it seeks identification of documents containing information protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable legal protections.

Subject to and without waiver of the foregoing General and Specific Objections, the Pac-12 states:

- The challenged rules serve the procompetitive goals of expanding output in the college education market and improving the quality of the collegiate experience

-6-

for student-athletes, other students, and alumni by maintaining the unique heritage and traditions of college athletics and preserving amateurism as a foundational principle, thereby distinguishing amateur college athletics from professional sports, allowing the former to exist as a distinct form of athletic rivalry and as an essential component of a comprehensive college education;

- The challenged rules serve the procompetitive goal of widening opportunities for student-athletes to attend college through athletics scholarships in all sports in a manner compliant with Title IX and related regulatory requirements, thereby expanding output in the college education market;

- The challenged rules serve the procompetitive goal of promoting support for colleges and universities from alumni, government bodies, and other supporters;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by creating a more diverse student body;

- The challenged rules serve the procompetitive goals of promoting consumer demand in the college education market and improving the quality of college education by providing a broader scope of athletic program offerings in which student-athletes can participate, compete, and gain exposure as team members in intercollegiate competition and in which other students, alumni, and other supporters of college athletics can be involved and participate as fans;

- The challenged rules serve the procompetitive goal of promoting competitive balance between and among NCAA member institutions by encouraging intercollegiate athletic rivalries wherein amateur student-athletes are competing only against other amateur student-athletes, thereby fostering more uncertain outcomes in athletic contests and increasing the prospect that each institution will be competitive both within their conferences and in inter-conference competition;

- The challenged rules serve the procompetitive goals of promoting competitive fairness and improving the quality of college education by encouraging intercollegiate athletic rivalries wherein all institutions and student-athletes have a fair and equable opportunity to compete against similarly situated institutions and amateur student-athletes, rather than against professional contestants, both within their conferences and in inter-conference competition.

The Pac-12 reserves the right to supplement its response to this interrogatory and will identify material documents on which it intends to rely as discovery in this matter progresses.

Dated: May 13, 2016                          **PROSKAUER ROSE LLP**


                                  */s/ Jennifer L. Jones*
                          By:  _____
                                  Jennifer L. Jones

-8-

# CERTIFICATE OF SERVICE

I declare that:  I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On May 13, 2016, I served the foregoing documents described as:

DEFENDANT PAC-12 CONFERENCE'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED AND *JENKINS* PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS

☒     by causing ☐ the original ☒ true copies thereof to be delivered to:

See attached SERVICE LIST

☒     If by Email:  By transmitting a true and correct copy thereof via electronic facsimile transmission to the above/below listed email address.

☐     If by U.S. Mail:   I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 13, 2016, at Los Angeles, California.

| | |
|---|---|
| Jacquelyn N. Ferry | */s/ Jacquelyn N. Ferry* |
| Type or Print Name | Signature |

# SERVICE LIST

**Hagens Berman Sobol Shapiro LLP**

| | |
|---|---|
| John T. King | jonk@hbsslaw.com |
| Jeff D. Friedman | jefff@hbsslaw.com |
| Steve W. Berman | steve@hbsslaw.com |
| Ashley Bede | ashleyb@hbsslaw.com |
| Robert B. Carey | rob@hbsslaw.com |

**Pearson Simon & Warshaw LLP**

| | |
|---|---|
| Bruce Lee Simon | bsimon@pswlaw.com |
| Ben Shiftan | bshiftan@pswlaw.com |
| Aaron Sheanin | asheanin@pswlaw.com |

**Winston & Strawn LLP**

| | |
|---|---|
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Sean Meenan | smeenan@winston.com |
| Jeanifer Parsigian | jparsigian@winston.com |

-10-

THE PAC-12'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 5 OF CONSOLIDATED & *JENKINS* PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS (MDL NO. 14-MD-02541-CW; CASE NO. 4:14-CV-02758-CW)

# EXHIBIT 5

1  Jeffrey L. Kessler (*pro hac vice*)
   David G. Feher (*pro hac vice*)
2  David L. Greenspan (*pro hac vice*)
   WINSTON & STRAWN LLP
3  200 Park Avenue
   New York, NY 10166-4193
4  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
5  *jkessler@winston.com*
   *dfeher@winston.com*
6  *dgreenspan@winston.com*

7  Derek J. Sarafa (*pro hac vice*)
   WINSTON & STRAWN LLP
8  35 W. Wacker Dr.
   Chicago, IL 60601
9  Telephone: (312) 558-5600
   Fax: (312) 558-5700
10 *dsarafa@winston.com*

11

12 Counsel for *Jenkins* Plaintiffs

13

14             **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16                    **OAKLAND DIVISION**

17 **IN RE: NATIONAL COLLEGIATE**          **Case No. 4:14-md-02541-CW**
   **ATHLETIC ASSOCIATION ATHLETIC**
18 **GRANT-IN-AID CAP ANTITRUST**
   **LITIGATION**
19

20 THIS DOCUMENT RELATES TO:            **Case No. 4:14-cv-02758-CW**

21 *Jenkins, et al. v. NCAA, et al.*          *JENKINS* PLAINTIFFS' FIRST SET OF
                                          REQUESTS FOR PRODUCTION OF
22                                        DOCUMENTS TO ALL DEFENDANTS

23

24        PROPOUNDING PARTY:        *JENKINS* PLAINTIFFS

25        RESPONDING PARTY:         ALL DEFENDANTS IN THE *JENKINS* ACTION

26        SET NUMBER:               ONE

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Martin Jenkins, Nigel Hayes, and Anfornee Stewart (collectively, "*Jenkins* Plaintiffs") hereby request that Defendants in the above-captioned action respond hereto and produce for inspection and copying complete, true, and accurate copies of the following documents, electronically stored information, and tangible things in conformance with the above rules at the offices of Winston & Strawn LLP, Attention: Jeffrey L. Kessler, 200 Park Avenue, New York, NY 10166 (or at such other place as may be agreed upon by the parties) within thirty (30) days of service hereof or such earlier dates as may be imposed by Court order or agreed to by the parties.  If any Documents and/or other materials requested are not complete, true, and/or accurate, please specifically identify what is missing and/or altered and why it is missing, not included, or redacted.

If you withhold any information or Documents on the grounds of privilege including, but not limited to, the attorney-client privilege and work-product doctrine, please produce a privilege log that sufficiently describes the information or Document and states the exact ground(s) for withholding the same so that the claimed privilege may be evaluated by *Jenkins* Plaintiffs and the Court.

## DEFINITIONS

For the purposes of these requests, the following definitions shall apply:

1.      "Defendants" means the National Collegiate Athletic Association, Atlantic Coast Conference, Big 12 Conference, Big Ten Conference, Pac-12 Conference, and Southeastern Conference, and their subsidiaries and affiliates, and include each of their committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on their behalf.

2.      "NCAA" means National Collegiate Athletic Association, its subsidiaries and affiliates, and includes each of its boards, committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on its behalf.

3.      "Conference" means the Atlantic Coast Conference, the Big 12 Conference, the Big Ten Conference, the Pac-12 Conference, and the Southeastern Conference, their subsidiaries and affiliates, and includes each of their committees, officers, directors, employees, agents, consultants,

attorneys, and others acting or who at any time acted on its behalf.

4.    "Member School" means any NCAA Division I college or university in one of the Conferences, along with its subsidiaries and affiliates, and includes each of their boards, committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on its behalf.

5.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all information that might otherwise be construed to be outside of their scope.

6.    "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings or encounters.

7.    "Complaint" means the Amended Complaint filed on October 30, 2014 in the above-captioned case.

8.    "Relating To" shall be construed in its customary broad sense and means, without limitation, all information, data, facts, Documents, or anything else that directly, indirectly, or in any other way mention, discuss, refer to, contain, explain, show, represent, reflect, embody, constitute, identify, illustrate, describe, evidence, support, concern, negate, approve, condone, consent to, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

9.    "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including, without limitation, electronic or computerized data compilations and electronic email.  A draft or non-identical copy is a separate Document within the meaning of this term.  The term "Document" includes Communications.

10.    To "Identify" means: (a) with respect to a "Person" or entity, to state the person or entity's (i) full name; (ii) the location of the person or entity's last known address; (iii) in the case of a natural person, the present or last known place of employment; and (iv) present or last known title at that place of employment; and (b) with respect to a "Document" or evidence to state: (i) the type

of Document or evidence; (ii) its general subject matter; (iii) the date of the Document or evidence; and (iv) the author(s), addressee(s), and recipient(s).

11.    "Person" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

12.    "You" and "Your" means the Defendants responding to these requests, their predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf.

13.    As used herein, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the words "any" and "all" shall mean all, each, any, and every; the words "each" and "every" shall mean "each and every"; the word "includes" shall mean "includes without limitation," so as to be most inclusive; the word "including" shall mean "including without limitation," so as to be most inclusive.

## INSTRUCTIONS

1.    Unless otherwise stated, these requests encompass the time period from January 1, 2008 through the time of trial.

2.    The requests herein cover all Documents within the possession, custody, or control of Defendants, including all Documents within the possession, custody, or control of Persons acting on behalf of or at the instruction of Defendants.  For any requested Document no longer in possession, custody, or control of Defendants, state what disposition was made of the Document and the date of such disposition, and identify all Persons having knowledge of the Document's contents.

3.    These requests shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of your initial response.  This paragraph shall not be construed to alter any obligations to comply with all other instructions herein.

4.    All Documents shall be produced in a manner that identifies how the Documents are

3

kept in the ordinary course of business and by whom; each Document from a particular file, binder, container, or other device shall be accompanied by identifying information, including metadata, indicating the name and location of any such file, binder, container, or device from which the Document was taken and the authors, recipients, and custodians associated therewith.

5. If any part of a document is responsive to any request herein, produce the entire document.

6. Where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of document for which the privilege is claimed; (b) the date of the document; (c) the author(s), addressee(s), custodian(s), and any other recipient of the document, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

### REQUEST FOR PRODUCTION NO. 2:

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

///
///
///
///
///

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a)   amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b)   legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that *non-athlete* students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating To the consideration and/or adoption of proposals regarding the NCAA's Division I governance model, including, but not limited to, all Documents and Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**REQUEST FOR PRODUCTION NO. 20**

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

///

7

*JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
MDL No. 14-md-02541-CW; Case No. 4:14-cv-02758-CW

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases:  (1) *O'Bannon v. NCAA*, Case No. 09-cv-3329-CW (N.D. Cal.); (2) *Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig.*, Case No. 09-cv-1967-CW (N.D. Cal.); (3) *White v. NCAA*, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) *Agnew v. NCAA*, Case No. 11-3066 (7th Cir.)/*Agnew v. NCAA*, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) *Rock v. NCAA*, Case No. 12-cv-1019-JMS (S.D. Ind.).

8

*JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
MDL No. 14-md-02541-CW; Case No. 4:14-cv-02758-CW

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To the Documents requested in Request for Production No. 25.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

///

9

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

**REQUEST FOR PRODUCTION NO. 36**:

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Relating To Your contention that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product(s).

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

///

///

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

Dated:  November 13, 2014                      Respectfully submitted,


                                               By:    */s/ Jeffrey L. Kessler*
                                                      Jeffrey L. Kessler (*pro hac vice*)
                                                      David G. Feher (*pro hac vice*)
                                                      David L. Greenspan (*pro hac vice*)
                                                      WINSTON & STRAWN LLP
                                                      200 Park Avenue
                                                      *New York, NY 10166-4193*
                                                      Telephone: (212) 294-6700
                                                      Facsimile: (212) 294-4700
                                                      *jkessler@winston.com*
                                                      *dfeher@winston.com*
                                                      *dgreenspan@winston.com*

                                                      Derek J. Sarafa (*pro hac vice*)
                                                      WINSTON & STRAWN LLP
                                                      35 W. Wacker Dr.
                                                      Chicago, IL 60601
                                                      Telephone: (312) 558-5600
                                                      Fax: (312) 558-5700
                                                      *dsarafa@winston.com*

                                                      Counsel for *Jenkins* Plaintiffs

# EXHIBIT 6

Steve W. Berman (*Pro Hac Vice*)
Ashley A. Bede (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
ashleyb@hbsslaw.com

Bruce L. Simon (96241)
Aaron M. Sheanin (214472)
Benjamin E. Shiftan (265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com
bshiftan@pswlaw.com

*Plaintiffs Interim Co-Lead Class Counsel*

[Additional counsel listed on sig. page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | No. 4:14-md-2541-CW<br><br>PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS |
| This Document Relates to:<br><br>ALL ACTIONS EXCEPT<br><br>*Jenkins v. Nat'l Collegiate Athletic Ass'n*<br>Case No. 14-cv-0278-CW | |

PROPOUNDING PARTY:    CONSOLIDATED PLAINTIFFS

RESPONDING PARTY:      ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, you are required to respond within thirty (30) days after service is made upon you to the following requests for production of documents, and to provide for inspection and copying of these documents at the offices of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, California 94710 and Pearson, Simon & Warshaw, LLP, 44 Montgomery Street, Suite 2450, San Francisco, California 94104.  In responding to the requests for production of documents, you should identify all documents within the possession, custody or control of you, your attorneys, your agents or your employees.

You are required to produce all requested documents that are in your actual or constructive possession, custody or control, or in the actual or constructive possession, custody or control of your officers, employees, agents, representatives or attorneys.

Plaintiffs request that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## I.     DEFINITIONS

1.     The following rules of construction shall apply to all discovery requests:

(a)     The terms "ALL" and "EACH" shall be construed as all and each;

(b)     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)     "CONCERNING" means RELATING TO, referring to, describing, evidencing or constituting;

(d)     "INCLUDING" shall be construed to mean "without limitation"; and

(e)     The use of the singular form of any word includes the plural and vice versa.

2.     "DOCUMENT" or "DOCUMENTS" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the

term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored data files including e-mail, instant messaging, shared network files and databases. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

3. "RELATING TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

4. "CONFERENCES" means the athletic conferences who are or were members of Division I in the National Collegiate Athletic Association ("NCAA") during the relevant time period.

5. "NCAA" means National Collegiate Athletic Association, its subsidiaries, departments, divisions, and joint ventures and/or affiliates, including, without limitation, any organization or entity which the responding party manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding party.

6. "DEFENDANTS" means all defendants named in this lawsuit and their predecessors, successors, subsidiaries, departments, divisions, joint ventures and/or affiliates, including, without limitation, any organization or entity which the responding party manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding party.

7. "MEMBER SCHOOL" means any NCAA Division I college or university in one of the Conferences, its predecessors, subsidiaries, departments, divisions, joint ventures and/or affiliates, including, without limitation, any organization or entity which the responding party manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding party.

8.  "DATA" means raw, produced, or computed numbers, facts, statistics, calculations, information, output, quantities, and/or figures that could be used as a basis for calculations, analysis, planning, reasoning, or discussion.

9.  Unless otherwise noted, the term "RELEVANT TIME PERIOD" means the period from January 1, 2008 through the present.

## II.   INSTRUCTIONS

1.  The requests call for the production of all responsive documents that are within your possession, custody or control.

2.  If any information or document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document:  date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  With respect to any document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

4.  Please produce all documents maintained or stored electronically in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, Dkt. 208, filed in this litigation.

5.  At your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

6.  These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below.  If you choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found.  The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

7. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

8. To the extent responsive documents reside on databases and other such systems and files, you are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

9. To the extent responsive documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

10. Each request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the interrogatory or document request to which it is responsive, followed by your response.

11. No part of a request shall be left unanswered merely because an objection was interposed to another part of the document request.

12. If you object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

13. If you are unable to answer any document request, the reasons for your inability to answer shall be separately stated in detail for each document request.

14. Failure to provide information in response to these document requests will be deemed a waiver of your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

15. These document requests shall be deemed continuing so as to require further and supplemental responses and production in accordance with Federal Rule of Civil Procedure 26(e).

16. These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

### III. DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 40**:

All documents and data from January 1, 2008 through the time of trial relating to the finances

of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including but not limited to profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns 1099 statements, K-1 statements, or any other financial record.

**REQUEST FOR PRODUCTION NO. 41**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**REQUEST FOR PRODUCTION NO. 42**:

All documents and data relating to financial projections concerning Football Bowl Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship, NCAA Division I Women's Basketball Championship, and the College Football Playoff.

**REQUEST FOR PRODUCTION NO. 43**:

All documents and data relating to any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

**REQUEST FOR PRODUCTION NO. 44**:

All contracts or other agreements executed since or in effect at any time from January 1, 1995 through the time of trial relating to any media, sponsorship, or licensing rights**,** entered into by

Defendants, or any subsidiary or related entity in which any Defendant has an ownership interest, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), including any side letters, amendments, or other ancillary agreements.

DATED: August 14, 2015                                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                                         By _____/s/ Steve W. Berman_____
                                                                    STEVE W. BERMAN

                                                         Ashley A. Bede (*Pro Hac Vice*)
                                                         1918 Eighth Avenue, Suite 3300
                                                         Seattle, WA 98101
                                                         Telephone: (206) 623-7292
                                                         Facsimile:  (206) 623-0594
                                                         steve@hbsslaw.com
                                                         ashleyb@hbsslaw.com

                                                         By _____/s/ Bruce L. Simon_____
                                                                    BRUCE L. SIMON

                                                         Aaron M. Sheanin (214472)
                                                         Benjamin E. Shiftan (265767)
                                                         PEARSON, SIMON & WARSHAW, LLP
                                                         44 Montgomery Street, Suite 2450
                                                         San Francisco, CA 94104
                                                         Telephone:  (415) 433-9000
                                                         Facsimile:   (415) 433-9008
                                                         bsimon@pswlaw.com
                                                         asheanin@pswlaw.com
                                                         bshiftan@pswlaw.com

                                                         Jeff D. Friedman (173886)
                                                         Jon T. King (205073)
                                                         715 Hearst Avenue, Suite 202
                                                         Berkeley, CA 94710
                                                         Telephone: (510) 725-3000
                                                         Facsimile:  (510) 725-3001
                                                         jefff@hbsslaw.com
                                                         jonk@hbsslaw.com

                                                         *Plaintiffs Interim Co-Lead Class Counsel*

# DECLARATION OF SERVICE BY ELECTRONIC MAIL

I, the undersigned, declare:

That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

That on August 14, 2015, I served by electronic mail PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2015, at Berkeley, California.

_____
/s/ Jon T. King
JON T. KING

**IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION
No. 4:14-md-2541 CW (N.D. Cal.)**

**SERVICE/DISTRIBUTION LIST**

| COUNSEL FOR DEFENDANTS |
|---|

| | |
|---|---|
| Robert J. Wierenga | Scott P. Cooper |
| Gregory L. Curtner | Jennifer L. Jones |
| Kimberly K. Kefalas | Shawn S. Ledingham, Jr. |
| Jacob K. Danziger | Jacquelyn N. Ferry |
| Suzanne L. Wahl | **PROSKAUER ROSE LLP** |
| Denise S. Chapman | 2049 Century Park East, Suite 3200 |
| Maureen O'Sullivan | Los Angeles, CA 90067 |
| Laura Misisian | Telephone: (310) 557-2900 |
| **SCHIFF HARDIN LLP** | Facsimile: (310) 557-2193 |
| 350 S. Main St., Suite 210 | scooper@proskauer.com |
| Ann Arbor, MI 48104 | jljones@proskauer.com |
| Telephone: (734) 222-1500 | sledingham@proskauer.com |
| Facsimile: (734) 222-1501 | jferry@proskauer.com |
| rwierenga@schiffhardin.com | |
| gcurtner@schiffhardin.com | |
| kkefalas@schiffhardin.com | Wanda Ellert |
| jdanziger@schiffhardin.com | Joseph C. O'Keefe |
| swahl@schiffhardin.com | Lawrence R. Sandak |
| dchapman@schiffhardin.com | **PROSKAUER ROSE LLP** |
| mo'sullivan@schiffhardin.com | One Newark Center |
| lmisisian@schiffhardin.com | Newark, NJ 07102-5211 |
| | Telephone: (973) 274-3200 |
| | Facsimile: (973) 274-3299 |
| Raoul D. Kennedy | wellert@proskauer.com |
| **SKADDEN, ARPS, SLATE, MEAGHER &** | jokeefe@proskauer.com |
| **FLOM LLP** | lsandak@proskauer.com |
| 525 University Avenue, Suite 1400 | |
| Palo Alto, California 94301 | |
| Telephone: (650) 470-4500 | William L. Greene |
| Facsimile: (650) 470-4570 | **STINSON LEONARD STREET LLP** |
| raoul.kennedy@skadden.com | 150 South 5th Street, Suite 2300 |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 335-1500 |
| Jeffrey A. Mishkin | Facsimile: (612) 335-1657 |
| Anthony J. Dreyer | william.greene@stinsonleonard.com |
| Karen Hoffman Lent | |
| **SKADDEN, ARPS, SLATE, MEAGHER &** | *Attorneys for Defendant Pac-12 Conference* |
| **FLOM LLP** | |
| Four Times Square | |

1

New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-3000
jeffrey.mishkin@skadden.com
anthony.dreyer@skadden.com
karen.lent@skadden.com

*Attorneys for Defendants National Collegiate Athletic Association and Western Athletic Conference*

| | |
|---|---|
| Andrew S. Rosenman<br>Britt M. Miller<br>**MAYER BROWN LLP**<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>arosenman@mayerbrown.com<br>bmiller@mayerbrown.com<br><br>Christopher J. Kelly<br>**MAYER BROWN LLP**<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br>cjkelly@mayerbrown.com<br><br>Michael Martinez<br>**MAYER BROWN LLP**<br>1675 Broadway<br>New York, NY 10019<br>Telephone: (212) 506-2500<br>Facsimile: (212) 262-1910<br>michael.martinez@mayerbrown.com<br><br>Richard J. Favretto<br>**MAYER BROWN LLP**<br>1999 K. Street, NW<br>Washington, DC 20006<br>Telephone: (202) 263-3000<br>Facsimile: (202)<br>rfavretto@mayerbrown.com | Nathan C. Chase, Jr.<br>Robert W. Fuller<br>Robert E. Harrington<br>Mark W. Merritt<br>Lawrence C. Moore, III<br>Amanda R. Pickens<br>**ROBINSON BRADSHAW & HINSON**<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>nchase@rbh.com<br>rfuller@rbh.com<br>rharrington@rbh.com<br>mmerritt@rbh.com<br>lmoore@rbh.com<br>apickens@rbh.com<br><br>Mark J. Seifert<br>Robert R. Moore<br>**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 837-1515<br>Facsimile: (415) 837-1516<br>mseifert@allenmatkins.com<br>rmoore@allenmatkins.com<br><br>John A. Boyle<br>Kevin H. Marino<br>**MARINO TOTORELLA & BOYLE PC**<br>437 Southern Boulevard<br>Chatham, NC 07928-1488<br>Telephone: (973) 824-9300 |

2

| | |
|---|---|
| Jon Barrett<br>**BARRETT LAW PC**<br>jab@barrettlawpc.com<br><br>*Attorneys for Defendant The Big Ten Conference, Inc.* | Facsimile: (973) 824-8425<br>jboyle@khmarino.com<br>kmarino@khmarino.com<br><br>*Attorneys for Defendant Southeastern Conference* |
| Charles L. Coleman, III<br>Adanna M. Love<br>**HOLLAND & KNIGHT LLP**<br>50 California Street, Suite 2800<br>San Francisco, CA 94111<br>Telephone: (415) 743-6900<br>Facsimile: (415) 743-6910<br>ccoleman@hklaw.com<br>adanna.love@hklaw.com<br><br>James Donald Smeallie<br>**HOLLAND & KNIGHT LLP**<br>10 St. James Avenue<br>Boston, MA 02116<br>Telephone: (617) 523-2700<br>Facsimile: (617) 523-6850<br>jd.smeallie@hklaw.com<br><br>Sean C. Sheely<br>Duvol M. Thompson<br>**HOLLAND & KNIGHT LLP**<br>31 West 52nd Street<br>New York, NY 10016<br>Telephone: (212) 513-3200<br>Facsimile: (212) 385-9010<br>sean.sheely@hklaw.com<br>duvol.thompson@hklaw.com<br><br>D. Erik Albright<br>Jonathan P. Heyl<br>**SMITH MOORE LEATHERWOOD LLP**<br>300 North Greene Street, Suite 1400<br>Greensboro, NC 27401<br>Telephone: (336) 378-5368<br>Facsimile: (336) 433-7402<br>erik.albright@smithmorelaw.com<br>jon.heyl@smithmorelaw.com<br><br>*Attorneys for Defendant Atlantic Coast* | Leane K. Capps<br>**POLSINELLI, PC**<br>Saint Anne Court<br>2501 N. Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>lcapps@polsinelli.com<br><br>Amy Dawn Fitts<br>Milton Winter<br>**POLSINELLI, PC**<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>Telephone: (816) 753-1000<br>Facsimile: (816) 753-1536<br>afitts@polsinelli.com<br>mwinter@polsinelli.com<br><br>Wesley D. Hurst<br>**POLSINELLI, PC**<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Telephone: (310) 556-1801<br>Facsimile: (310) 556-1802<br>whurst@polsinelli.com<br><br>Matthew P. O'Malley<br>**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**<br>Four Gateway Center, 5th Floor<br>100 Mulberry Street<br>Newark, NJ 07102-4070<br>Telephone: (973) 622-3000<br>Facsimile: (973) 623-7780<br>momalley@tompkinsmcquire.com<br><br>*Attorneys for Defendant The Big 12 Conference, Inc.* |

| | |
|---|---|
| *Conference* | |
| Benjamin C. Block<br>**COVINGTON & BURLING LLP**<br>One City Center<br>850 Tenth Street, N.W.<br>Washington, DC 20001-4956<br>Telephone: (202) 662-5205<br>Facsimile: (202) 778-5205<br>bblock@cov.com<br><br>Rebecca A. Jacobs<br>**COVINGTON & BURLING LLP**<br>One Front Street<br>San Francisco, CA 94111-5356<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>rjacobs@cov.com<br><br>*Attorneys for Defendant American Athletic Conference* | Brent E. Rychener<br>Steven B. Smith<br>Richard R. Young<br>**BRYAN CAVE LLP**<br>90 South Cascade Avenue, Suite 1300<br>Colorado Springs, CO 80903<br>Telephone: (719) 473-3800<br>Facsimile: (719) 633-1518<br>brent.rychener@bryancave.com<br>steve.smith@bryancave.com<br>richard.young@bryancave.com<br><br>Adam Brezine<br>**BRYAN CAVE LLP**<br>560 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 268-1988<br>Facsimile: (415) 430-4388<br>Adam.brezine@bryancave.com<br><br>*Attorneys for Defendant Mountain West Conference* |
| R. Todd Hunt<br>James P. Conroy<br>**WALTER HAVERFIELD LLP**<br>1301 E. Ninth Street, Suite 3500<br>Cleveland, OH 44114-1821<br>Telephone: (216) 781-1212<br>Facsimile: (216) 575-0911<br>rthunt@walterhav.com<br>jconroy@walterhav.com<br><br>Andrew B. Downs<br>**BULLIVANT HOUSER BAILEY PC**<br>601 California Street, Suite 1800<br>San Francisco, CA 94108<br>Telephone: (415) 352-2700<br>Facsimile: (415) 352-2701<br>andy.downs@bullivant.com<br><br>*Attorneys for Defendant Mid-American Conference* | Leane K. Capps<br>**POLSINELLI, PC**<br>2501 N. Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>lcapps@polsinelli.com<br><br>Amy Dawn Fitts<br>Milton Winter<br>**POLSINELLI, PC**<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>Telephone: (816) 753-1000<br>Facsimile: (816) 753-1536<br>afitts@polsinelli.com<br>mwinter@polsinelli.com<br><br>*Attorneys for Defendant Conference USA* |

| | |
|---|---|
| Mark A. Cunningham<br>**JONES WALKER LLP**<br>201 St. Charles Avenue, Suite 5100<br>New Orleans, LA 70170<br>Telephone: (504) 582-8000<br>Facsimile: (504) 589-8536<br>mcunningham@joneswalker.com<br><br>Jose L. Martinez, Jr.<br>**JONES WALKER LLP**<br>5900 Wilshire Boulevard, Suite 2600<br>Los Angeles, CA 90036<br>Telephone: (323) 303-5000<br>Facsimile: (504) 589-8686<br>jmartinez@joneswalker.com<br><br>*Attorneys for Defendant Sun Belt Conference* | |
| **COUNSEL FOR PLAINTIFFS** | |
| Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1918 Eighth Avenue , Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206)623-0594<br>steve@hbsslaw.com<br><br>Jeff D. Friedman<br>Jon T. King<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001<br>jefff@hbsslaw.com<br>jonk@hbsslaw.com<br><br>Robert B. Carey<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>11 West Jefferson Street, Suite 1000 | Bruce L. Simon<br>Aaron M. Sheanin<br>Benjamin E. Shiftan<br>**PEARSON, SIMON & WARSHAW, LLP**<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008<br>bsimon@pswlaw.com<br>asheanin@pswlaw.com<br>bshiftan@pswlaw.com<br><br>*Interim Co-Lead Class Counsel* |

5

| | |
|---|---|
| Phoenix, Arizona 85003<br>Telephone: (602) 840-5900<br>Facsimile: (602) 840-3012<br>rcarey@hbsslaw.com<br><br>*Interim Co-Lead Class Counsel* | |
| James S. Richter<br>Melissa Steedle Bogad<br>**WINSTON & STRAWN LLP**<br>The Legal Center<br>One Riverfront Plaza, Suite 730<br>Newark, NJ 07102<br>Telephone: (973) 848-7676<br>Facsimile: (973) 848-7650<br>jrichter@winston.com<br>mbogad@winston.com<br><br>Jeffrey L. Kessler<br>David G. Feher<br>David L. Greenspan<br>Timothy M. Nevius<br>Joseph A. Litman<br>**WINSTON & STRAWN LLP**<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>jkessler@winston.com<br>dfeher@winston.com<br>dgreenspan@winston.com<br>tnevius@winston.com<br>jlitman@winston.com<br><br>Sean G. Wieber<br>Derek J. Sarafa<br>**WINSTON & STRAWN LLP**<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>swieber@winston.com<br>dsarafa@winston.com<br><br>Ian Papendick<br>Jeanifer E. Parsigian | |

010271-11 697663V1

| **WINSTON & STRAWN LLP**<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>ipapendick@winston.com<br>jparsigian@winston.com<br><br>*Attorneys for Plaintiffs Martin Jenkins,*<br>*Johnathan Moore, Kevin Perry, William*<br>*Tyndall* | |

010271-11 697663V1

# EXHIBIT 7

D. ERIK ALBRIGHT (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27410
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6970
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | MDL Docket No. 14-md-2541-CW |
| This Document Relates to:<br><br>MARTIN JENKINS et al. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION et al.,<br>Case No. 4:14-cv-02758-CW-NC | **DEFENDANT ATLANTIC COAST CONFERENCE'S RESPONSES TO *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

The Atlantic Coast Conference ("ACC"), by and through its undersigned counsel of record, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits its written responses and objections to Plaintiffs' First Set of Requests for Production of Documents (the "Requests").

## **GENERAL OBJECTIONS**

1.      Discovery in this action has only recently commenced and is ongoing.  The ACC has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial.  Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the ACC. Further discovery, investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below.  The following responses are given without prejudice to the ACC's right to produce evidence of subsequently discovered information, and the ACC reserves the right to change any and all responses and objections to the Requests as it completes its investigation.

2.      The ACC objects to the Requests to the extent they seek information and/or documents that are not within its possession, custody, or control, that are publicly available and/or matters of public record, that are within the possession and/or particular knowledge of Plaintiffs or their agents, that are otherwise equally available to Plaintiffs, and/or that have been or will be produced by the NCAA.

3.      The ACC objects to the Requests insofar as they purport to require the ACC to extend its reasonable investigation to third persons or parties and otherwise conduct such investigation of other persons/parties on behalf of Plaintiffs and/or their counsel.

4.      The ACC objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws.  In particular, the ACC objects to application of the Definitions to the

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

Requests insofar as their application would create an undue burden on the ACC to review, produce or log documents generated by the ACC's outside counsel and documents which constitute privileged communications between counsel and client, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

5.       The ACC objects to the Requests, including the Definitions and Instructions, to the extent they would create an undue burden for the ACC in propounding its responses and objections to the Requests or purport to impose obligations on the ACC beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and/or the Court's orders.

6.       The ACC objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the ACC beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, or the following stipulations currently being negotiated by the parties (the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, the Stipulated Order Regarding Production of Documents from Certain Other Cases, and the Stipulated Order re: Discovery of Electronically Stored Information).

7.       The ACC objects to the Instructions regarding the manner and method of production of electronically stored information as unduly burdensome to the extent they would require production of documents in a format other than the format in which the document is kept in the ordinary course of business by the ACC, would require the production or creation of information that does not exist, or would require production of documents or information in any specific format.

8.       Any statement that the ACC will produce documents in response to any request should not be taken as an indication that such documents exist, but only that the ACC will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law. The ACC objects to any request to the extent it may

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

be deemed to require the ACC to produce documents in the possession, custody, or control of any party, person, or entity other than the ACC.

9.      The ACC objects to each request to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit on the ground that such request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10.      No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

11.      The ACC objects to the Requests to the extent they purport to seek documents containing confidential business or other proprietary information, confidential information obtained by the ACC under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information.   Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information.  Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

12.      The ACC objects to the Requests to the extent they seek "all documents" relating to a particular topic over multiple years as requiring unreasonable and overbroad searches, collections, and productions of duplicative and irrelevant documents.  Such requests are thus unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

13.      The ACC objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or information from ACC member schools and universities, which are independent legal entities whose information and documents are not within the ACC's possession,

custody, and control.

14.     In responding to the Requests, the ACC uses the term "full grant-in-aid" in a manner consistent with how it is currently defined by NCAA Division I Bylaw 15.02.5 to mean "financial aid that consists of tuition and fees, room and board, and required course-related books."

15.     The ACC objects to each Request to the extent it seeks production of documents or information that may violate any constitutional, statutory, or common law rights to privacy or confidentiality, including but not limited to the Health Information Portability and Accountability Act ("HIPAA"), the Family Educational Rights and Privacy Act ("FERPA"), and comparable U.S. state or federal laws.

16.     The ACC objects to the Requests as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the ACC an obligation to produce documents or information created prior to January 1, 2010 or after March 17, 2014, the date of the filing of the original complaint in this action.  A four-year statute of limitations applies to the asserted causes of action.  15 U.S.C. § 15b.  Accordingly, documents and information dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such information is unduly burdensome and expensive relative to the value of such information to determination of the facts and legal questions at issue in this litigation.  Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence.  Review and logging of such information is unduly burdensome relative to the minimal likelihood of production of relevant information dated after March 5, 2014.  Therefore, the ACC's agreement to produce documents or information in response to any of the below requests is an agreement to produce documents or information created from January 1, 2010 through March 5, 2014, unless otherwise noted.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**RESPONSE:**

The ACC objects to this Request as overbroad to the extent it seeks the production of documents dated or in effect prior to January 1, 2010 and therefore seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request as unduly burdensome on the ground that it seeks the production of documents that were not created by the ACC and are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, other third parties, or publicly available sources. More specifically, the ACC objects to this Request to the extent it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC. In particular, the ACC states that the NCAA publishes a Division I Manual for each academic school year that includes the NCAA Constitution and Operating Bylaws, and the Division I Manual is publicly available and/or is available from the NCAA.

Subject to and without waiver of the foregoing general and specific objections, the ACC states that it will produce ACC Manuals for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks production of "[a]ll Documents" concerning any "rules, bylaws, regulations, restrictions, and/or policies" promulgated by the NCAA or any Conference Defendant that in any way "affect" athletically-related financial aid that may be offered to student athletes. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," it does not describe what constitutes "affect" for purposes of Plaintiffs' Request or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request as unduly burdensome on the ground that it seeks the production of documents that were not created by the ACC and are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, other third parties, or publicly available sources. More specifically, the ACC objects to this Request to the extent it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC. In particular, the ACC states that the NCAA publishes a Division I Manual for each academic school year that includes the NCAA Constitution and Operating Bylaws, and the Division I Manual is publicly available and/or is available from the NCAA.

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

Subject to and without waiver of the foregoing general and specific objections, and to the extent that any requested information is contained in the ACC Manuals, the ACC states that it will produce, for the years 2010 to the present, ACC Manuals and documents concerning NCAA legislative proposals to modify NCAA bylaws to allow Division I member schools to provide student-athletes with athletics-related financial aid or payments in excess of the GIA to the extent such documents have not already been produced by the NCAA and/or are not otherwise being produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a) amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b) legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "[a]ll Documents" relating to paragraphs containing many categories of undefined information that are unrelated to athletically-related financial aid and have no relevance to, and are not useful to establish or disprove any fact at issue relating to, the claims or defenses in this litigation. In particular, in addition to seeking an impermissibly broad category of

"[a]ll Documents," it does not describe what constitutes "in any form and from any source," or what constitutes both "proposed" and "actual changes" in "bylaws, rules, policies, and practices" of defendants and non-defendants, or what constitutes "extra benefits" or "legislative waivers" for purposes of Plaintiffs' Request or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent it seeks information that is outside of the ACC's possession, custody, and control, publicly available, or within the possession of Plaintiffs or their counsel.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that any requested information is contained in the ACC Manuals, the ACC states that it will produce ACC Manuals for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "[a]ll Documents" concerning categories of "non-athletic" financial aid available to student-athletes based on "non-athletic performance(s) or service(s)," which categories are unrelated to athletically-related financial aid and have no relevance to, and are not useful to establish or disprove any fact at

issue relating to, the claims or defenses in this litigation.  The ACC further objects to this Request in that it seeks documents in an impermissibly broad category of "[a]ll Documents" for the above-noted irrelevant categories and thus would impose undue burden and expense on the ACC.  The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent it seeks information that is outside of the ACC's possession, custody, and control, publicly available, or within the possession of Plaintiffs or their counsel.  Specifically, the ACC objects to this Request to the extent it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that any requested information is contained in the ACC Manuals, the ACC states that it will produce ACC Manuals for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that *non-athlete* students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The Request seeks "[a]ll Documents" concerning purported restrictions on "non-athletic" financial aid that is not available to "*non-athlete* students" based on certain categories of non-athletic "performance(s) or service(s)," which inquiries as to "*non-athlete* students" and which categories are unrelated to athletically-related financial aid available to student-athletes and thus have no relevance to, and are not useful to establish or disprove any fact at issue relating to, the claims or defenses in this litigation.  The ACC further objects to this Request in that it seeks documents in an impermissibly broad category of "[a]ll Documents" for the above-noted irrelevant categories of students and activities and thus

would impose undue burden and expense on the ACC.  The ACC further objects to this Request to

the extent it seeks information protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request

on the ground that it seeks the production of documents that are not within the ACC's possession,

custody, or control, and/or which are equally if not more readily available from other sources,

including but not limited to third parties or publicly available sources.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating To the consideration and/or adoption of proposals regarding the
NCAA's Division I governance model, including, but not limited to, all Documents and
Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.  The Request impermissibly seeks "[a]ll

Documents" concerning a broad category of information and fails to limit the scope of information

sought.  In addition, the Request seeks information and documents from a timeframe after this

litigation was commenced and that is irrelevant to Plaintiffs' claims and thus unlikely to lead to the

discovery of admissible evidence.  The ACC further objects to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the work product doctrine,

or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent the

Request is more properly directed to the NCAA, which may be able to produce certain subsets of

information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to being impermissibly broad in its Request for "[a]ll Documents" related to the Retreat regardless of their relevance to this action, the Request fails to identify what material is sought regarding the NCAA Presidential Retreat, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to being impermissibly broad in its request for "[a]ll Documents" related to the NCAA Division I Rules Working Group regardless of their relevance to any claims or defenses in this action, the Request fails to identify what material is sought regarding this broad category, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not

provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to being impermissibly broad in its request for "[a]ll Documents" related to the NCAA Division I Presidential Advisory Group regardless of their relevance to any claims or defenses in this action, the Request fails to identify what material is sought regarding this broad category, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**RESPONSE:**

The ACC objects to this request as excessively vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "[a]ll Documents" relating to "potential override requests or votes" of certain NCAA rules.  In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," it does not describe what would constitute a "potential vote," a "request," or a "potential request," otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The Request is similarly overbroad in that it fails to limit itself to legislation changes that may impact or be relevant to the claims or defenses in this action and thus would impose undue burden and expense on the ACC.  The ACC further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this request to the extent it seeks information or documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to Plaintiffs' claims.  The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

Subject to and without waiver of the foregoing general and specific objections, the ACC will produce non-privileged documents relating to the override vote conducted in connection with

NCAA legislative Proposal No. 2011-96 to the extent such documents have not already been produced by the NCAA and/or are not otherwise being produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks all documents relating to the use of a series of terms without limitation as to the context in which those terms were used. Compliance with this Request would cause the ACC undue burden and expense and the likelihood of discovering admissible evidence is low when compared to the cost and burden compliance would impose on the ACC.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**RESPONSE:**

The ACC objects to this request because it is excessively vague, overbroad, unduly burdensome, and seeks information that is irrelevant to the claims or defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs do not define "draft entry rules" and, to the extent that they intend to seek information about "draft eligibility rules" adopted by the National Football League and National Basketball Association, such rules are set forth in the collective bargaining agreements of each of the professional leagues referenced, which are available from publicly available sources. Accordingly, the ACC further objects to this Request on the ground that it seeks the production of documents

that are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.  The ACC further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**RESPONSE:**

The ACC objects to this request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  The request seeks "[a]ll Documents" relating to broad and undefined categories of information.  In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," the Request does not define the term "athletes" or limit its use to collegiate student-athletes, does not define what constitutes "consulting with, or seeking advice or guidance from" agents, and does not define "agents" or otherwise limit use of that term to league-certified contract advisors working with collegiate student-athletes.  The Request thus fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The ACC objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to FERPA.  The ACC further objects to this Request to the extent it

seeks information that is outside of the ACC's possession, custody, and control and/or that is more

appropriately obtained from non-parties.  The ACC further objects to this request to the extent it

seeks information protected from disclosure by the attorney-client privilege, the work product

doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**RESPONSE**:

The ACC objects to this request as excessively vague, ambiguous, overbroad, unduly

burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to

the discovery of admissible evidence.  The request seeks "[a]ll Documents" relating to broad and

undefined categories of information.  In particular, in addition to seeking an impermissibly broad

category of "[a]ll Documents," the Request does not define the term "athlete" or limit its use to

collegiate student-athletes and fails to define what constitutes "potential receipt," otherwise fails to

describe the requested documents with reasonable particularity as is required by the Federal Rules

of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or

information sought, as would be necessary for the ACC to determine whether a particular

document falls within the scope of this Request, and is thus not reasonably calculated to lead to the

discovery of admissible evidence.  The ACC objects to this Request on the ground that production

of documents in response thereto may violate individual privacy rights under U.S. state and federal

laws, including but not limited to FERPA.  The ACC further objects to this Request to the extent it

purports to require the ACC to produce information and/or documents not within its possession,

custody, or control, and/or which are equally if not more readily available from other sources,

including but not limited to other Defendants, third parties, or publicly available sources.  The

ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**RESPONSE:**

The ACC objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent such Manuals are not produced or to be produced by the NCAA, the ACC states that it will produce those NCAA Division I Men's Basketball Championship Participating Team Manuals that are in its possession, custody, or control for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute a "restriction" in this context, otherwise fails to describe the requested documents with reasonable particularity as

is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient

notice of the documents or information sought, as would be necessary for the ACC to determine

whether a particular document falls within the scope of this Request, and is thus not reasonably

calculated to lead to the discovery of admissible evidence.  The ACC further objects in that

documents related to licensing for the use or display of certain products or trademarks at athletic

events are not relevant to any claim or defense asserted in this litigation.  The ACC further objects

to this Request to the extent it purports to require the ACC to produce documents related to such

licensing at athletic events that are not sanctioned or administered by the ACC, that are not within

the ACC's possession, custody, or control, and/or which are equally if not more readily available

from other sources, including but not limited to other Defendants, third parties, or publicly

available sources.  The ACC further objects to this Request to the extent that it seeks documents

and information that may include highly confidential and proprietary information and that may be

subject to confidentiality agreements and restrictions.  The ACC further objects to this Request to

the extent it seeks information protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privileges, immunities, or laws.

  Subject to and without waiver of the foregoing general and specific objections, the ACC

will produce any responsive, non-privileged information to the extent such information is

contained within the documents that will be produced in response to Request Nos. 1 and 15.


**REQUEST FOR PRODUCTION NO. 17:**

  All Documents Relating To NCAA, Conference, and Member School policies and practices
regarding the appearance of athletes at press conferences and media interview sessions.

**<u>RESPONSE</u>:**

  The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly

burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS - **No. 4:14-md-2541-CW  / Case No. 4:14-cv-02758-CW-NC**

the discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad

category of "[a]ll Documents," this Request does not describe what would constitute an

"appearance" or a "media interview session" in this context, otherwise fails to describe the

requested documents with reasonable particularity as is required by the Federal Rules of Civil

Procedure, and does not provide the ACC with sufficient notice of the documents or information

sought, as would be necessary for the ACC to determine whether a particular document falls within

the scope of this Request, and is thus not reasonably calculated to lead to the discovery of

admissible evidence.  The ACC further objects to this Request in that the participation by a

student-athlete in any requested media interview or press conference is irrelevant to the claims and

defenses asserted in this action.  The ACC further objects to this Request to the extent it purports to

require the ACC to produce documents related to such licensing at athletic events that are not

sanctioned or administered by the ACC, that are not within the ACC's possession, custody, or

control, and/or which are equally if not more readily available from other sources, including but

not limited to other Defendants, third parties, or publicly available sources.

Subject to and without waiver of the foregoing general and specific objections, the ACC

will produce any responsive, non-privileged information to the extent such information is

contained within the documents that will be produced in response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents from January 1, 2008 through the time of trial Relating To Defendants'
finances, including, but not limited to, profits and losses statements, balance sheets, income statements,
financial statements, revenue generation, cash flow statements, payouts, distributions, distribution
formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1
statements, or any other financial record.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute "finances" in this context, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent that it seeks documents and information that is highly confidential and proprietary.  The ACC further objects to this Request on the ground that it seeks the production of documents that are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.

Subject to and without waiver of the foregoing general and specific objections, the ACC will produce copies of those IRS Form 990s that it has filed for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099

---

1   statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member
2   Schools.

3   **RESPONSE:**

4       The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly

5   burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to

6   the discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad

7   category of "[a]ll Documents," this Request does not describe what would constitute "finances" in

8   this context, otherwise fails to describe the requested documents with reasonable particularity as is

9   required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient

10  notice of the documents or information sought, as would be necessary for the ACC to determine

11  whether a particular document falls within the scope of this Request, and is thus not reasonably

12  calculated to lead to the discovery of admissible evidence.  The ACC further objects to this

13  Request to the extent it seeks information protected from disclosure by the attorney-client

14  privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further

15  objects to this Request to the extent that it seeks documents and information that is highly

16  confidential and proprietary.  The ACC further objects to this Request on the ground that it seeks

17  the production of documents that are not within the ACC's possession, custody, or control, and/or

18  which are equally if not more readily available from other sources, including but not limited to

19  other Defendants, third parties, or publicly available sources.

20      Subject to and without waiver of the foregoing general and specific objections, the ACC

21  will produce copies of those IRS Form 990s that it has filed for the years 2010 to the present.

22

23  **REQUEST FOR PRODUCTION NO. 20**

24      All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS)
25  football and Division I men's basketball, including but not limited to, the NCAA Division I Men's
26  Basketball Championship and the College Football Playoff.

27

28

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute "financial projections" concerning FBS football and Division I men's basketball, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence and would thus impose upon the ACC undue cost and burden. The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent that it may seek documents and information that is highly confidential and proprietary and that may be subject to confidentiality agreements and restrictions. The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome, irrelevant to the claims and defenses at issue in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what constitutes a "commercial contract," otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence and would thus impose upon the ACC undue cost and burden.  The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent that it may seek documents and information that is highly confidential and proprietary and that may be subject to confidentiality agreements and restrictions.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The request seeks "[a]ll Documents" concerning a broad topic, and seeks categories of documents, such as employee salaries, without limitation.    The ACC further objects to this Request to the extent that it seeks

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

documents and information that may be highly confidential and proprietary. The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would fall within the broad range of "violations or potential violation," does not connect or limit such "violations or potential violations" to any specific NCAA or ACC bylaws that would have any relevance to the claims in this action, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. Such overbroad Request would thus impose upon the ACC undue cost and burden. The ACC further objects to this Request to the

extent it seeks information protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request

to the extent the Request is more properly directed to the NCAA, which may be able to produce

certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current
economic value to any Conference or NCAA Division I school of or generated by any NCAA Division
I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by
the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University
concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly

burdensome in its request for "[a]ll Documents" relating to "study, analysis, or report" regarding the

"economic value" of any "athlete(s) or teams(s)."  In particular, in addition to seeking an

impermissibly broad category of "[a]ll Documents," it does not define what is meant by "study,

analysis, or report" or otherwise describe the requested documents with reasonable particularity as

is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient

notice of the documents or information sought, as would be necessary for the ACC to determine

whether a particular document falls within the scope of this Request, and is thus not reasonably

calculated to lead to the discovery of admissible evidence.  The ACC further objects to this

Request to the extent it seeks information that is or would be protected from disclosure by the

attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The

ACC further objects to this Request to the extent it seeks information or documents created after

the date upon which this lawsuit was filed because such materials are largely privileged and

irrelevant to Plaintiffs' claims. The ACC further objects to this Request to the extent it seeks

information that is neither relevant to these proceedings nor reasonably calculated to lead to the

discovery of admissible evidence.  The ACC further objects to the extent that this Request purports

to require the ACC to produce documents that are equally if not more readily available from other

sources, including but not limited to other Defendants, third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents
responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and
affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or
publicly, in any of the following cases: (1) *O'Bannon v. NCAA*, Case No. 09-cv-3329-CW (N.D. Cal.);
(2) *Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig.*, Case No. 09-cv-
1967-CW (N.D. Cal.); (3) *White v. NCAA*, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) *Agnew v. NCAA*,
Case No. 11-3066 (7th Cir.)/*Agnew v. NCAA*, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) *Rock v.
NCAA*, Case No. 12-cv-1019-JMS (S.D. Ind.).

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.  The Request seeks "[a]ll Documents"

relating in any way to five different lawsuits, none which involved the ACC as a party, that

collectively spanned more than a decade in duration, thousands of docket entries, and, on

information and belief, millions of documents. The Request also fails to appropriately limit the

subject matter of the information sought, or the timeframe of responsive documents, so as to be

reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to

this Request because it would unduly burden the parties and the Court with documents and

discovery materials from multiple prior cases about bylaws that are not at issue in this litigation. As

noted, on information and belief, the ACC believes that complying with this Request would result

in the production of millions of pages of documents, without regard to duplication or relevance to

the issues in this case. This Request is also unnecessarily duplicative, as many discoverable NCAA

documents that are relevant or likely to lead to the discovery of admissible evidence would be

1  produced to the Plaintiffs in response to their other Requests, and could be better sought through

2  properly drafted and appropriately narrowed Requests. The ACC further objects to this Request to

3  the extent it seeks information that is publicly available or within the possession of Plaintiffs or

4  their counsel. The ACC also objects to this Request because it is more properly directed to the

5  NCAA, which may be able to produce certain subsets of information with less cost, burden, and

6  expense than the ACC.

7

8      Subject to and without waiver of the foregoing general and specific objections, the ACC

9  responds that the parties are currently engaged in negotiations regarding production of a subset of

10  the documents sought in this Request under terms and conditions that will appropriately focus on

11  the more appropriate subset of discoverable documents without subjecting the ACC, or other

12  Conference Defendants, to undue cost or burden.  The ACC reserves all rights and objections

13  regarding the subject matter of this Request.

14

15      **REQUEST FOR PRODUCTION NO. 26:**

16  All Documents Relating To the Documents requested in Request for Production No. 25.

17  **RESPONSE**:

18      The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably

19  calculated to lead to the discovery of admissible evidence.  The Request seeks "[a]ll Documents"

20  relating in any way to five different lawsuits, none which involved the ACC as a party, that

21  collectively spanned more than a decade in duration, thousands of docket entries, and, on

22  information and belief, millions of documents. The Request also fails to appropriately limit the

23  subject matter of the information sought, or the timeframe of responsive documents, so as to be

24  reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to

25  this Request because it would unduly burden the parties and the Court with documents and

26

27

28

discovery materials from multiple prior cases about bylaws that are not at issue in this litigation. As noted, on information and belief, the ACC believes that complying with this Request would result in the production of millions of pages of documents, without regard to duplication or relevance to the issues in this case. This Request is also unnecessarily duplicative, as many discoverable NCAA documents that are relevant or likely to lead to the discovery of relevant evidence would be produced to the Plaintiffs in response to their other Requests, and could be better sought through properly drafted and appropriately narrowed Requests. The ACC further objects to this Request to the extent it seeks information that is publicly available or within the possession of Plaintiffs or their counsel. The ACC also objects to this Request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

Subject to and without waiver of the foregoing general and specific objections, the ACC responds that the parties are currently engaged in negotiations regarding production of a subset of the documents sought in this Request under terms and conditions that will appropriately focus on the more appropriate subset of discoverable documents without subjecting the ACC, or other Conference Defendants, to undue cost or burden.  The ACC reserves all rights and objections regarding the subject matter of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating to any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome in its request for "[a]ll Documents" relating to "survey, poll, focus group, study, report, or analysis" regarding NCAA members "potentially" providing certain aid to student athletes. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," it does not define what is meant by "survey, poll, focus group, study, report, or analysis" or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to this Request to the extent it seeks information that is or would be protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent it seeks information or documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to Plaintiffs' claims. The ACC further objects to this Request to the extent it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to the extent that this Request purports to require the ACC to produce documents that are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome in its request for "[a]ll Documents" relating to "survey, poll, focus group, study, report, or analysis" regarding NCAA members "potentially" providing certain aid to student athletes. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," it does not define what is meant by "survey, poll, focus group, study, report, or analysis" or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent it seeks information that is or would be protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent it seeks information or documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to Plaintiffs' claims. The ACC further objects to this Request to the extent it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to the extent that this Request purports to require the ACC to produce documents that are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "[a]ll Documents" relating to all "promotion or marketing" of "any college sport." In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents" for this broad category, it does not define what is meant by "promotion or marketing" or limit "any college sport" to the sports at issue in this action, or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the failure to limit "any college sport" to the sports at issue in this action would subject the ACC to undue expense and burden. The ACC further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request on the ground that it seeks the production of documents that are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "[a]ll Documents" relating in any way to the settlement of a lawsuit that did not involve the ACC as a party. The ACC also objects to this Request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

**RESPONSE:**

The ACC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "[a]ll Documents" relating in any way to the settlement of a lawsuit that did not involve the ACC as a party. The ACC also objects to this Request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome in its request for "[a]ll Documents" relating to undefined "distributions" and "payouts" to undefined persons. In particular, in addition to seeking an impermissibly broad

category of "[a]ll Documents," it does not define what is meant by "distributions" or "payouts," or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent it seeks information that is or would be protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this request to the extent it seeks information that is outside of the ACC's possession, custody, and control, publicly available or within the possession of Plaintiffs or their counsel. The ACC further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome in its request for "[a]ll Documents" relating to undefined "loss-of-value insurance policies" for "athletes." In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," it does not define what is meant by the undefined and broad phrase "loss-of-value insurance policies," or otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not

1   reasonably calculated to lead to the discovery of admissible evidence.  The ACC further objects to

2   this Request to the extent it seeks information that is or would be protected from disclosure by the

3   attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The

4   ACC further objects to this request to the extent it seeks information that is outside of the ACC's

5   possession, custody, and control and/or seeks information that is more appropriately obtained from

6   other Defendants, third parties, or publicly available sources.  The ACC further objects to this

7   request to the extent the request is more properly directed to the NCAA, which may be able to

8   produce certain subsets of information with less cost, burden, and expense than the ACC.

9

10

11   **REQUEST FOR PRODUCTION NO. 34:**

12   All Documents Relating To any potential unionization of college athletes.

13   <u>**RESPONSE:**</u>

14   The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly

15   burdensome in its request for "[a]ll Documents" relating to the undefined category of "any

16   potential unionization" of collegiate student-athletes.  In particular, in addition to seeking an

17   impermissibly broad category of "[a]ll Documents," it does not define what is meant by the

18   undefined and broad phrase "any potential unionization," or otherwise describe the requested

19   documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and

20   does not provide the ACC with sufficient notice of the documents or information sought, as would

21   be necessary for the ACC to determine whether a particular document falls within the scope of this

22   Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence.

23   Moreover, the information apparently sought is not useful in establishing or disproving any fact at

24   issue to the claims or defenses in this litigation and thus is wholly irrelevant. The ACC further

25

26   objects to this Request to the extent it seeks information that is or would be protected from

27

28

disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request on the ground that it seeks the production of documents that are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources. The ACC further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the ACC.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, and unduly burdensome in its request for "[a]ll Documents" relating to "correspondence with and inquiries" from any state or federal government representatives on any topics whatsoever without limitation and without connection to any specific NCAA or ACC bylaws that would have any relevance to the claims or defenses in this action. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents" relating to "correspondence with and inquiries" from any state or federal government representatives on any topic, it does not otherwise describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The

ACC further objects to this Request to the extent it seeks information that is or would be protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this request to the extent it seeks information that is outside of the ACC's possession, custody, and control, publicly available, or within the possession of Plaintiffs or their counsel.

Subject to and without waiver of the foregoing general and specific objections, the ACC will produce responsive, non-privileged documents dated between January 1, 2010 and March 17, 2014 that constitute correspondence or inquiries, and any responses thereto, between the ACC and the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, related to Division 1 FBS men's football or men's basketball and NCAA Division I or ACC bylaws that limit or preclude member schools from providing student-athletes with athletically-related financial aid or payments in excess of a full grant-in-aid.

**REQUEST FOR PRODUCTION NO. 36**:

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**RESPONSE**:

The ACC objects to this Request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The information sought is not useful to establish or disprove any fact at issue to the claims or defenses in this litigation and thus it is wholly irrelevant. Further, the Request for "[a]ll Documents" concerning this impermissibly broad category of information would impose undue cost and burden on the ACC.  The ACC further objects to this Request to the extent it seeks information that is publicly available or within the possession of Plaintiffs or their counsel.  The ACC further objects to this Request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**RESPONSE:**

The ACC objects to this Request as premature at this early stage of this action, overbroad, and unduly burdensome. Discovery in this action has only recently commenced and presently is ongoing, and the ACC's investigation of the claims and its defenses in this matter, and the documents that may support them, is in progress. The ACC has not yet completed its formulation of its legal and factual defenses. The ACC further objects to this Request to the extent it seeks production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the ACC states that it will produce non-privileged documents that it intends to use to support its contentions at such time(s) and to the extent required by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any Scheduling Order issued by the Court in this matter. The ACC expressly reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Relating To Your contention that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product(s).

**RESPONSE:**

The ACC objects to this Request as premature at this early stage of this action, overbroad, and unduly burdensome. Discovery in this action has only recently commenced and presently is

ongoing, and the ACC's investigation of the claims and its defenses in this matter, and the

documents that may support them, is in progress. The ACC has not yet completed its formulation

of its legal and factual defenses. The ACC further objects to this Request to the extent it seeks

production of information that is protected from disclosure by the attorney-client privilege, the

work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the ACC

states that it will produce non-privileged documents that it intends to use to support its contentions

at such time(s) and to the extent required by the Federal Rules of Civil Procedure, applicable Local

Rules, and/or any Scheduling Order issued by the Court in this matter. The ACC expressly

reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases
in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

**RESPONSE:**

The ACC objects to this Request to the extent it seeks information that is or would be

protected from disclosure by the attorney-client privilege, the work product doctrine, or other

privileges, immunities, or laws. The ACC further objects to this Request to the extent it seeks

information or documents created after the date upon which this lawsuit was filed because such

materials are largely privileged and irrelevant to Plaintiffs' claims. The ACC further objects to this

Request to the extent it seeks information that is neither relevant to these proceedings nor

reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to

this Request to the extent it seeks information that is publicly available or within the possession of

Plaintiffs or their counsel.

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**RESPONSE:**

The ACC objects to this Request as premature, overbroad, and unduly burdensome at this early stage of this action. Discovery in this action has only recently commenced and presently is ongoing, the ACC's investigation of its affirmative defenses and the documents that may support them is in progress, and the ACC has not yet completed its formulation of its legal and factual defenses. The ACC further objects to this Request to the extent it seeks production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the ACC states that it will produce non-privileged documents that it will rely upon to support its affirmative defenses at such time(s) and to the extent required by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any Scheduling Order issued by the Court in this matter. Because discovery has only recently commenced, the ACC expressly reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**RESPONSE:**

The ACC objects to this Request as premature at this early stage of this action, overbroad, and unduly burdensome. Discovery in this action has only recently commenced and presently is ongoing, and the ACC's investigation of the claims and its defenses in this matter, and the

documents that may support them, is in progress.  The ACC has not yet completed its formulation

of its legal and factual defenses.  The ACC further objects to this Request to the extent it seeks

production of information that is protected from disclosure by the attorney-client privilege, the

work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the ACC

states that it will produce non-privileged documents that it intends to use to support its claimed pro-

competitive justifications at such time(s) and to the extent required by the Federal Rules of Civil

Procedure, applicable Local Rules, and/or any Scheduling Order issued by the Court in this matter.

The ACC expressly reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

**<u>RESPONSE</u>:**

The ACC objects to this Request as premature at this early stage of this action, overbroad,

unduly burdensome, and outside the scope of Rule 26 of the Federal Rules of Civil Procedure.

Discovery in this action has only recently commenced and presently is ongoing, and the ACC's

investigation of the claims and its defenses in this matter, and the documents that may support

them, is in progress.  The ACC further objects to this Request to the extent it seeks production of

information that is protected from disclosure by the attorney-client privilege, the work product

doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the ACC

states that it will produce documents which it intends to introduce into evidence at any hearing or

trial by such time(s) and to such extent as is called for by the Federal Rules of Civil Procedure,

applicable Local Rules, and/or any Scheduling Order issued by the Court in this matter.  The ACC

expressly reserves the right to supplement its response to this Request.

Date: December 18, 2014.

**SMITH MOORE LEATHERWOOD LLP**

By: ____/s/ D. Erik Albright_____
D. ERIK ALBRIGHT (*pro hac vice*)
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

**HOLLAND & KNIGHT LLP**
CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, I caused a true and correct copy of the foregoing Defendant Atlantic Coast Conference's Responses and Objections to Consolidated Plaintiffs' First Set of Requests for Production of Documents to All Defendants to be served by e-mail upon the following counsel of record for the parties as follows:

| Plaintiffs' Co-Lead Class Counsel – Winston & Strawn LLP | |
|---|---|
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |
| **Plaintiffs' Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP** | |
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| **Plaintiffs' Interim Co-Lead Class Counsel – Simon & Warshaw, LLP** | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

| Suzanne Wahl | SWahl@schiffhardin.com |
|---|---|
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| **Big Ten Conference – Mayer Brown LLP** | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

| **Big Ten Conference – Barrett Law P.C.** | |
|---|---|
| Jon Barrett | jab@barrettlawpc.com |

| **Southeastern Conference – Robinson Bradshaw & Hinson** | |
|---|---|
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

| **Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP** | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

| **Pac-12 Conference – Proskauer Rose LLP** | |
|---|---|
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

| **Atlantic Coast Conference – Smith Moore Leatherwood LLP** | |
|---|---|
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

| **Atlantic Coast Conference – Holland & Knight LLP** | |
|---|---|
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

| **Big 12 Conference & Conference USA – Polsinelli PC** | |
|---|---|
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |

| | |
|---|---|
| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

/s/   D. Erik Albright
D. Erik Albright (pro hac vice)

# EXHIBIT 8

1    LEANE K. CAPPS (PRO HAC VICE)
     POLSINELLI PC
2    2501 N. HARWOOD, SUITE 1900
     DALLAS, TX 75201
3    TELEPHONE: (214) 661-5537
     FACSIMILE: (214) 397-0033
4    EMAIL: LCAPPS@POLSINELLI.COM

5    WESLEY D. HURST (SBN 127564)
     POLSINELLI LLP
6    2049 CENTURY PARK EAST
     SUITE 2300
7    LOS ANGELES, CA 90067
     TELEPHONE: (310) 556-1801
8    FACSIMILE: (310) 556-1802
     WHURST@POLSINELLI.COM
9
     MIT S. WINTER (SBN 238515)
10   AMY D. FITTS (PRO HAC VICE)
     POLSINELLI PC
11   900 W. 48TH PLACE
     KANSAS CITY, MO 64112
12   TELEPHONE: (816) 753-1000
     FACSIMILE: (816) 753-1536
13   EMAIL: MWINTER@POLSINELLI.COM
     EMAIL: AFITTS@POLSINELLI.COM
14
     *ATTORNEYS FOR DEFENDANT*
15   *THE BIG 12 CONFERENCE, INC.*

16

### IN THE UNITED STATES DISTRICT COURT

17

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

18

### OAKLAND DIVISION

| | |
|---|---|
| 19   IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-02541-CW |
| 21   This Document Relates to: | |
| 22   *Jenkins, et al. v. NCAA, et al.* | |
| 23   MARTIN JENKINS, et al., | Case No. 14-cv-02758-CW |
| 24          Plaintiffs, | |
| 25    v. | **THE BIG TWELVE CONFERENCE, INC.'S RESPONSES AND OBJECTIONS TO *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |
| 26   NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
|          Defendants. | |

27

28

COMES NOW Defendant The Big 12 Conference, Inc. (the "Big 12"), by and through its counsel of record, and hereby responds and objects to the *Jenkins* Plaintiffs' First Requests for Production of Documents, as stated below. Where indicated, documents will be produced in the manner that they are kept in the ordinary course of business.

## **GENERAL OBJECTIONS**

1. The Big 12 has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the Big 12. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth below. The following responses are given without prejudice to the Big 12's right to produce evidence of subsequently discovered information, and the Big 12 reserves the right to change any and all responses given below as additional information, analysis, and legal research is completed and contentions are made.

2. The Big 12 objects to these discovery demands to the extent they seek information and/or documents that are not within its possession, custody, or control and/or are matters of public record, are within the files and/or particular knowledge of *Jenkins* Plaintiffs or their agents, or are otherwise equally available to *Jenkins* Plaintiffs.

3. The Big 12 objects to these discovery demands insofar as they require the Big 12 to extend its reasonable investigation to third persons and otherwise do work for *Jenkins* Plaintiffs and/or their counsel.

4. The Big 12 objects to these discovery demands to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws.

1

5.  The Big 12 objects to these discovery demands to the extent they purport to impose obligations on the Big 12 beyond those imposed by the Federal Rules of Civil Procedure and the Court's orders.

6.  Any statement that the Big 12 will produce responsive documents in response to any request should not be taken as an indication that such documents exist, but only that the Big 12 will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law. The Big 12 objects to any request to the extent it may be deemed to require the Big 12 to produce documents in the possession, custody, or control of any party, person, or entity other than the Big 12 for periods subsequent to the filing of the lawsuit.

7.  The Big 12 objects to each request to the extent it attempts to seek discovery concerning claims, issues, and/or non–parties that are not at issue in this lawsuit on the ground that such request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8.  No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

9.  The Big 12 objects to the "DEFINITIONS" section because the paragraphs do not constitute adequate definitions and are therefore vague, ambiguous, and unintelligible.

10. The Big 12 further objects to the "DEFINITIONS" section to the extent it purports to seek information generated by the Big 12's attorneys and documents which constitute communications between the Big 12 and its attorneys because those paragraphs violate the attorney-client privilege and the attorney work product doctrine. Accordingly, the Big 12 will assume for purposes of these discovery demands that *Jenkins* Plaintiffs do not

2

seek information or documents protected from disclosure by the attorney-client privilege and attorney work product doctrine.

11. The Big 12 objects to *Jenkins* Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS" to the extent they seek documents or information from Big 12 member schools, which are independent legal entities whose information and documents are not within the Big 12's possession, custody, and control.

12. As used below, the term "Grant-in-Aid" refers to "full grant-in-aid," which means athletic scholarships limited to "tuition and fees, room and board, and required course-related books" as described by NCAA Bylaw 15.02.5.

13. The Big 12 objects to the requests, including the definition of "RELEVANT TIME PERIOD," as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the Big 12 an obligation to produce documents or information created prior to January 1, 2010 or after March 17, 2014, the date of the filing of the original complaint in this action. A four year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly, documents and information dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such information is unduly burdensome and expensive relative to the value of such information to the determination of the facts and legal questions at issue in this litigation. Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence. Review and logging of such information is unduly burdensome relative to the minimal likelihood of production of relevant information dated after March 17, 2014. Therefore, the Big 12's agreement to produce documents or information in response to any of the below requests is an agreement to produce documents or information created from January 1, 2010 through March 17, 2014, unless otherwise noted.

3

14. The Big 12 objects to the requests, including the "DEFINITIONS" and "INSTRUCTIONS" to the extent they purport to impose obligations on the Big 12 beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, or the following stipulations currently being negotiated by the parties: the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, the Stipulated Order Regarding Production of Documents from Certain Other Cases, and the Stipulated Order re: Discovery of Electronically Stored Information.

15. The Big 12 objects to the requests to the extent they seek information protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

16. To avoid unnecessary burden and expense to the Big 12, and to ensure that discovery in this matter is appropriate and proportional, the Big 12 objects to these Requests to the extent they seek documents from the Big 12 in the absence of an agreed upon search protocol that includes agreed upon custodians and search terms.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**RESPONSE:** The Big 12 objects to this request to the extent the request is more properly directed to the NCAA or other conference defendants, which may be able to produce the information with less cost, burden, and expense than the Big 12.

Subject to and without waiving these and the Big 12's General Objections, the Big 12 states that it will produce any Big 12 manuals, rulebooks, constitutions, and/or handbooks that

4

were in effect for the academic years covering 2009-2010 through the present. Any responsive NCAA materials should be obtained directly from the NCAA.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, vague, and ambiguous. The request seeks all documents relating to a broad category of undefined information, i.e. those relating to any "rules, bylaws, regulations, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes . . . ." This language does not define or explain what is required for such rules, bylaws, regulations, restrictions, and/or policies to have the required "affect" so as to bring documents within the ambit of this request. Thus, the request is vague, ambiguous, and fails to describe the material sought with reasonable particularity. Further, by seeking "[a]ll [d]ocuments" relating to this ill-defined category of information that may "affect" student athlete payments, the request brings in information wholly irrelevant to the *Jenkins* Plaintiffs' claims. In addition, the request is not limited to a timeframe relevant to the claims or defenses at issue in this litigation. Therefore, the request is overbroad and compliance with the request would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA or other conference defendants, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

Subject to and without waiving these or its General Objections, the Big 12 states that it will produce non-privileged documents concerning NCAA legislative proposals to modify or amend NCAA Bylaws to provide student athletes with athletics-related financial aid or payments in excess of the GIA, from the time period of January 1, 2010 through March 17, 2014, to the extent such documents exist and are within the Big 12's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a) amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b) legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks "[a]ll [d]ocuments" relating to paragraphs of loosely strung together categories of undefined information "in any form and from any source" and concerning both "proposed" and "actual changes" in "bylaws, rules, policies, and practices" of

6

defendants and non-defendants. The request is then expanded even further in scope by the inclusion of "including, but not limited to" language which serves to adds even more vague categories of information. The request also fails to explain who must make a "proposed" change, revision, etc. so as to bring a document within the scope of this request. Not only are the categories of information set out in the request vague, ambiguous, and undefined, they are also not limited to a timeframe relevant to the claims or defenses at issue in this litigation and, for the most part, scope, and seek information that is wholly irrelevant to the claims or defenses at issue in this litigation. Thus, the request fails to describe the documents sought with reasonable particularity and improperly seeks to shift *Jenkins* Plaintiffs' discovery burdens to the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

The Big 12 further objects to this request to the extent it seeks information from Big 12 member schools. As explained in the General Objections, those are separate legal entities and information possessed by those entities is not within the Big 12's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 4:

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

7

**RESPONSE**: The Big 12 objects to this request because it is seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the request seeks information concerning non-defendants that is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, regarding non-athletic "compensation."  For similar reasons, the Big 12 objects to this request as overbroad and unduly burdensome because of its timeframe that is not relevant to the claims or defenses at issue in this litigation and impermissible scope.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

The Big 12 further objects to this request to the extent it seeks information from Big 12 member schools.  As explained in the General Objections, those are separate legal entities and information possessed by those entities is not within the Big 12's possession, custody, and control.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce responsive information to the extent such information is contained within any team manuals produced in response to Request Nos. 1 and 15.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that

non-athlete students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

**RESPONSE:** The Big 12 objects to this request because it is seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the request seeks information concerning non-defendants that is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, regarding non-athletic "compensation" from NCAA member schools or "any other source."  For similar reasons, the Big 12 objects to this request as overbroad and unduly burdensome because of its unlimited timeframe and impermissibly broad scope.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

The Big 12 further objects to this request to the extent it seeks information from Big 12 member schools.  As explained in the General Objections, those are separate legal entities and information possessed by those entities is not within the Big 12's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 6:

All Documents Relating To the consideration and/or adoption of proposals regarding the NCAA's Division I governance model, including, but not limited to, all Documents and Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

**RESPONSE**: The Big 12 objects to this request as vague and ambiguous. The request does not define or otherwise describe who must give "consideration" of a "proposal" or what constitutes a "proposal" so as to bring a document within the scope of this request. Further, the request fails to define terms such as "governance model" that are integral to the request. Thus, the request fails to describe the material sought with reasonable particularity. In addition, the Big 12 objects to this request as overbroad and unduly burdensome because it seeks "[a]l [d]ocuments" relating to a broad category of information that is not limited to a timeframe relevant to the claims or defenses at issue in this litigation.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

## REQUEST FOR PRODUCTION NO. 7:

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Presidential Retreat and thus it fails to describe the material sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this "Retreat" without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation, rendering the request overbroad and making compliance with the request unduly burdensome on the Big 12.

10

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

## REQUEST FOR PRODUCTION NO. 8:

All Documents Relating To the NCAA Division I Rules Working Group.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Division I Working Group and thus it fails to describe the material sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information that is not limited to a timeframe relevant to the claims or defenses at issue in this litigation. Thus, the request is impermissibly broad and compliance with the request would cause the Big 12 undue burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that any responsive materials should be obtained directly from the NCAA.

11

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Division I Presidential Advisory Group and thus it fails to describe the material sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information that is not limited to a timeframe relevant to the claims or defenses at issue in this litigation. Thus, the request is impermissibly broad and compliance with the request would cause the Big 12 undue burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is more appropriately obtained from the NCAA, which may be able to produce certain subsets of information with less cost and burden than the Big 12.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information in its request for "[a]ll [d]ocuments" relating to any "actual or potential override requests and/or rescission or nullification requests or votes" regarding any NCAA Division I legislation. This request impermissibly seeks all documents concerning a broad category of information and fails to define or describe the

12

universe of information sought.  In particular, in addition to seeking an impermissibly broad category of "[a]ll [d]ocuments," the request fails to explain what is required to meet the threshold for a "potential" vote, what constitutes a "request," or who much make such "potential requests" so as to bring a document within the scope of this request.  Accordingly, the request fails to provide the Big 12 with sufficient notice of the information sought and fails to describe that information with reasonable particularity.  For similar reasons, and because the request is not limited to legislation changes that may impact or otherwise be relevant to the claims or defenses at issue in this litigation, the request is overbroad and would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information or documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to *Jenkins* Plaintiffs' claims.

The Big 12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Big 12.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged documents relating to the override vote conducted in connection with NCAA legislative proposal No. 2011-96 to the extent such documents are not otherwise produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request seeks all documents relating to the use of a series of terms without limitations as to who used the term, limitations on the context in which those terms were used, or limitations to a timeframe that is relevant to the claims or defenses at issue in this litigation.  Compliance with this request would cause the Big 12 undue burden and expense and the likelihood of discovering admissible evidence is low when compared to the cost and burden compliance would impose on the Big 12.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims or defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  The *Jenkins* Plaintiffs do not explain how such "draft entry rules" of non-defendant organizations are implicated in this case.

The Big 12 further objects to this request as overbroad because it is not limited to a timeframe relevant to the claims or defenses at issue in this litigation.

The Big 12 also objects to this request because it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

14

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information or documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to *Jenkins* Plaintiffs' claims.

## REQUEST FOR PRODUCTION NO. 13:

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request seeks "[a]ll [d]ocuments" relating to broad and undefined categories of information. The request does not define the term "athletes" or limit use of that term to college athletes. Likewise, the request does not define or describe what constitutes "consulting with, or seeking advice or guidance from" agents, nor does it define "agents" or otherwise limit use of that term to agents working with college athletes. Thus, the request fails to describe the material sought with reasonably particularity, is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, and impermissibly seeks documents and information wholly unrelated to the claims or defenses at issue in this litigation. Compliance with this overbroad request would cause the Big 12 to incur undue cost and burden and is unlikely to lead to the discovery of admissible evidence.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from non-parties, who may be able to produce certain subsets of information at less cost and expense than the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

## REQUEST FOR PRODUCTION NO. 14:

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information. The request seeks "[a]ll [d]ocuments" relating to "any athlete's receipt or potential receipt" of payment, compensation, or remuneration "in any form or from any source" in exchange for the athlete's autograph. The request fails to define what constitutes a "potential receipt" in this context, nor does it define "athlete" or otherwise limit that term to college athletes. Further, the request seeks "[a]ll [d]ocuments" in this overbroad and undefined category and is not limited to a timeframe relevant to the claims or defenses at issue in this litigation. Thus, the request fails to describe the material sought with reasonable particularity and impermissibly seeks documents and information wholly unrelated to the claims or defenses at issue in this litigation. In other words, this request is remarkably overbroad and compliance would cause the Big 12 to incur undue cost and burden and is unlikely to lead to the discovery of admissible evidence.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**RESPONSE:** The Big 12 objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce all or part of the requested information with less cost, burden, and expense than the Big 12.

Subject to and without waiving these and the Big 12's General Objections, the Big 12 states that it will produce any NCAA Division I Men's Basketball Championship Participating Team Manuals in its possession, custody, or control from the academic years covering 2009-2010 through the present to the extent not already produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request is vague and ambiguous because it fails to define or explain what constitutes "restrictions" in this context and who must make such "restrictions" so as to bring a document within the scope of this request. The request is overbroad and unduly burdensome because it seeks "[a]ll [d]ocuments" regarding any such "restrictions" regardless of whether those restrictions relate in any way to the claims or defenses at issue in this litigation and regardless of whether the timeframe during which that "restriction" was in place is relevant to the claims or defenses at issue in this litigation. Because of this

17

undefined and unrestricted scope, compliance with this request would impose undue burden and expense on the Big 12.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information from Big 12 member schools.  As explained in the General Objections, those are separate legal entities and information possessed by those entities is not within the Big 12's possession, custody, and control.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce responsive information to the extent such information is contained within any team manuals produced in response to Request Nos. 1 and 15.

## REQUEST FOR PRODUCTION NO. 17:

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**RESPONSE:** The Big 12 objects to this request as overbroad and unduly burdensome because the request is not limited to a timeframe relevant to the claims or defenses at issue in this litigation.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

18

The Big 12 further objects to this request to the extent it seeks information from Big 12 member schools.  As explained in the General Objections, those are separate legal entities and information possessed by those entities is not within the Big 12's possession, custody, and control.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce any Big 12 policies regarding the appearance of Big 12 college athletes at press conference and media interview sessions for the timeframe of January 1, 2010 through the date on which the Amended Complaint was filed.

## REQUEST FOR PRODUCTION NO. 18:

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but fails to define what constitutes "finances" or explain the relevance of this broad category of information to the claims or defenses at issue.  As a result, this request is impermissibly overbroad and compliance would cause the Big 12 to incur undue cost and burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

19

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce copies of its Form 990s for the time period covering January 1, 2010 through the date on which the Amended Complaint was filed.

## REQUEST FOR PRODUCTION NO. 19:

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. The request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but fails to define what constitutes "finances" or otherwise limit the information requested to that relevant to the claims or defenses at issue in this litigation. As a result, this request is impermissibly overbroad and compliance would cause the Big 12 to incur undue cost and burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

20

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce copies of its Form 990s for the time period covering January 1, 2010 through the date on which the Amended Complaint was filed.

**REQUEST FOR PRODUCTION NO. 20**

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. The request seeks "[a]ll [d]ocuments" relating to "financial projections" concerning FBS football and Division I men's basketball, but it fails to define what constitutes "financial projections" or otherwise limit the subject matter of the request to information relevant to the claims or defenses at issue. The request is also not limited to a timeframe relevant to the claims or defenses at issue in this litigation. As a result, this request is impermissibly overbroad and compliance would cause the Big 12 to incur undue cost and burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

21

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

## REQUEST FOR PRODUCTION NO. 21:

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. The request seeks "[a]ll [d]ocuments" relating to "commercial contracts" but fails to define what constitutes a "commercial contract." The request is also not limited to a timeframe relevant to the claims or defenses at issue in this litigation and may implicate documents that are the subject of confidentiality agreements. As a result, this request is remarkably overbroad and compliance would cause the Big 12 to incur undue cost and burden.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**RESPONSE:** The Big 12 objects to this request as overbroad and unduly burdensome. The request seeks "[a]ll [d]ocuments" concerning this broad topic, but it fails to place temporal limits on the request and seeks categories of documents, such as employee salaries, without limitation. The Big 12 further objects that the request seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**RESPONSE:** The Big 12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

23

The Big 12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. The request seeks "[a]ll [d]ocuments" relating to a broad array of "violations or potential violations" without pointing to specific NCAA or Conference Bylaws and without describing or defining what constitutes a "potential violation" so as to bring a document within the scope of this request. The request is also not limited to a timeframe relevant to the claims or defenses at issue in this litigation. As a result, this request is impermissibly overbroad and compliance would cause the Big 12 to incur undue cost and burden.

The Big 12 further objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, and unduly burdensome. The request seeks "[a]ll [d]ocuments" relating any "study, analysis, or report" regarding the "economic value" of or generated by an NCAA Division I athlete or team, but the request fails to define the phrases "economic value" and "study, analysis, or report" or otherwise describe the material sought with reasonable particularity. Further, the Big 12 objects to the request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

24

The Big 12 further objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases: (1) *O'Bannon v. NCAA*, Case No. 09-cv-3329-CW (N.D. Cal.); (2) *Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig.*, Case No. 09-cv-1967-CW (N.D. Cal.); (3) *White v. NCAA*, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) *Agnew v. NCAA*, Case No. 11-3066 (7th Cir.)/*Agnew v. NCAA*, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) *Rock v. NCAA*, Case No. 12-cv-1019-JMS (S.D. Ind.).

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, and seeking irrelevant information. The request seeks "[a]ll [d]ocuments" relating in any way to five different lawsuits, none which involved the Big 12 as a party. The request also fails to appropriately limit the subject matter of the information sought, or the timeframe of responsive documents the claims or defenses at issue in this litigation, so as to be reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to this request to the extent it seeks information that is publically available or within the possession of *Jenkins* Plaintiffs or their counsel.

The Big 12 further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

25

The Big 12 also objects to this request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Big 12.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that the subject matter of this request is related to a proposed stipulation being negotiated by the parties. The Big 12 reserves all rights and objections regarding the subject matter of this request in the event an agreed upon stipulation cannot be reached.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To the Documents requested in Request for Production No. 25.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, and seeking irrelevant information. The request seeks "[a]ll [d]ocuments" relating in any way to five different lawsuits, none which involved the Big 12 as a party. The request also fails to appropriately limit the subject matter of the information sought, or the timeframe of responsive documents to the claims or defenses at issue in this litigation, so as to be reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to this request to the extent it seeks information that is publically available or within the possession of *Jenkins* Plaintiffs or their counsel.

The Big 12 further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 also objects to this request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information. The request seeks "any survey, poll, focus group, study, report, or analysis" without defining any of those terms. Likewise, the request seeks all documents "concerning potentially, hypothetically, or actually providing or making available to athletes" various forms of payments without explaining what constitutes a potential or hypothetical payment and without defining "athletes" or otherwise limiting that term to college athletes. The request also seeks undefined information concerning the impact or effect of such "hypothetical" payments on such amorphous subjects as "the popularity of college sports and/or consumer behavior." Again, the request does not explain who must undertake such a hypothetical or potential analysis of such "potential, hypothetical, or actual impact[s] or effect[s]" so as to bring a document within the scope of this request. Thus, the request clearly fails to describe the information sought with reasonable particularity. For similar reasons, and because the request is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, the request is overbroad and compliance with the request would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

27

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information. The request seeks "any survey, poll, focus group, study, report, or analysis" without defining any of those terms. Likewise, the request seeks all documents "concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming" FBS football and Division I men's basketball or "any related sports products" without defining or anyway limiting those terms. Again, the request does not explain who must undertake such a "survey, poll, study, report, or other analysis" so as to bring a document within the scope of this request. Thus, the request clearly fails to describe the information sought with reasonable particularity. For similar reasons, and because the request is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, the request is overbroad and compliance with the request would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, vague, and ambiguous. Specifically, the request fails to define or otherwise explain what is encompassed by "promotion or marketing" and fails to define "athletes" or otherwise limit that term to college athletes involved in the sports at issue in this case. Further, the request seeks "[a]ll [d]ocuments" concerning this undefined, broad category of information without regard to the relevancy of that information to the claims or defenses at issue in this litigation. In addition, the request fails to place reasonable temporal limitations on the information sought.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**RESPONSE:** The Big 12 objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other similar privileges, immunities, or laws.

The Big 12 further objects to this request as overbroad, unduly burdensome, and seeking irrelevant information. More specifically, the request seeks "[a]ll [d]ocuments" relating to a settlement in another case, in which the Big 12 was not a party, without any effort to specify the nature of the information sought or its relevance to this litigation. The simple fact that a

29

document relates to another litigation matter involving the NCAA does not, in and of itself, render the document relevant or discoverable in this matter. Thus, the request fails to describe the material sought with reasonable particularity, seeks irrelevant information, is impermissibly overbroad, and would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to provide certain subsets of information at a lower cost and burden than the Big 12.

The Big 12 objects to this request to the extent it seeks information outside of the Big 12's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 31:

All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

**RESPONSE:** The Big 12 objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other similar privileges, immunities, or laws.

The Big 12 further objects to this request as overbroad, unduly burdensome, and seeking irrelevant information. More specifically, the request seeks "[a]ll [d]ocuments" relating to a settlement in another case, in which the Big 12 was not a party, without any effort to specify the nature of the information sought or its relevance to this litigation. The simple fact that a document relates to another litigation matter involving the NCAA does not, in and of itself, render the document relevant or discoverable in this matter. The request also fails to define or explain phrases such as "implementation of the settlement agreement" and includes incredibly

wide-ranging, vague requests for information on topics such as the settlement's "effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics." Thus, the request fails to describe the material sought with reasonable particularity, seeks irrelevant information, is impermissibly overbroad, and would impose an undue burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to provide certain subsets of information at a lower cost and burden than the Big 12.

The Big 12 objects to this request to the extent it seeks information outside of the Big 12's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**RESPONSE:** The Big 12 objects to this request as overbroad an unduly burdensome. The request is not limited to a timeframe relevant to the claims or defenses at issue in this litigation, or otherwise tailored to the subject-matter of the *Jenkins* Plaintiffs' Amended Complaint. The Big 12 further objects to this request as vague and ambiguous because it fails to define the phrase "distribution and payouts" and thus does not identify the information sought with reasonable particularity.

The Big 12 further objects to this request to the extent it seeks information outside of the Big 12's possession, custody, or control or seeks information more appropriately obtained from other parties or non-parties.

31

The Big 12 further objects to this request to the extent it seeks information more appropriately obtained from the NCAA or non-parties, which may be able to provide certain subsets of information at a lower cost and burden than the Big 12.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

**RESPONSE:** The Big 12 objects to this request as vague and ambiguous, overbroad, and unduly burdensome.  The request seeks all documents relating to purchase of "loss-of-value insurance policies for athletes" but fails to define those terms or limit the temporal scope of the request.

Further, the Big 12 objects to the request because it seeks information irrelevant to any claim or defense at issue in the litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain information at less cost and expense than the Big 12.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**RESPONSE:** The Big 12 objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The information sought is not useful

32

in establishing or disproving any fact at issue to the claims or defenses in this litigation and thus is wholly irrelevant.

Further, the request for "[a]ll [d]ocuments" concerning this broad category of information is impermissible and would impose undue cost and burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is publically available or within the possession of *Jenkins* Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

**RESPONSE:** The Big 12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks all documents relating to "correspondence with and inquiries from" a variety of governmental and legislative bodies. This information is irrelevant to prove or disprove any fact at issue in this litigation, collection of this information would impose undue burden and expense on the Big 12, and the request is unlikely to lead to the discovery of admissible evidence.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

33

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged documents dated January 1, 2010 through March 17, 2014 that constitute correspondence or inquiries, and the responses thereto, from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, related to Division I FBS football or men's basketball and NCAA Division I or Big 12 bylaws that limit or preclude member schools from providing student-athletes with athletics-related financial aid or payments in excess of Grant-in-Aid.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**RESPONSE**: The Big 12 objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The information sought is not useful to establish or disprove any fact at issue in this litigation and thus it is wholly irrelevant.

Further, the request for "[a]ll [d]ocuments" concerning this broad category of information is impermissible and would impose undue cost and burden on the Big 12.

The Big 12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 further objects to this request to the extent it seeks information that is publically available or within the possession of *Jenkins* Plaintiffs or their counsel.

34

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**RESPONSE:** The Big 12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes help integrate athletes into their academic communities" that the Big 12 may assert. Discovery in this matter has just begun, and the Big 12 has not yet completed formulation of its legal arguments and defenses in this litigation nor has it fully developed all facts that may support those arguments and defenses.

The Big 12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged, responsive documents that it intends to use to support its legal arguments and defenses at the time required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Relating To Your contention that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product(s).

**RESPONSE:** The Big 12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product" that the Big 12 may assert. Discovery in this matter has just begun, and the Big 12 has not yet

35

completed formulation of its legal arguments and defenses in this litigation nor has it fully developed all facts that may support those arguments and defenses.

The Big 12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged, responsive documents that it intends to use to support its legal arguments and defenses at the time required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

**RESPONSE:** The Big 12 objects to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence in its request for all non-privileged documents referencing or regarding this litigation.  Documents or information created after the initiation of this litigation are unlikely to contain discoverable information, and the review of all such documents mentioning this litigation, which certainly would require the review of almost exclusively privileged materials, would impose undue costs and burden on the Big 12 with little likelihood of the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

36

**RESPONSE:** The Big 12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to its affirmative defenses. Discovery in this matter has just begun, and the Big 12 has not yet completed formulation of its defenses in this litigation nor has it fully developed all facts that may support those defenses.

The Big 12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged, responsive documents that it intends to use to support its affirmative defenses at the time required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**RESPONSE:** The Big 12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any claimed pro-competitive justification that the Big 12 may assert. Discovery in this matter has just begun, and the Big 12 has not yet completed formulation of its legal arguments and defenses in this litigation nor has it fully developed all facts that may support those arguments and defenses.

The Big 12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged, responsive documents that it intends to use to support

37

its affirmative and other defenses at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

**RESPONSE:** The Big 12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" that it intends to use at any hearing or trial in this matter. Discovery in this matter has just begun, and the Big 12 has not yet completed formulation of its legal arguments and defenses, nor has it fully developed all facts that may support arguments and defenses.

The Big 12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of these and the Big 12's General Objections, the Big 12 states that it will produce non-privileged, responsive documents that it intends to use at any hearing or trial in this matter at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

DATED: December 18, 2014                    **POLSINELLI PC**


                                            By:    _____/s/ *Leane K. Capps*_____
                                                      LEANE K. CAPPS

                                            Leane K. Capps (*pro hac vice*)
                                            POLSINELLI PC
                                            Saint Ann Court
                                            2501 N. Harwood Street, Suite 1900
                                            Dallas, TX 75201
                                            Telephone: (214) 397-0030
                                            Email: lcapps@polsinelli.com

                                            Wesley D. Hurst (SBN 127564)
                                            POLSINELLI LLP
                                            2049 Century Park East, Suite 2300
                                            Los Angeles, CA 90067
                                            Telephone: (310) 556-1801
                                            Email: whurst@polsinelli.com

                                            Mit S. Winter (SBN 238515)
                                            Amy D. Fitts (*pro hac vice*)
                                            POLSINELLI PC
                                            900 W. 48th Place, Suite 900
                                            Kansas City, MO 64112
                                            Telephone: (816) 753-1000
                                            Email: mwinter@polsinelli.com
                                            Email: afitts@polsinelli.com

                                            *Attorneys for Defendant The Big 12 Conference, Inc.*

**CERTIFICATE OF SERVICE**

I, Leane K. Capps, an attorney, hereby certify that on December 18, 2014, I caused a true and correct copy of the foregoing **The Big 12 Conference, Inc.'s Reponses and Objections to** *Jenkins* **Plaintiffs' First Set of Requests for Production of Documents to All Defendants** to be served by e-mail on all counsel identified in the attached Service List.

           */s/ Leane K. Capps*
Leane K. Capps
POLSINELLI, PC
Attorney for Defendant
The Big 12 Conference, Inc.

**Service List**

| Plaintiffs Martin Jenkins, Nigel Hayes and Afornee Stewart – Winston & Strawn | |
|---|---|
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| James S. Richter | jrichter@winston.com |
| Melissa Steedle Bogad | mbogad@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Sean G. Wieber | swieber@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Ian Papendick | ipapendick@winston.com |
| Sean D. Meenan | smeenan@winston.com |
| Rebecca Formanek Furman | rfurman@winston.com |
| Interim Co-Lead Class Counsel for Plaintiffs – Hagens Berman Sobol Shapiro LLP | |
| Jon T. King | jonk@hbsslaw.com |
| Jeff D. Friedman | jefff@hbsslaw.com |
| Steve W. Berman | steve@hbsslaw.com |
| Ashley Bede | ashleyb@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Interim Co-Lead Class Counsel for Plaintiffs - Pearson Simon & Warshaw LLP | |
| Bruce Lee Simon | bsimon@pswlaw.com |
| Aaron Sheanin | asheanin@pswlaw.com |
| Ben Shiftan | bshiftan@pswlaw.com |
| Thomas Kay Boardman | tboardman@pswlaw.com |
| William James Newsom | wnewsom@pswlaw.com |
| Plaintiff Shawne Alston – Minami Tamaki LLP | |
| Derek G. Howard | dhoward@minamitamaki.com |
| Jack Wing Lee | jlee@minamitamaki.com |
| Sean Tamio Tamura-Sato | seant@minamitamaki.com |
| Plaintiff Kendall Gregory-McGhee - Lockridge Grindal Nauen PLLP | |
| W. Joseph Bruckner | wjbruckner@locklaw.com |

1

| Richard A. Lockridge | ralockridge@locklaw.com |
|---|---|
| Heidi M. Silton | hmsilton@locklaw.com |
| Elizabeth R. Odette | erodette@locklaw.com |
| **Plaintiff Kendall Gregory-McGhee - Pritzker Law** | |
| Elizabeth C. Pritzker | ecp@pritzker-law.com |
| Bethany L. Caracuzzo | bc@pritzker-law.com |
| Shiho Yamamoto | sy@pritzker-law.com |
| **Plaintiff Alex Lauricella - The Dugan Law Firm** | |
| James R. Dugan II | jdugan@dugan-lawfirm.com |
| Chad Joseph Primeaux | cprimeaux@dugan-lawfirm.com |
| David Baylis Franco | dfranco@dugan-lawfirm.com |
| **Plaintiffs Sharrif Floyd, Kyle Theret, Duane Bennett, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Gustafson Gluek PLLC** | |
| Daniel E. Gustafson | dgustafson@gustafsongluek.com |
| Michelle J Looby | mlooby@gustafsongluek.com |
| Jason S Kilene | jkilene@gustafsongluek.com |
| **Plaintiffs Sharrif Floyd, Kyle Theret, Duane Bennett, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Zelle Hofmann Voelbel Mason & Gette LLP** | |
| Daniel S. Mason | dmason@zelle.com |
| Jiangxiao Athena Hou | ahou@zelle.com |
| Lee A. Hutton III | lhutton@zelle.com |
| Richard M. Hagstrom | rhagstrom@zelle.com |
| Shawn D. Stuckey | sstuckey@zelle.com |
| **Counsel for Plaintiffs Sharrif Floyd, Kyle Theret, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Hausfeld LLP** | |
| Michael D. Hausfeld | mhausfeld@hausfeldllp.com |
| Hilary Kathleen Scherrer | hratway@hausfeldllp.com |
| Sathya S. Gosselin | sgosselin@hausfeldllp.com |
| Swathi Bojedla | sbojedla@hausfeldllp.com |
| Bruce J. Wecker | bwecker@hausfeldllp.com |
| Christopher L. Lebsock | clebsock@hausfeldllp.com |
| Michael P. Lehmann | mlehmann@hausfeldllp.com |

2

| Plaintiff Dax Dellenbach – Lieff Cabraser Heimann & Bernstein LLP | |
|---|---|
| Eric B. Fastiff | efastiff@lchb.com |
| Brendan Patrick Glackin | bglackin@lchb.com |
| Katherine Collinge Lubin | klubin@lchb.com |
| Lin Yee Chan | lchan@lchb.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |
| **Big Ten Conference – Mayer Brown LLP** | |
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |
| **Big Ten Conference – Barrett Law P.C.** | |
| Jon Barrett | jab@barrettlawpc.com |
| **Southeastern Conference – Robinson Bradshaw & Hinson** | |
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

3

| Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |
| **Pac-12 Conference – Proskauer Rose LLP** | |
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |
| Joseph O'Keefe | Jokeefe@proskauer.com |
| Lawrence Sandak | lsandak@proskauer.com |
| Wanda Ellert | wellert@proskauer.com |
| **Atlantic Coast Conference – Smith Moore Leatherwood LLP** | |
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |
| **Atlantic Coast Conference – Holland & Knight LLP** | |
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

4

# EXHIBIT 9

MAYER BROWN LLP
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

MAYER BROWN LLP
Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | MDL Docket No. 4:14-md-02541-CW |
| This Document Relates to: | |
| *Jenkins, et al. v. NCAA, et al.* | Case No. 14-cv-02758-CW |
| MARTIN JENKINS, et al., | **DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES AND OBJECTIONS TO THE *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | Date: |
| Defendants. | Time: |
| | Courtroom: Courtroom 2, 4th Floor |
| | Before: Hon. Claudia Wilken |

Defendant The Big Ten Conference, Inc. ("The Big Ten"), by and through its attorneys and pursuant to Fed. R. Civ. P. 26 and 34, hereby submits its written responses and objections to Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated November 13, 2014 (the "Requests").

**GENERAL OBJECTIONS**

1.     Nothing herein shall be construed as an admission by The Big Ten regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by plaintiffs' Requests.  The Big Ten reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents or information The Big Ten produces in response to any discovery request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action.

2.     The Big Ten objects to each Request, instruction, definition, or directive contained in plaintiffs' Requests to the extent that it purports to impose any obligations on The Big Ten beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any applicable Orders of this Court.

3.     The Big Ten objects to each Request to the extent that it is vague, ambiguous, overbroad, or unduly burdensome or otherwise does not describe the documents sought by the request with "reasonable particularity" as required by Fed. R. Civ. P. 34(b)(1)(A).

4.     The Big Ten objects to each Request as overbroad and unduly burdensome to the extent it seeks documents or information that are more readily or equally available to plaintiffs from other sources for whom it is more convenient, less burdensome, or less expensive to produce the requested material, including but not limited to other Defendants, their respective member institutions, other third parties, or publicly available sources.

5.     The Big Ten objects to each Request to the extent it seeks documents or information that are not relevant to any party's claim or defense or to the subject matter of this

action and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.     The Big Ten objects to each Request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.  To the extent that these Requests seek such information, The Big Ten hereby claims such privilege and invokes such protection.  The fact that The Big Ten does not specifically object to an individual Request on the grounds that it seeks privileged or protected material shall not be deemed a waiver of the protection afforded by any applicable privilege.  Similarly, to the extent any documents or information subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.

7.     The Big Ten objects to each Request to the extent it seeks documents or information that are confidential or otherwise proprietary in nature, either to The Big Ten or to third parties.  On October 30, 2014, plaintiffs' counsel provided defendants with a draft Protective Order which would govern the production of confidential and highly confidential information and documents in this matter.  Defendants responded to that proposal on November 13, 2014.  To date, the parties have not yet reached agreement on a mutually acceptable Protective Order.  Thus, to the extent these Requests call for the production of non-privileged Confidential or Highly Confidential–Counsel Only, as defined by the draft Protective Order, The Big Ten will not produce such documents until such time as that Protective Order, or its substantive equivalent, is entered by the Court.

8.     The Big Ten objects to each Request to the extent it purports to require the production of documents or information that are not maintained by The Big Ten in the form or manner requested.

9.     The Big Ten objects to each Request to the extent it seeks the production of documents or information not within The Big Ten's possession, custody, or control, or which

- 2 -

cannot be located by a reasonably diligent search, thus making the Requests unduly burdensome.

10.     The Big Ten objects to each Request to the extent it seeks to impose an unreasonable burden on The Big Ten to examine each document or record within its possession, custody, or control to determine whether the document or record is responsive to a Request.  The Big Ten further objects to each Request to the extent it seeks to impose an unreasonable burden on The Big Ten to search for responsive documents or information other than in those places where The Big Ten knows or might reasonably expect such documents or information to exist. In accordance with Fed. R. Civ. P. 26(b)(2) and any other applicable Rules and Orders of the Court, The Big Ten expressly reserves its right not to respond to overbroad, unduly burdensome, or oppressive requests or, alternatively, to shift the cost of searching for and producing documents or information responsive to such Requests onto plaintiffs.

11.     The Big Ten objects to each Request to the extent it is unlimited in time or not limited to the time period relevant to this litigation on the grounds that such Requests seek information that are neither relevant to any issue in this action nor calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome.  Plaintiffs' initial complaint, filed on March 17, 2014, alleges violations of the Sherman Act on behalf of a putative class of student athletes.  *See* Complaint, ¶¶ 2-8, 26-28, 124-32; Amended Complaint, ¶¶ 2-8, 23-25, 117-24.  Pursuant to 15 U.S.C. § 15b, the limitations period applicable to plaintiffs' claims begins no earlier than March 17, 2010, four years prior to the filing of this action.  As such, documents or information created prior to 2010 have no bearing or relevance to any claim or defense, and documents or information related to this action created after its filing are largely privileged and unlikely to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, The Big Ten will produce non-privileged documents or information in response to these Requests created from January 1, 2010 to March 17, 2014 (the "Relevant Time Period").

- 3 -

12. The Big Ten objects to each Request to the extent it seeks production of documents or information that may violate any constitutional, statutory, or common law rights to privacy or confidentiality, including but not limited to the Family Educational Rights and Privacy Act ("FERPA") and comparable U.S. state or federal laws.

13. The Big Ten objects to each Request to the extent it seeks production of documents or information related to NCAA athletics programs other than Division I Football Bowl Subdivision ("FBS") programs and NCAA Division I men's basketball programs, or information related to NCAA Division II or Division III Operating Bylaws, athletics programs or events, or other activities.

14. The Big Ten objects to each Request on the grounds that it is overbroad and unduly burdensome to the extent it is cumulative or duplicative of Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated November 10, 2014, propounded by certain of the plaintiffs in the consolidated proceedings *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, Case No. 14-md-2541-CW (N.D. Cal.). The Big Ten reserves the right to make combined production(s) of documents or information that are responsive to either or both sets of Requests to the extent doing so will save The Big Ten from incurring unnecessary burden or expense.

15. The Big Ten intends no incidental or implied admissions by any of its responses or objections to plaintiffs' Requests. Whether The Big Ten responds or objects to any particular Request should not be interpreted as an admission that The Big Ten accepts or admits the existence of any fact(s) set out or assumed by such Request, that the Requests are proper, that The Big Ten's responses or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other discovery requests will be treated in a similar fashion in this or any other proceeding. Furthermore, whether The

- 4 -

Big Ten responds to part or all of any particular Request is not intended and should not be construed as a waiver by The Big Ten of any or all objections to such Request or any other Request.

16.     No statement that The Big Ten will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that The Big Ten will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control, and can be located with a reasonably diligent search.

17.     To the extent The Big Ten has objected to or refused to produce documents in response to any given Request, and to the extent that plaintiffs take issue with any such objection or refusal, The Big Ten is willing to meet-and-confer with plaintiffs to determine whether a reasonable, mutually-acceptable compromise might be reached.

### Objections to Definitions

18.     The Big Ten objects to each "Definition" set forth in the Requests to the extent such definition purports to impose obligations on The Big Ten that are broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34, the Local rules of the Northern District of California, or any applicable Orders of this Court.

19.     The Big Ten objects to the definition of the terms "Defendants" and "Conference" set forth in Definitions Nos. 1 and 3 on the grounds that they are overbroad and unduly burdensome to the extent they purport to require The Big Ten to produce documents or information not within its possession, custody, or control.

20.     The Big Ten objects to the definition of the term "Member Schools" set forth in Definition No. 4 on the grounds that it is overbroad and unduly burdensome, and to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control.  For purposes of responding to these Requests, The Big Ten will interpret

- 5 -

1 and refer to "Member Schools" as those member institutions with NCAA Division I football or

2 men's basketball programs currently affiliated with the Atlantic Coast Conference, the Big 12

3 Conference, The Big Ten, the Pac-12 Conference, or the Southeastern Conference (collectively,

4 the "Conference Defendants"). In addition, The Big Ten states that neither its affiliated Member

5 Schools nor delegates of those schools who participate in membership activities associated with

6 The Big Ten are within The Big Ten's possession, custody, or control. Accordingly, The Big

7 Ten objects to each Request herein to the extent it purports to require The Big Ten to search for

8 and produce responsive documents or information that may be in the possession, custody, or

9 control of any Member Schools.

10      21.    The Big Ten objects to the definition of the term "Communication" set forth in

11 Definition No. 6 as vague, ambiguous, overbroad, and unduly burdensome. Specifically,

12 plaintiffs' definition suggests that a potentially discoverable "communication" occurs by any

13 "exchange of written or recorded information, or face-to-face meetings or encounters" and

14 therefore encompasses any transmission of information, however inconsequential, by whatever

15 medium imaginable and without limitation, and as such, plaintiffs' proffered definition of

16 "Communication" does not comport with the ordinary and common understanding of the term.

17 In addition, The Big Ten objects to Definition No. 6 to the extent it purports to require The Big

18 Ten to produce documents or information that are protected from disclosure by the attorney-

19 client privilege, the attorney work product doctrine, or any other applicable privilege or

20 protection from discovery.

21      22.    The Big Ten objects to the definition of the term "Relating To" set forth in

22 Definition No. 8 as overbroad and unduly burdensome. In ordinary usage, words such as

23 "negate," "approve," "condone," and "consent to" are not associated with the defined term. In

24 responding to these Requests, The Big Ten will interpret the term "Relating To" consistent with

25 its ordinary and common understanding. In addition, The Big Ten objects to Definition No. 8 to

26

27                                           - 6 -

28

the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection from discovery.

23.     The Big Ten objects to the definition of the term "Document(s)" set forth in Definition No. 9 to the extent it purports to place obligations on The Big Ten to search for and produce documents or electronically-stored information ("ESI") that are broader than or inconsistent with the obligations created by The Federal Rules of Civil Procedure, the Local rules of the Northern District of California, or any applicable Orders of this Court.  Specifically, plaintiffs' attempt to define "Document(s)" as any type of information stored on any medium of any type, "without limitation," could require the production of backup files and systems, source code, deleted files or system, file fragments, text messages, instant messages, other ephemeral data, metadata, and other electronic information necessary to operate The Big Ten's computer system but which has no possible relevance or use in this litigation.  The production (and preservation) of such documents, information, or data is unduly burdensome and not required as evidenced by, among other things, The Sedona Principles Addressing Electronic Document Production and The Sedona Guidelines for Managing Information & Records in The Electronic Age.  The Big Ten further objects to Definition No. 9 to the extent it purports to require the production of information that is not reasonably accessible, and/or require the production of publicly available web site content.  In responding to these Requests, The Big Ten will provide non-privileged documents and/or ESI as it is maintained in the ordinary course of The Big Ten's business and in accordance with the requirements of Fed. R. Civ. P. 34.  Notwithstanding the foregoing, the parties are in the process of actively negotiating a protocol that will govern the production of ESI in this litigation.  To the extent that the parties are able to reach agreement, The Big Ten will produce documents and information under the terms of that protocol.

24.     The Big Ten objects to the definition of the term "Identify" set forth in Definition

- 7 -

No. 10 to the extent it purports to impose obligations on The Big Ten beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the Northern District of California, or other Orders of the Court. The Big Ten further objects to Definition No. 10 on the grounds that it is overbroad and unduly burdensome and to the extent it is not possible following a reasonably diligent investigation for The Big Ten to identify the information called for in subsections (a) and (b) of this Request.

25. The Big Ten objects to the definition of the term "Person" set forth in Definition No. 11 on the grounds that it is overbroad and unduly burdensome and to the extent it purports to require The Big Ten to produce documents or information beyond The Big Ten's possession, custody, or control.

26. The Big Ten objects to the definition of the terms "You" and "Your" set forth in Definition No. 12 as overbroad and unduly burdensome to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control. The Big Ten also objects to Definition No. 12 to the extent it purports to require The Big Ten to produce documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege or protection from discovery.

## Objections to Instructions

27. The Big Ten objects to each and every "Instruction" set forth in these Requests to the extent they purport to impose obligations on The Big Ten broader than or inconsistent with the obligations created by Fed. R. Civ. P. 26 and 34. The Big Ten reserves its right to redact information contained in documents it may produce in response to these Requests which is protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

28. For the reasons set forth above in General Objection No. 11, The Big Ten objects to Instructions Nos. 1 and 3 on the grounds that it is overbroad, unduly burdensome, and not

- 8 -

reasonably likely to lead to the discovery of admissible evidence.  Unless otherwise indicated, The Big Ten will produce non-privileged documents or information properly responsive to these Requests created during the Relevant Time Period, defined herein.

29.     The Big Ten objects to Instruction No. 2 to the extent it purports to impose obligations on The Big Ten beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the Northern District of California, and Orders of this Court.  Specifically, for any documents responsive to these Requests that may have existed at one time but which have been disposed of in the normal course of The Big Ten's business or which otherwise no longer exist within The Big Ten's possession, custody, or control, The Big Ten objects to Instruction No. 2 to the extent it is not possible following a reasonably diligent investigation for The Big Ten to identify each and every potentially responsive document "no longer in [its] possession, custody, or control," much less "what disposition was made," "the date of such disposition," or "identify all Persons having knowledge of the [disposed] Document's contents."

30.     The Big Ten objects to Instructions Nos. 4 and 5 on the grounds that they are unduly burdensome and to the extent they purport to require the production of documents or ESI in formats other than as required by the Federal Rules of Civil Procedure.  Any documents or ESI provided by The Big Ten in response to these Requests will be produced as they are maintained in the ordinary course of The Big Ten's business, or in any other reasonably usable format.  Notwithstanding the foregoing, the parties are in the process of actively negotiating a protocol that will govern the production of ESI in this litigation.  To the extent that the parties are able to reach agreement, The Big Ten will produce documents and information under the terms of that protocol.

31.     The Big Ten objects to Instruction No. 6 to the extent it purports to require The Big Ten to provide descriptions of privileged documents or information that would reveal that which is privileged or which is otherwise beyond The Big Ten's reasonable knowledge.  Any

privilege log provided by The Big Ten in this matter will conform to the obligations imposed by the Federal Rules of Civil Procedure, Local Rules of the Northern District of California, and Orders of this Court.

\* \* \* \* \* \*

32.     The Big Ten's responses below indicating that documents will be produced means that The Big Ten will produce documents responsive to a Request if they exist, are in The Big Ten's possession, custody, or control after a reasonable search of appropriate sources, and are not privileged or otherwise protected from discovery.

33.     The Big Ten reserves the right to assert additional general and specific objections to the production of documents as appropriate and to supplement these objections and responses. The Big Ten also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

34.     The Big Ten reserves its right to limit its search for and review of documents to document custodians who possess a direct connection to the subject matter of these Requests and the claims and defenses at issue in this litigation.  Similarly, The Big Ten reserves its right to use electronic searching techniques, including but not limited to the use of reasonable search terms, to avoid the need to manually inspect every potentially responsive document.

35.     The Big Ten adopts and incorporates by reference, to the extent applicable, any and all objections, specific or general, asserted by any other Defendant in its responses to these or similar Requests.

36.     The Big Ten incorporates by reference these General Objections into each and every specific objection and response below.  The fact that an answer is given, or documents provided by, The Big Ten does not waive any of its general or specific objections.

37.     The Big Ten reserves its right to subsequently produce responsive material or modify these Responses as necessary.

- 10 -

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Big Ten specifically objects to the use of the term "Conference" in this Request. *See* General Objection No. 19, above. The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein. In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce "manuals," "rulebooks," "constitutions," or "handbooks" that are not issued by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. Specifically, The Big Ten further objects to this Request to the extent it is more properly directed to Defendant NCAA or other Conference Defendants, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. In particular, The Big Ten states that the NCAA publishes a Division I Manual for each academic school year that includes the NCAA Constitution and Operating Bylaws, and the Division I Manual is publicly available and/or available from the NCAA. Similarly, on information and belief, The Big Ten states that additional documents responsive to this Request created by Conference Defendants other than The Big Ten are publicly available and/or are available from those entities.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce documents sufficient to show The Big Ten Conference Handbook for academic years within the Relevant Time Period and The Big Ten Conference By-Laws that were in effect

- 11 -

during the Relevant Time Period, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Conference" in this Request. *See* General Objections Nos. 19, 22, and 23, above. The Big Ten also objects to this Request as unduly burdensome insofar as it seeks production of "[a]ll Documents" concerning any "rules," "bylaws," "regulations," "restrictions," or "policies" promulgated by the NCAA or any Conference Defendant that in any way "affect" athletically-related financial aid that may be offered to student athletes without describing what constitutes "affect" for purposes of plaintiffs' Request. Accordingly, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request. In addition, The Big Ten objects to this Request to the extent it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it purports to require The Big Ten to produce documents or information related to rules or regulations that are not promulgated or adopted by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The

Big Ten.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents related to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a)  amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b)  legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conference," "Member Schools," and "communications" in this Request.  *See* General Objections Nos. 19, 20, 21, 22, and 23, above.  The Big Ten also objects to the use of the phrases/terms "practices," "extra benefits," and "legislative waivers" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein.  Moreover, The Big Ten

objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks production of "[a]ll Documents" concerning numerous categories of subject matter that are unrelated to athletically-related financial aid and have no bearing or relevance to any claim or defense asserted in this litigation.  In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to rules or regulations that are not promulgated or adopted by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents related to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conference," and "Member School(s)" in this Request.  *See* General Objections Nos. 19, 20, 22,

- 14 -

and 23, above.  The Big Ten also objects to the use of the phrases/terms "permit" and "any other non-athletic performance or service" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein.  Moreover, The Big Ten objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks production of "[a]ll Documents" related in any way to categories of financial aid available to student athletes based on "non-athletic performance or service," the parameters of which are not at issue and have no bearing or relevance to any claim or defense asserted in this litigation.  In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to rules or regulations that are not promulgated or adopted by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA or other Conference Defendants, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

## REQUEST FOR PRODUCTION NO. 5:

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that non-athlete students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conference," and "Member School(s)" in this Request.  *See* General Objections Nos. 19, 20, 22

- 15 -

and 23, above. Moreover, The Big Ten objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks production of "[a]ll Documents" related in any way to financial aid available to "non-athlete students," the parameters of which are not at issue and have no bearing or relevance to any claim or defense asserted in this litigation. In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to rules or regulations that are not promulgated or adopted by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

## REQUEST FOR PRODUCTION NO. 6:

All Documents Relating To the consideration and/or adoption of proposals regarding the NCAA's Division I governance model, including, but not limited to, all Documents and Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Communications" in this Request. *See* General Objections Nos. 21, 22, and 23, above. For purposes of its response, The Big Ten interprets this Request as identifying NCAA legislative Proposal No. 2014-2 and the NCAA Division I Steering Committee on Governance. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. Specifically, The Big Ten

- 16 -

objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents related to NCAA legislative Proposal No. 2014-2, to the extent such documents exist and are within the Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request.  *See* General Objections Nos. 22 and 23, above.  The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and to the extent it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence.  Insofar as it seeks production of "[a]ll Documents" that are related in any way to the August 2011 Presidential Retreat organized by the NCAA, this Request is not reasonably limited in scope or otherwise tied to the subject matter of this lawsuit or to any claim or defense asserted therein.  The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control.  Moreover, to the extent plaintiffs seek discovery of documents or information related to an event held between the NCAA and the presidents or chancellors of certain member schools of the NCAA, this Request should be directed at those entities, not The Big Ten.  The Big Ten also objects to this Request to the extent it purports to require The Big

Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and to the extent it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Insofar as it seeks production of "[a]ll Documents" that are related in any way to the NCAA Division I Post-Presidential Retreat Collegiate Model Rules Working Group, this Request is not reasonably limited in scope or otherwise tied to the subject matter of this lawsuit or to any claim or defense asserted therein. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce information and/or documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents responsive to this Request related to NCAA legislative

- 18 -

Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and to the extent it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Insofar as it seeks production of "[a]ll Documents" that are related in any way to the NCAA Division I Presidential Advisory Group, this Request is not reasonably limited in scope or otherwise tied to the subject matter of this lawsuit or to any claim or defense asserted therein. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control. Moreover, to the extent plaintiffs seek discovery of documents or information related to the NCAA Division I Presidential Advisory Group, which is comprised of presidents or chancellors of certain member schools of the NCAA, this Request should be directed at those entities, not The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten also objects to the use of the phrases "override requests or votes" and "rescission or nullification requests or votes" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and to the extent it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Insofar as it seeks production of "[a]ll Documents" that are related in any way to various legislative actions regarding NCAA legislative Proposals on any topic or issue, this Request is not reasonably limited in scope or otherwise tied to the subject matter of this lawsuit or to any claim or defense asserted therein. The Big Ten further objects to this Request on the ground that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein. In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, NCAA member schools, other third parties, or publicly available sources. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-

- 20 -

client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents responsive to this Request related to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Conference" in this Request. *See* General Objections Nos. 19, 22, and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and to the extent it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Insofar as it seeks production of "[a]ll Documents" containing any of the phrases "amateur model," "collegiate model," or "college model" used in any context in communications of any type between The Big Ten and various entities with whom The Big Ten has regular interactions, this Request is not reasonably limited in time or scope, and the cost of such discovery outweighs its likely benefit. Compliance with this request would cause The Big Ten undue burden and expense and the likelihood of discovering admissible evidence is low when compared to the cost and burden compliance would impose on The Big Ten.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten also objects to the use of the term "draft entry rules" in this Request on the grounds that it is undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. To the extent draft eligibility rules adopted by the National Football League and the National Basketball Association (the "Professional Leagues") are relevant to any claim or defense asserted in this litigation, those rules are set forth in collective bargaining agreements entered into by the Professional Leagues that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to the Professional Leagues, other Defendants, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information

- 22 -

neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Interactions between athletes or "prospective" athletes and sports agents have no bearing or relevance to any claim or defense asserted in this litigation, particularly insofar as this Request is not limited in scope to such interactions involving student athletes. Moreover, The Big Ten objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce information and/or documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten also objects to the use of the phrase "in any form and from any source" in this Request on the grounds that is undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Payments for autographs have no bearing or relevance to any claim or defense asserted in this

- 23 -

litigation, particularly insofar as this Request is not limited in scope to autographs by student athletes.  Moreover, The Big Ten objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA.  The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce information and/or documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Big Ten objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Moreover, NCAA Division I Men's Basketball Championship Participating Team Manuals are issued by the NCAA to Division I men's basketball programs that qualify for the NCAA Division I Basketball Championship.  Thus, The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce information and/or documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  To the extent plaintiffs seek discovery of any NCAA Division I Men's Basketball Championship Participating Team Manuals that are not publicly available, such documents are available from the NCAA and/or the appropriate NCAA member schools.

- 24 -

The Big Ten also objects to this Request on the ground that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Defendants," and "member schools" in this Request. *See* General Objections Nos. 19, 20, 22, and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Documents related to licensing for the use or display of certain products or trademarks at athletic events have no bearing or relevance to any claim or defense asserted in this litigation. Moreover, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents related to such licensing at athletic events that are not sanctioned or administered by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

- 25 -

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conference," and "Member School" in this Request.  *See* General Objections Nos. 19, 20, 22, and 23, above.  The Big Ten also objects to the use of the terms "polices and practices" and "appearance of athletes" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein.  Moreover, this Request is unduly burdensome insofar as it seeks production of "[a]ll Documents" relating in any way to any "policies and practices" of the NCAA, the Conference Defendants, or any individual Member Schools regarding "the appearance of athletes" at conferences and interviews without describing what constitutes a student athlete's "appearance" for purposes of plaintiffs' Request.  As such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request.  The Big Ten further objects to this Request on the ground that it seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence.  Rules, regulations, or policies related to the "appearance" of student athletes at media events have no bearing or relevance to any claim or defense asserted in this litigation.  Moreover, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents related to rules, regulations, or policies that were not promulgated by The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to

- 26 -

produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

## REQUEST FOR PRODUCTION NO. 18:

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Defendants" in this Request. *See* General Objections Nos. 19, 22, and 23, above. The Big Ten also objects to the use of the phrases/terms "finances" and "any other financial record" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence insofar as it purports to require The Big Ten to search for and produce nearly every conceivable record related to its financial transactions. The various documents identified in this Request are unduly burdensome for The Big Ten to assemble and produce, contain voluminous amounts of financially sensitive information that has no bearing or relevance to any claim or defense asserted in this litigation, and are unreasonably cumulative of one another. Moreover, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents and financial information related to entities other than The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to government agencies and other publicly available sources. In addition, The Big Ten objects to this Request on the ground that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein. The Big Ten also objects to this Request to the

- 27 -

extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce documents sufficient to show its as-filed federal tax return Form 990 for tax years within the Relevant Time Period, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 19:

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conferences," and "Member Schools" in this Request. *See* General Objections Nos. 19, 20, 22, and 23, above. The Big Ten further objects to this Request on the grounds that it is overly broad, unduly burdensome, and unreasonably cumulative and duplicative of other Requests made herein, including Request No. 18, above. The Big Ten hereby incorporates by reference, as if fully set forth herein, its objections and response to Request No. 18, above.

## REQUEST FOR PRODUCTION NO. 20

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

The Big Ten objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten also objects to the use of

- 28 -

the term "financial projections" in this request as undefined, vague, and ambiguous as used herein.  Insofar as this Request purports to seek production of "[a]ll Documents" relating in any way to any "financial projections" regarding any aspect of NCAA Division I FBS football or men's basketball without describing what constitutes a "financial projection" for purposes of plaintiffs' Request, the Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request.  The Big Ten further objects to this Request on the grounds that plaintiffs' request for "all" such documents is overbroad, unduly burdensome, and not reasonably limited in time or scope.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents related to "financial projections" that were not prepared by or for the benefit of The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.  In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

- 29 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Defendants" in this Request. *See* General Objections Nos. 19, 22, and 23, above. The Big Ten also objects to the use of the phrases/terms "commercial contract," "any medium," and "other forms of electronic dissemination" in this Request as undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome, and the costs of such discovery outweighs its likely benefit. The Big Ten does not dispute for purposes of this litigation that it has entered into licensing agreements pursuant to which certain athletic events and other programming associated with Member Schools affiliated with The Big Ten are broadcast to viewers, and that The Big Ten receives certain revenues in connection with its licensing agreements. Such revenues are reflected in The Big Ten's federal tax return Form 990, which is the subject of other Requests made herein, including Requests Nos. 18 and 19, above. Documents reflecting specific terms and conditions of The Big Ten's licensing agreements are highly competitively sensitive and confidential in nature, but have no bearing or relevance to any claim or defense asserted in this litigation. In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to any agreements to which The Big Ten is not a party or intended third-party beneficiary, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

- 30 -

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Conference" in this Request.  *See* General Objections Nos. 19, 22, and 23, above.  Moreover, The Big Ten objects to this Request on the ground that it is overboard, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence.  The amount of resources expended by various entities in "enforcing" NCAA Division I and/or Conference Defendant rules has no bearing or relevance to any claim or defense asserted in this litigation.  Moreover, The Big Ten is not a member of any of the NCAA Committees or "departments" identified in this Request, nor does The Big Ten allocate resources or employ any personnel solely dedicated to "enforcing" limits on athletically-related financial aid that may be offered to student athletes.  As such, any documents potentially responsive to this Request are not within The Big Ten's possession, custody, or control and/or are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Conference" in this Request.  *See* General Objections Nos. 19, 22, and 23, above.  The Big Ten

also objects to the use of the phrases/terms "preferential treatment," "inducements," "extra benefits," "interpretations," "deliberations," and "penalty decisions" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein.  The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and the costs of such discovery outweighs its likely benefit.  The Big Ten does not dispute for purposes of this litigation that Member Schools are required to "self-report" instances of noncompliance with NCAA rules and that Member Schools charged with violating NCAA rules may be required to appear before the NCAA Committee on Infractions, which may make factual findings and may impose various penalties. Nor does The Big Ten dispute that it has established enforcement and compliance provisions related to Big Ten Conference Rules as set forth in the Big Ten Conference Manual, which is the subject of other Requests made herein, including Request No. 1, above.  Plaintiffs' request for "[a]ll Documents" related to violations or enforcements of such rules at the individual student athlete level is unreasonably cumulative and unnecessary, and a production of documents in response thereto may violate those students' individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA.  The Big Ten further objects to this Request on the ground that documents potentially responsive to this Request, to the extent they exist, are not within the possession, custody, or control of The Big Ten, and/or are equally if not more readily available from other sources, including but not limited to other Defendants, NCAA member schools, other third parties, or publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA

Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Conference" in this Request.  *See* General Objections Nos. 19, 22, and 23, above.  Moreover, this Request is overbroad and unduly burdensome insofar as it seeks production of "[a]ll Documents" related in any way to any "study, analysis, or report" concerning the "economic value" of student athletes without describing what constitutes a "study, analysis, or report" for purposes of plaintiffs' Request.  As such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request.  In addition, The Big Ten objects to this Request to the extent it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it purports to require The Big Ten to produce information and/or documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, NCAA member schools, other third parties, or publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.  In addition, The Big Ten objects to this Request on the ground that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein.

- 33 -

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases: (1) O'Bannon v. NCAA, Case No. 09-cv-3329-CW (N.D. Cal.); (2) Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig., Case No. 09-cv-1967-CW (N.D. Cal.); (3) White v. NCAA, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) Agnew v. NCAA, Case No. 11-3066 (7th Cir.)/Agnew v. NCAA, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) Rock v. NCAA, Case No. 12-cv-1019-JMS (S.D. Ind.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The Big Ten specifically objects to the use of the term "Documents" in this Request. *See* General Objection No. 23, above. The Big Ten further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents not within The Big Ten's possession, custody, or control. The Big Ten was not a party to any of the proceedings identified in this Request, and therefore The Big Ten did not receive or maintain the record or discovery materials from those proceedings in the normal course of its business. Thus, the documents identified in this Request are not within The Big Ten's possession, custody, or control, or at a minimum, such documents are equally if not more readily available from other sources, including but not limited to the parties to the proceedings identified in this Request, other third parties, or publicly available sources such as the Public Access to Court Electronic Records database ("PACER"). Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that the NCAA was a party to each of the proceedings identified in this Request, and, upon

- 34 -

information belief, the NCAA and plaintiffs are engaged in negotiations for the production of certain documents responsive to this Request sufficient to meet any legitimate need for such discovery that plaintiffs may assert.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To the Documents requested in Request for Production No. 25.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overly broad, unduly burdensome, and unreasonably cumulative and duplicative of other Requests made herein, including Request No. 25, above. The Big Ten hereby incorporates by reference, as if fully set forth herein, its objections and response to Request No. 25, above.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten also objects to the use of the phrases/terms "impact or effect" and "consumer behavior" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. Moreover, this Request is overbroad and unduly burdensome insofar as it seeks production of "[a]ll Documents" related to any "study, report, or analysis" of any kind regarding the possibility of student athletes receiving financial compensation without describing what constitutes a "study, report, or analysis" for purposes of plaintiffs' Request. As such, this Request is not stated with reasonable

- 35 -

particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request. In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

## REQUEST FOR PRODUCTION NO. 28:

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

The Big Ten specifically objects to the use of the term "Document" in this Request. *See* General Objection No. 23, above. The Big Ten also objects to the use of the phrases/terms "consumer interest, behavior, . . . or motivations," "participating in or consuming," and "any related sports products" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. Moreover, this Request is overbroad and unduly burdensome insofar as it seeks production of "[a]ll Documents" related to any "survey, poll, study, report, or other analysis" of any type concerning virtually any aspect of the public's interest in NCAA Division I FBS football or men's basketball. As such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for

- 36 -

The Big Ten to determine whether a particular document falls within the scope of this Request. In addition, The Big Ten objects to this Request on the ground that it seeks documents and information that are neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it purports to require The Big Ten to produce documents or information that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. Moreover, this Request is overbroad and unduly burdensome insofar as it seeks production of "[a]ll Documents" related to any type of "promotion or marketing" of collegiate sports on the basis of amateurism in athletics without describing what forms of "promotion" or "marketing" are subject to plaintiffs' Request. As such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to "promotion" or "marketing" activities carried out by or on behalf of entities other than The Big

Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. In particular, to the extent plaintiffs contend that The Big Ten has engaged in any promotional or marketing activities to the public that are responsive to this Request, such material has become publicly available such that plaintiffs may obtain the discovery sought at an equal or lesser burden than The Big Ten.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in In re NCAA Student-Athlete Name & Likeness Licensing Litigation, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within The Big Ten's possession, custody, or control. The Big Ten was not a party to the proceeding identified in this Request and accordingly took no part in any settlement between the plaintiffs and certain of the defendants thereto. Thus, this Request seeks the production of documents that are not within The Big Ten's possession, custody, or control, or at a minimum, such documents are equally if not more readily available from the settling parties and/or other parties to the proceeding. The Big Ten further objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

- 38 -

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating To the settlement in White v. NCAA, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Defendants" in this Request. *See* General Objections Nos. 19, 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not within The Big Ten's possession, custody, or control. The Big Ten was not a party to the proceeding identified in this Request and accordingly took no part in any settlement thereof. Thus, this Request seeks the production of documents that are not within The Big Ten's possession, custody, or control, or at a minimum, such documents are equally if not more readily available from the settling parties. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome insofar as it seeks

- 39 -

production of "[a]ll Documents" related to any "distributions" or "payouts" from the NCAA Student Assistance Fund, the NCAA Special Assistance Fund, and the NCAA Student-Athlete Opportunity Fund (collectively, "NCAA Funds"), which amounts to an open-ended request for all transaction-level data related to the NCAA Funds. It is unduly burdensome and unreasonable to require The Big Ten to search through its files and identify "[a]ll" documents that may contain data potentially responsive to such a request. The Big Ten further objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to "distributions" or "payouts" from the NCAA Funds that do not involve The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, NCAA member schools, other third parties, or publicly available sources. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information in violation of individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA, or which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents sufficient to show total annual distributions by The Big Ten to affiliated Member Schools of financial aid made available through the NCAA Funds identified in this Request, for academic years within the Relevant Time Period, to the extent such documents exist and are within The Big Ten's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

- 40 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Conference," and "Member School" in this Request.  *See* General Objections Nos. 19, 20, 22, and 23, above.  The Big Ten also objects to the use of the term "loss-of-value insurance policies" in this Request on the grounds that it is undefined, vague, and ambiguous as used herein.  The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and to the extent it seeks documents not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.  In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information in violation of individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA, or which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request.  *See* General Objections Nos. 22 and 23, above.  Insofar as this Request seeks "[a]ll Documents" related in any way to "any potential unionization" of college athletes without describing what constitutes a "potential unionization" for purposes of Plaintiffs' Request, it is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would

- 41 -

be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request. The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and neither relevant to these proceedings nor reasonably likely to lead to the discovery of admissible evidence. Attempts by student athletes to form labor unions have no bearing or relevance to any claim or defense asserted in this litigation, and it is unduly burdensome to require The Big Ten to search for and identify "[a]ll Documents" that may be related to such efforts, many of which are likely to be protected from discovery by the attorney-client privilege and/or the attorney work product doctrine. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. Specifically, The Big Ten objects to this Request to the extent it is more properly directed to Defendant NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.

## REQUEST FOR PRODUCTION NO. 35:

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," "Defendants," and "Communications" in this Request. *See* General Objections Nos. 19, 21, 22, and 23, above. Moreover, The Big Ten objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks production of "[a]ll Documents" related to any correspondence with any state or federal legislative bodies regarding any subject matter. As

such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request.  In addition, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to the government entities identified in this Request and other publicly available sources.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request.  *See* General Objections Nos. 22 and 23, above.  The Big Ten also objects to the use of the phrases "potentially leaving" and "potentially joining" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein.  The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence.  The periodic realignment of NCAA member institutions and athletic conferences has no bearing or relevance to any claim or defense at issue in this litigation, and it is unduly burdensome to require The Big Ten to search for and produce "[a]ll Documents" that are in any way related to such realignments.  The Big Ten further objects to this Request to the

- 43 -

extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, NCAA member schools, other third parties, or publicly available sources. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents or information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "Your" in this Request. *See* General Objections Nos. 22, 23, and 26, above. The Big Ten also objects to the use of the terms "limits on compensation to athletes" and "academic communities" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request as premature in that no class has been certified, nor has a date been set for trial in this matter or for the disclosure of exhibits intended to be used at any trial, and on the ground that discovery in this matter is ongoing. Accordingly, The Big Ten has not yet determined a complete formulation of its defenses in this litigation, nor has it fully developed all facts that may support those defenses. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents upon which it will rely to support its defenses within the time(s) called for by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any

1  scheduling Order issued by the Court in this matter.  Investigation continues, and The Big Ten

2  expressly reserves the right to supplement its response to this Request.

3  **REQUEST FOR PRODUCTION NO. 38:**

4          All Documents Relating To Your contention that limits on compensation to athletes

5  maximize, maintain, or help prevent the decline of consumer demand for the NCAA's
   product(s).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

7          The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and

8  "Your" in this Request.  *See* General Objections Nos. 22, 23, and 26, above.  The Big Ten also

9  objects to the use of the phrases "help prevent" and "consumer demand for the NCAA's

10 product(s)" in this Request on the grounds that they are undefined, vague, and ambiguous as

11 used herein.  The Big Ten further objects to this Request as premature in that no class has been

12 certified, nor has a date been set for trial in this matter or for the disclosure of exhibits intended

13 to be used at any trial, and on the ground that discovery in this matter is ongoing.  Accordingly,

14 The Big Ten has not yet determined a complete formulation of its defenses in this litigation, nor

15 has it fully developed all facts that may support those defenses.  The Big Ten also objects to this

16 Request to the extent it purports to require The Big Ten to produce documents that are protected

17 from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

18 applicable privilege or protection from discovery.

19         Subject to and without waiving these or its General Objections, The Big Ten states that it

20 will produce non-privileged documents upon which it will rely to support its defenses within the

21 time(s) called for by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any

22 scheduling Order issued by the Court in this matter.  Investigation continues, and The Big Ten

23 expressly reserves the right to supplement its response to this Request.

24

25

26

27

28

- 45 -

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The Big Ten specifically objects to the use of the terms "Documents" and "Relating To" in this Request. *See* General Objections Nos. 22 and 23, above.  The Big Ten further objects to this Request on the grounds that it is overbroad, unduly burdensome, and the costs of such discovery outweigh its likely benefit.  Because nearly all documents in The Big Ten's possession, custody, or control related to this multidistrict litigation and/or the actions consolidated therewith are likely to be privileged from discovery, it would impose undue costs and burden on The Big Ten to identify and review "all" such documents with little likelihood that such review would lead to the discovery of admissible evidence.  Moreover, documents that merely reference or mention the above-referenced litigations in any context have no bearing or relevance to any claim or defense asserted in this litigation.  The Big Ten further objects to this Request on the grounds that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, and to the extent it purports to require The Big Ten to produce documents or information not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "You" in this Request.  *See* General Objections Nos. 22, 23, and 26, above.  The Big Ten further objects to this Request as premature in that no class has been certified, nor has a date been set for

- 46 -

trial in this matter or for the disclosure of exhibits intended to be used at any trial, and on the ground that discovery in this matter is ongoing. Accordingly, The Big Ten has not yet determined a complete formulation of its defenses in this litigation, nor has it fully developed all facts that may support those defenses. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents upon which it will rely to support its defenses within the time(s) called for by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any scheduling Order issued by the Court in this matter. Investigation continues, and The Big Ten expressly reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The Big Ten specifically objects to the use of the terms "Documents," "Relating To," and "You" in this Request. *See* General Objections Nos. 22, 23, and 26, above. The Big Ten also objects to the use of the term "pro-competitive justification" in this Request on the grounds that it is undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request as premature in that no class has been certified, nor has a date been set for trial in this matter or for the disclosure of exhibits intended to be used at any trial, and on the ground that discovery in this matter is ongoing. Accordingly, The Big Ten has not yet determined a complete formulation of its defenses in this litigation, nor has it fully developed all facts that may support those defenses. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents that are protected from disclosure by the attorney-

- 47 -

client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents upon which it will rely to support its defenses within the time(s) called for by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any scheduling Order issued by the Court in this matter. Investigation continues, and The Big Ten expressly reserves the right to supplement its response to this Request.

## REQUEST FOR PRODUCTION NO. 42:

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

The Big Ten specifically objects to the use of the terms "Documents" and "You" in this Request. *See* General Objection Nos. 23 and 26, above. The Big Ten further objects to this Request as premature in that no class has been certified, nor has a date been set for trial in this matter or for the disclosure of exhibits intended to be used at any trial, and on the grounds that Discovery in this matter is ongoing. Accordingly, The Big Ten has not yet determined a complete formulation of its defenses in this litigation, nor has it fully developed all facts that may support those defenses. The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. Finally, the Big Ten objects to this Request as unreasonably cumulative and duplicative of other Requests, including Request No. 40, above.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce non-privileged documents upon which it will rely to support its defenses within the time(s) called for by the Federal Rules of Civil Procedure, applicable Local Rules, and/or any Scheduling Order issued by the Court in this matter. Investigation continues, and The Big Ten

- 48 -

expressly reserves the right to supplement its response to this Request.


Dated: December 18, 2014         Mayer Brown LLP
By: _/s/ *Britt M. Miller*_____
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

## PROOF OF SERVICE

I, Britt M. Miller, declare:

I am employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the above-captioned action. My business address is Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606-4637. On December 18, 2014 I caused a true and correct copy of the foregoing **DEFENDANT THE BIG TEN CONFERENCE INC.'S RESPONSES AND OBJECTIONS TO THE *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** on the interested parties in this action as identified on the attached Service List:

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 18, 2014, at Chicago, Illinois.

         */s/ Britt M. Miller*
         Britt M. Miller

PROOF OF SERVICE AND SERVICE LIST;
Case No. 14-cv-02758-CW

## SERVICE LIST

| Plaintiffs' Interim Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP | |
|---|---|
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |

| Plaintiffs' Interim Co-Lead Class Counsel – Winston & Strawn LLP | |
|---|---|
| Jeffrey L. Kessler | jkessler&@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |

| Plaintiffs' Interim Co-Lead Class Counsel – Pearson, Simon & Warshaw, LLP | |
|---|---|
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |

| NCAA – Skadden, Arps, Slate, Meagher & Flom LLP | |
|---|---|
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |

| NCAA – Schiff Hardin LLP | |
|---|---|
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| **The Big Ten Conference – Mayer Brown LLP** | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

| **The Big Ten Conference – Barrett Law P.C.** | |
|---|---|
| Jon Barrett | jab@barrettlawpc.com |

| **Southeastern Conference – Robinson Bradshaw & Hinson** | |
|---|---|
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

| **Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP** | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

| **Pac-12 Conference – Proskauer Rose LLP** | |
|---|---|
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

| **Atlantic Coast Conference – Smith Moore Leatherwood LLP** | |
|---|---|
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

| **Atlantic Coast Conference – Holland & Knight LLP** | |
|---|---|
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

| **Big 12 Conference & Conference USA – Polsinelli PC** | |
|---|---|
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |

| Mitchell Raup | mraup@polsinelli.com |
|---|---|
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

# EXHIBIT 10

1    PROSKAUER ROSE LLP
     SCOTT P. COOPER (SBN 96905)
2      scooper@proskauer.com
     JENNIFER L. JONES (SBN 284624)
3      jljones@proskauer.com
     SARAH KROLL-ROSENBAUM (SBN 272358)
4      skroll-rosenbaum@proskauer.com
     JACQUELYN N. FERRY (SBN 287798)
5      jferry@proskauer.com
     2049 Century Park East, 32nd Floor
6    Los Angeles, CA  90067-3206
     Telephone:     310-557-2900
7    Facsimile:     310-557-2193

8    *Attorneys for Defendant Pac-12 Conference*

9              **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                       **OAKLAND DIVISION**

12   IN RE NATIONAL COLLEGIATE          Case No. 4:14-md-02541-CW
     ATHLETIC ASSOCIATION ATHLETIC
     GRANT-IN-AID CAP ANTITRUST
13   LITIGATION

14   This Document Relates to:

15   *Jenkins, et al. v. NCAA, et al.*

16

17   MARTIN JENKINS, et al.,             Case No. 14-cv-02758-CW

18                     Plaintiffs,       **THE PAC-12 CONFERENCE'S**
                                         **RESPONSES AND OBJECTIONS TO**
                       v.                ***JENKINS* PLAINTIFFS' FIRST SET OF**
19                                       **REQUESTS FOR PRODUCTION OF**
     NATIONAL COLLEGIATE ATHLETIC        **DOCUMENTS TO ALL DEFENDANTS**
20   ASSOCIATION, et al.,

21                     Defendants.

22        PROPOUNDING PARTY:            *JENKINS* PLAINTIFFS

23        RESPONDING PARTY:             PAC-12 CONFERENCE

24        SET NUMBER:                   ONE

25

26

27

28

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Pac-12 Conference ("Pac-12"), by and through its counsel of record, hereby responds and objects to the *Jenkins* Plaintiffs' First Set of Requests for Production of Documents to All Defendants served by the *Jenkins* Plaintiffs on November 13, 2014 (the "Requests").

## GENERAL OBJECTIONS

1. The Pac-12 has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the Pac-12. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are given without prejudice to the Pac-12's right to produce evidence of subsequently discovered information, and the Pac-12 reserves the right to change any and all responses and objections to the Requests as it completes its investigation.

2. The Pac-12 objects to the Requests to the extent they seek information and/or documents that are not within its possession, custody, or control, that are publicly available and/or matters of public record, that are within the files and/or particular knowledge of Plaintiffs or their agents, or that are otherwise equally available to Plaintiffs.

3. The Pac-12 objects to the Requests insofar as they require the Pac-12 to extend its reasonable investigation to third persons or parties and otherwise do work for Plaintiffs and/or their counsel.

4. The Pac-12 objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws. In particular, the Pac-12 objects to application of the Definitions to the Requests insofar as their application would create an undue burden on

1

the Pac-12 to review, produce or log documents generated by the Pac-12's outside counsel and documents which constitute communications between the Pac-12 and its outside counsel, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

5. The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they would create an undue burden for the Pac-12 in propounding its responses and objections to the Requests or purport to impose obligations on the Pac-12 beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and/or the Court's orders.

6. The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the Pac-12 beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, or the following stipulations currently being negotiated by the parties (the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, the Stipulated Order Regarding Production of Documents from Certain Other Cases, and the Stipulated Order re: Discovery of Electronically Stored Information).

7. The Pac-12 objects to the Instructions regarding the manner and method of production of electronically stored information as unduly burdensome to the extent they would require production of documents in a format other than the format in which the document is kept in the ordinary course of business by the Pac-12, would require the production or creation of information that does not exist or would require production of documents or information in any specific format.

8. Any statement that the Pac-12 will produce documents in response to any request should not be taken as an indication that such documents exist, but only that the Pac-12 will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law.   The Pac-12

2

objects to any request to the extent it may be deemed to require the Pac-12 to produce documents in the possession, custody, or control of any party, person, or entity other than the Pac-12.

9. The Pac-12 objects to each request to the extent it attempts to seek discovery concerning claims, issues, and/or non–parties that are not at issue in this lawsuit on the ground that such request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

11. The Pac-12 objects to the Requests to the extent they purport to seek documents containing confidential business or other proprietary information, confidential information obtained by the Pac-12 under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information.  Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information.  Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

12. The Pac-12 objects to the Requests to the extent they seek information protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

3

13. The Pac-12 objects to the Requests to the extent they seek "all documents" relating to a particular topic over multiple years as requiring unreasonable, overbroad, searches, collections, and productions of duplicative and irrelevant documents. Such requests are thus unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

14. The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or information from Pac-12 member schools, which are independent legal entities whose information and documents are not within the Pac-12's possession, custody, and control.

15. As used below, the terms "GIA" and "Grant-in-Aid" refer to "full grant-in-aid," which is currently defined by NCAA Division I Bylaw 15.02.5 to mean "financial aid that consists of tuition and fees, room and board, and required course-related books."

16. The Pac-12 objects to the Requests, and specifically Instruction 1, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the Pac-12 an obligation to produce documents or information created prior to January 1, 2010 or after March 17, 2014, the date of the filing of the original complaint in this action. A four year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly, documents and information dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such information is unduly burdensome and expensive relative to the value of such information to determination of the facts and legal questions at issue in this litigation. Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence. Review and logging of such information is unduly burdensome relative to the minimal likelihood of production of relevant information dated after March 17, 2014. Therefore, the Pac-12's agreement to produce documents or

4

information in response to any of the below requests is an agreement to produce documents or information created from January 1, 2010 through March 17, 2014, unless otherwise noted.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**RESPONSE:**  The Pac-12 objects to this request as overbroad to the extent it seeks production of documents dated or in effect before January 1, 2010 and therefore seeks information not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request to the extent the request seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA or other conference defendants, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiving these and the Pac-12's General Objections, the Pac-12 will produce the Pac-12 manuals, rulebooks, constitutions, and/or handbooks that are dated or were in effect for the period covering academic years 2009-2010 to the present.


### REQUEST FOR PRODUCTION NO. 2:

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, vague, and ambiguous.  The request seeks all documents relating to a broad category of undefined information, i.e. those relating to any "rules, bylaws, regulations, and/or policies that

5

affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes . . . ." This language does not define or explain what is required for such rules, bylaws, regulations, restrictions, and/or policies to sufficiently "affect" student-athlete financial aid or payments, so as to bring documents within the ambit of this request. Thus, the request is vague, ambiguous, and fails to describe the documents and information sought with reasonable particularity. Further, by the request for production of "[a]ll [d]ocuments" relating to this ill-defined category of information that may "affect" student athlete financial aid or payments is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance with the request would impose an undue burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents (1) to the extent such information is contained in the documents that will be produced in response to Request No. 1; and (2) concerning NCAA legislative proposals to modify NCAA bylaws to allow Division I member schools to provide student-athletes with athletics-related financial aid or payments in excess of the GIA to the extent such documents are not produced by the NCAA.

1

**REQUEST FOR PRODUCTION NO. 3:**

2

    All Documents Relating To proposed or actual changes, revisions, amendments, or

3

modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

4

(a)    amateurism, financial aid, extra benefits, health care, medical insurance, disability,

5

    continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to,

6

    discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic

7

    communications; or

8

(b)    legislative waivers, transfers, initial eligibility certification, and amateurism certification,

9

    including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

10

11

    **RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome,

12

vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of

13

admissible evidence.  The request seeks "[a]ll [d]ocuments" relating to paragraphs of loosely

14

strung together categories of undefined information "in any form and from any source" and

15

concerning both "proposed" and "actual changes" in "bylaws, rules, policies, and practices" of

16

defendants and non-defendants.  The request is then expanded even further in scope by the

17

inclusion of "including, but not limited to" language which serves to adds even more vague

18

categories of information.  The request also fails to explain who must make a "proposed"

19

change, revision, etc. so as to bring a document within the scope of this request.  Not only are the

20

categories of information set out in the request vague, ambiguous, and undefined, they are not

21

reasonably limited in scope and seek information that is wholly irrelevant to the claims or

22

defenses at issue in this litigation.  Thus, the request fails to describe the documents and

23

information sought with reasonable particularity and improperly seeks to shift Plaintiffs'

24

discovery burdens to the Pac-12.

25

    The Pac-12 further objects to this request to the extent it seeks information protected

26

from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

27

immunities, or laws.

28

7

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**RESPONSE:** The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the request seeks information concerning regarding non-athletic "compensation," and therefore seeks information not relevant to the claims or defenses at issue in this litigation.  Moreover, in seeking "[a]ll [d]ocuments related to this broad subject matter, the request is impermissibly overbroad and would impose an undue burden and expense on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

8

1  **REQUEST FOR PRODUCTION NO. 5:**

2     All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws,
3  regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that
   *non-athlete* students, both undergraduate and graduate, may receive from Member Schools or
4  any other source for their academic, artistic, research, or any other performance or service.

5     **RESPONSE:**   The Pac-12 objects to this request because it seeks information that is

6  irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to

7  lead to the discovery of admissible evidence.   In particular, the request seeks information

8  concerning rules related to "non-athlete" students, and therefore seeks information not relevant

9  to the claims or defenses at issue in this litigation.   Moreover, in seeking "[a]ll [d]ocuments

10 related to this broad subject matter, the request is impermissibly overbroad and would impose an

11 undue burden and expense on the Pac-12.

12    The Pac-12 further objects to this request to the extent it seeks information protected

13 from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

14 immunities, or laws.

15    The Pac-12 further objects to this request to the extent it seeks information that is outside

16 of the Pac-12's possession, custody and control, publicly available or within the possession of

17 Plaintiffs or their counsel.

18

19 **REQUEST FOR PRODUCTION NO. 6:**

20    All Documents Relating To the consideration and/or adoption of proposals regarding the
   NCAA's Division I governance model, including, but not limited to, all Documents and
21 Communications from the NCAA Division I Board of Directors Steering Committee on
   Governance.
22

23    **RESPONSE:** The Pac-12 objects to this request as vague and ambiguous.   The request

24 does not define or otherwise describe who must give "consideration" of a "proposal" or what

25 constitutes a "proposal" so as to bring a document within the scope of this request.   Further, the

26 request fails to define terms such as "governance model" that are integral to the request.   Thus,

27 the request fails to describe the documents and information sought with reasonable particularity.

28

9

In addition, the Pac-12 objects to this request as overbroad and unduly burdensome because it seeks "[a]ll [d]ocuments" relating to a broad category of information and is not relevant to the claims or defenses at issue in this litigation.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Presidential Retreat and thus it fails to describe the documents and information sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this "Retreat" without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation. Thus, the request is impermissibly overbroad, not reasonably calculated to lead to the discovery of admissible evidence and compliance with the request would be unduly burdensome.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

10

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Division I Working Group and thus it fails to describe the documents and information sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation. Thus, the request is impermissibly overbroad, not reasonably calculated to lead to the discovery of admissible evidence and compliance with the request would be unduly burdensome.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request fails to define what material is sought regarding the NCAA Division I Presidential Advisory Group and thus it fails to describe the documents and information sought with reasonable particularity. Further, the request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation. Thus, the request is impermissibly broad and compliance with the request would cause the Pac-12 undue burden.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information in its request for "[a]ll [d]ocuments" relating to any "actual or potential override requests and/or rescission or nullification requests or votes" regarding any NCAA Division I legislation. This request impermissibly seeks all documents concerning a broad category of information and fails to define or describe the universe of information sought. In particular, in addition to seeking an impermissibly broad category of "[a]ll [d]ocuments," the request fails to explain what is required to meet the threshold for a "potential" vote, what constitutes a "request," or who much make such "potential requests" so as to bring a document within the scope of this request. Accordingly, the request fails to describe the documents and information sought with reasonable particularity. For similar reasons, and because the request is not limited to legislation changes that may impact or otherwise be relevant to the claims or defenses at issue in this litigation, the request is overbroad and would impose an undue burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information or documents created after the date upon which is this lawsuit was filed because such materials are largely privileged and irrelevant to Plaintiffs' claims.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents relating to the override vote conducted in connection with NCAA legislative Proposal No. 2011-96 to the extent such documents are not produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request seeks "[a]ll [d]ocuments" relating to the use of a series of terms without limitation as to who used the term, or limitations on the context in which those terms were used.  Compliance with this request would cause the Pac-12 undue burden and expense and the likelihood of discovering admissible evidence is low when compared to the cost and burden compliance would impose on the Pac-12.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**RESPONSE:** The Pac-12 objects to this request as vague and ambiguous in its use of the term "draft entry rules."   The Pac-12 also objects to this request as overbroad and unduly burdensome because it seeks information that is irrelevant to the claims or defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. The *Jenkins* Plaintiffs do not explain how such "draft entry rules" of non-defendant organizations are implicated in this case.

13

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

## REQUEST FOR PRODUCTION NO. 13:

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request seeks "[a]ll [d]ocuments" relating to broad and undefined categories of information. The request does not define the term "athletes" or limit use of that term to college athletes. Likewise, the request does not define or describe what constitutes "consulting with, or seeking advice or guidance from" agents, nor does it define "agents" or otherwise limit use of that term to agents working with college athletes. Thus, the request fails to describe the documents and information sought with reasonably particularity, and impermissibly seeks documents and information wholly unrelated to the claims or defenses at issue in this litigation. Compliance with this overbroad request would cause the Pac-12 to incur undue cost and burden and is unlikely to lead to the discovery of admissible evidence.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from non-parties.

The Pac-12 further objects to this request on the ground that production of documents in response thereto may violate individual privacy rights under federal and state laws, including but not limited to the Family Educational Rights and Privacy Act.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information. The request seeks "[a]ll [d]ocuments" relating to "any athlete's receipt or potential receipt" of payment, compensation, or remuneration "in any form or from any source" in exchange for the athlete's autograph. The request fails to define what constitutes a "potential receipt" in this context, nor does it define "athlete" or otherwise limit that term to college athletes. Further, the request seeks "[a]ll [d]ocuments" in this overbroad and undefined category. Thus, the request fails to describe the documents and information sought with reasonable particularity and impermissibly seeks documents and information wholly unrelated to the claims or defenses at issue in this litigation. In other words, this request is overbroad and compliance would cause the Pac-12 to incur undue cost and burden and is unlikely to lead to the discovery of admissible evidence.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from non-parties.

The Pac-12 further objects to this request on the ground that production of documents in response thereto may violate individual privacy rights under federal and state laws, including but not limited to the Family Educational Rights and Privacy Act.

15

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**RESPONSE:** The Pac-12 objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiving these and the Pac-12's General Objections, the Pac-12 will produce NCAA Division I Men's Basketball Championship Participating Team Manuals dated from 2010 through 2014 to the extent such documents are not produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The request is vague and ambiguous because it fails to define or explain what constitutes "restrictions" in this context and who must make such "restrictions" so as to bring a document within the scope of this request. The request is overbroad and unduly burdensome because it seeks "[a]ll [d]ocuments" regarding any such "restrictions" regardless of whether those restrictions relate in any way to the claims or defenses at issue in this litigation. Because of this undefined and unrestricted scope, compliance with this request would impose undue burden and expense on the Pac-12.

16

The Pac-12 also objects to this request to the extent the request seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 also objects to this request to the extent it seeks information more appropriately obtained from the NCAA, other conference defendants, or non-parties, which may be able to produce certain subsets of information at less cost and expense than the Pac-12.

The Pac-12 also objects to this request to the extent that it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged, responsive documents and information to the extent such information is contained in the documents that will be produced in response to Request Nos. 1 and 15.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**RESPONSE:** The Pac-12 objects to this request as overbroad and unduly burdensome in that it requests "[a]ll [d]ocuments" related to a broad subject matter, which is not relevant to the claims or defenses at issue in this litigation.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.

The pac-12 also objects to this request in that the use of the undefined terms "policies and practices" and "appearance of athletes" render the request vague, and ambiguous.  As such, the request fails to describe the documents and information sought with reasonable particularity.

17

The Pac-12 also objects to this request to the extent the request seeks information that is outside of the Pac-12's possession, custody and control, publicly available and more appropriately obtained from non-parties.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged, responsive documents and information to the extent such information is contained in the documents that will be produced in response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**RESPONSE:** The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but fails to define what constitutes "finances," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation.  As a result, this

18

request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce copies of its IRS Form 990s for fiscal years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**RESPONSE:**   The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but fails to define what constitutes "finances," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation.  As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 further objects to this request to the extent it seeks information seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The Pac-12 also objects to this request to the extent that it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce copies of its IRS Form 990s for fiscal years 2010 to the present.


**REQUEST FOR PRODUCTION NO. 20**

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

**RESPONSE:**  The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.   The request seeks "[a]ll [d]ocuments" relating to "financial projections" concerning FBS football and Division I men's basketball, but it fails to define what constitutes "financial projections" explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation.   As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 also objects to this request to the extent that it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

**RESPONSE:**  The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating to "commercial contracts" but fails to define what constitutes a "commercial contract," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation.  As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 also objects to this request to the extent that it seeks information that is subject to confidentiality agreements and restrictions.

21

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**RESPONSE:**  The Pac-12 objects to this request as overbroad and unduly burdensome. The request seeks "[a]ll [d]ocuments" concerning a broad topic, and seeks categories of documents, such as employee salaries, without limitation.  The Pac-12 further objects that the request seeks highly sensitive, confidential and proprietary information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

22

**RESPONSE:**  The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating to a broad array of "violations or potential violations" without pointing to specific NCAA or Conference Bylaws and without describing or defining what constitutes a "potential violation" so as to bring a document within the scope of this request.  As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 further objects to this request on the ground that production of documents in response thereto may violate individual privacy rights under federal and state laws, including but not limited to the Family Educational Rights and Privacy Act.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**RESPONSE:**  The Pac-12 objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll [d]ocuments" relating any "study, analysis, or report" regarding the "economic value" of or generated by an NCAA Division I athlete or team,

23

but the request fails to define the phrases "economic value" and "study, analysis, or report" or otherwise describe the documents and information sought with reasonable particularity. Further, the Pac-12 objects to the request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

## REQUEST FOR PRODUCTION NO. 25:

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases: (1) O'Bannon v. NCAA, Case No. 09-cv-3329-CW (N.D. Cal.); (2) Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig., Case No. 09-cv-1967-CW (N.D. Cal.); (3) White v. NCAA, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) Agnew v. NCAA, Case No. 11-3066 (7th Cir.)/Agnew v. NCAA, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) Rock v. NCAA, Case No. 12-cv-1019-JMS (S.D. Ind.).

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, and seeking irrelevant information. The request seeks "[a]ll [d]ocuments" relating in any way to five different lawsuits, none which involved the Pac-12 as a party. The request also fails to appropriately limit the subject matter of the information sought, or the timeframe of responsive documents, so as to be reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request because it would unduly burden the parties and the Court. In seeking all documents and discovery materials from multiple prior cases about bylaws that are not at issue in this litigation, Plaintiffs seek to overwhelm the discovery record and the

24

universe of information in this case well beyond that reasonably necessary to attempt to prove their claims.  The Pac-12 understands that complying with this request would result in the production of millions of pages of documents, without regard to duplication or relevance to the issues in this case.  The request is also unnecessarily duplicative, as  many of the discoverable NCAA documents—i.e. those that are relevant, or likely to lead to the discovery of relevant evidence—would be produced to the Plaintiffs in response to their other requests, and could be better sought through properly drafted requests.

The Pac-12 further objects to this request to the extent it seeks information that is publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 also objects to this request because it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 responds that the parties are currently engaged in negotiations regarding production of a subset of the documents sought in this request.  The Pac-12 reserves all rights and objections regarding the subject matter of this request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To the Documents requested in Request for Production No. 25.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, and seeking irrelevant information.  The request seeks "[a]ll [d]ocuments" relating in any way to documents produced, exchanged or filed in five different lawsuits, none which involved the Pac-12 as a party.  The request also fails to appropriately limit the subject matter of the information sought, or the timeframe of responsive documents, so as to be reasonably calculated to lead to the discovery of admissible evidence.  The request is also ambiguous and improper in seeking documents "relating to" other documents sought in request number 25 above.

25

The Pac-12 also objects to this request because it would unduly burden the parties and the Court.  In seeking all documents and discovery materials from multiple prior cases about bylaws that are not at issue in this litigation, Plaintiffs seek to overwhelm the discovery record and the universe of information in this case well beyond that reasonably necessary to attempt to prove their claims.  The Pac-12 understands that complying with this request would result in the production of millions of pages of documents, without regard to duplication or relevance to the issues in this case.  The request is also unnecessarily duplicative, as  many of the discoverable NCAA documents—i.e. those that are relevant, or likely to lead to the discovery of relevant evidence—would be produced to the Plaintiffs in response to their other requests, and could be better sought through properly drafted requests.

The Pac-12 further objects to this request to the extent it seeks information that is publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information.  The request seeks "any survey, poll, focus group, study, report, or analysis" without defining any of those terms.  Likewise, the request seeks all documents "concerning potentially, hypothetically, or actually providing or making available to athletes" various forms of payments without explaining what constitutes a potential or hypothetical payment and without defining "athletes" or otherwise limiting that term

26

to college athletes.  The request also seeks undefined information concerning the impact or effect of such "hypothetical" payments on such amorphous subjects as "the popularity of college sports and/or consumer behavior."   Again, the request doesn't explain who must undertake such a hypothetical or potential analysis of such "potential, hypothetical, or actual impact[s] or effect[s]" so as to bring a document within the scope of this request.  Thus, the request fails to describe the information sought with reasonable particularity.  For similar reasons, the request is overbroad and compliance with the request would impose an undue burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

## REQUEST FOR PRODUCTION NO. 28:

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information.  The request seeks "any survey, poll, focus group, study, report, or analysis" without defining any of those terms.  Likewise, the request seeks all documents "consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming" FBS football and Division I men's basketball or "any related sports products" without defining or anyway limiting those terms.  Moreover, the request doesn't explain who must undertake such a "survey, poll, study, report, or

other analysis" so as to bring a document within the scope of this request. Thus, the request fails to describe the information sought with reasonable particularity. For similar reasons, the request is overbroad and compliance with the request would impose an undue burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**RESPONSE:** The Pac-12 objects to this request as overbroad, unduly burdensome, vague, and ambiguous. Specifically, the request fails to define or otherwise explain what is encompassed by "promotion or marketing" and fails to define "athletes" or otherwise limit that term to college athletes involved in the sports at issue in this case.

The Pac-12 further objects to this request as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence in its request for "[a]ll [d]ocuments" concerning this undefined, broad category of information without regard to the relevancy of that information to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

28

1    **RESPONSE:**  The Pac-12 objects to this request to the extent it seeks documents

2    protected from disclosure by the attorney-client privilege, the work product doctrine, or other

3    similar privileges, immunities, or laws.

4    The Pac-12 further objects to this request as overbroad, unduly burdensome, and seeking

5    irrelevant information.  More specifically, the request seeks "[a]ll [d]ocuments" relating to a

6    settlement in another case, in which the Pac-12 was not a party, without any effort to specify the

7    nature of the information sought or its relevance to this litigation.  The simple fact that a

8    document relates to another litigation matter involving the NCAA does not, in and of itself,

9    render the document relevant or discoverable in this matter.  Thus, the request fails to describe

10   the documents and information sought with reasonable particularity, seeks irrelevant

11   information, is impermissibly overbroad, and would impose an undue burden on the Pac-12.

12   The Pac-12 further objects to this request to the extent it seeks information that is outside

13   of the Pac-12's possession, custody and control, publicly available or within the possession of

14   Plaintiffs or their counsel.

15   The Pac-12 further objects to this request to the extent the request is more properly

16   directed to the NCAA, which may be able to produce certain subsets of information with less

17   cost, burden, and expense than the Pac-12.

18

19

20   **REQUEST FOR PRODUCTION NO. 31:**

21   All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D.

22   Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents
     related to the costs to Defendants and their member schools of implementation of the settlement
     agreement and its effects on athletic competition, the popularity of college sports, and

23   participation in intercollegiate athletics.

24   **RESPONSE:** The Pac-12 objects to this request to the extent it seeks documents

25   protected from disclosure by the attorney-client privilege, the work product doctrine, or other

26   similar privileges, immunities, or laws.

27

28

The Pac-12 further objects to this request as overbroad, unduly burdensome, and seeking irrelevant information.  More specifically, the request seeks "[a]ll [d]ocuments" relating to a settlement in another case, in which the Pac-12 was not a party, without any effort to specify the nature of the information sought or its relevance to this litigation.  The simple fact that a document relates to another litigation matter involving the NCAA does not, in and of itself, render the document relevant or discoverable in this matter.  The request also fails to define or explain phrases such as "implementation of the settlement agreement" and includes incredibly wide-ranging, vague requests for information on topics such as the settlement's "effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics."  Thus, the request fails to describe the documents and information sought with reasonable particularity, seeks irrelevant information, is impermissibly overbroad, and would impose an undue burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.


**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**RESPONSE:** The Pac-12 objects to this request as overbroad an unduly burdensome in that it requests "[a]ll [d]ocuments" relating to a broad category of information, which is unrelated to the claims or defenses at issue in the litigation.  The Pac-12 further objects that this request as vague and ambiguous because it fails to define the phrase "distribution and payouts."

Thus, the request fails to describe the documents and information sought with reasonable particularity and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

**RESPONSE:** The Pac-12 objects to this request as vague and ambiguous, overbroad, and unduly burdensome in that it seeks "[a]ll [d]ocuments" relating to "loss-of-value insurance policies for athletes," which is an undefined, broad category of information that has no relationship to the claims or defenses at issue in the litigation. Accordingly, the request does not identify the information sought with reasonable particularity and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 also objects to this request to the extent it seeks information outside of the Pac-12's possession, custody, or control or seeks information more appropriately obtained from other parties or non-parties.

31

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**RESPONSE:**   The Pac-12 objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The information sought is not useful in establishing or disproving any fact at issue to the claims or defenses in this litigation and thus is wholly irrelevant.   Further, the request for "[a]ll [d]ocuments" concerning this broad category of information is impermissibly overbroad and would impose undue cost and burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

1    **RESPONSE:** The Pac-12 objects to this request as vague, ambiguous, overbroad, unduly

2    burdensome, seeking irrelevant information, and not reasonably calculated to lead to the

3    discovery of admissible evidence.   The request seeks "[a]ll [d]ocuments" relating to

4    "correspondence with and inquiries from" a variety of governmental and legislative bodies and is

5    not tailored to correspondence or inquiries that might relate to the NCAA Division I rules at

6    issue in this litigation.  Collection of the requested information would impose undue burden and

7    expense on the Pac-12, and the request is not reasonably calculated to lead to the discovery of

8    admissible evidence.

9        The Pac-12 further objects to this request to the extent it seeks information that is outside

10   of the Pac-12's possession, custody and control, publicly available or within the possession of

11   Plaintiffs or their counsel.

12       The Pac-12 further objects to this request to the extent it seeks information protected

13   from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

14   immunities, or laws.

15       Subject to and without waiver of the foregoing general and specific objections, the Pac-

16   12 will produce non-privileged documents dated January 1, 2010 through March 17, 2014 that

17   constitute correspondence or inquiries, and the responses thereto, from the U.S. Senate, U.S.

18   House of Representatives, members of Congress, and/or Congressional Committees and/or

19   Subcommittees, or any state legislative bodies, related to Division I FBS football or men's

20   basketball and NCAA Division I or Pac-12 bylaws that limit or preclude member schools from

21   providing student-athletes with athletics-related financial aid or payments in excess of Grant-in-

22   Aid.

23

24   **REQUEST FOR PRODUCTION NO. 36:**

25       All Documents Relating To any NCAA Division I school leaving or potentially leaving
26   one NCAA member conference and/or joining or potentially joining another NCAA member
     conference.

27

28
                                              33

**RESPONSE:**  The Pac-12 objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The information sought is not useful to establish or disprove any fact at issue to the claims or defenses in this litigation and thus it is wholly irrelevant.  Further, the request for "[a]ll [d]ocuments" concerning this broad category of information is impermissibly broad and would impose undue cost and burden on the Pac-12.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control, publicly available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**RESPONSE:**  The Pac-12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes help integrate athletes into their academic communities" that the Pac-12 may assert.  Discovery in this matter has just begun, and the Pac-12 has not yet completed formulation of its legal and factual defenses.

The Pac-12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents that it intends to use to support its contentions at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

34

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Relating To Your contention that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product(s).

**RESPONSE:**  The Pac-12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product" that the Pac-12 may assert.  Discovery in this matter has just begun, and the Pac-12 has not yet completed formulation of its legal and factual defenses.

The Pac-12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents that it intends to use to support its contentions at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

**RESPONSE:**  The Pac-12 objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all non-privileged [d]ocuments" referencing or regarding this litigation.  Documents or information created after the initiation of this litigation are unlikely to contain discoverable information, and the collection and review of all such documents mentioning this litigation, which certainly would

35

require the review of almost exclusively privileged materials, would impose undue costs and burden on the Pac-12 with little likelihood of the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**RESPONSE:** The Pac-12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any affirmative defense or other defense that the Pac-12 may assert. Discovery in this matter has just begun, and the Pac-12 has not yet completed formulation of legal and factual defenses.

The Pac-12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents that it intends to use to support its affirmative and other defenses at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**RESPONSE:** The Pac-12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any claimed pro-competitive justification that the Pac-12 may assert. Discovery in this matter has just begun, and the Pac-12 has not yet completed formulation of its legal and factual defenses.

36

The Pac-12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents that it intends to use to support its claimed pro-competitive justifications at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

**RESPONSE:**   The Pac-12 objects to this request as premature and overbroad in its request for "[a]ll [d]ocuments" that the Pac-12 intends to "rely upon or reference" at any hearing or trial in this matter.  Discovery in this matter has just begun, and the Pac-12 has not yet completed formulation of its legal and factual defenses.

The Pac-12 further objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce non-privileged documents that it intends to use at any hearing or trial in this matter at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

Dated:  December 18, 2014                              **PROSKAUER ROSE LLP**

                                                        _/s/ Scott P. Cooper_
                                          By:           Scott P. Cooper

**CERTIFICATE OF SERVICE**

I declare that:  I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On December 18, 2014, I served the foregoing documents described as:

THE PAC-12 CONFERENCE'S RESPONSES AND OBJECTIONS TO *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

☒       by causing ☐ the original ☒ true copies thereof to be delivered to:

See attached SERVICE LIST

☒       If by Email:  By transmitting a true and correct copy thereof via electronic facsimile transmission to the above/below listed email address.

☐       If by U.S. Mail:   I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 18, 2014, at Los Angeles, California.

| | |
|---|---|
| Jacquelyn N. Ferry | */s/ Jacquelyn N. Ferry* |
| Type or Print Name | Signature |

38

1

2

**SERVICE LIST**

| NCAA – Skadden, Arps, Slate, Meagher & Flom LLP | |
|---|---|
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |
| **Big Ten Conference – Mayer Brown LLP** | |
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |
| **Big Ten Conference – Barrett Law P.C.** | |
| Jon Barrett | jab@barrettlawpc.com |
| **Southeastern Conference – Robinson Bradshaw & Hinson** | |
| Robert Fuller | rfuller@rbh.com |

39

| | |
|---|---|
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |
| **Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP** | |
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |
| **Atlantic Coast Conference – Smith Moore Leatherwood LLP** | |
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |
| **Atlantic Coast Conference – Holland & Knight LLP** | |
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |
| **Big 12 Conference & Conference USA – Polsinelli** | |
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |

| | |
|---|---|
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin C. Block | bblock@cov.com |
| Matthew D. Kellogg | mkellogg@cov.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Brent E. Rychener | brent.rychener@bryancave.com |
| Steven B. Smith | steve.smith@bryancave.com |
| Richard R. Young | richard.young@bryancave.com |
| Adam Brezine | adam.brezine@bryancave.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| James P. Conroy | jconroy@walterhav.com |
| **Mid-American Conference – Bullivant Houser Bailey PC** | |
| Andrew B. Downs | andy.downs@bullivant.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark A. Cunningham | mcunningham@joneswalker.com |
| Jose L. Martinez, Jr. | jmartinez@joneswalker.com |
| **Western Athletic Conference – Bradley Devitt Haas & Watkins, P.C.** | |
| Jon T. Bradley | jon@goldenlawyers.com |
| **Plaintiff Shawne Alston and Nicholas Kindler – Hagens Berman Sobol Shapiro LLP** | |
| Jon T. King | jonk@hbsslaw.com |
| Jeff D Friedman | jefff@hbsslaw.com |

41

| Steve W. Berman | steve@hbsslaw.com |
|---|---|
| Ashley Bede | ashleyb@hbsslaw.com |
| Robert B. Carey | rob@hbsslaw.com |
| **Plaintiff Shawne Alston and Nicholas Kindler - Pearson Simon & Warshaw LLP** | |
| Bruce Lee Simon | bsimon@pswlaw.com |
| Thomas Kay Boardman | tboardman@pswlaw.com |
| William James Newsom | wnewsom@pswlaw.com |
| Ben Shiftan | bshiftan@pswlaw.com |
| Aaron Sheanin | asheanin@pswlaw.com |
| **Plaintiff Shawne Alston – Minami Tamaki LLP** | |
| Derek G. Howard | dhoward@minamitamaki.com |
| Jack Wing Lee | jlee@minamitamaki.com |
| Sean Tamio Tamura-Sato | seant@minamitamaki.com |
| **Plaintiff Kendall Gregory-McGhee - Lockridge Grindal Nauen PLLP** | |
| W. Joseph Bruckner | wjbruckner@locklaw.com |
| Richard A. Lockridge | ralockridge@locklaw.com |
| Heidi M. Silton | hmsilton@locklaw.com |
| Elizabeth R. Odette | erodette@locklaw.com |
| **Plaintiff Kendall Gregory-McGhee - Pritzker Law** | |
| Elizabeth C. Pritzker | ecp@pritzker-law.com |
| Bethany L. Caracuzzo | bc@pritzker-law.com |
| Shiho Yamamoto | sy@pritzker-law.com |
| **Plaintiff Alex Lauricella - The Dugan Law Firm** | |
| James R. Dugan II | jdugan@dugan-lawfirm.com |
| Chad Joseph Primeaux | cprimeaux@dugan-lawfirm.com |

42

| David Baylis Franco | dfranco@dugan-lawfirm.com |
|---|---|

**Plaintiffs Sharrif Floyd, Kyle Theret, Duane Bennett, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Gustafson Gluek PLLC**

| Daniel E. Gustafson | dgustafson@gustafsongluek.com |
|---|---|
| Michelle J. Looby | mlooby@gustafsongluek.com |
| Jason S. Kilene | jkilene@gustafsongluek.com |

**Plaintiffs Sharrif Floyd, Kyle Theret, Duane Bennett, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Zelle Hofmann Voelbel Mason & Gette LLP**

| Daniel S. Mason | dmason@zelle.com |
|---|---|
| Jiangxiao Athena Hou | ahou@zelle.com |
| Lee A. Hutton III | lhutton@zelle.com |
| Richard M. Hagstrom | rhagstrom@zelle.com |
| Shawn D. Stuckey | sstuckey@zelle.com |

**Plaintiffs Sharrif Floyd, Kyle Theret, Chris Stone, John Bohannon, Ashley Holliday and Chris Davenport - Hausfeld LLP**

| Michael D. Hausfeld | mhausfeld@hausfeldllp.com |
|---|---|
| Hilary Kathleen Scherrer | hratway@hausfeldllp.com |
| Sathya S. Gosselin | sgosselin@hausfeldllp.com |
| Swathi Bojedla | sbojedla@hausfeldllp.com |
| Bruce J. Wecker | bwecker@hausfeldllp.com |
| Christopher L. Lebsock | clebsock@hausfeldllp.com |
| Michael P. Lehmann | mlehmann@hausfeldllp.com |

**Plaintiff Dax Dellenbach – Lieff Cabraser Heimann & Bernstein LLP**

| Eric B. Fastiff | efastiff@lchb.com |
|---|---|
| Brendan Patrick Glackin | bglackin@lchb.com |
| Katherine Collinge Lubin | klubin@lchb.com |

43

| Lin Yee Chan | lchan@lchb.com |
|---|---|
| **Plaintiffs Martin Jenkins, Johnathan Moore, Kevin Perry and William Tyndall – Winston & Strawn LLP** | |
| James S. Richter | jrichter@winston.com |
| Melissa Steedle Bogad | mbogad@winston.com |
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Sean G. Wieber | swieber@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Ian Papendick | ipapendick@winston.com |
| Sean D. Meenan | smeenan@winston.com |
| Rebecca Formanek Furman | rfurman@winston.com |

44

# EXHIBIT 11

ROBERT W. FULLER, III (*pro hac vice*)
NATHAN C. CHASE JR. (SBN 247526)
MARK W. MERRITT (*pro hac vice*)
LAWRENCE C. MOORE, III (*pro hac vice*)
AMANDA R. PICKENS (*pro hac vice*)
ROBINSON BRADSHAW & HINSON, P.A.
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
Email: nchase@rbh.com
Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: apickens@rbh.com

MARK J. SEIFERT (SBN 217054)
ROBERT R. MOORE (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Jenkins, et al. v. NCAA, et al.* | Case No. 4:14-md-02541-CW |
| MARTIN JENKINS, et al.,<br><br>          Plaintiffs,<br><br>          v. | Case No. 14-cv-02758-CW-NC<br><br>**DEFENDANT SOUTHEASTERN CONFERENCE'S RESPONSES AND OBJECTIONS TO *JENKINS* PLAINTIFFS'** |

1

2
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, et al.,

3
                    Defendants.

**FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO ALL
DEFENDANTS**

4   PROPOUNDING PARTY:            *JENKINS* PLAINTIFFS

5   RESPONDING PARTY:             SOUTHEASTERN CONFERENCE

6   SET NUMBER:                   ONE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Southeastern Conference ("SEC") hereby responds and objects to the *Jenkins* Plaintiffs' First Set of Requests for Production of Documents to All Defendants served by the *Jenkins* Plaintiffs on November 13, 2014 (the "Requests").

## GENERAL OBJECTIONS

1. The SEC has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the SEC. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are given without prejudice to the SEC's right to produce evidence of subsequently discovered documents, and the SEC reserves the right to change any and all responses and objections to the Requests as it completes its investigation.

2. The SEC objects to the Requests to the extent they seek information and/or documents that are not within its possession, custody, or control, that are publically available and/or matters of public record, that are within the files and/or particular knowledge of Plaintiffs or their agents, or that are otherwise equally available to Plaintiffs.

3. The SEC objects to the Requests insofar as they require the SEC to extend its reasonable investigation to third persons or parties and otherwise do work for Plaintiffs and/or their counsel.

4. The SEC objects to the Requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or similar privileges, immunities, or laws. In particular, the SEC objects to application of the Definitions to the Requests insofar as their application would create an undue burden on the SEC to review, produce or log documents generated by the SEC's outside counsel and documents which

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-CV-02758-CW-NC

constitute communications between the SEC and its outside counsel, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

5. The SEC objects to the Requests, including the Definitions and Instructions, to the extent they would create an undue burden for the SEC and to the extent that the Requests purport to impose obligations on the SEC beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and/or the Court's orders.

6. The SEC objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the SEC beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, or the various stipulations currently being negotiated by the parties: the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, the Stipulated Order Regarding Production of Documents from Certain Other Cases, and the Stipulated Order re: Discovery of Electronically Stored Information.

7. The SEC objects to the Instructions regarding the manner and method of production of electronically stored information as unduly burdensome to the extent they purport to impose obligations on the SEC beyond those agreed to by the parties in the Stipulated Order re: Discovery of Electronically Stored Information currently being negotiated by the parties and to the extent they would require production of documents in a format other than the format in which the document is kept in the ordinary course of business by the SEC, would require the production or creation of information or documents that do not exist or would require production of documents or information in any specific format.

8. Any statement that the SEC will produce documents in response to any Request should not be taken as an indication that such documents exist, but only that the SEC will produce such documents at the offices of the SEC or its counsel at a time and place to be agreed upon if the documents exist, are in its possession, custody, or control, and are not privileged or otherwise

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

exempt from production under applicable law.

9. The SEC objects to each Request to the extent it attempts to seek discovery concerning claims, issues, and/or non–parties that are not at issue in this lawsuit on the ground that such Request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

11. The SEC objects to the Requests to the extent they purport to seek documents containing confidential or proprietary information, confidential information obtained by the SEC under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced.

12. The SEC objects to each Request on the grounds that it is overbroad and unduly burdensome to the extent it is cumulative or duplicative of Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated November 10, 2014, propounded by the CAC Plaintiffs in In re: National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation, Case No. 14-cv-02541-CW (N.D. Cal.). The SEC reserves the right to make combined production(s) of documents that are responsive to either or both sets of Requests to the extent doing so will save the SEC from incurring unnecessary burden or expense.

13. The SEC objects to the Requests to the extent they seek "all documents" relating to a particular topic over multiple years as requiring unreasonable and overbroad searches, collections, and productions of duplicative and irrelevant documents. Such Requests are thus

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 3 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

unduly burdensome relative to the value of such documents to determination of the facts and legal questions at issue in this litigation.

14. The SEC objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or information from SEC member schools, which are independent legal entities whose documents are not within the SEC's possession, custody, and control.

15. As used below, the term "Grant-in-Aid" refers to "full grant-in-aid," which is currently defined by NCAA Division I Bylaw 15.02.5 to mean "financial aid that consists of tuition and fees, room and board, and required course-related books."

16. The SEC objects to the Requests to the extent they seek information and/or documents protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

17. The SEC objects to the Requests, and specifically Instruction 1, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the SEC an obligation to produce documents created prior to January 1, 2010 or after March 17, 2014, the date of the filing of the original complaint in this action. A four year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly, documents dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such documents is unduly burdensome and expensive relative to the value of such information to determination of the facts and legal questions at issue in this litigation. Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence. Review and logging of such documents is unduly burdensome relative to the minimal likelihood of production of non-privileged relevant documents dated after March 17, 2014. Therefore, the SEC's agreement to produce documents in response to any of the below Requests limited to

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 4 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

documents created from January 1, 2010 through March 17, 2014, unless otherwise noted.

18. To the extent The SEC has objected to or refused to produce documents in response to any given Request, and to the extent that Plaintiffs take issue with any such objection or refusal, The SEC is willing to meet-and-confer with Plaintiffs to determine whether a reasonable, mutually-acceptable compromise might be reached.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1:

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**RESPONSE:** The SEC objects to this Request as overbroad to the extent it seeks production of documents dated or in effect before January 1, 2010 and therefore seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request to the extent the Request is more properly directed to the NCAA or other conference defendants, which may be able to produce a subset of documents with less cost, burden, and expense than the SEC.

Subject to and without waiver of the forgoing general and specific objections, the SEC will produce the SEC Manuals with its Constitution and Bylaws (which include the potentially relevant SEC rules) covering academic years 2009-2010 to the present.

## REQUEST FOR PRODUCTION NO. 2:

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

**RESPONSE:** The SEC objects to this Request as overbroad, unduly burdensome, vague, and ambiguous. The Request seeks all documents relating to a broad category of undefined information, i.e. those relating to any "rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

available to athletes . . . ." This language does not define or explain what is required for such rules, bylaws, regulations, restrictions, and/or policies to sufficiently "affect" student-athlete financial aid or payments, so as to bring documents within the ambit of this Request. Thus, the Request is vague, ambiguous, and fails to describe the documents sought with reasonable particularity. Further, the Request for production of "[a]ll [d]ocuments" relating to this ill-defined category of information that may "affect" student-athlete financial aid or payments is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance with the Request would impose an undue burden on the SEC. Moreover, the SEC objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, and upon reaching an agreement with Plaintiffs regarding the scope and parameters of a reasonable search for responsive documents and related costs, the SEC will produce non-privileged documents located through the agreed search parameters and procedures relating to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist, are within the SEC's possession, custody, or control, and have not already been produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a) amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b) legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**RESPONSE:** The SEC objects to this Request as overbroad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "[a]ll [d]ocuments" relating to paragraphs of loosely strung together categories of undefined information "in any form and from any source" and concerning both "proposed" and "actual changes" in "bylaws, rules, policies, and practices" of defendants and non-defendants. The Request is then expanded even further in scope by the inclusion of "including, but not limited to" language which serves to adds even more vague categories of documents. The Request also fails to explain who must make a "proposed" change, revision, amendment, or modification so as to bring a document within the scope of this Request. Not only are the categories of documents set out in the Request vague, ambiguous, and undefined, they are not reasonably limited in scope and seek documents that are wholly irrelevant to the claims or defenses at issue in this litigation. Thus, the Request fails to describe the documents sought with reasonable particularity and improperly seeks to shift Plaintiffs' discovery burdens to the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, and upon reaching an agreement with Plaintiffs regarding the scope and parameters of a reasonable search for responsive documents and related costs, the SEC will produce non-privileged documents located through the agreed search parameters and procedures relating to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist, are within the SEC's possession, custody, or control, and have not already been produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**RESPONSE:**  The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request seeks documents concerning non-athletic "compensation," and therefore seeks documents not relevant to the

claims or defenses at issue in this litigation.  Moreover, in seeking "[a]ll [d]ocuments related to this broad subject matter, the Request is impermissibly overbroad and would impose an undue burden and expense on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that *non-athlete* students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

**RESPONSE:**  The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request seeks documents concerning rules related to "non-athlete" students, and therefore seeks documents not relevant to the claims or defenses at issue in this litigation.  Moreover, in seeking "[a]ll [d]ocuments related to this broad subject matter, the Request is impermissibly overbroad and would impose an undue burden and expense on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating To the consideration and/or adoption of proposals regarding the NCAA's Division I governance model, including, but not limited to, all Documents and Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

**RESPONSE:**  The SEC objects to this Request as vague and ambiguous.  The Request does not define or otherwise describe who must give "consideration" of a "proposal" or what constitutes a "proposal" so as to bring a document within the scope of this Request.  Further, the Request fails to define terms such as "governance model" that are integral to the Request.  Thus, the Request fails to describe the documents sought with reasonable particularity.  In addition, the SEC objects to this Request as overbroad and unduly burdensome because it seeks "[a]ll [d]ocuments" relating to a broad category of information and is not relevant to the claims or defenses at issue in this litigation.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, and upon reaching an agreement with Plaintiffs regarding the scope and parameters of a reasonable search for responsive documents and related costs, the SEC will produce non-privileged documents located through the agreed search parameters and procedures relating to NCAA legislative Proposal No.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

2014-2, to the extent such documents exist, are within the SEC's possession, custody, or control, and have not already been produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**RESPONSE:** The SEC objects to this Request as vague, ambiguous, and overbroad, and because it seeks irrelevant information. The Request fails to define what documents are sought regarding the NCAA Presidential Retreat and thus it fails to describe the documents sought with reasonable particularity. Further, the Request impermissibly seeks "[a]ll [d]ocuments" relating to this "Presidential Retreat" without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation – rendering the Request overbroad and making compliance with the Request unduly burdensome on the SEC.

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

**RESPONSE:** The SEC objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information. The Request fails to define what material is sought regarding the NCAA Division I Working Group and thus it fails to describe the material sought with reasonable particularity. Further, the Request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information without regard to whether the

SOUTHEASTERN CONFERENCE'S RESPONSES AND OBJECTIONS TO *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW & HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

documents are relevant in any way to the claims or defenses at issue in this litigation.  Thus, the Request is impermissibly broad and compliance with the Request would cause the SEC undue burden.

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, and upon reaching an agreement with Plaintiffs regarding the scope and parameters of a reasonable search for responsive documents and related costs, the SEC will produce non-privileged documents located through the agreed search parameters and procedures relating to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist, are within the SEC's possession, custody, or control, and have not already been produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**RESPONSE:**  The SEC objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information.  The Request fails to define what

documents are sought regarding the NCAA Division I Presidential Advisory Group and thus it fails to describe the documents sought with reasonable particularity.  Further, the Request impermissibly seeks "[a]ll [d]ocuments" relating to this broad category of information without regard to whether the documents are relevant in any way to the claims or defenses at issue in this litigation.  Thus, the Request is impermissibly broad and compliance with the Request would cause the SEC undue burden.

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

## REQUEST FOR PRODUCTION NO. 10:

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**RESPONSE:**  The SEC objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information in its request for "[a]ll [d]ocuments" relating to any "actual or potential override requests or votes and/or rescission or nullification requests or votes" regarding any NCAA Division I legislation.  This Request impermissibly seeks all documents concerning a broad category of information and fails to define or describe the universe of information sought.  In particular, in addition to seeking an impermissibly broad category of "[a]ll [d]ocuments," the Request fails to explain what is required to meet the threshold for a "potential" vote, what constitutes a "request," or who must make such "potential requests" so as to bring a document within the scope of this Request.  Accordingly, the Request fails to provide the SEC with sufficient notice of the documents sought and fails to such documents with reasonable particularity.  For similar reasons, and because the Request is not

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

limited to legislation changes that may impact or otherwise be relevant to the claims or defenses at issue in this litigation, the Request is overbroad and would impose an undue burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents created after the date upon which this lawsuit was filed because such materials are largely privileged and irrelevant to Plaintiffs' claims.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, and upon reaching an agreement with Plaintiffs regarding the scope and parameters of a reasonable search for responsive documents and related costs, the SEC will produce non-privileged documents located through the agreed search parameters and procedures relating to NCAA legislative Proposals contemplated during the Relevant Time Period to amend NCAA Operating Bylaws so as to allow student athletes to receive athletically-related financial aid in excess of a Full Grant-in-Aid as defined by current NCAA Operating Bylaw 15.02.5, to the extent such documents exist, are within the SEC's possession, custody, or control, and have not already been produced by the NCAA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**RESPONSE:**  The SEC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Request seeks all

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

documents relating to the use of a series of terms without limitation as to who used the term, or limitations on the context in which those terms were used. Insofar as it seeks production of "[a]ll Documents" containing any of the phrases "amateur model," "collegiate model," or "college model" used in any context in communications of any type between the SEC and various entities with whom the SEC has regular interactions, this Request is not reasonably limited in time or scope, and the cost of such discovery outweighs its likely benefit. Compliance with this Request would cause the SEC undue burden and expense and the likelihood of discovering admissible evidence is low when compared to the cost and burden compliance would impose on the SEC.

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**RESPONSE:** The SEC objects to the use of the term "draft entry rules" in this Request on the grounds that it is undefined, vague, and ambiguous as used herein. The SEC further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. To the extent draft eligibility rules adopted by the National Football League and the National Basketball Association (the "Professional Leagues") are relevant to any claim or defense asserted in this litigation, those rules are set forth in collective bargaining agreements entered into by the Professional Leagues that are not within the SEC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to the Professional Leagues, other Defendants, other third parties, or publicly available sources.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

1    The SEC also objects to this Request to the extent it purports to require the SEC to

2   produce documents that are protected from disclosure by the attorney-client privilege, the

3   attorney work product doctrine, or any other applicable privilege or protection from discovery.

4

5   **REQUEST FOR PRODUCTION NO. 13:**

6    All Documents Relating To athletes or prospective athletes hiring, consulting with, or
    seeking advice or guidance from agents.
7

8    **RESPONSE:**  The SEC objects to this Request as vague, ambiguous, overbroad, unduly

9   burdensome, and seeks information neither relevant to these proceedings nor reasonably

10  calculated to lead to the discovery of admissible evidence.   The Request seeks irrelevant

11  information in its request for "[a]ll [d]ocuments" relating to any "hiring, consulting with, or

12  seeking advice or guidance from agents."   This Request impermissibly seeks all documents

13  concerning a broad category of information without regard to whether the documents are

14  relevant in any way to the claims or defenses at issue in this litigation and fails to define or

15  describe the universe of information sought.   Moreover, interactions between athletes or

16  "prospective" athletes and sports agents have no bearing or relevance to any claim or defense

17  asserted in this litigation, particularly insofar as this Request is not limited in scope to such

18  interactions involving student athletes.

19   The SEC further objects to this Request on the ground that production of documents in

20  response thereto may violate individual privacy rights under U.S. state and federal laws,

21  including but not limited to the FERPA.

22   The SEC further objects to this Request to the extent it purports to require the SEC to

23  produce documents not within its possession, custody, or control, and/or which are equally if not

24  more readily available from other sources, including but not limited to other Defendants,

25  Member Schools, other third parties, or publicly available sources.

26

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 16 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

The SEC objects to this Request to the extent it purports to require the SEC to produce documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**RESPONSE:** The SEC objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, and because it seeks irrelevant information. The Request seeks "[a]ll [d]ocuments" relating to "any athlete's receipt or potential receipt" of payment, compensation, or remuneration "in any form or from any source" in exchange for the athlete's autograph. The Request fails to define what constitutes a "potential receipt" in this context, nor does it define "athlete" or otherwise limit that term to college athletes. Further, the Request seeks "[a]ll [d]ocuments" in this overbroad and undefined category. Thus, the Request fails to describe the documents sought with reasonable particularity and impermissibly seeks documents and information wholly unrelated to the claims or defenses at issue in this litigation. In other words, this Request is overbroad and compliance would cause the SEC to incur undue cost and burden and is unlikely to lead to the discovery of admissible evidence. Moreover, the SEC objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control and more appropriately obtained from non-parties.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 17 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**RESPONSE:**  The SEC objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Moreover, NCAA Division I Men's Basketball Championship Participating Team Manuals are issued by the NCAA to Division I men's basketball programs that qualify for the NCAA Division I Basketball Championship.  Thus, the SEC further objects to this Request to the extent it purports to require the SEC to produce documents not within its possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  To the extent plaintiffs seek discovery of any NCAA Division I Men's Basketball Championship Participating Team Manuals that are not publicly available, such documents are available from the NCAA and/or the appropriate NCAA member schools.  The SEC also objects to this Request on the ground that it impermissibly seeks to enlarge the Relevant Time Period for this litigation, defined herein.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**RESPONSE:**  The SEC objects to this Request on the grounds that it is overbroad, and unduly burdensome, and seeks information neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence.  Documents related to licensing for the use or display of certain products or trademarks at athletic events have no bearing or relevance to any claim or defense asserted in this litigation.  Moreover, the SEC objects to this Request to the extent it purports to require the SEC to produce documents related to such

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 18 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

licensing at athletic events that are not sanctioned or administered by the SEC, that are not within the SEC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources. The SEC also objects to this Request to the extent it purports to require the SEC to produce documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**RESPONSE:** The SEC objects to the use of the terms "policies and practices" and "appearance of athletes" in this Request on the grounds that they are undefined, vague, and ambiguous as used herein. Moreover, this Request is unduly burdensome insofar as it seeks production of "[a]ll Documents" relating to any "policies and practices" of the NCAA, the Conference Defendants, or any individual Member Schools regarding "the appearance of athletes" at conferences and interviews without describing what constitutes a student athlete's "appearance" for purposes of plaintiffs' Request. As such, this Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide the SEC with sufficient notice of the documents or information sought, as would be necessary for the SEC to determine whether a particular document falls within the scope of this Request. The SEC further objects to this Request on the ground that it seeks documents neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence. Rules, regulations, or policies related to the "appearance" of student athletes at media events have no bearing or relevance to any claim or defense asserted in this litigation. The SEC also objects to this Request to the extent it purports to require the SEC to produce documents that would be unreasonably burdensome to locate (or even to determine whether such documents are

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

in the possession, custody or control of the SEC) and that are related to rules, regulations, or policies that were not promulgated by the SEC, that are not within the SEC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

## REQUEST FOR PRODUCTION NO. 18:

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**RESPONSE:** The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but fails to define what constitutes "finances" or explain the relevance of this broad category of information to the claims or defenses at issue. As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

1   immunities, or laws, including but not limited to protections for financial privacy and tax

2   returns..

3       Subject to and without waiver of the foregoing general and specific objections, the SEC

4   will produce copies of its IRS Form 990s for fiscal years 2010 to the present.

5   **REQUEST FOR PRODUCTION NO. 19:**

6       All Documents from January 1, 2008 through the time of trial Relating To the finances of
    the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by
7   the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or
    filtration, including, but not limited to, profits and losses statements, balance sheets, income
8   statements, financial statements, revenue generation, cash flow statements, bank account records,
    tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or
9   Conferences to the Member Schools.

10      **RESPONSE:**   The SEC objects to this Request because it seeks documents that are

11  irrelevant to the claims and defenses at issue in this litigation and are not reasonably calculated to

12  lead to the discovery of admissible evidence.

13      The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly

14  burdensome.  The Request seeks "[a]ll [d]ocuments" relating to the Defendants' "finances," but

15  fails to define what constitutes "finances" or otherwise limit the information requested to that

16  relevant to the claims or defenses at issue in this litigation.   As a result, this Request is

17  impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

18      The SEC further objects to this Request to the extent it seeks documents protected from

19  disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

20  immunities, or laws, including but not limited to protections for financial privacy and tax returns.

21      The SEC also objects to this Request to the extent it seeks documents that are outside of

22  the SEC's possession, custody and control and more appropriately obtained from other

23  defendants to this litigation.

24      The SEC further objects to this Request to the extent the Request is more properly

25  directed to the NCAA, which may be able to produce certain subsets of documents with less cost,

26  burden, and expense than the SEC.

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 21 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce copies of its IRS Form 990s for fiscal years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 20**

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

**RESPONSE:**   The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome.   The Request seeks "[a]ll [d]ocuments" relating to "financial projections" concerning FBS football and Division I men's basketball, but it fails to define what constitutes "financial projections" or otherwise limit the subject matter of the Request to information relevant to the claims or defenses at issue.   As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws, including but not limited to protections for financial privacy.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

**RESPONSE:** The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and that are not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Request seeks "[a]ll [d]ocuments" relating to "commercial contracts" but fails to define what constitutes a "commercial contract." The Request also may implicate documents that are the subject of confidentiality agreements. As a result, this Request is overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**RESPONSE:** The SEC objects to this Request as overbroad and unduly burdensome. The Request seeks "[a]ll [d]ocuments" concerning a broad topic, and seeks categories of documents, such as employee salaries, without limitation. The SEC further objects that the Request seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws, including but not limited to protections for financial privacy.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**RESPONSE:** The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the SEC objects to this Request on the ground that production of documents in response thereto may violate individual privacy rights under U.S. state and federal laws, including but not limited to the FERPA.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Request seeks "[a]ll [d]ocuments" relating to a broad array of "violations or potential violations" without pointing to specific NCAA or Conference Bylaws and without describing or defining what constitutes a "potential violation" so as to bring a document within the scope of this Request. As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

- 24 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**RESPONSE:**  The SEC objects to this Request as vague, ambiguous, overbroad, and unduly burdensome.  The Request seeks "[a]ll [d]ocuments" relating any "study, analysis, or report" regarding the "economic value" of or generated by an NCAA Division I athlete or team, but the Request fails to define the phrases "economic value" and "study, analysis, or report" or otherwise describe the documents sought with reasonable particularity.  Further, the SEC objects to the Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases: (1) *O'Bannon v. NCAA*, Case No. 09-cv-3329-CW (N.D. Cal.); (2) *Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig.*, Case No. 09-cv-1967-CW (N.D. Cal.); (3) *White v. NCAA*, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) Agnew v. NCAA, Case No. 11-3066 (7th Cir.)/*Agnew v. NCAA*, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) *Rock v. NCAA*, Case No. 12-cv-1019-JMS (S.D. Ind.).

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

1      **RESPONSE:**  The SEC objects to this Request as overbroad, unduly burdensome, and

2  seeking irrelevant information.  The Request seeks "[a]ll [d]ocuments" relating in any way to

3  five different lawsuits, none which involved the SEC as a party.  The Request also fails to

4  appropriately limit the subject matter of the information sought, or the timeframe of responsive

5  documents, so as to be reasonably calculated to lead to the discovery of admissible evidence.

6      The SEC also objects to this Request because it would unduly burden the parties and the

7  Court.  In seeking all documents and discovery materials from multiple prior cases about bylaws

8  that are not at issue in this litigation, Plaintiffs seek to expand the discovery record and the

9  universe of information in this case well beyond that reasonably necessary to attempt to prove

10  their claims.  The SEC understands that complying with this Request would result in the

11  production of millions of pages of documents, without regard to duplication or relevance to the

12  issues in this case.  The Request is also unnecessarily duplicative, as  many of the discoverable

13  NCAA documents—*i.e.*, those that are relevant, or likely to lead to the discovery of admissible

14  evidence—would be produced to the Plaintiffs in response to their other Requests, and could be

15  better sought through properly drafted Requests.

16      The SEC further objects to this Request to the extent it seeks documents that are

17  publically available or within the possession of Plaintiffs or their counsel.

18      The SEC also objects to this Request because it is more properly directed to the NCAA,

19  which may be able to produce certain subsets of documents with less cost, burden, and expense

20  than the SEC.

21      Subject to and without waiver of the foregoing general and specific objections, the SEC

22  responds that the parties are currently engaged in negotiations regarding production of a subset

23  of the documents sought in this Request.  The SEC reserves all rights and objections regarding

24  the subject matter of this Request.

25  **REQUEST FOR PRODUCTION NO. 26:**

26      All Documents Relating To the Documents requested in Request for Production No. 25.

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

**RESPONSE:** The SEC objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information. The Request seeks "[a]ll [d]ocuments" relating in any way to documents produced, exchanged or filed in five different lawsuits, none which involved the SEC as a party. The Request also fails to appropriately limit the subject matter of the information sought, or the timeframe of responsive documents, so as to be reasonably calculated to lead to the discovery of admissible evidence. The Request is also ambiguous and improper in seeking documents "relating to" other documents requested above.

The SEC also objects to this Request because it would unduly burden the parties and the Court. In seeking all documents relating to the documents and discovery materials from multiple prior cases about bylaws that are not at issue in this litigation, Plaintiffs seek to expand the discovery record and the universe of information in this case well beyond that reasonably necessary to attempt to prove their claims. The SEC understands that complying with this Request would result in the production of millions of pages of documents, without regard to duplication or relevance to the issues in this case. The Request is also unnecessarily duplicative, as many of the discoverable NCAA documents—i.e. those that are relevant, or likely to lead to the discovery of admissible evidence—would be produced to the Plaintiffs in response to their other Requests, and could be better sought through properly drafted Requests.

The SEC further objects to this Request to the extent it seeks documents that are publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

## REQUEST FOR PRODUCTION NO. 27:

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**RESPONSE:**  The SEC objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information.  The Request seeks "[a]ll [d]ocuments" relating to "any survey, poll, focus group, study, report, or analysis" without defining any of those terms. Likewise, the Request seeks all such documents "concerning potentially, hypothetically, or actually providing or making available to athletes" various forms of payments without explaining what constitutes a potential or hypothetical payment and without defining "athletes" or otherwise limiting that term to college athletes.  The Request also seeks undefined information concerning the impact or effect of such "hypothetical" payments on such amorphous subjects as "the popularity of college sports and/or consumer behavior."  Again, the Request does not explain who must undertake such a hypothetical or potential analysis of such "potential, hypothetical, or actual impact[s] or effect[s]" so as to bring a document within the scope of this Request.  Thus, the Request fails to describe the documents sought with reasonable particularity.  For similar reasons, the Request is overbroad and compliance with the Request would impose an undue burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**RESPONSE:**  The SEC objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking irrelevant information.  The Request seeks "[a]ll [d]ocuments"

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 28 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

evidencing or describing "any survey, poll, focus group, study, report, or analysis" without defining any of those terms. Likewise, the Request seeks all documents concerning "consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming" FBS football and Division I men's basketball or "any related sports products" without defining or in any way limiting those terms. The Request does not explain who must undertake such a "survey, poll, study, report, or other analysis" so as to bring a document within the scope of this Request. Thus, the Request fails to describe the documents sought with reasonable particularity. For similar reasons, the Request is overbroad and compliance with the Request would impose an undue burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

## REQUEST FOR PRODUCTION NO. 29:

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**RESPONSE:** The SEC objects to this Request as overbroad, unduly burdensome, vague, and ambiguous. Specifically, the Request fails to define or otherwise explain what is encompassed by "promotion or marketing" and fails to define "athletes" or otherwise limit that term to college athletes involved in the sports at issue in this case. Further, the Request seeks "[a]ll [d]ocuments" concerning this undefined, broad category of information without regard to the relevancy of that information to the claims or defenses at issue in this litigation.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

The SEC further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiving these objections or its General Objections, the SEC will produce documents responsive to this Request as described in its Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**RESPONSE:**  The SEC objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other similar privileges, immunities, or laws.

The SEC further objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information.  More specifically, the Request seeks "[a]ll [d]ocuments" relating to a settlement in another case, in which the SEC was not a party, without any effort to specify the nature of the information sought or its relevance to this litigation.  The simple fact that a document relates to another litigation matter involving the NCAA does not, in and of itself, render the document relevant or discoverable in this matter.  Thus, the Request fails to describe the documents sought with reasonable particularity, seeks irrelevant documents, is impermissibly overbroad, and would impose an undue burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

**RESPONSE:** The SEC objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other similar privileges, immunities, or laws.

The SEC further objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information. More specifically, the Request seeks "[a]ll [d]ocuments" relating to a settlement in another case, in which the SEC was not a party, without any effort to specify the nature of the information sought or its relevance to this litigation. The simple fact that a document relates to another litigation matter involving the NCAA does not, in and of itself, render the document relevant or discoverable in this matter. The Request also fails to define or explain phrases such as "implementation of the settlement agreement" and includes incredibly wide-ranging, vague requests for information on topics such as the settlement's "effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics." Thus, the Request fails to describe the documents sought with reasonable particularity, seeks irrelevant information, is impermissibly overbroad, and would impose an undue burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**RESPONSE:** The SEC objects to this Request as overbroad and unduly burdensome in that it requests "[a]ll [d]ocuments" relating to a broad category of information, which is unrelated to the claims or defenses at issue in the litigation. The SEC further objects that this Request is vague and ambiguous because it fails to define the phrase "distributions or payouts" and thus does not identify the documents sought with reasonable particularity and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiving these or its General Objections, the SEC states that it will produce non-privileged documents sufficient to show total annual distributions by the SEC to affiliated Member Schools of financial aid made available through the NCAA Funds identified in this Request, for academic years within the Relevant Time Period, to the extent such documents exist and are within the SEC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 32 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**RESPONSE:**  The SEC objects to this Request as vague and ambiguous, overbroad, and unduly burdensome in that it seeks "[a]ll [d]ocuments" relating to "loss-of-value insurance policies for athletes," which is an undefined, broad category of information that has no relationship to the claims or defenses at issue in the litigation.  Accordingly, the Request does not identify the documents sought with reasonable particularity and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC also objects to this Request to the extent it seeks documents outside of the SEC's possession, custody, or control or seeks documents more appropriately obtained from other parties or non-parties.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**RESPONSE:**   The SEC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The documents sought are not useful in establishing or disproving any fact at issue to the claims or defenses in this litigation and thus are wholly irrelevant.   Further, the Request for "[a]ll [d]ocuments" concerning "potential unionization" is impermissibly vague and overbroad and would impose undue cost and burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

**RESPONSE:**  The SEC objects to this Request as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.   The Request seeks "[a]ll [d]ocuments" relating to "correspondence with and inquiries from" a variety of governmental and legislative bodies and is not tailored to correspondence or inquiries that might relate to the NCAA Division I rules at issue in this litigation.  Collection of the requested documents would impose undue burden and expense on the SEC, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiving these or its General Objections, the SEC will produce non-privileged documents dated January 1, 2010 through March 17, 2014 that constitute

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

correspondence or inquiries, and the responses thereto, from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, related to Division I FBS football or men's basketball and NCAA Division I or SEC bylaws that limit or preclude member schools from providing student-athletes with athletics-related financial aid or payments in excess of Grant-in-Aid to the extent such documents exist and are within the SEC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**RESPONSE:** The SEC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The documents sought are not useful to establish or disprove any fact at issue to the claims or defenses in this litigation and thus it are wholly irrelevant. Further, the Request for "[a]ll [d]ocuments" concerning this broad category of information is impermissibly broad and would impose undue cost and burden on the SEC.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession custody and control, publically available or within the possession of Plaintiffs or their counsel.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**RESPONSE:** The SEC objects to this Request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes help integrate athletes into their academic communities" that the SEC may assert. Discovery in this

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

1  matter has just begun, and the SEC has not yet completed formulation of its legal and factual

2  defenses.

3      The SEC further objects to this Request to the extent it seeks documents that are

4  protected from disclosure by the attorney-client privilege, the work product doctrine, or other

5  privileges, immunities, or laws.

6      Subject to and without waiver of the foregoing general and specific objections, the SEC

7  will produce non-privileged documents that it intends to use to support its contentions at the time

8  and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and

9  the Orders of this Court.

10 **REQUEST FOR PRODUCTION NO. 38:**

11     All Documents Relating To Your contention that limits on compensation to athletes
   maximize, maintain, or help prevent the decline of consumer demand for the NCAA's
12 product(s).

13     **RESPONSE:**  The SEC objects to this Request as premature and overbroad in its request

14 for "[a]ll [d]ocuments" relating to any contention "that limits on compensation to athletes

15 maximize, maintain, or help prevent the decline of consumer demand for the NCAA's

16 product(s)" that the SEC may assert.  Discovery in this matter has just begun, and the SEC has

17 not yet completed formulation of its legal and factual defenses.

18     The SEC further objects to this Request to the extent it seeks documents that are

19 protected from disclosure by the attorney-client privilege, the work product doctrine, or other

20 privileges, immunities, or laws.

21     Subject to and without waiver of the foregoing general and specific objections, the SEC

22 will produce non-privileged documents that it intends to use to support its contentions at the time

23 and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and

24 the Orders of this Court.

25

26

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

**RESPONSE:**  The SEC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all non-privileged [d]ocuments relating to this litigation.  Documents created after the initiation of this litigation are unlikely to contain discoverable information, and the collection and review of all such documents mentioning this litigation, which certainly would require the review of almost exclusively privileged materials, would impose undue costs and burden on the SEC with little likelihood of the discovery of relevant or admissible evidence.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**RESPONSE:**  The SEC objects to this Request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any affirmative defense or other defense that the SEC may assert.  Discovery in this matter has just begun, and the SEC has not yet completed formulation of its legal and factual defenses.

The SEC further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce non-privileged documents that it intends to use to support its affirmative and other defenses at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 37 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**RESPONSE:**  The SEC objects to this Request as premature and overbroad in its request for "[a]ll [d]ocuments" relating to any claimed pro-competitive justification that the SEC may assert.  Discovery in this matter has just begun, and the SEC has not yet completed formulation of its legal and factual defenses.

The SEC further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce non-privileged documents that it intends to use to support its claimed pro-competitive justifications at the time and to the extent required by, and in accordance with, the Federal Rules of Civil Procedure and the Orders of this Court.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

**RESPONSE:**  The SEC objects to this Request as premature and overbroad in its request for "[a]ll [d]ocuments" that the SEC intends to "rely upon or reference" at any hearing or trial in this matter.  Discovery in this matter has just begun, and the SEC has not yet completed formulation of its legal and factual defenses.

The SEC further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce non-privileged documents that it intends to use at any hearing or trial in this matter

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 38 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

1   at the time and to the extent required by, and in accordance with, the Federal Rules of Civil

2   Procedure and the Orders of this Court.

3

4   Dated:  December 18, 2014      **ROBINSON BRADSHAW & HINSON, P.A.**

5

6                  By:    /s/ Robert W. Fuller
                        Robert W. Fuller, III (*pro hac vice*)

7                        Nathan C. Chase Jr. (SBN 247526)
                        Mark W. Merritt (*pro hac vice*)

8                        Lawrence C. Moore, III (*pro hac vice*)
                        Amanda R. Pickens (*pro hac vice*)

9                        101 N. Tryon St., Suite 1900
                        Charlotte, NC 28246

10                      Telephone: (704) 377-2536
                      Facsimile: (704) 378-4000

11                      Email: nchase@rbh.com
                      Email: rfuller@rbh.com

12                      Email: mmerritt@rbh.com
                      Email: lmoore@rbh.com

13                      Email: apickens@rbh.com

14

15                      Mark J. Seifert (SBN 217054)
                      Robert R. Moore (SBN 113818)

16                      ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

17                      Three Embarcadero Center, 12th Floor
                      San Francisco, CA 94111

18                      Telephone: (415) 837-1515
                      Facsimile: (415) 837-1516

19                      Email: mseifert@allenmatkins.com
                      Email: rmoore@allenmatkins.com

20

21                      Attorneys for Defendant Southeastern Conference

22

23

24

25

26

27

28

ROBINSON BRADSHAW & HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

## PROOF OF SERVICE

I am employed in the County of Mecklenburg, State of North Carolina.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 101 North Tryon Street, Suite 1900, Charlotte, NC 28246.

On December 18, 2014, I served the within document(s) described as: Southeastern Conference's Responses and Objections to *Jenkins* Plaintiffs' First Set of Requests for Production of Documents on the interested parties in this action as stated in the attached service list:

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.  My electronic notification address is phouck@rbh.com.  I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 18, 2014, at Charlotte, North Carolina.

| Pearlynn G. Houck | /s/ Pearlynn G. Houck |
|---|---|
| (Type or print name) | (Signature of Declarant) |

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 40 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO *JENKINS*
PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
14-MD-02541-CW-NC

**In re: National Collegiate Athletic Association**
**Athletic Grant-in-Aid Cap Antitrust Litigation**

**SERVICE LIST**

| | |
|---|---|
| **Plaintiffs' Interim Co-Lead Class Counsel – Winston & Strawn LLP** | |
| Jeffrey L. Kessler | jkessler&@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |
| | |
| **Plaintiffs' Interim Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP** | |
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| | |
| **Plaintiffs' Interim Co-Lead Class Counsel – Pearson, Simon & Warshaw, LLP** | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| **Big Ten Conference – Mayer Brown LLP** | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |
| **Big Ten Conference – Barrett Law P.C.** | |
| Jon Barrett | jab@barrettlawpc.com |
| **Southeastern Conference – Robinson Bradshaw & Hinson** | |
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |
| **Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP** | |
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |
| **Pac-12 Conference – Proskauer Rose LLP** | |
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |
| **Atlantic Coast Conference – Smith Moore Leatherwood LLP** | |
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |
| **Atlantic Coast Conference – Holland & Knight LLP** | |
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |
| **Big 12 Conference & Conference USA – Polsinelli PC** | |
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |

| Wesley Hurst | whurst@polsinelli.com |
|---|---|
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

# EXHIBIT 12

D. ERIK ALBRIGHT (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27410
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6970
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | MDL Docket No. 14-md-2541-CW |
| This Document Relates to: <br><br> MARTIN JENKINS et al. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION et al., <br> Case No. 4:14-cv-02758-CW-NC | **DEFENDANT ATLANTIC COAST CONFERENCE'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

The Atlantic Coast Conference ("ACC"), by and through its undersigned counsel of record, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits its written responses and objections to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests").

**<u>GENERAL OBJECTIONS</u>**

1.  The ACC has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the ACC. Further discovery, investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are given without prejudice to the ACC's right to produce evidence of subsequently discovered information, and the ACC reserves the right to change any and all responses and objections to the Requests as it completes its investigation.

2.  The ACC objects to the Requests, including the Definitions and Instructions, to the extent they seek information and/or documents that are not within its possession, custody, or control, that are publicly available and/or matters of public record, that are within the possession and/or particular knowledge of Plaintiffs or their agents, that are otherwise equally available to Plaintiffs, and/or that have been or will be produced by the NCAA. The ACC further objects to the Requests insofar as they purport to require the ACC to extend its reasonable investigation to third persons or parties and otherwise conduct such investigation of other persons/parties on behalf of Plaintiffs and/or their counsel.

3.  The ACC objects to the Requests, including the Definitions and Instructions, to the extent they seek information protected from disclosure by the attorney-client privilege, the work

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

product doctrine, or similar privileges, immunities, or laws. In particular, the ACC objects to application of the Definitions to the Requests insofar as their application would create an undue burden on the ACC to review, produce or log documents generated by the ACC's outside counsel and documents which constitute privileged communications between counsel and client, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

4. The ACC objects to the Requests, including the Definitions and Instructions, to the extent they would create an undue burden for the ACC in propounding its responses and objections to the Requests or purport to impose obligations on the ACC beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and/or the Court's orders.

5. The ACC objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the ACC beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Order Regarding Production of Documents from Certain Other Cases, entered by the Court on January 8, 2015, and the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015.

6. The ACC objects to the Instructions regarding the manner and method of production of electronically stored information as unduly burdensome to the extent they purport to impose obligations beyond those agreed to by the parties in the Stipulated Order Regarding Discovery of Electronically Stored Information, entered by the Court on March 5, 2015 (the "ESI Protocol"), and to the extent that they would require production of documents in a format other than the format in which the document is kept in the ordinary course of business by the ACC, would require the production or creation of information that does not exist. The ACC will produce documents, if any, in a form consistent with the ESI Protocol.

7. The ACC objects to Instruction Nos. 12-14 on the grounds that they are inconsistent with and seek to impose obligations beyond those required by the Federal Rules of Civil Procedure. The ACC will respond to these Requests consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Court's orders. In particular, the ACC's withholding of any document based on a valid objection should not be deemed to be a waiver of the ACC's right to use such a document at trial. The ACC will identify its trial exhibits at the time required by the Federal Rules of Civil Procedure or the Court, whichever is sooner.

8. The ACC objects to each request to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit on the ground that such request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Any statement that the ACC will produce documents in response to any request should not be taken as an indication that such documents exist, but only that the ACC will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law. The ACC objects to any request to the extent it may be deemed to require the ACC to produce documents in the possession, custody, or control of any party, person, or entity other than the ACC.

10. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

11. The ACC objects to the Requests, including the Definitions and Instructions, to the extent they purport to seek documents containing confidential business or other proprietary

information, confidential information obtained by the ACC under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

12. The ACC objects to the Requests, including the Definitions and Instructions, to the extent they seek "all documents" relating to a particular topic over multiple years as requiring unreasonable and overbroad searches, collections, and productions of duplicative and irrelevant documents. Such requests are thus unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

13. The ACC objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or information from ACC member schools and universities, which are independent legal entities whose information and documents are not within the ACC's possession, custody, and control.

14. The ACC objects to each Request to the extent it seeks production of documents or information that may violate any constitutional, statutory, or common law rights to privacy or confidentiality, including but not limited to the Health Information Portability and Accountability Act ("HIPAA"), the Family Educational Rights and Privacy Act ("FERPA"), and comparable U.S. state or federal laws.

15. The ACC objects to the Requests as overbroad, unduly burdensome, and not

---

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to

impose on the ACC an obligation to produce documents or information created prior to January 1,

2010 or after March 17, 2014, the date of the filing of the original complaint in this action. A four-

year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly,

documents and information dating from prior to January 1, 2010 generally are neither relevant nor

reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and

review of such information is unduly burdensome and expensive relative to the value of such

information to determination of the facts and legal questions at issue in this litigation. Moreover,

documents dated after the commencement of this action are largely privileged, and neither relevant

nor likely to lead to the discovery of admissible evidence. Review and logging of such information

is unduly burdensome relative to the minimal likelihood of production of relevant information

dated after March 5, 2014. Therefore, the ACC's agreement to produce documents or information

in response to any of the below Requests is an agreement to produce documents or information

created from January 1, 2010 through March 5, 2014, unless otherwise expressly noted or as

otherwise as part of a compromise agreement reached on the time period for the production of

certain documents.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 40:**

All documents and data from January 1, 2008 through the time of trial relating to the finances

of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the

NCAA, or to or by any other the Conferences, prior to any aggregation, alteration, processing or

filtration, including but not limited to profits and losses statements, balance sheets, income statements,

financial statements, revenue generation, cash flow statements, bank account records, tax returns 1099

statements, K-1 statements, or any other financial record.

---

**RESPONSE:**

The ACC objects to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute "finances" in this context, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence. The ACC further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent that it seeks documents that are highly confidential and proprietary. The ACC further objects to this Request to the extent that it seeks the production of documents that are not within the ACC's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, third parties, or publicly available sources.

Subject to and without waiver of the foregoing general and specific objections, the ACC will produce documents sufficient to show its revenues, expenses, and distributions to member schools for the 2008 through 2014 years.

**REQUEST FOR PRODUCTION NO. 41**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets,

1  income statements, financial statements, revenue generation, cash flow statements, bank account

2  records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or

3  Conferences to the Member Schools.

4  **RESPONSE:**

5  The ACC objects to this Request on the grounds that it is overbroad, unduly burdensome,

6  irrelevant to the claims and defenses in this litigation, and not reasonably calculated to lead to the

7  discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad category

8  of "[a]ll Documents," this Request does not describe what would constitute "finances" in this context,

9  otherwise fails to describe the requested documents with reasonable particularity as is required by the

10  Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the

11  documents or information sought, as would be necessary for the ACC to determine whether a particular

12  document falls within the scope of this Request, and is thus not reasonably calculated to lead to the

13  discovery of admissible evidence and would thus impose upon the ACC undue cost and burden.  The

14  ACC further objects to this Request to the extent that it seeks documents protected from disclosure by

15  the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The

16  ACC further objects to this Request to the extent that it seeks documents that are highly confidential

17  and proprietary and that may be subject to confidentiality agreements and restrictions.   The ACC

18  further objects to this Request to the extent that it seeks the production of documents that are not within

19  the ACC's possession, custody, or control, and/or which are equally if not more readily available from

20  other sources, including but not limited to other Defendants, third parties, or publicly available sources.

21  The ACC further objects to this Request as duplicative of Request No. 40.

22  Subject to and without waiver of the foregoing general and specific objections, the ACC will

23  produce documents sufficient to show its revenues, expenses, and distributions to member schools for

24  the 2008 through 2014 years.

28

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

**REQUEST FOR PRODUCTION NO. 42:**

All documents and data relating to financial projections concerning Football Bowl Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship, NCAA Division I Women's Basketball Championship, and the College Football Playoff.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute "financial projections" concerning FBS football, Division I men's basketball, and Division I women's basketball, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular document falls within the Scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence and would thus impose upon the ACC undue cost and burden. The ACC further objects to this Request on the grounds that it is not reasonably limited in time and is inconsistent with prior agreements reached on the relevant time period. The ACC further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws. The ACC further objects to this Request to the extent that it seeks documents that are highly confidential and proprietary and that may be subject to confidentiality agreements and restrictions. The ACC further objects to this Request to the extent that it seeks the production of documents that are not within the ACC's possession, custody, or control, and/or

which are equally if not more readily available from other sources, including but not limited to other

Defendants, third parties, or publicly available sources.

Subject to and without waiver of the foregoing general and specific objections, the ACC will

produce documents sufficient to show projected revenues, expenses, and distributions to member

schools for the 2014-2015 and 2015-2016 academic years.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and data relating to any media, sponsorship, licensing, or other commercial

contract entered into by Defendants, including, but not limited to, all contracts licensing the

broadcast or transmission of any Division I men's basketball, Division I women's basketball, or

FBS football contests across any medium (including television, radio, internet broadcasts, or other

forms of electronic dissemination), and concessions agreements, including pouring rights.

**RESPONSE:**

The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly

burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the

discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad category

of "[a]ll Documents," this Request does not describe what would constitute "commercial contract"

concerning FBS football, Division I men's basketball, and Division I women's basketball, otherwise

fails to describe the requested documents with reasonable particularity as is required by the Federal

Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or

information sought, as would be necessary for the ACC to determine whether a particular document

falls within the Scope of this Request, and is thus not reasonably calculated to lead to the discovery of

admissible evidence and would thus impose upon the ACC undue cost and burden.  The ACC further

objects to this Request on the grounds that it is not reasonably limited in time and is inconsistent with

prior agreements reached on the relevant time period.  The ACC further objects to this Request to the

extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent that it seeks documents that are highly confidential and proprietary and that may be subject to confidentiality agreements and restrictions.

Subject to and without waiver of the foregoing general and specific objections, the ACC will produce documents sufficient to show its revenues, expenses, and distributions to member schools for the 2008 through 2014 years and its projected revenues, expenses, and distributions to member schools for the 2014-2015 and 2015-2016 academic years.

**REQUEST FOR PRODUCTION NO. 44:**

All contracts or other agreements executed since or in effect at any time from January 1, 1995 through the time of trial relating to any media, sponsorship, or licensing rights**,** entered into by Defendants, or any subsidiary or related entity in which any Defendant has an ownership interest, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), including any side letters, amendments, or other ancillary agreements.

**RESPONSE:**  The ACC objects to this Request as excessively vague, ambiguous, overbroad, unduly burdensome, and because it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, in addition to seeking an impermissibly broad category of "[a]ll Documents," this Request does not describe what would constitute "commercial contract" concerning FBS football, Division I men's basketball, and Division I women's basketball, otherwise fails to describe the requested documents with reasonable particularity as is required by the Federal Rules of Civil Procedure, and does not provide the ACC with sufficient notice of the documents or information sought, as would be necessary for the ACC to determine whether a particular

document falls within the Scope of this Request, and is thus not reasonably calculated to lead to the discovery of admissible evidence and would thus impose upon the ACC undue cost and burden.  The ACC further objects to this Request on the grounds that it is not reasonably limited in time and is inconsistent with prior agreements reached on the relevant time period.  The ACC further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.  The ACC further objects to this Request to the extent that it seeks documents that are highly confidential and proprietary and that may be subject to confidentiality agreements and restrictions.

1  Date: September 17, 2015.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMITH MOORE LEATHERWOOD LLP


By: _____/s/ D. Erik Albright_____
D. ERIK ALBRIGHT (*pro hac vice*)
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 378-5400
Email: erik.albright@smithmoorelaw.com

JONATHAN P. HEYL (*pro hac vice*)
101 N. Tryon St., Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
Email: jon.heyl@smithmoorelaw.com

**HOLLAND & KNIGHT LLP**
CHARLES L. COLEMAN III (SBN 65496)
ADANNA M. LOVE (SBN 280538)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com
Email: adanna.love@hklaw.com

Attorneys for Defendant
ATLANTIC COAST CONFERENCE

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I caused a true and correct copy of the foregoing

Defendant Atlantic Coast Conference's Responses and Objections to *Jenkins* Plaintiffs' Second Set

of Requests for Production of Documents to All Defendants to be served by e-mail upon the

following counsel of record for the parties as follows:

| **Plaintiffs' Co-Lead Class Counsel – Winston & Strawn LLP** | |
|---|---|
| Jeffrey L. Kessler | jkessler@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |
| **Plaintiffs' Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP** | |
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| **Plaintiffs' Interim Co-Lead Class Counsel – Simon & Warshaw, LLP** | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

**Big Ten Conference – Mayer Brown LLP**

| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

**Big Ten Conference – Barrett Law P.C.**

| Jon Barrett | jab@barrettlawpc.com |

**Southeastern Conference – Robinson Bradshaw & Hinson**

| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

**Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP**

| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

**Pac-12 Conference – Proskauer Rose LLP**

| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

**Atlantic Coast Conference – Smith Moore Leatherwood LLP**

| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

**Atlantic Coast Conference – Holland & Knight LLP**

| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

**Big 12 Conference & Conference USA – Polsinelli PC**

| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |

DEF. ATLANTIC COAST CONFERENCE RESPONSES TO PLS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS - No. 4:14-md-2541-CW / Case No. 4:14-cv-02758-CW-NC

| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

/s/   D. Erik Albright
D. Erik Albright (pro hac vice)

# EXHIBIT 13

1   LEANE K. CAPPS (PRO HAC VICE)
    POLSINELLI PC
2   2950 N. HARWOOD, SUITE 2100
    DALLAS, TX 75201
3   TELEPHONE: (214) 661-5537
    FACSIMILE: (214) 397-0033
4   EMAIL: LCAPPS@POLSINELLI.COM

5   WESLEY D. HURST (SBN 127564)
    POLSINELLI LLP
6   2049 CENTURY PARK EAST
    SUITE 2300
7   LOS ANGELES, CA 90067
    TELEPHONE: (310) 556-1801
8   FAX: (310) 556-1802]

9   MIT S. WINTER (SBN 238515)
    AMY D. FITTS (PRO HAC VICE)
10  POLSINELLI PC
    900 W. 48TH PLACE
11  KANSAS CITY, MO 64112
    TELEPHONE: (816) 753-1000
12  FACSIMILE: (816) 753-1536
    EMAIL: MWINTER@POLSINELLI.COM
13  EMAIL: AFITTS@POLSINELLI.COM

14  *ATTORNEYS FOR DEFENDANT*
    *THE BIG 12 CONFERENCE, INC.*
15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18                    **OAKLAND DIVISION**

19  IN RE: NATIONAL COLLEGIATE          Case No. 4:14-md-2541-CW
    ATHLETIC ASSOCIATION
20  ATHLETIC GRANT-IN-AID CAP           **DEFENDANT THE BIG 12**
    ANTITRUST LITIGATION                **CONFERENCE, INC.'S RESPONSES TO**
21                                      **PLAINTIFFS' THIRD SET OF**
                                        **REQUESTS FOR PRODUCTION OF**
22                                      **DOCUMENTS TO ALL DEFENDANTS**

23  ────────────────────────────
    This Document Relates to:
24
    ALL ACTIONS EXCEPT
25
    *Jenkins v. Nat'l Collegiate Athletic*
26  *Ass'n*
    Case No. 14-cv-0278-CW
27

28                                      -1-

51270352.1

COMES NOW Defendant The Big 12 Conference, Inc. (the "Big 12"), by and through its counsel of record, hereby responds and objects to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants, as stated below. Where indicated, documents will be produced in the manner that they are kept in the ordinary course of business.

## OBJECTIONS TO DEFINITIONS

1. The Big 12 objects to each definition set forth in this section of the Requests to the extent it purports to require production of documents or information held or controlled by the Big 12 member schools and universities, which are independent legal entities whose information and documents are not within the Big 12's possession, custody, and control.

## OBJECTIONS TO INSTRUCTIONS

1. The Big 12 objects to each paragraph of the section labeled "Instructions" to the extent the instructions set forth therein would (a) create undue burden for the Big 12 when propounding its responses and objections to the Requests; and/or (b) impose obligations on the Big 12 that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure. The Big 12 will respond to the Requests consistent with its obligations under the Federal Rules of Civil Procedure.

2. The Big 12 objects to each paragraph of this section that purports to impose an obligation on the Big 12 with regard to the collection and production of Electronically Stored Information ("ESI") that (a) is inconsistent with the obligations created by the Federal Rules of Civil Procedure; (b) would require production of documents in a format other than the format in which the document is kept in the ordinary course of business

51270352.1

by the Big 12; (c) is inconsistent with the Stipulated Order re: Discovery of Electronically Stored Information agreed to and entered by the Court as a stipulation in this case; and/or (d) would require the production or creation of information that does not exist. Such instructions create undue burden. The Big 12 is willing to meet and confer regarding the format of production of the ESI it will be collecting and producing in discovery in this litigation.

## GENERAL OBJECTIONS

The Big 12 makes the following general objections to the Requests. The Big 12 incorporates these general objections into each of the Big 12's responses as if fully stated therein.

1. The Big 12 objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the Big 12 beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015, the Stipulated Order Regarding Production of Documents from Certain Other Cases, entered by the Court on January 8, 2015, and the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on March 6, 2015.

2. The Big 12 has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the Big 12. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to

51270352.1

1   known facts, and establish entirely new factual conclusions and legal contentions, all

2   of which may lead to substantial additions to, changes in, and variations from the

3   contentions set forth below. The following responses are given without prejudice to

4   the Big 12's right to produce evidence of subsequently discovered information, and

5   the Big 12 reserves the right to supplement and/or change any and all responses given

6   below as additional information, analysis, and legal research is completed and

7   contentions are made in accordance with its obligations under Federal Rules of Civil

9   Procedure 26 and 34.

3.  The Big 12 objects to any Request to the extent it may be deemed to require the Big

    12 to produce documents or other information in the possession, custody, or control

    of any party, person, or entity other than the Big 12. In particular, the Big 12 objects

    to the Requests to the extent they seek production of documents or information

    related to third-parties, or anticipate that the Big 12 will engage in the collection of

    documents or information from third parties, including, without limitation, Big 12

    member schools and universities which are independent legal entities whose

    documents and information are not within the Big 12's possession, custody, or

    control, other conferences, the NCAA, or individuals who have participated in

    NCAA-sponsored intercollegiate athletics. The Big 12 further objects to the Requests

    to the extent they seek information that is publicly available, is within the files and/or

    particular knowledge of Plaintiffs or their agents, or is otherwise equally available to

    Plaintiffs.

4.  The Big 12 objects to the Requests to the extent they seek information protected from

    disclosure by the attorney-client privilege, the work product doctrine, or similar

51270352.1

privileges, immunities, or laws.  In particular, the Big 12 objects to application of the Definitions to the Requests insofar as their application would create an undue burden on the Big 12 to review, produce or log documents generated by the Big 12's counsel and documents which constitute communications between the Big 12 and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

5. Any statement that the Big 12 will produce documents or other information in response to any Request should not be taken as an indication that such documents exist, but only that the Big 12 will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law.

6. The Big 12 objects to each Request to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit. Such Requests seek information that is neither relevant nor likely to lead to the discovery of relevant evidence, are burdensome and expensive to collect, review, and produce. Thus, these Requests are overly broad and unduly burdensome because they expand the scope of the litigation beyond the pleadings.

7. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility. The Big 12's responses to the Requests should not be interpreted as a waiver of any objections the Big 12 may later assert, including, but

not limited to, objections as to the admissibility of any response or document or category of documents at trial. The Big 12 reserves all its objections to the use and admissibility of any proffered evidence, whether or not produced by the Big 12, including those based on privilege, relevance, and materiality.

8.  The Big 12 objects to the Requests to the extent they purport to seek information and/or documents containing confidential business or other proprietary information, confidential information obtained by the Big 12 under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

9.  The Big 12 objects to the Requests to the extent they seek information protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

10. The Big 12 objects to the Requests, including the relevant time period, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the Big 12 an obligation to

-6-
DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
Case No. 4:14-md-2541-CW

51270352.1

produce documents or information created prior to January 1, 2010 or after March 5, 2014, the date of the filing of the original complaint in this action. A four year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly, documents and information dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such information is unduly burdensome and expensive relative to the value of such information to determination of the facts and legal questions at issue in this litigation. Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence. Review and logging of such information is unduly burdensome relative to the minimal likelihood of production of relevant information dated after March 5, 2014. Therefore, the Big 12's agreement to produce documents or information in response to any of the below Requests is an agreement to produce documents or information created from January 1, 2008 through March 5, 2014, unless otherwise noted.

11. By agreeing to search for, collect and/or produce information and/or documents responsive to any particular Request, the Big 12 does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations or assumptions contained therein.

12. The Big 12 objects to the Requests to the extent they seek documents and information on NCAA-sponsored athletics programs other than Division I Football Bowl Subdivision Football or Division I Men's Basketball or Division I Women's Basketball. The Big 12 objects further to any request that as drafted purports to seek

DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
Case No. 4:14-md-2541-CW

51270352.1

documents and information related to NCAA Division II and Division III bylaws, athletic competition or activities.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 40**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**RESPONSE**:  The Big 12 objects to Request No. 40 because it seeks information that is not relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to Request No. 40 because it seeks proprietary and commercially sensitive and highly confidential information that is not relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to Request No. 40 on the grounds that it seeks the production of "documents and data" from January 1, 2008 to the "time of trial" and therefore the scope of the Request is overbroad and not limited to the time period that is relevant in the case, which is January 1, 2010 to March 5, 2014.

The Big 12 further objects to Request No. 40 on the grounds that it is vague, ambiguous, and nonsensical and fails to describe with reasonable particularity the documents and data to be produced. It seeks all documents and data "as reported" and fails to define or describe with reasonable particularity the documents and data that it is seeking that would be "prior to any aggregation, alteration, processing or filtration."

The Big 12 further objects to Request No. 40 as overbroad and unduly burdensome and that it fails to describe the documents sought with reasonable particularity as it seeks "[a]ll

51270352.1

documents and data" relating to the "finances" of the NCAA, other Conference Defendants, and Member Schools, but fails to define what constitutes "relating to the finances" or "any other financial record."

This Big 12 objects further to Request No. 40 to the extent it seeks information that is not in the Big 12's possession, custody, and control because it is information relating to the "finances" of the NCAA, other Conference Defendants, and/or Member Schools and is more appropriately directed to those entities.

The Big 12 further objects to Request No. 40 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Big 12 will produce its Forms 990.

## REQUEST FOR PRODUCTION NO. 41:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to Member Schools.

**RESPONSE**: The Big 12 objects to Request No. 41 because it seeks information that is not relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to Request No. 41 because it seeks proprietary and commercially sensitive and highly confidential information that is not relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Big 12 further objects to Request No. 41 on the grounds that it seeks the production of "documents and data" from January 1, 2008 to the "time of trial" and therefore the scope of the Request is overbroad and not limited to the time period that is relevant in the case, which is

-9-
DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
Case No. 4:14-md-2541-CW

1  January 1, 2010 to March 5, 2014.

2  The Big 12 further objects to Request No. 41 on the grounds that it is vague, ambiguous,
3  and nonsensical and fails to describe with reasonable particularity the documents and data to be
4  produced. It seeks all documents and data "as reported" and fails to define or describe with
5  reasonable particularity the documents and data that it is seeking that would be "prior to any
6  aggregation, alteration, processing or filtration."

7  The Big 12 further objects to Request No. 41 as overbroad and unduly burdensome and
8  that it fails to describe the documents sought with reasonable particularity as it seeks "[a]ll
9  documents and data" relating to the "finances" of the NCAA, other Conference Defendants, and
10  Member Schools, but fails to define what constitutes "relating to the finances" or "any other
11  financial record."

12  This Big 12 objects further to Request No. 41 to the extent it seeks information that is not
13  in the Big 12's possession, custody, and control because it is information relating to the
14  "finances" of the NCAA, other Conference Defendants, and/or Member Schools and is more
15  appropriately directed to those entities.

16  The Big 12 further objects to Request No. 41 to the extent it seeks information protected
17  from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,
18  immunities, or laws.

19  The Big 12 further objects to this Request as duplicative of Request Number 40.

20  The Big 12 will produce its Forms 990.

21  **REQUEST FOR PRODUCTION NO. 42:**

22  All documents and data relating financial projections concerning Football Bowl
23  Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball,
including, but not limited to, the NCAA Division I Men's Basketball Championship, NCAA
24  Division I Women's Basketball, and the College Football Playoff.

25  **RESPONSE:** The Big 12 objects to Request No. 42 because it seeks information that is not
26  relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to
27  lead to the discovery of admissible evidence.

28
-10-
DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
Case No. 4:14-md-2541-CW

1        The Big 12 further objects to Request No. 42 because it seeks proprietary, commercially

2  sensitive and highly confidential information that is not relevant to the claims and defenses at

3  issue in this litigation and is not reasonably calculated to lead to the discovery of admissible

4  evidence.

5        The Big 12 further objects to Request No. 42 as vague, ambiguous, overbroad, and

6  unduly burdensome. The Request seeks "[a]ll documents and data" relating to "financial

7  projections" concerning Football Bowl Subdivision (FBS) football, Division I men's basketball,

8  and Division I women's basketball, but fails to define what constitutes "financial projections" or

9  to describe the documents sought with reasonable particularity in order for the Big 12 to

10  determine what types of documents would fall into this overly broad and undefined category. As

11  a result, Request No. 42 is impermissibly overbroad and unduly burdensome.

12        The Big 12 further objects to Request No. 42 to the extent it seeks information protected

13  from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

14  immunities, or laws.

15        The Big 12 further objects to Request No. 42 to the extent it seeks information more

16  appropriately obtained from the NCAA, other conference defendants, or non-parties.

17  **REQUEST FOR PRODUCTION NO. 43:**

18
19        All documents and data relating to any media, sponsorship, licensing, or other commercial contract entered into by the Defendants, including, but not limited to, all contracts
20  licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet
21  broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

22  **RESPONSE:** The Big 12 objects to Request No. 43 because it seeks information that is not

23  relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to

24  lead to the discovery of admissible evidence.

25        The Big 12 objects to Request No. 43 because it seeks proprietary, commercially

26  sensitive and highly confidential information that is not relevant to the claims and defenses at

27  issue in this litigation and is not reasonably calculated to lead to the discovery of admissible

28

51270352.1

1 │ evidence.

2 │     The Big 12 further objects to Request No. 43 as vague, ambiguous, overbroad, and

3 │ unduly burdensome as it seeks "[a]ll documents and data" relating to "any media, sponsorship,

4 │ licensing, or other commercial contract" entered into by the Big 12. For the same reasons, the

5 │ Big 12 also objects to Request No. 43 because it fails to identify the "documents and data"

6 │ sought with reasonable particularity.

7 │     The Big 12 further objects to Request No. 43 to the extent it seeks information protected

8 │ from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

9 │ immunities, or laws.

10 │     The Big 12 further objects to Request No. 43 because the documents and data sought may

11 │ involve agreements with non-parties who have rights that are also proprietary, commercially

12 │ sensitive and highly confidential and those non-parties have not consented to the disclosure of

13 │ that proprietary, commercially sensitive and highly confidential information.

14 │ **REQUEST FOR PRODUCTION NO. 44:**

15 │
16 │     All contracts or other agreements executed since or in effect at any time from January 1, 1995 through the time of trial relating to any media, sponsorship, or licensing rights, entered into by Defendants, or any subsidiary or related entity in which any Defendant has an ownership
17 │ interest, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any
18 │ medium (including television, radio, internet broadcasts, or other forms of electronic
19 │ dissemination), including any side letter, amendments, or other ancillary agreements.

20 │ **RESPONSE**: The Big 12 objects to Request No. 44 because it seeks information that is not

21 │ relevant to the claims and defenses at issue in this litigation and is not reasonably calculated to

22 │ lead to the discovery of admissible evidence.

23 │     The Big 12 objects to Request No. 44 because it seeks proprietary, commercially

24 │ sensitive and highly confidential information that is not relevant to the claims and defenses at

25 │ issue in this litigation and is not reasonably calculated to lead to the discovery of admissible

26 │ evidence.

27 │     The Big 12 further objects to Request No. 44 as vague, ambiguous, overbroad, and

28 │

51270352.1

1   unduly burdensome as it seeks "[a]ll contracts or other agreements" relating to "any media,

2   sponsorship, or licensing rights" entered into by the Big 12 or "any subsidiary or related entity in

3   which any Defendant has an ownership interest." For the same reasons, the Big 12 also objects to

4   Request No. 44 because it fails to identify the documents sought with reasonable particularity.

5           The Big 12 further objects to Request No. 44 to the extent it seeks information protected

6   from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

7   immunities, or laws.

8           The Big 12 further objects to Request No. 44 because the documents and data sought may

9   involve agreements with non-parties who have rights that are also proprietary, commercially

10  sensitive and highly confidential and those non-parties have not consented to the disclosure of

11  that proprietary, commercially sensitive and highly confidential information.

12          The Big 12 further objects to Request No. 44 as overbroad and unduly burdensome to the

13  extent it seeks production of documents dated or "in effect" prior to January 1, 2008 and

14  therefore the scope of the Request is overbroad and not limited to the time period that is relevant

15  in the case, which is January 1, 2010 to March 5, 2014.

16

17

18

19

20

21

22

23

24

25

26

27

28

51270352.1

Dated: September 17, 2015

POLSINELLI PC

By: _____

Leane K. Capps (*pro hac vice*)
POLSINELLI PC
Saint Ann Court
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
Email: lcapps@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI PC
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Email: whurst@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

*Attorneys for Defendant The Big 12
Conference, Inc.*

51270352.1

1

## CERTIFICATE OF SERVICE

2  I, Leane K. Capps, an attorney, hereby certify that on September 17, 2015, I caused a true and
correct copy of the foregoing Defendant The Big 12 Conference, Inc.'s Objections and
3  Responses to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants to
be served by e-mail on all counsel identified in the attached Service List.

4

5

Leane K. Capps
6  POLSINELLI PC
Attorneys for Defendant
7  The Big 12 Conference, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-
DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
Case No. 4:14-md-2541-CW

51270352.1

1

2                                **SERVICE LIST**

3    **Hagens Berman Sobol Shapiro LLP**

4    Jon T. King                        jonk@hbsslaw.com
     Jeff D. Friedman                   jefff@hbsslaw.com
5    Steve W. Berman                    steve@hbsslaw.com
     Ashley Bede                        ashleyb@hbsslaw.com
6    Robert B. Carey                    rob@hbsslaw.com

7    **Pearson Simon & Warshaw LLP**

8    Bruce Lee Simon                    bsimon@pswlaw.com
     Ben Shiftan                        bshiftan@pswlaw.com
9    Aaron Sheanin                      asheanin@pswlaw.com

10   **Winston & Strawn LLP**

11   Jeffrey L. Kessler                 jkessler@winston.com
     David G. Feher                     dfeher@winston.com
12   David L. Greenspan                 dgreenspan@winston.com
     Timothy M. Nevius                  tnevius@winston.com
13   Joseph A. Litman                   jlitman@winston.com
     Derek J. Sarafa                    dsarafa@winston.com
14   Sean Meenan                        smeenan@winston.com
     Jennifer Parsigian                 jparsigian@winston.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       -16-
     DEFENDANT THE BIG 12 CONFERENCE, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF
          REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS
                            Case No. 4:14-md-2541-CW

51270352.1

# EXHIBIT 14

MAYER BROWN LLP
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

MAYER BROWN LLP
Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | MDL Docket No. 14-md-2541-CW |
| This Document Relates to: ALL ACTIONS EXCEPT *Jenkins v. NCAA*, Case No. 4:14-cv-02758-CW | **DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES & OBJECTIONS TO CONSOLIDATED PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**<br><br>Date:<br>Time:<br>Courtroom: Courtroom 2, 4th Floor<br>Before: Hon. Claudia Wilken |

DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES & OBJECTIONS TO CONSOLIDATED
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS;
MDL Docket No. 14-md-2541-CW

Defendant The Big Ten Conference, Inc. ("The Big Ten"), by and through its attorneys and pursuant to Fed. R. Civ. P. 26 and 34, hereby submits its written responses and objections to the Consolidated Plaintiffs' Third Set of Requests for Production of Documents to All Defendants, dated August 14, 2015 (the "Requests").

**GENERAL OBJECTIONS**

1.      Nothing herein shall be construed as an admission by The Big Ten regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by plaintiffs' Requests.  The Big Ten reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents or information The Big Ten produces in response to any Request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action.

2.      The Big Ten objects to each Request, instruction, definition, or directive contained in plaintiffs' Requests to the extent that it purports to impose any obligations on The Big Ten beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any applicable Orders of this Court.

3.      The Big Ten objects to each Request to the extent that it is vague, ambiguous, overly broad, or unduly burdensome or otherwise does not describe the documents or information sought by the Request with "reasonable particularity" as required by Fed. R. Civ. P. 34(b)(1)(A).

4.      The Big Ten objects to each Request, definition, and instruction as overly broad and unduly burdensome to the extent it seeks documents or information that are more readily or equally available to plaintiffs from other sources for whom it is more convenient, less burdensome, or less expensive to produce the requested material, including but not limited to other Defendants, their affiliated Member Schools, other third parties, or publicly available sources.  In addition, The Big Ten states that neither affiliated Member Schools nor delegates of those schools who participate in membership activities associated with The Big Ten are within

The Big Ten's possession, custody, or control.  Accordingly, The Big Ten objects to each Request to the extent it purports to require The Big Ten to search for and produce responsive documents or information that may be in the possession, custody, or control of affiliated Member Schools or other non-parties.

5.   The Big Ten objects to each Request to the extent it seeks documents or information that are not relevant to any party's claim or defense or to the subject matter of this action and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.   The Big Ten objects to each Request insofar as it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.  To the extent that these Requests seek such information, The Big Ten hereby claims such privilege and invokes such protection.  The fact that The Big Ten does not specifically object to an individual Request on the grounds that it seeks privileged or protected material shall not be deemed a waiver of the protection afforded by any applicable privilege.  Similarly, to the extent any documents or information subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.  The Big Ten also reserves its right to redact information contained in documents it may produce in response to these Requests which is protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

7.   The Big Ten objects to each Request to the extent it seeks documents or information that are confidential or otherwise proprietary in nature to The Big Ten, parties to this litigation, or to third parties.   To the extent these Requests call for the production of non-privileged material that is Confidential, Highly Confidential–Counsel Only, or Highly Confidential NCAA Member Financial Data, as defined by the Protective Order and Addendum thereto, The Big Ten will produce non-privileged documents and information subject to the terms of the Order and Addendum.

---

DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES & OBJECTIONS TO CONSOLIDATED PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS;
MDL Docket No. 14-md-2541-CW

8. The Big Ten objects to each Request to the extent it purports to require the production of documents or information that are not maintained by The Big Ten in the form or manner requested.

9. The Big Ten objects to each Request to the extent it seeks the production of documents or information not within The Big Ten's possession, custody, or control, or which cannot be located by a reasonably diligent search, thus making the Requests unduly burdensome.

10. The Big Ten objects to each Request as overly broad and unduly burdensome to the extent it is cumulative or duplicative of any of plaintiffs' prior discovery requests in this litigation, including specifically Consolidated Plaintiffs' First Set of Requests For Production of Documents ("the First Requests"), and First Set of Interrogatories and Second Set of Requests for Production of Documents ("the Second Requests"). The Big Ten further objects to responding to each Request to the extent it is substantially duplicative of Consolidated Plaintiffs' First and Second Requests such that would require an examination of documents or information already produced to plaintiffs by The Big Ten or any other party, as well as those which are readily available from other Defendants, Member Schools, other third parties, and/or publicly available sources.

11. The Big Ten objects to each Request on the grounds that it is overbroad and unduly burdensome to the extent it is cumulative or duplicative of discovery requests propounded by plaintiffs in the *Jenkins* proceedings. The Big Ten reserves the right to make combined production(s) of documents or information that are responsive to discovery requests made in either or both proceedings to the extent doing so will save The Big Ten from incurring unnecessary burden or expense.

12. The Big Ten objects to each Request to the extent it seeks to impose an unreasonable burden on The Big Ten to examine each document or record within its possession, custody, or control to determine whether the document or record is responsive to a Request. The Big Ten further objects to each Request to the extent it seeks to impose an unreasonable burden

on The Big Ten to search for responsive documents or information other than in those places where The Big Ten knows or might reasonably expect such documents or information to exist. In accordance with Fed. R. Civ. P. 26(b)(2) and any other applicable Rules and Orders of the Court, The Big Ten expressly reserves its right not to respond to overbroad, unduly burdensome, or oppressive requests or, alternatively, to shift the cost of searching for and producing documents or information responsive to such Requests onto plaintiffs.

13.     The Big Ten objects to each Request to the extent it is not limited to the time period relevant to this litigation on the grounds that such Requests seek information that are neither relevant to any issue in this action nor calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome.

14.     The Big Ten objects to each Request to the extent it seeks production of documents or information that may violate any constitutional, statutory, or common law rights to privacy or confidentiality, including but not limited to the Family Educational Rights and Privacy Act ("FERPA") and comparable U.S. state or federal laws.

15.     The Big Ten objects to each Request to the extent it seeks production of documents or information related to NCAA athletics programs other than Division I Football Bowl Subdivision ("FBS") programs and NCAA Division I men's and women's basketball programs.

16.     The Big Ten intends no incidental or implied admissions by any of its responses or objections to plaintiffs' Requests. Whether The Big Ten responds or objects to any particular Request should not be interpreted as an admission that The Big Ten accepts or admits the existence of any fact(s) set out or assumed by such Request, that the Requests are proper, that The Big Ten's responses or objections constitute admissible evidence, that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery, that such documents or information are properly discoverable, or that other discovery requests will be treated in a similar fashion in this or any other proceeding. Furthermore, whether The

Big Ten responds to part or all of any particular Request is not intended and should not be construed as a waiver by The Big Ten of any or all objections to such Request or any other Request.

17.     No statement that The Big Ten will produce requested documents or information in response to any given Request shall be deemed a representation that such documents or information exist, but rather is a statement that The Big Ten will undertake to produce responsive, non-privileged documents or information to the extent that they exist, are within its possession, custody, or control, and can be located with a reasonably diligent search.

18.     The Big Ten objects to each "Definition" set forth in these Requests to the extent such definition purports to require The Big Ten to produce information and/or documents beyond The Big Ten's possession, custody, or control.

19.     The Big Ten objects to the definitions of the terms "DOCUMENT(S)" and "DATA" set forth in Definition Nos. 2 and 8, respectively, to the extent they purport to place obligations on The Big Ten to search for and produce documents or electronically-stored information ("ESI") that are broader than or inconsistent with the obligations created by The Federal Rules of Civil Procedure, the Local rules of the Northern District of California, or any applicable Orders of this Court.

20.     The Big Ten objects to the definition of the term "RELATING TO" set forth in Definition No. 3, and also appearing in Definition No. 1(c), on the grounds that it is overly broad and unduly burdensome.  In ordinary usage, words such as "estimating" and "criticizing" are not associated with the defined term.  Similarly, defining the term as "without limitation, [to] the following concepts" and "otherwise involving, in whole or in part" is grossly overbroad and unduly burdensome.  In responding to these Requests, The Big Ten will interpret the term "RELATING TO" consistent with ordinary usage and common understanding.

21.     The Big Ten objects to each and every "Instruction" set forth in the Requests to the extent they purport to impose obligations on The Big Ten broader than or inconsistent with

1   the obligations created by The Federal Rules of Civil Procedure, the Local rules of the Northern

2   District of California, or any applicable Orders of this Court.

3       22.    The Big Ten objects to Instruction No. 2 to the extent it purports to require The

4   Big Ten to provide descriptions of privileged documents or information that would reveal that

5   which is privileged or which is otherwise beyond The Big Ten's reasonable knowledge.  Any

6   privilege log provided by The Big Ten in this matter will conform to the obligations imposed by

7   the Federal Rules of Civil Procedure, Local Rules of the Northern District of California, and

8   Orders of this Court.   The Big Ten reserves its right to redact information contained in

9   documents it may produce in response to these Requests which is protected from disclosure

10   under the attorney-client privilege, the attorney work product doctrine, or any other applicable

11   privilege or protection from discovery.

12       23.    The Big Ten objects to Instructions Nos. 3, 4, 5, 6, 7, 8, and 9 on the grounds that

13   they are unduly burdensome and purport to require The Big Ten to produce documents or ESI in

14   formats other than as required by the Federal Rules of Civil Procedure.   Any information,

15   documents, and/or ESI provided by The Big Ten in response to these Requests will be produced

16   as they are maintained in the ordinary course of The Big Ten's business, or in some other

17   reasonably usable format, and under the terms of the Order entered by the Court governing the

18   production of ESI in this litigation.  *See* ECF No. 208.

19       24.    The Big Ten objects to Instructions Nos. 12, 13, and 14 on the grounds that they

20   are unduly burdensome and inconsistent with the Federal Rules of Civil Procedure.   The Big

21   Ten's responses to these Requests will be made in accordance with and subject to the Federal

22   Rules of Civil Procedure, any applicable Local Rules of the Northern District of California, and

23   Orders of this Court.

24       25.    The Big Ten incorporates by reference these General Objections into each and

25   every specific objection and response below.   The fact that an answer is given, or documents

26   provided by, The Big Ten does not waive any of its general or specific objections.

27

28

DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES & OBJECTIONS TO CONSOLIDATED
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS;
MDL Docket No. 14-md-2541-CW

26.     To the extent The Big Ten has objected to or refused to produce documents in response to any given Request, and to the extent that plaintiffs take issue with any such objection or refusal, The Big Ten is willing to meet-and-confer with plaintiffs to determine whether a reasonable, mutually-acceptable compromise might be reached.

27.     The Big Ten reserves its right to supplement its Objections and Responses as necessary.

### RESPONSES TO SPECIFIC THIRD REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 40**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including but not limited to profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

In addition to its General Objections, The Big Ten objects to this Request because it is unreasonably cumulative and duplicative of other document requests propounded by *Jenkins* Plaintiffs, including Request Nos. 18 and 19 of *Jenkins* Plaintiffs' First Set of Requests for Production.  The Big Ten further objects to this Request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence insofar as it purports to require The Big Ten to search for and produce nearly every conceivable record related to its financial transactions.  In addition, The Big Ten objects to this Request on the ground that it impermissibly seeks to enlarge the relevant time period for this litigation insofar as it seeks financially-related documents or information created after the filing of the Consolidated and Amended Complaint, and to the extent it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence by seeking production of agreements, documents, or information regarding any student-athletes not participating in FBS football or Division I men's and women's basketball programs.

Furthermore, the various documents identified in this Request are unduly burdensome for The Big Ten to assemble and produce, contain voluminous amounts of financially sensitive information that have no bearing or relevance to any claim or defense asserted in this litigation, and are unreasonably cumulative of one another. Moreover, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents and financial information related to entities other than The Big Ten, that are not within The Big Ten's possession, custody, or control.

Subject to and without waiving these or its General Objections, The Big Ten states that it will produce documents sufficient to show its federal tax return Form 990 for tax years within the relevant time period.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its General Objections, The Big Ten objects to this Request because it is unreasonably cumulative and duplicative of other document requests made herein, specifically including Request No. 40 above, as well as to those propounded by *Jenkins* Plaintiffs, including Request Nos. 18 and 19 of *Jenkins* Plaintiffs' First Set of Requests for Production. The Big Ten hereby incorporates by reference, as if fully set forth herein, its objections and response to Request No. 40, above.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and data relating to financial projections concerning Football Bowl Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship, NCAA Division I Women's Basketball Championship, and the College Football Playoff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

In addition to its General Objections, The Big Ten objects to this Request because it is unreasonably cumulative and duplicative of other document requests propounded by *Jenkins* Plaintiffs, including Request No. 20 of *Jenkins* Plaintiffs' First Set of Requests for Production. Insofar as this Request purports to seek production of "[a]ll documents and data" relating in any way to any "financial projections" regarding any aspect of NCAA Division I FBS football or men's and women's basketball without describing what constitutes a "financial projection" for purposes of this Request, the Request is not stated with reasonable particularity as required by the Federal Rules of Civil Procedure and does not provide The Big Ten with sufficient notice of the documents or information sought, as would be necessary for The Big Ten to determine whether a particular document falls within the scope of this Request.  The Big Ten further objects to this Request on the grounds that plaintiffs' request for "[a]ll" such documents and data is overbroad, unduly burdensome, and not reasonably limited in time or scope.  The Big Ten also objects to this Request to the extent it purports to require The Big Ten to produce documents related to "financial projections" that were not prepared by or for the benefit of The Big Ten, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.  Specifically, The Big Ten objects to this Request to the extent it is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than The Big Ten.

**REQUEST FOR PRODUCTION NO. 43**:

All documents and data relating to any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

---

DEFENDANT THE BIG TEN CONFERENCE, INC.'S RESPONSES & OBJECTIONS TO CONSOLIDATED PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS;
MDL Docket No. 14-md-2541-CW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

In addition to its General Objections, The Big Ten objects to this Request because it is unreasonably cumulative and duplicative of other document requests propounded by *Jenkins* Plaintiffs, including Request No. 21 of *Jenkins* Plaintiffs' First Set of Requests for Production and Request No. 1 of *Jenkins* Plaintiffs Second Set of Requests for Production.  The Big Ten also objects to the use of the phrases "commercial contract," "any medium," and "other forms of electronic dissemination" in this Request as undefined, vague, and ambiguous as used herein. The Big Ten further objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it is unlimited in time or scope, and insofar as it seeks information that is neither relevant to these proceedings nor reasonably calculated to lead to the discovery of admissible evidence by seeking production of agreements, documents, or information regarding any student-athletes not participating in FBS football or Division I men's and women's basketball programs.  Moreover, The Big Ten objects to this Request to the extent it purports to require The Big Ten to produce documents or information related to any agreements to which The Big Ten is not a party or intended third-party beneficiary, that are not within The Big Ten's possession, custody, or control, and/or which are equally if not more readily available from other sources, including but not limited to other Defendants, Member Schools, other third parties, or publicly available sources.

The Big Ten has repeatedly informed plaintiffs that it does not dispute that during the relevant time period it was a party to, and/or entered into, agreements concerning media, sponsorship, or licensing rights, including agreements under which certain athletic events and other programming associated with Member Schools affiliated with The Big Ten were broadcast to viewers.  Nor does The Big Ten dispute that it received revenues in connection with these types of agreements during the relevant time period.  However, the terms of these agreements are not at issue in this case.  Responsive documents to this Request, as well as to *Jenkins* Plaintiffs' First Request No. 21 and Second Request No. 1, contain specific terms and conditions of

contractual agreements that are highly competitively sensitive and confidential in nature to both The Big Ten as well as the other parties to those agreements, but have no bearing on or relevance to any claim or defense asserted in this litigation.   Information concerning the revenues generated under these agreements is available from other documents whose production will not create similarly significant confidentiality concerns, such as The Big Ten's federal tax return Form 990.  Hence, any benefit to the discovery of the agreements sought by this Request is outweighed by The Big Ten's legitimate confidentiality concerns, and The Big Ten's compliance with this Request would cause it undue burden, expense, and unnecessary risk of harm.

**REQUEST FOR PRODUCTION NO. 44**:

All contracts or other agreements executed since or in effect at any time from January 1, 1995 through the time of trial relating to any media, sponsorship, or licensing rights**,** entered into by Defendants, or any subsidiary or related entity in which any Defendant has an ownership interest, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), including any side letters, amendments, or other ancillary agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

In addition to its General Objections, The Big Ten objects to this Request on the grounds that it attempts to substantially enlarge the already overly broad and unduly burdensome relevant time period for this litigation in seeking documents dated as early as January 1, 1995—almost twenty years prior to the filing of the Consolidated and Amended Complaint in this case—and through the time of trial.  The Big Ten further objects to this Request because it is unreasonably cumulative and duplicative of other document requests made herein, specifically Request No. 43 above, as well as to those propounded by *Jenkins* Plaintiffs, including *Jenkins* Plaintiffs' First Request No. 21 and Second Request No. 1.  The Big Ten hereby incorporates by reference, as if fully set forth herein, its objections and response to Request No. 43, above.

Dated:  September 17, 2015

Mayer Brown LLP

By:  _/s/ Britt M. Miller_____
Andrew S. Rosenman (SBN 253764)
Britt M. Miller (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com

Richard J. Favretto (*pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
Email: rfavretto@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

# PROOF OF SERVICE

I, Britt M. Miller, declare:

I am employed in Cook County, Illinois.  I am over the age of eighteen years and not a party to the above-captioned action.  My business address is Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois  60606-4637.  On September 17, 2015, I caused a true and correct copy of the foregoing **DEFENDANT THE BIG TEN CONFERENCE INC.'S RESPONSES AND OBJECTIONS TO CONSOLIDATED PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** on the interested parties in this action as identified on the attached Service List:

☒        **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 17, 2015, at Chicago, Illinois.

_/s/ Britt M. Miller_____
Britt M. Miller

PROOF OF SERVICE AND SERVICE LIST;
MDL Docket No. 4:14-md-2541-CW

**SERVICE LIST**

| **Plaintiffs' Interim Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP** | |
|---|---|
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |

| **Plaintiffs' Interim Co-Lead Class Counsel – Winston & Strawn LLP** | |
|---|---|
| Jeffrey L. Kessler | jkessler&@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |

| **Plaintiffs' Interim Co-Lead Class Counsel – Pearson, Simon & Warshaw, LLP** | |
|---|---|
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |

| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
|---|---|
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |

| **NCAA – Schiff Hardin LLP** | |
|---|---|
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Maureen O'Sullivan | MO'Sullivan@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| The Big Ten Conference – Mayer Brown LLP | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

| The Big Ten Conference – Barrett Law P.C. | |
|---|---|
| Jon Barrett | jab@barrettlawpc.com |

| Southeastern Conference – Robinson Bradshaw & Hinson | |
|---|---|
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearl Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

| Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

| Pac-12 Conference – Proskauer Rose LLP | |
|---|---|
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

| Atlantic Coast Conference – Smith Moore Leatherwood LLP | |
|---|---|
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

| Atlantic Coast Conference – Holland & Knight LLP | |
|---|---|
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

| Big 12 Conference & Conference USA – Polsinelli PC | |
|---|---|
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |
| Wesley Hurst | whurst@polsinelli.com |
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |

| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

# EXHIBIT 15

PROSKAUER ROSE LLP
SCOTT P. COOPER (SBN 96905)
  scooper@proskauer.com
JENNIFER L. JONES (SBN 284624)
  jljones@proskauer.com
JACQUELYN N. FERRY (SBN 287798)
  jferry@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:    310-557-2900
Facsimile:    310-557-2193

*Attorneys for Defendant Pac-12 Conference*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br><br>**DEFENDANT THE PAC-12 CONFERENCE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |
| This Document Relates to:<br><br>ALL ACTIONS EXCEPT<br><br>*Jenkins, et al. v. Nat'l Collegiate Athletic Ass'n, et al.*<br><br>Case No. 14-cv-02758-CW | |

PROPOUNDING PARTY:      PLAINTIFFS

RESPONDING PARTY:      PAC-12 CONFERENCE

SET NUMBER:      THREE

-1-

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Pac-12 Conference ("Pac-12"), by and through its counsel of record, hereby responds and objects to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants served by the Consolidated Plaintiffs on August 14, 2015 (the "Requests").

## **GENERAL OBJECTIONS**

1. The Pac-12 has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the Pac-12. Further discovery, independent investigation, legal research, and expert consultation and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are given without prejudice to the Pac-12's right to provide different or additional responses or produce evidence of subsequently discovered information, and the Pac-12 reserves the right to supplement and/or change any and all responses and objections to the Requests as it completes its investigation.

2. The Pac-12 objects to the Requests to the extent they seek information and/or documents that are not within its possession, custody, or control, that are publically available and/or matters of public record, that are within the files and/or particular knowledge of Plaintiffs or their agents, or that are otherwise equally available to Plaintiffs.

3. The Pac-12 objects to the Requests to the extent they seek information and/or documents related to any entity other than the Pac-12 Conference.

4. The Pac-12 objects to the Requests insofar as they require the Pac-12 to extend its reasonable investigation to third persons or parties and otherwise do work for Plaintiffs and/or their counsel.

5. The Pac-12 objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or similar

-2-

privileges, immunities, or laws. In particular, the Pac-12 objects to application of the Definitions to the Requests insofar as their application would create an undue burden on the Pac-12 to review, produce or log documents generated by the Pac-12's counsel and documents which constitute communications between the Pac-12 and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

6.  The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they would create an undue burden for the Pac-12 in propounding its responses and objections to the Requests or purport to impose obligations on the Pac-12 beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and/or the Court's orders.

7.  The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations on the Pac-12 beyond those agreed to by the parties in the Joint Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014, the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order, entered by the Court on July 9, 2015, and the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on March 6, 2015.

8.  The Pac-12 objects to the Instructions regarding the manner and method of production of electronically stored information ("ESI") as unduly burdensome to the extent they would require production of documents in a format other than the format in which the document is kept in the ordinary course of business by the Pac-12, would require the production or creation of information that does not exist or would require production of documents or information in any specific format.

9.  The Pac-12 objects specifically to Instruction 7's direction that the Pac-12 produce ESI stored on "magnetic, optical, or other storage media as 'active' or 'backup' files . . . in

-3-

THE PAC-12'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS (MDL NO. 14-MD-02541-CW)

their native formats with any associated metadata." This instruction is unduly burdensome, would require duplicate and confusing ESI productions, and would require production of privileged material without redaction. The Pac-12 will produce ESI productions by custodian with agreed fields of metadata intact as set forth in the ESI Protocol agreed to and entered by the Court as a stipulated order in this case.

10. The Pac-12 objects specifically to Instruction 8's requirement that database and system files be produced in their entirety in useable form; the request is unduly burdensome, inconsistent with the Pac-12's obligations under the Federal Rules of Civil Procedure, and inconsistent with the ESI Protocol. The Pac-12 will produce ESI in a form consistent with the ESI Protocol agreed to and entered by the Court as a stipulated order in this case.

11. The Pac-12 objects specifically to Instructions 12-14 as inconsistent with and in addition to the Pac-12's obligations under the Federal Rules of Civil Procedure, and thus unduly burdensome. The Pac-12 will respond to and make its document productions in response to these Requests in accordance with its obligations under the Federal Rules and the Orders of this Court.

12. Any statement that the Pac-12 will produce documents or other information in response to any request should not be taken as an indication that such documents exist, but only that the Pac-12 will produce such documents or information at the offices of its counsel at a time and place to be agreed upon if the documents exist in its possession, custody, or control and are not privileged or otherwise exempt from production under applicable law. The Pac-12 objects to any request to the extent it may be deemed to require the Pac-12 to produce documents or other information in the possession, custody, or control of any party, person, or entity other than the Pac-12 Conference.

13. The Pac-12 objects to each request to the extent it attempts to seek discovery concerning claims, issues, and/or non-parties that are not at issue in this lawsuit on the ground that such request is overbroad and unduly burdensome and seeks information and/or documents that are irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.

14. No response provided herein shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all responses are provided without waiving or intending to waive any objections as to relevance, privilege, or admissibility.

15. The Pac-12 objects to the Requests to the extent they purport to seek information and/or documents containing confidential business or other proprietary information, confidential information obtained by the Pac-12 under contractual promise of non-disclosure, or nonpublic personal information, including without limitation, confidential student-athlete information. Relevant documents containing nonpublic personal information including confidential student-athlete information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information. Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to lead to the discovery of relevant evidence will not be produced, as such production is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

16. The Pac-12 objects to the Requests to the extent they seek information protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

17. The Pac-12 objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or other information from Pac-12 member schools and universities, which are independent legal entities whose information and documents are not within the Pac-12's possession, custody, and control.

18. The Pac-12 objects to the Requests, including the definition of "RELEVANT TIME PERIOD," as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek to impose on the Pac-12 an

-5-

obligation to produce documents or information created prior to January 1, 2010 or after March 5, 2014, the date of the filing of the original complaint in this action. A four year statute of limitations applies to the asserted causes of action. 15 U.S.C. § 15b. Accordingly, documents and information dating from prior to January 1, 2010 generally are neither relevant nor reasonably likely to lead to the discovery of admissible evidence, and investigation, collection, and review of such information is unduly burdensome and expensive relative to the value of such information to determination of the facts and legal questions at issue in this litigation. Moreover, documents dated after the commencement of this action are largely privileged, and neither relevant nor likely to lead to the discovery of admissible evidence. Review and logging of such information is unduly burdensome relative to the minimal likelihood of production of relevant information dated after March 5, 2014. Therefore, the Pac-12's agreement to produce documents or information in response to any of the below requests is an agreement to produce documents or information created from January 1, 2010 through March 5, 2014, unless otherwise noted. However, the Pac-12 is willing to consider providing documents created on or after January 1, 2008, where appropriate and consistent with the parties' prior compromise agreement reached on the relevant time period for production of documents.

19. The Pac-12 objects to each request to the extent it seeks "all documents" or "all data" relating to a particular topic over multiple years as requiring unreasonable, overly broad searches, collections, and productions of duplicative and irrelevant documents. Such requests are thus unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.

20. By agreeing to search for, collect and/or produce information and/or documents responsive to any particular request, the Pac-12 does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations or assumptions contained therein.

-6-

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 40**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including but not limited to profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns 1099 statements, K-1 statements, or any other financial record.

**RESPONSE**: The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Among other things, the request seeks "[a]ll documents and data" relating to the Defendants' "finances," but fails to define what constitutes "finances," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation. As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden. In addition, the phrase "as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences" is vague and ambiguous.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The Pac-12 also objects to this request to the extent it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 will produce copies of its IRS Form 990s for fiscal years 2010 to the present.

-7-

**REQUEST FOR PRODUCTION NO. 41**:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**RESPONSE**: The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Among other things, the request seeks "[a]ll documents and data" relating to the Defendants' "finances," but fails to define what constitutes "finances," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation. As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden. In addition, the phrase "as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences" is vague and ambiguous.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The Pac-12 also objects to this request to the extent it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

THE PAC-12'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS (MDL NO. 14-MD-02541-CW)

1    The Pac-12 further objects to this request on the ground that it is entirely duplicative of

2  Request 40.

3    Subject to and without waiver of the foregoing general and specific objections, the Pac-

4  12 will produce copies of its IRS Form 990s for fiscal years 2010 to the present.

5

6  **REQUEST FOR PRODUCTION NO. 42**:

7    All documents and data relating to financial projections concerning Football Bowl
   Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball,
8  including but not limited to, the NCAA Division I Men's Basketball Championship, NCAA
   Division I Women's Basketball Championship, and the College Football Playoff.
9

10   **RESPONSE**:   The Pac-12 objects to this request because it seeks information that is

11  irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to

12  lead to the discovery of admissible evidence.

13   The Pac-12 also objects to this request as overbroad to the extent it fails to appropriately

14  limit the timeframe of responsive documents and is inconsistent with the Pac-12's and Plaintiffs'

15  prior compromise agreement reached on the relevant time period for production of documents.

16   The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly

17  burdensome.  The request seeks "[a]ll documents and data" relating to "financial projections"

18  concerning FBS football, Division I men's basketball, and Division I women's basketball, but it

19  fails to define what constitutes "financial projections" explain the relevance of this broad

20  category of highly sensitive, confidential and proprietary business information, or otherwise limit

21  the information requested to be relevant to the claims or defenses at issue in this litigation.  As a

22  result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur

23  undue cost and burden.

24   The Pac-12 also objects to this request to the extent it seeks information that is subject to

25  confidentiality agreements and restrictions.

26   The Pac-12 further objects to this request to the extent it seeks information protected

27  from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

28
-9-

immunities, or laws.

The Pac-12 further objects to this request to the extent the request is more properly directed to the NCAA, which may be able to produce certain subsets of information with less cost, burden, and expense than the Pac-12.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 is willing to continue to meet and confer regarding the Pac-12's production of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43**:

All documents and data relating to any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

**RESPONSE**:   The Pac-12 objects to this request because it seeks information that is irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The Pac-12 also objects to this request as overbroad to the extent it fails to appropriately limit the timeframe of responsive documents and is inconsistent with the Pac-12's and Plaintiffs' prior compromise agreement reached on the relevant time period for production of documents.

The Pac-12 also objects to this request as vague, ambiguous, overbroad, and unduly burdensome.  The request seeks "[a]ll documents and data" relating to "commercial contracts" but fails to define what constitutes a "commercial contract," explain the relevance of this broad category of highly sensitive, confidential and proprietary business information, or otherwise limit the information requested to be relevant to the claims or defenses at issue in this litigation.  As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 also objects to this request to the extent it seeks information that relates to

-10-

1   contracts entered into by any entity other than the Pac-12 Conference.

2        The Pac-12 further objects to this request to the extent it seeks information that is outside

3   of the Pac-12's possession, custody and control and more appropriately obtained from other

4   defendants to this litigation.

5        The Pac-12 also objects to this request to the extent it seeks information that is subject to

6   confidentiality agreements and restrictions.

7        The Pac-12 further objects to this request to the extent it seeks information protected

8   from disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

9   immunities, or laws.

10       Subject to and without waiver of the foregoing general and specific objections, the Pac-

11  12 is willing to continue to meet and confer regarding the Pac-12's production of documents

12  responsive to this request.

13

14  **REQUEST FOR PRODUCTION NO. 44**:

15       All contracts or other agreements executed since or in effect at any time from January 1,
16  1995 through the time of trial relating to any media, sponsorship, or licensing rights, entered into
    by Defendants, or any subsidiary or related entity in which any Defendant has an ownership
17  interest, including, but not limited to, all contracts licensing the broadcast or transmission of any
    Division I men's basketball, Division I women's basketball, or FBS football contests across any
18  medium (including television, radio, internet broadcasts, or other forms of electronic
    dissemination), including any side letters, amendments, or other ancillary agreements.

19

20  **RESPONSE**:  The Pac-12 objects to this request as overbroad to the extent it seeks

21  production of documents dated or in effect from up to twenty years ago and is inconsistent with

22  the Pac-12's and Plaintiffs' prior compromise agreement reached on the relevant time period for

23  production of documents.

24       The Pac-12 also objects that this request is overbroad, unduly burdensome, and seeks

25  information not reasonably calculated to lead to the discovery of admissible evidence.  The

26  request fails to explain the relevance of this broad category of highly sensitive, confidential and

27  proprietary business information, or otherwise limit the information requested to be relevant to

28

-11-

the claims or defenses at issue in this litigation.  As a result, this request is impermissibly overbroad and compliance would cause the Pac-12 to incur undue cost and burden.

The Pac-12 also objects to this request to the extent it seeks contracts or agreements entered into by any entity other than the Pac-12 Conference.

The Pac-12 further objects to this request to the extent it seeks information that is outside of the Pac-12's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The Pac-12 also objects to this request to the extent it seeks information that is subject to confidentiality agreements and restrictions.

The Pac-12 further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.

The Pac-12 further objects to this request on the ground that it is duplicative of Request 43.

Subject to and without waiver of the foregoing general and specific objections, the Pac-12 is willing to continue to meet and confer regarding the Pac-12's production of documents responsive to this request.


Dated:  September 17, 2015                    **PROSKAUER ROSE LLP**


                                              _/s/ Jennifer L. Jones_
                                    By:       Jennifer L. Jones

**CERTIFICATE OF SERVICE**

I declare that:  I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On September 17, 2015, I served the foregoing documents described as:

DEFENDANT THE PAC-12 CONFERENCE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

☒    by causing ☐ the original ☒ true copies thereof to be delivered to:

See attached SERVICE LIST

☒    If by Email:  By transmitting a true and correct copy thereof via electronic facsimile transmission to the above/below listed email address.

☐    If by U.S. Mail:   I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 17, 2015, at Los Angeles, California.


| Jacquelyn N. Ferry | /s/ Jacquelyn N. Ferry |
|---|---|
| Type or Print Name | Signature |

-13-

**SERVICE LIST**

**Hagens Berman Sobol Shapiro LLP**

| John T. King | jonk@hbsslaw.com |
|---|---|
| Jeff D. Friedman | jefff@hbsslaw.com |
| Steve W. Berman | steve@hbsslaw.com |
| Ashley Bede | ashleyb@hbsslaw.com |
| Robert B. Carey | rob@hbsslaw.com |

**Pearson Simon & Warshaw LLP**

| Bruce Lee Simon | bsimon@pswlaw.com |
|---|---|
| Ben Shiftan | bshiftan@pswlaw.com |
| Aaron Sheanin | asheanin@pswlaw.com |

**Winston & Strawn LLP**

| Jeffrey L. Kessler | jkessler@winston.com |
|---|---|
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Jennifer Parsigian | jparsigian@winston.com |

THE PAC-12'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS (MDL NO. 14-MD-02541-CW)

# EXHIBIT 16

ROBERT W. FULLER, III (*pro hac vice*)
NATHAN C. CHASE JR. (SBN 247526)
MARK W. MERRITT (*pro hac vice*)
LAWRENCE C. MOORE, III (*pro hac vice*)
PEARLYNN G. HOUCK (*pro hac vice*)
AMANDA R. PICKENS (*pro hac vice*)
ROBINSON BRADSHAW & HINSON, P.A.
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
Email: rfuller@rbh.com
Email: nchase@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: phouck@rbh.com
Email: apickens@rbh.com


MARK J. SEIFERT (SBN 217054)
ROBERT R. MOORE (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS EXCEPT<br>*Jenkins, et al. v. NCAA, et al.* | Case No. 4:14-md-02541-CW<br><br>DEFENDANT SOUTHEASTERN CONFERENCE'S RESPONSES AND OBJECTIONS TO CONSOLIDATED PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS |

PROPOUNDING PARTY:          CONSOLIDATED PLAINTIFFS

RESPONDING PARTY:           SOUTHEASTERN CONFERENCE

SET NUMBER:                 THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Southeastern Conference ("SEC") hereby responds and objects to the *Consolidated* Plaintiffs' Third Set of Requests for Production of Documents to All Defendants served on August 14, 2015 (the "Requests").

## GENERAL OBJECTIONS

The SEC makes the following general objections to the Requests.  These general objections shall be incorporated into each of the SEC's responses as if fully rewritten therein.

1.      The SEC has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial.  Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to the SEC. Further investigation and discovery, including expert discovery, and legal research and analysis may lead to substantial additions to, changes in, and variations from the responses set forth below.  The following responses are given without prejudice to the SEC's right to produce evidence of subsequently discovered information, and the SEC reserves the right to supplement and/or change any and all responses in accordance with its obligations under Federal Rules of Civil Procedure 26 and 34.

2.      The SEC objects to the Requests, including the Instructions, to the extent they would create an undue burden for the SEC in propounding its responses and objections to the Requests or purport to impose obligations on the SEC beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California,

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-CV-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

1    and/or the Court's orders.

2        3.    The SEC objects to the Requests, including the Instructions, to the extent they

3    purport to impose obligations on the SEC beyond those agreed to by the parties in the Joint

4    Stipulation Concerning Testifying Expert Discovery, entered by the Court on December 5, 2014,

5    the Stipulated Protective Order Regarding Confidentiality of Documents and Materials, entered

6    by the Court on January 15, 2015, and the Stipulated Order Regarding Production of Documents

7    from Certain Other Cases, entered by the Court on January 8, 2015.   The SEC will respond to

8    the Requests consistent with these agreed upon orders.

9        4.    The SEC objects to the Instructions regarding the manner and method of

10   production of electronically stored information as unduly burdensome, to the extent the

11   Instructions purport to impose obligations on the SEC beyond those agreed to by the parties in

12   the Stipulated Order re: Discovery of Electronically Stored Information, entered by the Court on

13   March 6, 2015 ("ESI Protocol"), and to the extent they would require production of documents

14   or electronically stored information in a format other than the format in which the document or

15   information are kept in the ordinary course of business by the SEC, or would require the

16   production or creation of information or documents that do not exist.  The SEC will produce

17   documents or information, if any, in a form consistent with the ESI Protocol.

18       5.    The SEC objects to the Requests to the extent they seek information and/or

19   documents that are not within its possession, custody, or control – including but not limited to

20   documents or information held or controlled by SEC member institutions, which are independent

21   legal entities whose information and documents are not within the SEC's possession, custody,

22   and control – and information and/or documents that are publically available and/or matters of

23   public record, that are within the files and/or particular knowledge of Plaintiffs or their agents, or

24   that are otherwise equally available to Plaintiffs.

25       6.    The SEC objects to the Requests to the extent they seek production of documents

26   or information created prior to January 1, 2010, as documents and information dating from prior

27

28

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

- 2 -

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

1   to that date are neither relevant nor reasonably likely to lead to the discovery of relevant

2   evidence, and investigation, collection, and review of such information is unduly burdensome

3   and expensive relative to the value of such information to determination of the facts and legal

4   questions at issue in this litigation.

5        7.    The SEC objects to each request insofar as it purports to require searching for,

6   collection of and production of documents created after the date of the filing of the complaint in

7   this lawsuit, because such materials are largely privileged, and neither relevant nor likely to lead

8   to the discovery of relevant evidence.  Review and logging of such information is unduly

9   burdensome given the low likelihood of production of relevant information relative to the burden

10   in amassing it.

11        8.    The SEC objects to the Requests to the extent they seek production of documents

12   or information relating to third parties or anticipate the SEC will engage in collection of

13   documents or information from third parties, including without limitation SEC member

14   institutions, other conferences, or individuals who have participated in NCAA-sponsored

15   intercollegiate athletics.  Such requests seek information outside of the SEC's possession,

16   custody, and control, impose an undue burden on the SEC, and are inconsistent with the

17   obligations imposed by the Federal Rules of Civil Procedure.  The SEC will respond to the

18   Requests solely on its own behalf.

19        9.    The SEC objects to each request to the extent it seeks information protected from

20   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other legal

21   or contractual privilege from or prohibition against disclosure of private information in

22   discovery.

23        10.   The SEC objects to each request to the extent it seeks documents containing

24   confidential business or other proprietary information, confidential information submitted to the

25   SEC under contractual promise of non-disclosure, or confidential student-athlete information.

26   Relevant documents containing confidential information will only be produced in accordance

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 3 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

1  with the protective orders previously entered by this Court. Relevant documents containing

2  confidential student-athlete information may be produced with appropriate redactions designed

3  to minimize the risk of public disclosure of identifiable student-athlete confidential information.

4  Confidential information requested by Plaintiffs that is neither relevant nor reasonably likely to

5  lead to the discovery of relevant evidence will not be produced, as such production is unduly

6  burdensome relative to the value of such information to determination of the facts and legal

7  questions at issue in this litigation.

8        11.    The SEC objects to each request to the extent it attempts to seek discovery

9  concerning non-parties and claims or issues outside of the scope of those alleged in the

10  pleadings. Such requests seek information neither relevant nor likely to lead to the discovery of

11  relevant evidence, are burdensome and expensive to collect, produce and review, unduly expand

12  the scope of the litigation beyond the pleadings, and are thus overly broad and unduly

13  burdensome relative to the value of such information to determination of the facts and legal

14  questions actually at issue in the litigation.

15        12.    Any statement that the SEC will produce non-privileged, responsive documents in

16  response to any request is not intended to convey and should not be taken as an affirmation that

17  such documents exist.

18        13.    No response provided herein, nor any agreement to produce responsive

19  documents, shall be deemed to constitute any agreement or concession that the subject matter of

20  the request at issue is relevant to this action. The SEC's responses to the Requests should not be

21  interpreted as a waiver of any objections the SEC may later assert, including but not limited to

22  objections as to the admissibility of any response or document or category of responses or

23  documents at trial. The SEC reserves all objections to the use and admissibility of any proffered

24  evidence, whether or not produced from SEC files, including those based on privilege, relevance

25  and materiality.

26        14.    The SEC objects to any request to the extent such request as drafted is overly

- 4 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

broad, duplicative, or vague and ambiguous such that collecting and producing responsive documents would be unduly burdensome, excessively expensive and oppressive.

15.     The SEC objects to any request that as drafted purports to seek documents and information related to SEC Division II and Division III bylaws, athletic competition or activities.

16.     The SEC objects to the Requests to the extent they seek information and/or documents protected from disclosure by state and federal confidentiality and privacy laws, including, but not limited to, the Health Information Portability and Accountability Act and the Family Educational Rights and Privacy Act.

17.     By agreeing to search for, collect and/or produce information and/or documents responsive to any particular request, the SEC does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations or assumptions contained therein.

18.     The SEC objects to each request to the extent it seeks "all documents" relating to a particular topic over multiple years as requiring unreasonable, overly broad searching, collection, review and production of duplicative and irrelevant documents, and thus is unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation.  If and to the extent the SEC has agreed or subsequently agrees to produce documents that are in electronic format, the SEC will search for, review, collect and produce information and documents upon agreement with the Plaintiffs on a reasonable number of key custodians and document locations, and a list of search terms that can be used in collecting to create a universe of potentially responsive documents.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

# SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 40:

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including but not limited to profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns 1099 statements, K-1 statements, or any other financial record.

**RESPONSE:**   The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome.   The Request seeks "[a]ll [d]ocuments and data" relating to the Defendants' "finances," but fails to define what constitutes "finances" or explain the relevance of this broad category of information to the claims or defenses at issue.   As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents that are outside of the SEC's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws, including but not limited to protections for financial privacy and tax returns.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 6 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

The SEC further objects to this Request to the extent it seeks documents and/or information that is confidential and proprietary and/or that the SEC is required to maintain in confidence pursuant to contractual obligations to persons or entities not parties to this action.

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce copies of its IRS Form 990s for fiscal years 2008 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and data from January 1, 2008 through the time of trial relating to the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**RESPONSE**    The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome.  The Request seeks "[a]ll [d]ocuments and data" relating to the Defendants' "finances," but fails to define what constitutes "finances" or otherwise limit the information requested to that relevant to the claims or defenses at issue in this litigation.  As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws, including but not limited to protections for financial privacy and tax returns.

The SEC further objects to this Request to the extent it seeks documents and/or information that is confidential and proprietary and/or that the SEC is required to maintain in confidence pursuant to contractual obligations to persons or entities not parties to this action.

The SEC also objects to this Request to the extent it seeks documents that are outside of the SEC's possession, custody and control and more appropriately obtained from other defendants to this litigation.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets of documents with less cost, burden, and expense than the SEC.

Subject to and without waiver of the foregoing general and specific objections, the SEC will produce copies of its IRS Form 990s for fiscal years 2008 to the present.

## REQUEST FOR PRODUCTION NO. 42:

All documents and data relating to financial projections concerning Football Bowl Subdivision (FBS) football, Division I men's basketball, and Division I women's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship, NCAA Division I Women's Basketball Championship, and the College Football Playoff.

**RESPONSE:** The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

The SEC objects to this Request as overbroad and unduly burdensome because it is not limited by date.

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome.  The Request seeks "[a]ll [d]ocuments and data" relating to "financial projections" concerning FBS football and Division I men's basketball, but it fails to define what constitutes "financial projections" or otherwise limit the subject matter of the Request to information relevant to the claims or defenses at issue.  As a result, this Request is impermissibly overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents and/or information that is confidential and proprietary and/or that the SEC is required to maintain in confidence pursuant to contractual obligations to persons or entities not parties to this action.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws, including but not limited to protections for financial privacy.

The SEC further objects to this Request to the extent the Request is more properly directed to the NCAA, which may be able to produce certain subsets documents with less cost, burden, and expense than the SEC.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and data relating to any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball, Division I women's basketball, or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

1    **RESPONSE:**   The SEC objects to this Request because it seeks documents that are

2    irrelevant to the claims and defenses at issue in this litigation and that are not reasonably

3    calculated to lead to the discovery of admissible evidence.

4         The SEC objects to this Request as overbroad and unduly burdensome because it is not

5    limited by date.

6         The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly

7    burdensome.  The Request seeks "[a]ll [d]ocuments and data" relating to "commercial contracts"

8    but fails to define what constitutes a "commercial contract."   As a result, this Request is

9    overbroad and compliance would cause the SEC to incur undue cost and burden.

10        The SEC further objects to this Request to the extent it seeks documents and/or

11   information that is confidential and proprietary and/or that the SEC is required to maintain in

12   confidence pursuant to contractual obligations to persons or entities not parties to this action.

13        The SEC further objects to this Request to the extent it seeks documents protected from

14   disclosure by the attorney-client privilege, the work product doctrine, or other privileges,

15   immunities, or laws.

16

17   **REQUEST FOR PRODUCTION NO. 44:**

18        All contracts or other agreements executed since or in effect at any time from January 1,

19   1995 through the time of trial relating to any media, sponsorship, or licensing rights, entered into

20   by Defendants, or any subsidiary or related entity in which any Defendant has an ownership

21   interest, including, but not limited to, all contracts licensing the broadcast or transmission of any

22   Division I men's basketball, Division I women's basketball, or FBS football contests across any

23   medium (including television, radio, internet broadcasts, or other forms of electronic

24   dissemination), including any side letters, amendments, or other ancillary agreements.

25

26

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 10 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

**RESPONSE:** The SEC objects to this Request because it seeks documents that are irrelevant to the claims and defenses at issue in this litigation and that are not reasonably calculated to lead to the discovery of admissible evidence.

The SEC objects to this Request as overbroad to the extent it seeks production of documents dated or in effect before January 1, 2010, and therefore seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

The SEC also objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Request seeks "[a]ll contracts or other agreements" relating to "media, sponsorship, or licensing rights" but fails to define what constitutes a "media, sponsorship, or licensing rights." As a result, this Request is overbroad and compliance would cause the SEC to incur undue cost and burden.

The SEC further objects to this Request to the extent it seeks documents and/or information that is confidential and proprietary and/or that the SEC is required to maintain in confidence pursuant to contractual obligations to persons or entities not parties to this action.

The SEC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or other privileges, immunities, or laws.


Dated:  September 17, 2015

**ROBINSON BRADSHAW & HINSON, P.A.**

By:  ___/s/ Robert W. Fuller___
Robert W. Fuller, III (*pro hac vice*)
Nathan C. Chase Jr. (SBN 247526)
Mark W. Merritt (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)
Pearlynn G. Houck (*pro hac vice*)
Amanda R. Pickens (*pro hac vice*)
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

- 11 -

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

Facsimile: (704) 378-4000
Email: nchase@rbh.com
Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: phouck@rbh.com
Email: apickens@rbh.com

Mark J. Seifert (SBN 217054)
Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

Attorneys for Defendant Southeastern Conference

- 12 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

1

## PROOF OF SERVICE

2

3        I am employed in the County of Mecklenburg, State of North Carolina.  I am over the age
of eighteen (18) and am not a party to this action.  My business address is 101 North Tryon
Street, Suite 1900, Charlotte, NC 28246.

4

5        On September 17, 2015, I served the within document(s) described as: Southeastern
Conference's Responses and Objections to *Consolidated* Plaintiffs' Third Set of Requests for
Production of Documents on the interested parties in this action as stated in the attached service
6   list:

7   ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on and in accordance
         with a court order or agreement of the parties to accept service by e-mail or electronic
8        transmission, I caused a true copy of the document to be sent to the persons at the
         corresponding electronic address as indicated above on the above-mentioned date.  My
9        electronic notification address is phouck@rbh.com.  I am readily familiar with this firm's
         Microsoft Outlook electronic mail system and did not receive any electronic message or
10       other indication that the transmission was unsuccessful.

11       I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

12

13

14       Executed on September 17, 2015, at Charlotte, North Carolina.

15

16       Pearlynn G. Houck                              /s/ Pearlynn G. Houck
         (Type or print name)                           (Signature of Declarant)

17

18

19

20

21

22

23

24

25

26

27

28

ROBINSON BRADSHAW &
HINSON, P.A.
ATTORNEYS AT LAW
CHARLOTTE

- 13 -

SOUTHEASTERN CONFERENCE'S
RESPONSES AND OBJECTIONS TO
CONSOLIDATED PLAINTIFFS' THIRD SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
14-MD-02541-CW-NC

**In re: National Collegiate Athletic Association**
**Athletic Grant-in-Aid Cap Antitrust Litigation**
*Jenkins, et al. v. NCAA, et al.*

**SERVICE LIST**

| | |
|---|---|
| **Plaintiffs' Interim Co-Lead Class Counsel – Winston & Strawn LLP** | |
| Jeffrey L. Kessler | jkessler&@winston.com |
| David G. Feher | dfeher@winston.com |
| David L. Greenspan | dgreenspan@winston.com |
| Timothy M. Nevius | tnevius@winston.com |
| Joseph A. Litman | jlitman@winston.com |
| Derek J. Sarafa | dsarafa@winston.com |
| Sean Meenan | smeenan@winston.com |
| Rebecca Furman | rfurman@winston.com |
| | |
| **Plaintiffs' Interim Co-Lead Class Counsel – Hagens Berman Sobol Shapiro LLP** | |
| Steve Berman | steve@hbsslaw.com |
| Jeff Friedman | jefff@hbsslaw.com |
| Robert Carey | rob@hbsslaw.com |
| Jon King | jonk@hbsslaw.com |
| | |
| **Plaintiffs' Interim Co-Lead Class Counsel – Pearson, Simon & Warshaw, LLP** | |
| Bruce Simon | bsimon@pswlaw.com |
| Aaron M. Sheanin | asheanin@pswlaw.com |
| Benjamin E. Shiftan | bshiftan@pswlaw.com |
| **NCAA – Skadden, Arps, Slate, Meagher & Flom LLP** | |
| Jeffrey Mishkin | jeffrey.mishkin@skadden.com |
| Karen Hoffman Lent | karen.lent@skadden.com |
| Peter Julian | peter.julian@skadden.com |
| Thomas Leineweber | thomas.leineweber@skadden.com |
| Danielle Moore | danielle.moore@skadden.com |
| Molly Delaney | molly.delaney@skadden.com |
| **NCAA – Schiff Hardin LLP** | |
| Gregory Curtner | GCurtner@schiffhardin.com |
| Robert Wierenga | RWierenga@schiffhardin.com |
| Kimberly Kefalas | KKefalas@schiffhardin.com |
| Jacob Danziger | JDanziger@schiffhardin.com |
| Suzanne Wahl | SWahl@schiffhardin.com |
| Denise Chapman | DChapman@schiffhardin.com |
| Laura Misisian | LMisisian@schiffhardin.com |

| Big Ten Conference – Mayer Brown LLP | |
|---|---|
| Andrew Rosenman | arosenman@mayerbrown.com |
| Britt Miller | bmiller@mayerbrown.com |
| Richard Favretto | rfavretto@mayerbrown.com |

| Big Ten Conference – Barrett Law P.C. | |
|---|---|
| Jon Barrett | jab@barrettlawpc.com |

| Southeastern Conference – Robinson Bradshaw & Hinson | |
|---|---|
| Robert Fuller | rfuller@rbh.com |
| Nathan Chase | nchase@rbh.com |
| Mark Merritt | mmerritt@rbh.com |
| Lawrence Moore | lmoore@rbh.com |
| Amanda Pickens | apickens@rbh.com |
| Pearlynn Houck | phouck@rbh.com |
| Andrew Kasper | akasper@rbh.com |

| Southeastern Conference – Allen Matkins Leck Gamble Mallory & Natsis LLP | |
|---|---|
| Mark Seifert | mseifert@allenmatkins.com |
| Robert Moore | rmoore@allenmatkins.com |

| Pac-12 Conference – Proskauer Rose LLP | |
|---|---|
| Scott Cooper | scooper@proskauer.com |
| Jennifer Jones | jljones@proskauer.com |
| Sarah Kroll-Rosenbaum | skroll-rosenbaum@proskauer.com |
| Shawn Ledingham | sledingham@proskauer.com |
| Jacquelyn Ferry | jferry@proskauer.com |

| Atlantic Coast Conference – Smith Moore Leatherwood LLP | |
|---|---|
| Erik Albright | erik.albright@smithmoorelaw.com |
| Jonathan Heyl | jon.heyl@smithmoorelaw.com |
| Gregory Holland | greg.holland@smithmoorelaw.com |
| Robert Marcus | rob.marcus@smithmoorelaw.com |

| Atlantic Coast Conference – Holland & Knight LLP | |
|---|---|
| Charles Coleman | charles.coleman@hklaw.com |
| Adanna Love | adanna.love@hklaw.com |

| Big 12 Conference & Conference USA – Polsinelli PC | |
|---|---|
| Leane Capps | lcapps@polsinelli.com |
| Mit Winter | mwinter@polsinelli.com |
| Amy Fitts | afitts@polsinelli.com |

| Wesley Hurst | whurst@polsinelli.com |
|---|---|
| Mitchell Raup | mraup@polsinelli.com |
| Kevin Sweeney | ksweeney@polsinelli.com |
| Caitlin Morgan | cmorgan@polsinelli.com |
| Dan McGuire | dmcguire@polsinelli.com |
| Julie Dickerson | jdickerson@polsinelli.com |
| Lori Tiner | ltiner@polsinelli.com |
| Ashlee Yates | ayates@polsinelli.com |
| **American Athletic Conference – Covington & Burling LLP** | |
| Benjamin Block | bblock@cov.com |
| Matthew Kellogg | mkellogg@cov.com |
| Peter Zern | pzern@cov.com |
| **Sun Belt Conference – Jones Walker LLP** | |
| Mark Cunningham | mcunningham@joneswalker.com |
| **Mid-American Conference – Walter Haverfield LLP** | |
| R. Todd Hunt | rthunt@walterhav.com |
| Benjamin Chojnacki | bchojnacki@walterhav.com |
| **Mountain West Conference – Bryan Cave LLP** | |
| Adam Brezine | adam.brezine@bryancave.com |
| Richard Young | richard.young@bryancave.com |
| Brent Rychener | brent.rychener@bryancave.com |
| Steven Smith | steve.smith@bryancave.com |
| **Western Athletic Conference – Bradley Devitt Hass & Watkins, P.C.** | |
| Jon Bradley | jon@goldenlawyers.com |

# EXHIBIT 17

**From:** Feher, David G.
**Sent:** Wednesday, June 01, 2016 3:04 PM
**To:** Rosenman, Andrew S.; Favretto, Richard J.; Provance, Matthew D.; Miller, Britt M.
**Cc:** Jon King (jonk@hbsslaw.com)
**Subject:** NCAA Grant-in-Aid Cap Antitrust Litigation, Pending MTC Issues

Plaintiffs have not received any word from the Big10 that it is willing to have individual negotiations with Plaintiffs regarding the outstanding Motion to Compel issues concerning financial and related documents, notwithstanding Plaintiffs' repeated invitations to do so and such negotiations occurring with the SEC, the Pac-12 and the Big 12. Please let us know as soon as possible whether the Big10 is willing to have such negotiations, since time is short until the June 10 filing deadline for the MTC on unresolved issues.

Unless we hear otherwise, Plaintiffs will take the Big10's silence to mean that it is not willing to produce the documents that the SEC has already agreed to produce, including media and other contracts, financial statements, and projections (in each case with a redaction protocol), and contract negotiation documents as Plaintiffs have narrowed that request.

Regards,

David

# EXHIBIT 18

**From:** Feher, David G.
**Sent:** Wednesday, June 01, 2016 3:00 PM
**To:** 'Erik Albright'; jon.heyl@smithmoorelaw.com; rob.marcus@smithmoorelaw.com; greg.holland@smithmoorelaw.com; charles.coleman@hklaw.com; adanna.love@hklaw.com
**Cc:** Jon King (jonk@hbsslaw.com)
**Subject:** NCAA Grant-in-Aid Cap Antitrust Litigation, Pending MTC Issues

Plaintiffs have not received any word from the ACC that it is willing to have individual negotiations with Plaintiffs regarding the outstanding Motion to Compel issues concerning financial and related documents, notwithstanding Plaintiffs' repeated invitations to do so and such negotiations occurring with the SEC, the Pac-12 and the Big 12. Please let us know as soon as possible whether the ACC is willing to have such negotiations, since time is short until the June 10 filing deadline for the MTC on unresolved issues.

Unless we hear otherwise, Plaintiffs will take the ACC's silence to mean that it is not willing to produce the documents that the SEC has already agreed to produce, including media and other contracts, financial statements, and projections (in each case with a redaction protocol), and contract negotiation documents as Plaintiffs have narrowed that request.

Regards,

David

# EXHIBIT 19

**From:** "Feher, David G." <DFeher@winston.com>
**Date:** May 24, 2016 at 5:12:11 PM PDT
**To:** "Cooper, Scott P." <SCooper@proskauer.com>
**Cc:** "jonk@hbsslaw.com" <jonk@hbsslaw.com>, "Greenspan, David" <DGreenspan@winston.com>, "Kessler, Jeffrey L." <JKessler@winston.com>, "Litman, Joseph" <JLitman@winston.com>, "Meenan, Sean D." <SMeenan@winston.com>, "Stewart, Jennifer M." <JStewart@winston.com>, "Parsigian, Jenifer E." <JParsigian@winston.com>, "Anthony.Dreyer@skadden.com" <Anthony.Dreyer@skadden.com>, "Raoul.kennedy@skadden.com" <Raoul.kennedy@skadden.com>, "jeffrey.mishkin@skadden.com" <jeffrey.mishkin@skadden.com>, "karen.lent@skadden.com" <karen.lent@skadden.com>, "Peter.Julian@skadden.com" <Peter.Julian@skadden.com>, "Thomas.Leineweber@skadden.com" <Thomas.Leineweber@skadden.com>, "Danielle.Moore@skadden.com" <Danielle.Moore@skadden.com>, "Molly.Delaney@skadden.com" <Molly.Delaney@skadden.com>, "GCurtner@schiffhardin.com" <GCurtner@schiffhardin.com>, "RWierenga@schiffhardin.com" <RWierenga@schiffhardin.com>, "KKefalas@schiffhardin.com" <KKefalas@schiffhardin.com>, "JDanziger@schiffhardin.com" <JDanziger@schiffhardin.com>, "SWahl@schiffhardin.com" <SWahl@schiffhardin.com>, "DChapman@schiffhardin.com" <DChapman@schiffhardin.com>, "LMisisian@schiffhardin.com" <LMisisian@schiffhardin.com>, "arosenman@mayerbrown.com" <arosenman@mayerbrown.com>, "BMiller@mayerbrown.com" <BMiller@mayerbrown.com>, "rfavretto@mayerbrown.com" <rfavretto@mayerbrown.com>, "cjkelly@mayerbrown.com" <cjkelly@mayerbrown.com>, "jab@barrettlawpc.com" <jab@barrettlawpc.com>, "rfuller@rbh.com" <rfuller@rbh.com>, "nchase@rbh.com" <nchase@rbh.com>, "MMerritt@rbh.com" <MMerritt@rbh.com>, "lmoore@rbh.com" <lmoore@rbh.com>, "apickens@rbh.com" <apickens@rbh.com>, "phouck@rbh.com" <phouck@rbh.com>, "akasper@rbh.com" <akasper@rbh.com>, "rharrington@rbh.com" <rharrington@rbh.com>, "mseifert@allenmatkins.com" <mseifert@allenmatkins.com>, "rmoore@allenmatkins.com" <rmoore@allenmatkins.com>, "Jones, Jennifer L." <jljones@proskauer.com>, "Ferry, Jacquelyn" <jferry@proskauer.com>, "Ledingham, Jr., Shawn S." <sledingham@proskauer.com>, "erik.albright@smithmoorelaw.com" <erik.albright@smithmoorelaw.com>, "jon.heyl@smithmoorelaw.com" <jon.heyl@smithmoorelaw.com>, "greg.holland@smithmoorelaw.com" <greg.holland@smithmoorelaw.com>, "rob.marcus@smithmoorelaw.com" <rob.marcus@smithmoorelaw.com>, "charles.coleman@hklaw.com" <charles.coleman@hklaw.com>, "adanna.love@hklaw.com" <adanna.love@hklaw.com>, "Jd.smeallie@hklaw.com" <Jd.smeallie@hklaw.com>, "Duvol.thompson@hklaw.com" <Duvol.thompson@hklaw.com>, "lcapps@polsinelli.com" <lcapps@polsinelli.com>, "mwinter@polsinelli.com" <mwinter@polsinelli.com>, "afitts@polsinelli.com" <afitts@polsinelli.com>, "whurst@polsinelli.com" <whurst@polsinelli.com>, "mraup@polsinelli.com" <mraup@polsinelli.com>, "ksweeney@polsinelli.com" <ksweeney@polsinelli.com>, "cmorgan@polsinelli.com" <cmorgan@polsinelli.com>, "dmcguire@polsinelli.com" <dmcguire@polsinelli.com>, "jdickerson@polsinelli.com" <jdickerson@polsinelli.com>, "ltiner@polsinelli.com" <ltiner@polsinelli.com>, "ayates@polsinelli.com" <ayates@polsinelli.com>, "Andy.downs@bullivant.com" <Andy.downs@bullivant.com>, "rthunt@walterhav.com" <rthunt@walterhav.com>, "Adam.brezine@byrancave.com" <Adam.brezine@byrancave.com>, "Brent.rychener@bryancave.com" <Brent.rychener@bryancave.com>, "Richard.young@byrancave.com" <Richard.young@byrancave.com>,

"mcunningham@joneswalker.com" <mcunningham@joneswalker.com>, "bblock@cov.com"
<bblock@cov.com>, "rjacobs@cov.com" <rjacobs@cov.com>, "mkellogg@cov.com"
<mkellogg@cov.com>, "jefff@hbsslaw.com" <jefff@hbsslaw.com>, "steve@hbsslaw.com"
<steve@hbsslaw.com>, "ashleyb@hbsslaw.com" <ashleyb@hbsslaw.com>, "rob@hbsslaw.com"
<rob@hbsslaw.com>, "bsimon@pswlaw.com" <bsimon@pswlaw.com>, "tboardman@pswlaw.com"
<tboardman@pswlaw.com>, "wnewsom@pswlaw.com" <wnewsom@pswlaw.com>,
"bshiftan@pswlaw.com" <bshiftan@pswlaw.com>, "asheanin@pswlaw.com" <asheanin@pswlaw.com>,
"wjbruckner@locklaw.com" <wjbruckner@locklaw.com>, "ralockridge@locklaw.com"
<ralockridge@locklaw.com>, "hmsilton@locklaw.com" <hmsilton@locklaw.com>,
"erodette@locklaw.com" <erodette@locklaw.com>, "ecp@pritzker-law.com" <ecp@pritzker-law.com>,
"bc@pritzker-law.com" <bc@pritzker-law.com>, "sy@pritzker-law.com" <sy@pritzker-law.com>,
"jdugan@dugan-lawfirm.com" <jdugan@dugan-lawfirm.com>, "cprimeaux@dugan-lawfirm.com"
<cprimeaux@dugan-lawfirm.com>, "dfranco@dugan-lawfirm.com" <dfranco@dugan-lawfirm.com>,
"dgustafson@gustafsongluek.com" <dgustafson@gustafsongluek.com>, "mlooby@gustafsongluek.com"
<mlooby@gustafsongluek.com>, "jkilene@gustafsongluek.com" <jkilene@gustafsongluek.com>,
"dmason@zelle.com" <dmason@zelle.com>, "ahou@zelle.com" <ahou@zelle.com>,
"lhutton@zelle.com" <lhutton@zelle.com>, "rhagstrom@zelle.com" <rhagstrom@zelle.com>,
"sstuckey@zelle.com" <sstuckey@zelle.com>, "mhausfeld@hausfeldllp.com"
<mhausfeld@hausfeldllp.com>, "hratway@hausfeldllp.com" <hratway@hausfeldllp.com>,
"sgosselin@hausfeldllp.com" <sgosselin@hausfeldllp.com>, "sbojedla@hausfeldllp.com"
<sbojedla@hausfeldllp.com>, "bwecker@hausfeldllp.com" <bwecker@hausfeldllp.com>,
"clebsock@hausfeldllp.com" <clebsock@hausfeldllp.com>, "mlehmann@hausfeldllp.com"
<mlehmann@hausfeldllp.com>

**Subject: Re: In Re NCAA Athletic Grant-In-Aid Cap Antitrust Litigation - Plaintiffs Third Set of Requests
for Production**

Scott -

We will proceed accordingly, but note that the Big10 and the ACC have not indicated any intention to
engage in individual negotiations. If that is not the case, they should advise us as soon as possible since,
as I have repeatedly noted, our door is open.

As to item 4, as you know, the issue has been fully reviewed in our prior correspondence with the Pac12,
which has recently taken the position that it is not producing documents from the files of the Pac12
Networks, Pac12 Enterprises, or any other entity under the control of the Pac12 or its members
collectively, even though Plaintiffs' discovery requests clearly call for such information. That issue was
not present with the SEC, but it will need to be resolved with the Pac12 or any other conference taking
that position.

Regards,

David & Jon

On May 24, 2016, at 7:14 PM, Cooper, Scott P. <SCooper@proskauer.com> wrote:

> David and Jon,
>
> As you know, we have been engaged for months in separate negotiations on
> behalf of our client, the Pac-12, with the Plaintiffs regarding the subjects at issue

in the motion to compel. We have sent you correspondence specifically related to the Pac-12's documents proposing a resolution of the last issues to be addressed. As you also know, those issues vary in some respects from those addressed in the Plaintiffs' negotiations with the SEC, and because of differences in the documents generated by the Pac-12 and differences in its media counter-party relationships, from those of the SEC, it is not appropriate to simply adopt the details of the Plaintiffs' arrangements with the SEC. Where we have proposed somewhat different details in our proposals than those you arranged with the SEC, they are for substantive reasons. After many months of separate, good faith negotiations between the Plaintiffs and Pac-12, we are very close to reaching a resolution. Let's please finish that process.

As we informed you in February and March, 2016, the positions of the various Conference Defendants regarding some of the subjects of the motion to compel are significantly different. Each Conference Defendant has its own media agreements with different combinations of counterparties and confidentiality issues, and the extent to which each Conference Defendant has other non-media contracts is highly individualized. For that reason, negotiations with the Conference Defendants on those and other subjects have been handled by each conference separately in recent months. As the parties noted to Magistrate Judge Cousins last week, the status of Plaintiffs' discussions with the Conference Defendants also are at very different stages. Therefore, it does not make sense at this late date to attempt to combine discussions with all of the Conference Defendants. Doing so will only delay and complicate the discussions between the Plaintiffs and the Conference Defendants with which discussions are most advanced.

Finally, we do not understand what you mean in your item 4 below, which on its face does not appear to be an issue previously discussed with any of the Conference Defendants, including as far as we know, the SEC. Please clarify that point.

Regards,

Scott


**Scott P. Cooper**
Partner

Proskauer
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
d 310.284.5669
f 310.557.2193
scooper@proskauer.com

**From:** Feher, David G. [mailto:DFeher@winston.com]
**Sent:** Monday, May 23, 2016 1:26 PM
**To:** Cooper, Scott P.
**Cc:** Greenspan, David; Kessler, Jeffrey L.; Litman, Joseph; Meenan, Sean D.; Stewart, Jennifer M.; Parsigian, Jeanifer E.; Anthony.Dreyer@skadden.com;

Raoul.kennedy@skadden.com; jeffrey.mishkin@skadden.com; karen.lent@skadden.com; Peter.Julian@skadden.com; Thomas.Leineweber@skadden.com; Danielle.Moore@skadden.com; Molly.Delaney@skadden.com; GCurtner@schiffhardin.com; RWierenga@schiffhardin.com; KKefalas@schiffhardin.com; JDanziger@schiffhardin.com; SWahl@schiffhardin.com; DChapman@schiffhardin.com; LMisisian@schiffhardin.com; arosenman@mayerbrown.com; BMiller@mayerbrown.com; rfavretto@mayerbrown.com; cjkelly@mayerbrown.com; jab@barrettlawpc.com; rfuller@rbh.com; nchase@rbh.com; MMerritt@rbh.com; lmoore@rbh.com; apickens@rbh.com; phouck@rbh.com; akasper@rbh.com; rharrington@rbh.com; mseifert@allenmatkins.com; rmoore@allenmatkins.com; Jones, Jennifer L.; Ferry, Jacquelyn; Ledingham, Jr., Shawn S.; erik.albright@smithmoorelaw.com; jon.heyl@smithmoorelaw.com; greg.holland@smithmoorelaw.com; rob.marcus@smithmoorelaw.com; charles.coleman@hklaw.com; adanna.love@hklaw.com; Jd.smeallie@hklaw.com; Duvol.thompson@hklaw.com; lcapps@polsinelli.com; mwinter@polsinelli.com; afitts@polsinelli.com; whurst@polsinelli.com; mraup@polsinelli.com; ksweeney@polsinelli.com; cmorgan@polsinelli.com; dmcguire@polsinelli.com; jdickerson@polsinelli.com; ltiner@polsinelli.com; ayates@polsinelli.com; Andy.downs@bullivant.com; rthunt@walterhav.com; Adam.brezine@bryancave.com; Brent.rychener@bryancave.com; Richard.young@byrancave.com; mcunningham@joneswalker.com; bblock@cov.com; rjacobs@cov.com; mkellogg@cov.com; jonk@hbsslaw.com; jefff@hbsslaw.com; steve@hbsslaw.com; ashleyb@hbsslaw.com; rob@hbsslaw.com; bsimon@pswlaw.com; tboardman@pswlaw.com; wnewsom@pswlaw.com; bshiftan@pswlaw.com; asheanin@pswlaw.com; wjbruckner@locklaw.com; ralockridge@locklaw.com; hmsilton@locklaw.com; erodette@locklaw.com; ecp@pritzker-law.com; bc@pritzker-law.com; sy@pritzker-law.com; jdugan@dugan-lawfirm.com; cprimeaux@dugan-lawfirm.com; dfranco@dugan-lawfirm.com; dgustafson@gustafsongluek.com; mlooby@gustafsongluek.com; jkilene@gustafsongluek.com; dmason@zelle.com; ahou@zelle.com; lhutton@zelle.com; rhagstrom@zelle.com; sstuckey@zelle.com; mhausfeld@hausfeldllp.com; hratway@hausfeldllp.com; sgosselin@hausfeldllp.com; sbojedla@hausfeldllp.com; bwecker@hausfeldllp.com; clebsock@hausfeldllp.com; mlehmann@hausfeldllp.com

**Subject:** RE: In Re NCAA Athletic Grant-In-Aid Cap Antitrust Litigation - Plaintiffs Third Set of Requests for Production

Scott -

Further to the stipulations and revised scheduling order issued by Magistrate Judge Cousins last week, Plaintiffs wish to have a meet and confer with the conference defendants on the following subjects relating to the documents currently subject to the motion to compel, in the hope that these issues can be resolved reasonably in advance of the June 10 date for the start of renewed briefing.

1.      Willingness of other conferences to accept the same compromises agreed upon with SEC.
2.      Willingness of other conferences to produce types of financial analysis documents discussed with the SEC, to the extent they exist or have not already been produced (SEC represented no such documents exist for analysis of member finances, and all such documents were already otherwise produced for conference finances).
3.      Willingness of other conferences to produce marketing documents discussed with SEC that are covered by additional document request served today, to obviate any question of coverage of prior requests.
4.      Status of documents in files of entities controlled by conference or collectively by membership.

Certain of these issues were previously reviewed with the Pac-12 individually, as was done with the SEC, but not with the other conference defendants.  Plaintiffs hope that all or at least some of these issues now can be resolved on an integrated basis following the stipulations filed with the Magistrate Judge last week, which Plaintiffs believe is the most efficient way to proceed.

Let us know when counsel would be available for this meet and confer, which we believe should occur as soon as practicable.

Regards,

David & Jon

**From:** Parsigian, Jeanifer E.
**Sent:** Monday, May 23, 2016 4:05 PM
**To:** Anthony.Dreyer@skadden.com; Raoul.kennedy@skadden.com; Jeffrey.Mishkin@skadden.com; Karen.Lent@skadden.com; Peter.Julian@skadden.com; Thomas.Leineweber@skadden.com; Danielle.Moore@skadden.com; Molly.Delaney@skadden.com; GCurtner@schiffhardin.com; RWierenga@schiffhardin.com; KKefalas@schiffhardin.com; JDanziger@schiffhardin.com; SWahl@schiffhardin.com; DChapman@schiffhardin.com; LMisisian@schiffhardin.com; arosenman@mayerbrown.com; bmiller@mayerbrown.com; rfavretto@mayerbrown.com; cjkelly@mayerbrown.com; jab@barrettlawpc.com; rfuller@rbh.com; nchase@rbh.com; mmerritt@rbh.com; lmoore@rbh.com; apickens@rbh.com; phouck@rbh.com; akaser@rbh.com; rharrington@rbh.com; mseifert@allenmatkins.com; rmoore@allenmatkins.com; scooper@proskauer.com; jljones@proskauer.com; jferry@proskauer.com; sledingham@proskauer.com; erik.albright@smithmoorelaw.com; jon.heyl@smithmoorelaw.com; greg.holland@smithmoorelaw.com; rob.marcus@smithmoorelaw.com; charles.coleman@hklaw.com; adanna.love@hklaw.com; Jd.smeallie@hklaw.com; Duvol.thompson@hklaw.com; lcapps@polsinelli.com; mwinter@polsinelli.com; afitts@polsinelli.com; whurst@polsinelli.com; mraup@polsinelli.com; ksweeney@polsinelli.com; cmorgan@polsinelli.com; dmcguire@polsinelli.com; jdickerson@polsinelli.com; ltiner@polsinelli.com; ayates@polsinelli.com; Andy.downs@bullivant.com; rthunt@walterhav.com; Adam.brezine@byrancave.com; Brent.rychener@bryancave.com; Richard.young@byrancave.com; mcunningham@joneswalker.com; bblock@cov.com; rjacobs@cov.com; mkellogg@cov.com; jonk@hbsslaw.com; jefff@hbsslaw.com; steve@hbsslaw.com; ashleyb@hbsslaw.com; rob@hbsslaw.com; bsimon@pswlaw.com; tboardman@pswlaw.com; wnewsom@pswlaw.com; bshiftan@pswlaw.com; asheanin@pswlaw.com; wjbruckner@locklaw.com; ralockridge@locklaw.com; hmsilton@locklaw.com; erodette@locklaw.com; ecp@pritzker-law.com; bc@pritzker-law.com; sy@pritzker-law.com; jdugan@dugan-lawfirm.com; cprimeaux@dugan-lawfirm.com; dfranco@dugan-lawfirm.com; dgustafson@gustafsongluek.com; mlooby@gustafsongluek.com; jkilene@gustafsongluek.com; dmason@zelle.com; ahou@zelle.com; lhutton@zelle.com; rhagstrom@zelle.com; sstuckey@zelle.com; mhausfeld@hausfeldllp.com; hratway@hausfeldllp.com; sgosselin@hausfeldllp.com; sbojedla@hausfeldllp.com; bwecker@hausfeldllp.com; clebsock@hausfeldllp.com; mlehmann@hausfeldllp.com
**Cc:** Feher, David G.; Greenspan, David; Kessler, Jeffrey L.; Litman, Joseph; Meenan, Sean D.; Stewart, Jennifer M.

**Subject:** In Re NCAA Athletic Grant-In-Aid Cap Antitrust Litigation - Plaintiffs Third Set of Requests for Production

Counsel,
Please see attached Plaintiffs' Third Set of Requests for Production.

Best,
Jeanifer

**Jeanifer E. Parsigian**
**Associate**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5840
D: +1 (415) 591-1469
F: +1 (415) 591-1400
Email | winston.com
<image001.jpg>
Please consider the environment before printing this e-mail.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

*****************************************************************
*****************************************************************
******************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*****************************************************************
*****************************************************************
******************